**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

---------------------------------------------------------------------------x
LAURA LOOMER,

                *Plaintiff*,

    - against -

BILL MAHER                              Case No.: 5:24-cv-00625-JSM-PRL

    and

HOME BOX OFFICE, INC.,

                *Defendants*.
---------------------------------------------------------------------------x

**DEFENDANT HOME BOX OFFICE, INC.'S MOTION TO STAY
DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant Home Box Office, Inc. ("HBO") has filed a motion to dismiss this case for failure to state a claim. As set forth more fully therein, dismissal of all claims is required for at least two independent reasons: the statements at issue are protected opinion, and Plaintiff Laura Loomer failed to plausibly allege actual malice. In addition, Ms. Loomer failed to plead damages as required to state a claim for defamation per quod, and failed to allege the existence of any truthful statement as required to state a claim for defamation by implication. Because dismissal is warranted on all claims, any discovery during the pendency of Defendants' motion to dismiss is a needless and unjustified burden that would punish HBO for exercising its First Amendment rights. Discovery should therefore be stayed pending resolution of Defendants' motion to dismiss.

1

## FACTUAL BACKGROUND

On September 13, 2024, Bill Maher joked on his late-night political satire show "Real Time with Bill Maher" that the answer to "who's Trump f***ing?" "might be Laura Loomer." Compl. ¶ 18. Plaintiff Laura Loomer then wrote a letter demanding that HBO and Mr. Maher correct or retract the comments and issue an apology. After HBO explained that Mr. Maher's humorous speculation was classic opinion based on known or disclosed facts and that a retraction or correction was not warranted, Ms. Loomer filed this lawsuit in the Circuit Court of the Fifth Judicial Circuit in and for Sumter County, Florida on October 21, 2024. The complaint asserts claims of defamation per se, defamation per quod, and defamation by implication against HBO and Mr. Maher and seeks damages "in excess of" $150 million. Compl. at 8-16. HBO was served on October 28, 2024. Mr. Maher has not been properly served.

On November 18, 2024, HBO removed this action to federal court. Concurrently with this motion, HBO is moving to dismiss for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), and for an award of attorney's fees and costs, *see* Fla. Stat. § 768.295(3).

## ARGUMENT

"Because a facial challenge to the legal sufficiency of a claim," such as a motion to dismiss, "raises only questions of law, neither the parties nor the court have any need for discovery before the court rules on the motion." *World Holdings, LLC v. Fed. Rep. Ger.*, 701 F.3d 641, 655 (11th Cir. 2012) (internal

2

quotations omitted). Accordingly, motions to dismiss "should . . . be resolved before discovery begins" to avoid unnecessarily burdening the parties and the court. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). As the Eleventh Circuit has explained:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. . . . Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Id.* at 1368; *see also, e.g.*, *Moore v. Potter,* 141 F. App'x 803, 808 (11th Cir. 2005) ("any legally unsupported claim . . . should be eliminated before the discovery stage") (citing *Chudasama*, 123 F.3d at 1368); *Solar Star Sys., LLC v. Bellsouth Telecomms., Inc.*, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) (noting that district courts may stay discovery "to protect a party from annoyance, oppression, or undue burden or expense" and that "potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay").

Consistent with that guidance, courts in this Circuit routinely grant stays of discovery pending resolution of potentially meritorious dispositive motions. *See, e.g.*, *Solar Star Sys.*, 2011 WL 1226119, at *1; *Rodriguez v. Imperial Brands plc*, 2022 WL 2231504, at *3 (S.D. Fla. May 25, 2022); *In re HRN Grp., LLC*, 627 B.R. 179, 185 (N.D. Ga. 2021); *Padilla v. Porsche Cars North Am., Inc.*, 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019); *Zinn v. SCI Funeral Servs. of Fla., Inc.*, 2013 WL 12080175, at *2 (S.D. Fla. Mar. 4, 2013); *Varga v. Palm Beach Capital*

3

*Mgmt., LLC*, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010); *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).[1]

In evaluating whether to issue a stay, courts must "balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery." *Rodriguez*, 2022 WL 2231504, at *3 (citation omitted). In so doing, "courts generally take a preliminary peek at the merits of the dispositive motion to see if it appears to be clearly meritorious and truly case dispositive," and "consider the relative prejudice and hardship worked on each party if a stay is or is not granted." *Id.* (internal quotations and citations omitted). These considerations weigh heavily in favor of staying discovery pending resolution of Defendant's motion to dismiss.

## I. The Motion To Dismiss Is Likely To Be Case Dispositive

A "preliminary peek" at Defendant's motion to dismiss reveals that it is likely to dispose of the case in its entirety. First, as set forth more fully therein, Ms. Loomer fails to plead any actionable statement of fact. *See Byrd v. Hustler Magazine, Inc.*, 433 So. 2d 593, 595 (Fla. 4th DCA 1983) ("A false statement of

---

[1] *See also Redford v. Gwinnett Cnty. Judicial Circuit*, 350 F. App'x 341, 346 (11th Cir. 2009); *Fondo De Proteccion Social De Los Depositos Bancarios v. Diaz Reux & Targ, LLP*, 2016 WL 10952495, at *1 (S.D. Fla. Dec. 29, 2016); *Morrissey v. Subaru of Am., Inc.*, 2015 WL 4512641, at *2 (S.D. Fla. July 24, 2015); *Landmark Equity Fund II, LLC v. Residential Fund 76, LLC*, 2013 WL 12144068, at *1 (S.D. Fla. Nov. 21, 2013); *Staup v. Wachovia Bank, N.A.*, 2008 WL 1771818, at *1 (S.D. Fla. Aug. 16, 2008); *Carcamo v. Miami-Dade Cnty.*, 2003 WL 24336368, at *1

4

fact is the *sine qua non* for recovery in a defamation action."). Mr. Maher's joking speculation that Ms. Loomer "might" be sleeping with President Trump, in the context of a political satire show, is classic protected opinion; no reasonable viewer would understand Mr. Maher to be stating a fact. *See, e.g.*, *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1379 (S.D. Fla. 2006). Second, Ms. Loomer fails to plausibly allege actual malice, as she must. *See, e.g.*, *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016); *Klayman v. City Pages*, 650 F. App'x 744, 750–51 (11th Cir. 2016). Ms. Loomer's closeness to President Trump was widely reported and commented on, particularly in the lead-up to the September 13, 2024 episode. In that context, Mr. Maher had no reason to doubt the veracity of his suggestion that they "might" be sleeping together, much less to know it to be false. These two fundamental pleading deficiencies each independently compel dismissal of all claims. In addition, Ms. Loomer fails to plead a critical element of a defamation by implication claim—namely, a statement that is "literally true" though its implication is false—and fails to plead actual damages, as required to state a defamation per quod claim.

      Because Ms. Loomer's defamation claims are little more than an effort to punish constitutionally protected speech, they should be, and are likely to be, dismissed in full.

---

(S.D. Fla. Aug. 1, 2003); *In re Managed Care Litig.*, 2001 WL 664391, at *2 (S.D. Fla. June 12, 2001).

5

## II. A Brief Stay Of Discovery Will Not Prejudice Plaintiff

Plaintiff will suffer no injury from a brief stay of discovery pending adjudication of Defendant's motion to dismiss: HBO will of course preserve all documents, and no relevant parties or witnesses are likely to become unavailable. Moreover, Plaintiff's own failure to properly serve Defendant Bill Maher even now, weeks after the complaint was filed, belies any claim of urgency in litigating this case.

## III. Unnecessary Discovery Would Prejudice HBO And Waste Judicial Resources

HBO would suffer significant prejudice if discovery were permitted to move forward before the motion to dismiss is decided. "[T]here is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation." *Michel*, 816 F.3d at 702. "Forcing publishers to defend inappropriate suits through expensive discovery proceedings . . . would constrict" the "breathing space" that the First Amendment requires. *Id.* Consistent with those First Amendment interests, Florida's anti-SLAPP statute also recognizes that "the very filing and continuation" of lawsuits like this one concerning "speech in connection with public issues" has a "chilling effect on constitutional rights." *Davis v. Mishiyev*, 339 So.3d 449, 452 (Fla. Ct. App. 2022) (citation omitted).

Because "[t]he costs and efforts required to defend a lawsuit through [discovery] could chill free speech," stays of discovery are critical in defamation actions. *Michel*, 816 F.3d at 702; *see, e.g.*, *Horsley v. Feldt,* 304 F.3d 1125, 1131

6

n.2 (11th Cir. 2002) (affirming stay of discovery pending resolution of motion for judgment on the pleadings in defamation action); *Bongino v. Daily Beast Co., LLC*, 477 F. Supp. 3d 1310, 1324 (S.D. Fla. 2020) (granting stay of discovery in defamation action and recognizing the "powerful" speech interests at stake); *Borislow v. Canaccord Genuity Grp., Inc.*, 2014 WL 12580035, at *1 (S.D. Fla. June 24, 2014) (granting discovery stay where statements at issue in defamation action "may be expressions of opinion, and/or truthful and/or protected by the First Amendment"); *see also Vesselov v. Harrison*, 2024 WL 536061, at *1 (S.D. Fla. Jan. 4, 2024) (noting that discovery was stayed pending a ruling on the motion to dismiss); *Schmidt v. Wash. Newspaper Publ'g Co.*, 2018 WL 11650584, at *10 (S.D. Fla. Oct. 4, 2018) (same).

Finally, staying discovery serves the interests of judicial economy, as discovery "can tax scarce judicial resources when discovery disputes arise." *McCabe*, 233 F.R.D. at 685 (citing *Chudasama*, 123 F.3d at 1367-68). "So long as a stay is neither immoderate nor indefinite, a stay is appropriate in the interest of judicial convenience." *Rodriguez*, 2022 WL 2231504, at *3 (internal alterations and citation omitted).

## CONCLUSION

For the foregoing reasons, this Court should stay discovery pending resolution of Defendants' motion to dismiss.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Counsel for HBO certify that they have conferred with counsel for Plaintiff on November 21, 2024. Counsel for Plaintiff said that Plaintiff intends to oppose the motion in full.

Dated: November 25, 2024		Respectfully submitted,

*/s/ Rachel E. Fugate*

Rachel E. Fugate (Florida Bar No. 144029)
Yelan Escalona (Florida Bar No. 1031564)
Shullman Fugate PLLC
100 South Ashley Drive, Suite 600
Tampa, FL 33602
Tel:  (813) 935-5098
rfugate@shullmanfugate.com
yescalona@shullmanfugate.com

Katherine M. Bolger (*pro hac vice* pending)
Alexandra Perloff-Giles (*pro hac vice* pending)
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel:  (212) 489-8230
katebolger@dwt.com
alexandraperloffgiles@dwt.com

*Counsel for Defendant Home Box Office, Inc.*