UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION

| | |
|---|---|
| LAURA LOOMER, *Plaintiff*, - against - BILL MAHER and HOME BOX OFFICE, INC., *Defendants*. | Case No.: 5:24-cv-00625-JSM-PRL |

## DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS

Pursuant to Local Rule 3.01(d), Defendants Bill Maher and Home Box Office, Inc. ("HBO" and, together with Maher, "Defendants") hereby seek leave to file a seven-page reply brief in support of their Motion to Dismiss, ECF No. 17, to be due seven days after the Court decides this request or on January 10, 2024, whichever is later.[1]

Defendants seek a reply to clarify several points that Plaintiff Laura Loomer misrepresented in her opposition brief and to apprise the Court of whether Ms. Loomer effectuates proper service on Mr. Maher.

*First*, Ms. Loomer mischaracterizes Defendants' argument as seeking "blanket 'immunity' for 'comedians' against defamation." ECF No. 21 at 6. Not so. Rather, Defendants argued that "context is paramount" in determining

---

[1] The January 10 proposed deadline allows for Plaintiff to oppose this motion within two weeks.

1

whether a statement is one of opinion, and the context of Mr. Maher's statement—a comedic bit in a late-night talk show—reinforces that reasonable viewers would not have understood him to be asserting facts about Ms. Loomer.

*Second*, Ms. Loomer argues that "damages are presumed when statements are defamatory per se." ECF No. 21 at 22. Defendants did not argue otherwise. What Defendants *did* argue is that Plaintiff must plausibly allege special damages to plead defamation per quod, which she has not done.

*Third*, Ms. Loomer argues that a public figure plaintiff is not required to allege actual malice to state a claim for defamation per se. ECF No. 21 at 18-29. Again, not so. "All three types of defamation"—defamation per se, defamation per quod, and defamation by implication—"require a plaintiff to plead and prove actual malice if he is a public figure." *Reed v. Chamblee*, 2023 WL 6292578, at *9 (M.D. Fla. Sept. 27, 2023). In particular, the plaintiff must plead actual malice if the defendant is "a 'media defendant,'" as Defendants here indisputably are. *Daly v. Markel Serv. Inc.*, 2024 WL 4903776, at *10 (S.D. Fla. Nov. 27, 2024); *see Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1119 (S.D. Fla. 2021) ("[A] plaintiff suing a media defendant must . . . plead malice and damages.") (citing *Mid-Florida Television Corp. v.* Boyles, 467 So. 2d 282 (Fla. 1985) & *Edelstein v. WFTV, Inc.*, 798 So.2d 797 (Fla. 4th DCA 2001)). And, as Plaintiff's counsel ought to know, "constitutional actual malice" is not the same as "common law malice." *Klayman v. City Page*, 2015 WL 1546173, at *13-14 (M.D. Fla. Apr. 3, 2015), *aff'd*, 650 F. App'x 744 (11th Cir. 2016).

*Fourth*, Plaintiff's defamation by implication arguments both (a) cite facts never asserted in their complaint, *see* ECF No. 21 at 17, and (b) misstate the law of defamation by implication, which requires that the very statements alleged to create a false impression—not *other*, separate statements—be literally true. *See, e.g.*, *Jews For Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1108 (Fla. 2008).

*Fifth*, contrary to Plaintiff's contention, the overwhelming weight of authority holds that Florida's anti-SLAPP statute and its attorney's fees provision apply in federal court.

For these reasons, Defendants respectfully request leave to file a seven-page reply memorandum in support of their Motion to Dismiss.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendants certify that they have conferred with counsel for Plaintiff on December 18, 2024. Counsel for Plaintiff said that Plaintiff intends to oppose the motion in full.

Respectfully submitted,

*/s/ Rachel E. Fugate*

Rachel E. Fugate (FL Bar No. 144029)
Yelan Escalona (FL Bar No. 1031564)
Shullman Fugate PLLC
100 South Ashley Drive, Suite 600
Tampa, FL 33602
Tel: (561) 429-3619
rfugate@shullmanfugate.com
yescalona@shullmanfugate.com

Katherine M. Bolger (*pro hac vice*)
Alexandra Perloff-Giles (*pro hac vice*)
Davis Wright Tremaine LLP
1251 Avenue of the Americas,
21st Floor
New York, NY 10020
Tel: (212) 489-8230
katebolger@dwt.com
alexandraperloffgiles@dwt.com

*Counsel for Defendants Bill Maher and Home Box Office, Inc*

3