IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| LAURA LOOMER, | }<br>}<br>} |
| Plaintiff | }<br>} |
| v. | } Case Number: 5:24-cv-00625-JSM-PRL<br>} |
| BILL MAHER, et al | }<br>} |
| Defendants. | }<br>}<br>}<br>}<br>}<br>} |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO
FILE REPLY**

Plaintiff Laura Loomer ("Plaintiff Loomer") hereby submits the following in opposition to Defendants' Motion for Leave to File Reply Brief In Further Support of Motion to Dismiss. ECF No. 22.

*First and foremost*, it is clear that Defendants are not entitled to a reply as a matter of right pursuant to Local Civil Rule 3.01(d), and as such there should be a presumption that a reply brief is not allowed. This is particularly true, given the circumstances here where the Defendants are seeking a "reply" to address many arguments that they have already raised in their initial Motion to Dismiss or

1

could have raised in their initial Motion to Dismiss, such as (1) the alleged applicability of Florida's anti-SLAPP statute to a federal court sitting in diversity, (2) whether damages are presumed where a Plaintiff pleads defamation *per se*, and (3) the necessary elements of a claim for defamation by implication. A reply brief cannot be used as a tool to skirt the page limits imposed by local rules under LCvR 3.01(b).

*Second*, with regard to the question of whether actual malice is presumed in a case where defamation *per se* has been alleged, there are relevant cases that state "…[t]he reason underlying the distinction is that some statements are so obviously defamatory, that is damaging to reputation, that the mere publication of them gives rise to an **absolute presumption both of malice and damage**." *Wolfson v. Kirk*, 273 So. 2d 774, 776 (Fla. Dist. Ct. App. 1973). As shown in the article titled "Showing Constitutional Malice in Media Defamation" by Manual Socias, Comp. ¶ 23, even if the presumed malice is common-law malice, it is still highly relevant to prove actual malice. And, ultimately, this is a non-issue because this is not the only grounds upon which Ms. Loomer has properly pled actual malice, particularly at this initial pleading stage[1]. She has also properly

---

[1] This principle was also set forth by the Chief Judge of the U.S. District Court for the Southern District of Florida, Hon. Cecilia Altonaga in *Trump v. American Broadcasting Companies, Inc. et al*, No. 1:2024cv21050 (S.D. Fla. 2024). Indeed, if President Trump, the ultimate public figure, had properly pled at this pleading stage what had to be pled, thus defeating a motion to dismiss, then Ms. Loomer even more has done so. This case, which is attached to Ms. Loomer's Opposition,

2

pled and shown that Defendants also acted with, at a minimum, a "reckless disregard for the truth" in her Complaint and Opposition to Motion to Dismiss. Thus, no reply is warranted in this regard.

Accordingly, Defendants' motion must be denied in its entirety. Defendants are simply tactically attempting to have the last word before the Court by circumventing the standard and established page limit requirements imposed by LCvR 3.01(b). They have not shown a valid basis for a reply brief.

Finally, anything more Defendants wish to say can be said at oral argument without burdening the Court and Ms. Loomer with yet more pleadings.

Dated: December 19, 2024                    Respectfully submitted,

                                            By: */s/ Larry Klayman*_____
                                            Larry Klayman, Esq.
                                            Florida Bar No.: 246220
                                            Klayman Law Group P.A.
                                            7050 W. Palmetto Park Rd
                                            Boca Raton, FL, 33433
                                            Tel: 561-558-5536
                                            leklayman@gmail.com

                                            *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

is very instructive with regard to the facts and the law, as discussed in Ms. Loomer's Opposition.

I, Larry Klayman, hereby certify that on this day, December 19, 2024 I electronically filed the foregoing with the Clerk of Court using the Court's ECF procedures. I also certify that the foregoing document is being served this day on all counsel of record through the Court's eservice procedures.

*/s/ Larry Klayman*_____