# IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA OCALA DIVISION

LAURA LOOMER

                Plaintiff,

   v.

BILL MAHER

And

HOME BOX OFFICE, INC.

                Defendants.

**Case No: 5:24-cv-00625-JSM-PRL**

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER STAYING DISCOVERY

Plaintiff's counsel, Larry Klayman, Esq., having just undergone a major operation on his spine for the replacement of two herniated discs and being in pain with the need to be on seven meds, inadvertently while hospitalized missed the prior deadline to file an opposition to Defendants' Motion to Stay Discovery, and this Court thus entered an unopposed order staying discovery.

Mr. Klayman, while still being impaired for the next few weeks during his recovery during this holiday period, files this response. On another note, Defendant Bill Maher at least was personally served during this holiday period, he having previously through his counsel refused to accept service followed up

Defendant Maher then attempting to evade service of process.

Discovery should respectfully not be stayed, particularly since Defendants have attempted to put extraneous materials to this Court outside of the four corners of the Complaint, which is improper at this pleading stage. Discovery would go to rebut this, since internal communications and the like from Defendants on what basis they could publish that Plaintiff Loomer had "fucked" President Donald Trump, committed adultery behind the back of Melania Trump, is relevant to their false claims of a lack of actual malice. Thus, Defendant Maher, who apparently also lacks respect for this Court, given his and his counsel's antics with service and otherwise, should be timely deposed and have to produce documents in this regard and with regard to other relevant matters.

Many courts have held that "[a] party carries a heavy burden of making a 'strong showing' why discovery should be stayed." *Buckwalter v. Nev. Bd. of Med. Exam'rs*, No. 2:10- cv-02034-KJD-GWF, 2011 U.S. Dist. LEXIS 28515, at *3 (D. Nev. Mar. 7, 2011) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The movant must show a particular and specific need for a discovery stay. It cannot base its request on stereotyped or conclusory statements. Id. "Discovery should be stayed, however, only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Hachette Distribution, Inc. v.*

2

*Hudson Cty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991).

Defendants do not come close to meeting this burden, and as such discovery should not be stayed. Their position is untenable and intended primarily for delay, as was evident with the service of Defendant Maher.

Dated: December 27, 2024					Respectfully submitted,


						*/s/ Larry Klayman*
						Larry Klayman, Esq.
						**Klayman Law Group P.A.**
						7050 W Palmetto Park Rd.
						Boca Raton, Florida 33433
						Telephone:  (561) 558-5536
						Email:  leklayman@gmail.com

						Attorney for Plaintiff