# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION

|  |  |
|---|---|
| LAURA LOOMER, *Plaintiff*, - against - BILL MAHER and HOME BOX OFFICE, INC., *Defendants*. | Case No.: 5:24-cv-00625-JSM-PRL |

## DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

Plaintiff Laura Loomer's opposition[1] seeks to distract from the basic defects of her claim with ad hominem attacks on Defendants' counsel and references to a recent settlement in a wholly unrelated case involving different parties.[2] But Ms. Loomer's lawsuit should be seen for what it is: an effort to punish a comedian and his network for making a joke at her expense. That effort runs headlong into the First Amendment. As a Florida appellate court recently held, statements that "may not have been polite" or "fair" are nonetheless squarely protected by the First Amendment. *Flynn v. Wilson*, -- So.3d --, 2024 WL 5063563, at *7 (Fla. 2d

---

[1] Ms. Loomer's opposition should be stricken because she violated Rule 3.01(b) by filing a 26-page opposition brief when the rule provides that oppositions to motions shall be "no longer than twenty pages inclusive of all parts."

[2] Not only is the settlement in the *Trump v. ABC* case wholly irrelevant and outside the scope of the complaint and documents incorporated therein, but also settlements are not probative as to the value of a claim. *See, e.g.*, Fed. R. Evid. 408 (settlement offers are inadmissible to prove the value of a claim); *see also, e.g.*, *Saleeby v. Rocky Elson Const., Inc.*, 3 So. 3d 1078, 1083 (Fla. 2009) (Fla. Stat. § 90.408 "promote[s] Florida's public policy favoring settlement").

1

DCA Dec. 11, 2024). "Like it or not, such attacks are a characteristic feature of our democracy—regardless of the political persuasion of the speaker" or "of the public figure on the receiving end of that speech." *Id*. Because everyone listening to Mr. Maher would have understood he was making a joke not asserting a fact, and because defamation law recognizes "the principle that debate on public issues . . . may well include vehement, caustic, and sometimes unpleasantly sharp attacks,'" *id.* (quoting *N.Y. Times v. Sullivan*, 376 U.S. 254, 270 (1964)), Plaintiff's complaint should be dismissed.

## I. Mr. Maher Was Properly Served

As a threshold matter, Defendant Bill Maher hereby acknowledges that he has now been properly served, *see* ECF No. 29, and seeks to dismiss the claims against him and stay discovery for the same reasons put forward by Defendant Home Box Office, Inc. ("HBO"), *see* ECF No. 17 at 7 n.2 (arguing that claims against Mr. Maher should be dismissed for failure to state a claim); ECF No. 18.

## II. The Challenged Statements Are Statements of Opinion

Ms. Loomer mischaracterizes Defendants' argument as seeking a "novel form" of "blanket 'immunity' for 'comedians' against defamation." ECF No. 21 at 6. Not so. But "context is paramount" in determining whether a statement is one of fact and of opinion, ECF No. 17 at 8, and the context of Mr. Maher's statement—a jokey monologue in a late-night talk show hosted by a comedian—reinforces that reasonable viewers would not have understood him to be asserting as a fact that Ms. Loomer slept with President Trump. "Just as no person viewing

President Washington portrayed as an ass in a political cartoon reasonably could have interpreted the image to imply that President Washington was, in fact, a donkey," and "no person watching the Ellen DeGeneres show could reasonably have believed anything DeGeneres said to be stating actual facts about Plaintiff," *Pierce v. Warner Bros. Ent., Inc.*, 237 F. Supp. 3d 1375, 1380 (M.D. Ga. 2017), so too no person watching Mr. Maher offer joking conjecture on "who's Trump f\*\*\*\*\*\*?" could reasonably have interpreted him to be stating definitively that Ms. Loomer and Mr. Trump slept together.

Ms. Loomer ignores all of Defendants' cited cases holding that statements "readily understood as conjecture, hypothesis, or speculation" are opinion, not fact. *Levin v. McPhee*, 119 F.3d 189, 197 (2d Cir. 1997); *see* ECF No. 17 at 9 (collecting cases). Ms. Loomer cites two cases applying Georgia law, both of which involve very different facts. *StopLoss Specialists, LLC v. VeriClaim, Inc.* involved an email alleging insurance fraud, based on a warehouse inspection that revealed water had been deliberately poured on the floor, 340 F. Supp. 3d 1334, 1350-52 (N.D. Ga. 2018), while *Dougherty v. Harvey*, involved a statement made during a keynote speech at an insurance industry conference, which the Court held was "susceptible to but one interpretation—that [the plaintiff] is HIV positive," 317 F. Supp. 3d 1287, 1292 (N.D. Ga. 2018). The context of both statements was serious and would lead the reasonable reader or listener to interpret the statements as statements of fact—a far cry from the context here of Mr. Maher making a joke on late-night television based on recent headlines.

3

### III. Ms. Loomer Fails To Plausibly Allege Special Damages

Ms. Loomer beats a straw man in arguing that "damages are presumed when statements are defamatory per se." ECF No. 21 at 22. Notably, however, Ms. Loomer has also pleaded defamation per quod and offers no meaningful response to Defendants' argument that she must plausibly allege special damages to support that claim. Instead, she repeats the wholly conclusory and unspecific allegation that she experienced "severe financial damage and damage to her reputation, good will, business opportunities, social relationships, and [] career." *See id*. at 23 n.5 (quoting Compl. ¶ 36). This allegation is insufficient and Ms. Loomer's failure to plead any specific out-of-pocket losses dooms her defamation per quod claim. *See* ECF No. 17 at 22-23.

### IV. Ms. Loomer Must—But Failed To—Allege Actual Malice

Ms. Loomer next argues that she is not required to plausibly allege actual malice because she plead defamation per se. ECF No. 21 at 18-29; ECF No. 23 at 2 (citing *Wolfson v. Kirk*, 273 So. 2d 744, 776 (Fla. Dist. Ct. App. 1973)). She is wrong. Under the First Amendment, "[a]ctual malice may not be presumed," at least "in cases" like this one "against a media defendant involving . . . a public figure plaintiff." *Straw v. Chase Revel, Inc.*, 813 F.2d 356, 363 (11th Cir. 1987); *see Gertz v. Robert Welch Inc.*, 418 U.S. 323, 349-50; *see also Daly v. Markel Serv. Inc.*, 2024 WL 4903776, at *10 (S.D. Fla. Nov. 27, 2024) (plaintiff suing

4

media defendant for defamation per se must allege actual malice); *Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1119 (S.D. Fla. 2021) (same).[3] Plaintiff's counsel should know better: he has made and lost this argument in this Court once before. *Klayman v. City Pages*, 2015 WL 1546173, at *14 (M.D. Fla. Apr. 3, 2015), *aff'd*, 650 F. App'x 744 (11th Cir. 2016) (Plaintiff's counsel's "attempt to argue that malice is presumed when a statement is 'per se defamatory' fails because the cases [he] directs the Court to all . . . concern common law malice and not constitutional actual malice.") He was required to, but did not plead actual malice here. *See* ECF No. 17 at 14-20.

## V. Plaintiff Fails To State a Claim for Defamation by Implication

Next, having belatedly realized that a defamation by implication claim requires the plaintiff to allege a "truthful statement[]" conveying a false impression, ECF No. 21 at 16, Plaintiff seeks to rewrite her Complaint. First, Ms. Loomer argues that Mr. Maher's statements that she is 31 years old and "very close to Trump" are true. ECF No. 21 at 17. But Ms. Loomer's complaint makes no such allegation: instead it alleged these statements were part of a "false, malicious, and defamatory" statement. ECF No. 6 ¶¶ 50, 77. And, in any event, defamation by implication requires that the very statements alleged to create a

---

[3] Courts in this Circuit routinely require public figure plaintiffs alleging defamation per se to plead actual malice. *See, e.g.*, *Reed v. Chamblee*, 2023 WL 6292578, at *9 (M.D. Fla. Sept. 27, 2023); *Berisha v. Lawson*, 378 F. Supp. 3d 1145, 1161-62 (S.D. Fla. 2018); *Saulsberry v. Elder*, 2022 WL 17830489, at *2 (S.D. Fla. Dec. 20, 2022); *Moore v. Lowe*, 591 F. Supp. 3d 1087, 1105 (N.D. Ala. 2022); *StopLoss*, 340 F. Supp. 3d at 1353-54 (cited in ECF No. 21 at 10).

5

false impression—not *other*, separate statements—be literally true. *See, e.g., Jews For Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1108 (Fla. 2008); *Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1124 (S.D. Fla. 2021).[4] Ms. Loomer's belated attempt to amend her Complaint by argument fails.

### VI. Florida's Anti-SLAPP Statute Applies in Federal Court and Entitles Defendants to Attorney's Fees

Defendants cited six cases in support of their argument that Florida's anti-SLAPP statute applies in federal court.[5] Plaintiff fails to grapple with a single one.[6] Instead, she cites *Gundel v. AV Homes, Inc.*, 264 So.3d 304, 310-14 (Fla. 2d DCA 2019), for the proposition that Florida's anti-SLAPP law "imposes a heightened burden on the Plaintiff" through a burden-shifting approach—but then without support claims that burden-shifting conflicts with the Federal Rules

---

[4] *Block v. Matesic*, 2023 WL 3816693, at *4 (S.D. Fla. June 5, 2023) does not help Ms. Loomer. There, the court allowed a defamation by implication claim to proceed when true statements, read together, gave an allegedly false impression. In a later decision in the same case, the Court held that failure to "specifically identif[y] the *true* facts" in the complaint compels dismissal of a defamation by implication claim. 2023 WL 8527670, at *9-10 (S.D. Fla. Dec. 8, 2023).

[5] Those are not the only such cases. *See, e.g., Anderson v. Best Buy Stores L.P.*, 2020 WL 5122781, at *4 (M.D. Fla. July 28, 2020), *adopted sub nom. Anderson v. Coupons in the News*, 2020 WL 5106676 (M.D. Fla Aug. 31, 2020) (Moody, J.), *aff'd*, 2021 WL 6098420, at *2 (11th Cir. Dec. 21, 2021).

[6] Plaintiff purports to cite a comment made by a judge at oral argument. But that appeal was dismissed prior to any decision and the transcript of the oral argument was stricken pursuant to court order. *See Corsi v. Newsmax Media Inc.*, Case No. 21-10480, ECF No. 63 (11th Cir. July 28, 2022). Thus, even if Plaintiff accurately quoted it, the comment has no legal weight. Indeed, federal courts have not hesitated to impose attorney's fees since then. For example, the district court in *Reed v. Chamblee* explained why the anti-SLAPP law's fees provision applied in federal court, *see* 2024 WL 69570, at *4-6 (M.D. Fla. Jan. 5, 2024), and the Eleventh Circuit held that decision was not ripe for appeal because the district court had not yet determined the *amount* of the fee award, but did not suggest that there was anything improper with the *fact* of awarding fees in federal court, *see* 2024 WL 806194, at *1 (11th Cir. Feb. 27, 2024).

of Civil Procedure. In fact, a court in this District held just the opposite:

> [T]he Court must read Florida's anti-SLAPP statute as creating a substantive right and apply its burden-shifting procedure per *Gundel* if no conflicts exist with the Federal Rules of Civil Procedure. None do. Under *Gundel*'s interpretation of the statute, the party filing a SLAPP motion bears the initial burden of establishing a prima facie case that the lawsuit at issue violates the statute. This procedure is no different from [Rule] 7(b)'s requirement that a party filing a motion "state with particularity the grounds for seeking the order" and "state the relief sought."

*Gov't Emps. Ins. Co. v. Glassco Inc.*, 2021 WL 4391717, at *5 (M.D. Fla. Sept. 24, 2021) (citations omitted), *aff'd*, 119 F.4th 911 (11th Cir. 2024). Ms. Loomer also cites cases addressing other states' anti-SLAPP laws. *See* ECF No. 21 at 25 n.8. But, again, such arguments have been rejected as "unpersuasive," as "[t]he specific requirements and language in each state's anti-SLAPP statute . . . lead[] to different results depending on the statute." *Reed*, 2024 WL 69570, at *6. "[T]he tide of courts within this Circuit have applied the Florida fee provision," *id.*, and Ms. Loomer offers no basis to deviate from that pattern.

Respectfully submitted,

*/s/ Rachel E. Fugate*

| | |
|---|---|
| Rachel E. Fugate (Bar No. 144029) | Katherine M. Bolger (*pro hac vice*) |
| Yelan Escalona (Bar No. 1031564) | Alexandra Perloff-Giles (*pro hac vice*) |
| Shullman Fugate PLLC | Davis Wright Tremaine LLP |
| 100 South Ashley Drive, Suite 600 | 1251 Avenue of the Americas, 21st Floor |
| Tampa, FL 33602 | New York, NY 10020 |
| Tel: (561) 429-3619 | Tel: (212) 489-8230 |
| rfugate@shullmanfugate.com | katebolger@dwt.com |
| yescalona@shullmanfugate.com | alexandraperloffgiles@dwt.com |

*Counsel for Defendants*