**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

|  |  |
|---|---|
| LAURA LOOMER, | } |
|  | } |
| Plaintiff | } |
|  | } |
| v. | } **Case Number: 5:24-cv-00625-JSM-PRL** |
|  | } |
| BILL MAHER, et al | } |
|  | } |
| Defendants. | } |
|  | } |
|  | } |
|  | } |
|  | } |
|  | } |

---

## PLAINTIFF'S NOTICE OF FILING CASE MANAGEMENT REPORT

The parties, not having been able to agree on the timing of the trial, hereby submit unilaterally their own case management report. Plaintiff's report is attached as Exhibit 1 and Defendants' report is Exhibit 2. Plaintiff's position is that there is no reason that this case, which is straightforward and not complex, cannot be tried within the next year, and not two years as the Defendants would prefer for obvious reasons.

Dated: December 30, 2024                  Respectfully submitted,

                                         By: */s/ Larry Klayman*_____
                                         Larry Klayman, Esq.
                                         Florida Bar No.: 246220

Klayman Law Group P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: 561-558-5536
leklayman@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Larry Klayman, hereby certify that on this day, December 30, 2024 I electronically filed the foregoing with the Clerk of Court using the Court's ECF procedures. I also certify that the foregoing document is being served this day on all counsel of record through the Court's eservice procedures.

*/s/ Larry Klayman_____*

EXHIBIT 1

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

LAURA LOOMER,

      Plaintiffs,

v.                          Case No. 5:24-CV-00625

BILL MAHER AND HOME BOX OFFICE, INC.,

      Defendants.

_____

### Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

**1.  Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 12/30/2024. Kate Bolger and Larry Klayman attended the conference.

**2.  Deadlines and Dates**

Defendants Bill Maher and Home Box Office, Inc. have moved to stay all discovery in this action.

Should this Court deny the motion, the parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 4/1/2025 |

| | |
|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 5/30/2025 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | |
| Plaintiff | 6/30/2025 |
| Defendant | 7/15/2025 |
| Rebuttal | 8/1/2025 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 9/1/2025 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Enter a date. |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 9/1/2025 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Enter mediator's name, address, and phone number. | 10/1/2025 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 10/15/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 11/1/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 11/15/2025 |
| Month and year of the trial term. | 12/1/2025 |

The trial will last approximately 5 days and be

☐ jury.

☒ non-jury.

## 3. Description of the Action

LAURA LOOMER BRINGS CLAIMS OF DEFAMATION PER SE, DEFAMATION PER QUOD, AND DEFAMATION BY IMPLICATION AGAINST HOME BOX OFFICE, INC.

("HBO") AND BILL MAHER, HOST OF *REAL TIME WITH BILL MAHER* ON HBO, ARISING OUT OF THE SEPTEMBER 13, 2024 EPISODE OF *REAL TIME*.

DEFENDANTS CONTEND THAT PLAINTIFF HAS NOT IDENTIFIED ANY FALSE STATEMENT OF FACT—THE STATEMENTS MADE BY MR. MAHER IN THE CONTEXT OF HIS POLITICAL SATIRE SHOW ARE PROTECTED OPINION, AND, TO THE EXTENT THEY ARE NOT, THEY MAY BE SUBSTANTIALLY TRUE—AND, EVEN IF PLAINTIFF COULD IDENTIFY SUCH A STATEMENT, IT WAS NOT MADE WITH ACTUAL MALICE. DEFENDANT HAS MOVED TO DISMISS THIS CASE IN ITS ENTIRETY AND TO STAY DISCOVERY PENDING RESOLUTION OF THAT MOTION.

**4. Disclosure Statement**

☒ Each party has filed a disclosure statement using the required form.

**5. Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6. Consent to a Magistrate Judge**

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

**7. Preliminary Pretrial Conference**

☐  The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒  The parties do request a preliminary pretrial conference, and the parties want to discuss Defendants' requested stay of discovery pending resolution of the motion to dismiss.

**8.  Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒  The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

**9.  Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

    ☒  Yes.
    ☐  No; instead, the parties agree to these changes: enter changes.

B.  Discovery may be needed on these subjects: reporting and social media discussion before and after the September 13, 2024 episode of *Real Time with Bill Maher* regarding the nature of the relationship between Ms. Loomer and President Trump; the true nature of the relationship between Ms. Loomer and President Trump (which may require the deposition of President Trump), the nature of Loomer's alleged damages and any damage thereto.

C.  Discovery should be conducted in phases:

    ☒  No.
    ☐  Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

⊠ No.
☐ Yes; describe the issue(s).

E. ⊠ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

⊠ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

⊠ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

⊠ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

_____          _____
Larry Klayman                          Katherine M. Bolger
Counsel for Laura Loomer               Counsel for Laura Loomer
Add date of signature                  Add date of signature

# EXHIBIT 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LAURA LOOMER,

      Plaintiffs,

v.                                      Case No. 5:24-CV-00625

BILL MAHER AND HOME BOX OFFICE, INC.,

      Defendants.

_____

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

**1.  Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 12/30/2024. Kate Bolger and Larry Klayman attended the conference.

**2.  Deadlines and Dates**

Defendants Bill Maher and Home Box Office, Inc. have moved to stay all discovery in this action.

Should this Court deny the motion, the parties request these deadlines and dates:

| Action or Event | Date |
| --- | --- |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 8/1/2025 |

4935-8831-4890v.1 -

| | | |
|---|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | 12/16/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).  Plaintiff | | 11/3/2025 |
| Defendant | | 11/21/2025 |
| Rebuttal | | 12/10/2025 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 12/19/2025 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | Enter a date. |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 3/13/2026 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Enter mediator's name, address, and phone number. | | 10/31/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 8/3/2026 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 8/7/2026 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 8/14/2026 |
| Month and year of the trial term. | | 9/1/2026 |

The trial will last approximately 5 days and be

☐ jury.

☒ non-jury.

## 3. Description of the Action

LAURA LOOMER BRINGS CLAIMS OF DEFAMATION PER SE, DEFAMATION PER QUOD, AND DEFAMATION BY IMPLICATION AGAINST HOME BOX OFFICE, INC.

("HBO") AND BILL MAHER, HOST OF *REAL TIME WITH BILL MAHER* ON HBO, ARISING OUT OF THE SEPTEMBER 13, 2024 EPISODE OF *REAL TIME*.

 DEFENDANTS CONTEND THAT PLAINTIFF HAS NOT IDENTIFIED ANY FALSE STATEMENT OF FACT—THE STATEMENTS MADE BY MR. MAHER IN THE CONTEXT OF HIS POLITICAL SATIRE SHOW ARE PROTECTED OPINION, AND, TO THE EXTENT THEY ARE NOT, THEY MAY BE SUBSTANTIALLY TRUE—AND, EVEN IF PLAINTIFF COULD IDENTIFY SUCH A STATEMENT, IT WAS NOT MADE WITH ACTUAL MALICE. DEFENDANT HAS MOVED TO DISMISS THIS CASE IN ITS ENTIRETY AND TO STAY DISCOVERY PENDING RESOLUTION OF THAT MOTION.

**4.  Disclosure Statement**

☒ Each party has filed a disclosure statement using the required form.

**5.  Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6.  Consent to a Magistrate Judge**

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

**7.  Preliminary Pretrial Conference**

☐  The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒  The parties do request a preliminary pretrial conference, and the parties want to discuss Defendants' requested stay of discovery pending resolution of the motion to dismiss.

**8.  Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒  The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

**9.  Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

   ☒  Yes.
   ☐  No; instead, the parties agree to these changes: enter changes.

B.  Discovery may be needed on these subjects: reporting and social media discussion before and after the September 13, 2024 episode of *Real Time with Bill Maher* regarding the nature of the relationship between Ms. Loomer and President Trump; the true nature of the relationship between Ms. Loomer and President Trump (which may require the deposition of President Trump), the nature of Loomer's alleged damages and any damage thereto.

C.  Discovery should be conducted in phases:

   ☒  No.
   ☐  Yes; describe the suggested phases.

D.   Are there issues about disclosure, discovery, or preservation of electronically stored information?

  ☒  No.
  ☐  Yes; describe the issue(s).

E.   ☒   The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F.   The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

  ☒  No.
  ☐  Yes; describe the stipulation.

**10. Request for Special Handling**

  ☒  The parties do not request special handling.

  ☐  The parties request special handling. Specifically, describe requested special handling.

  ☐  Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

  ☒  The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

_____          _____
Larry Klayman                            Katherine M. Bolger
Counsel for Laura Loomer                 Counsel for Laura Loomer
Add date of signature                    Add date of signature

5

EXHIBIT 3



**Oliver Peer <oliver.peerfw@gmail.com>**

---

## Fwd: Loomer v. Maher, et. al - Case Management Plan

**Larry Klayman** <leklayman@gmail.com>      Mon, Dec 30, 2024 at 12:27 PM
To: "Bolger, Kate" <KateBolger@dwt.com>
Cc: Oliver Peer <oliver.peerfw@gmail.com>, Asher Anderson <asher.andersonfw@gmail.com>, Larry Klayman
<leklayman@gmail.com>

Ms. Bolger:

These are Ms. Loomer's proposed dates.

This is a simple case and does not need two years to get to trial.

The dates you proposed are intended only for delay.

Please consent to our proposed dates, which are more than sufficient with this straightforward case.

Let me know asap today.

Larry Klayman, Esq.

s

---------- Forwarded message ---------
From: **Asher Anderson** <asher.andersonfw@gmail.com>
Date: Mon, Dec 30, 2024 at 9:23AM
Subject: Loomer v. Maher, et. al - Case Management Plan
To: Larry Klayman <leklayman@gmail.com>

---

📄 **2024.12.30 - LK - flmd-uniform-case-management-report-2024.docx**
52K

 Gmail

**Oliver Peer <oliver.peerfw@gmail.com>**

---

## Re: Loomer - Case Management

---

**Larry Klayman** <leklayman@gmail.com>                                          Mon, Dec 30, 2024 at 2:57 PM
To: "Bolger, Kate" <KateBolger@dwt.com>
Cc: Oliver Peer <oliverpeerfw@gmail.com>, Asher Anderson <asher.andersonfw@gmail.com>, Larry Klayman
<leklayman@gmail.com>

Make your proposal so that the case can be tried within a year.

Larry Klayman

On Mon, Dec 30, 2024, 11:55 AM Bolger, Kate <KateBolger@dwt.com> wrote:

> Mr. Klayman,
>
> We do not believe that your proposed dates allow sufficient time for discovery and
> dispositive motions. Among other things, your proposed schedule does not allow time
> for summary judgment to be briefed and adjudicated before your proposed trial date.
> We are happy to discuss to see if we can reach a compromise. Otherwise, please file
> the attached document with each side's proposed deadlines and dates.
>
> Best,
>
> Kate
> Bolger

 **Gmail**

**Oliver Peer <oliver.peerfw@gmail.com>**

---

## Re: Loomer - Case Management

---

**Bolger, Kate** <KateBolger@dwt.com>
To: Larry Klayman <leklayman@gmail.com>
Cc: Oliver Peer <oliverpeerfw@gmail.com>, Asher Anderson <asher.andersonfw@gmail.com>, Larry Klayman <leklayman@gmail.com>, "Rachel E. Fugate" <rfugate@shullmanfugate.com>

Mon, Dec 30, 2024 at 3:28 PM

Mr Klayman

We do not think we can agree on a trial within the year because it does not give us time to get the summary judgment heard.

We therefore suggest that you file the proposal with the two schedules and leave it up to Judge Moody.

Thanks
Kate Bolger


On Dec 30, 2024, at 3:58 PM, Larry Klayman <leklayman@gmail.com> wrote:


**[EXTERNAL]**

---

[Quoted text hidden]
[Quoted text hidden]