IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA OCALA DIVISION

LAURA LOOMER

          Plaintiff,

   v.

BILL MAHER

And

HOME BOX OFFICE, INC.

          Defendants.

**Case No: 5:24-cv-00625-JSM-PRL**

**PLAINTIFF'S SURREPLY TO DEFENDANTS' REPLY TO RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

Plaintiff Laura Loomer hereby submits the following surreply to Defendant Home Box Office, Inc.'s ("HBO") and Bill Maher's ("Maher")(collectively "Defendants") Reply[1] in support of Motion to Dismiss (the "Reply"). Contrary to counsel for Defendants' assertions, Plaintiff has not made any *"ad hominem"* attacks. Instead, it is very much the opposite. When Plaintiff and counsel reached out to Defendants' counsel to try to amicably resolve this matter before having to resort to litigation, Plaintiff was threatened by counsel for Defendants, Katherine Bolger of Davis Wright Tremaine, including with attorney's fees, all the while knowing that Plaintiff has been in part severely financially harmed as a result of Defendants' false, malicious, and defamatory statements.

Furthermore, Defendants' claim that *Trump v. American Broadcasting Companies, Inc. et al*, No. 1:2024cv21050 (S.D. Fla. 2024) ("Trump Case") is "wholly unrelated" is, simply put, bizarre. Counsel for Defendants disingenuously suggest that Plaintiff only mentioned the Trump Case because they also represented Defendants ABC and George Stephanopoulos in the Trump Case and agreed to settle with President Trump for 15 million dollars in addition to attorney's fees, but this ignores the fact that the Chief Judge of the U.S. District Court for the Southern District of Florida, Hon. Cecilia M. Altonaga

---

[1] With regard to LCvR 3.01(b), Plaintiff assumed that she would be given the same number of pages – twenty-five (25) that Defendants were permitted for their motion, as it is standard practice for a motion and opposition to be given equal page limits in the interests of justice and fairness. If necessary, Plaintiff therefore respectfully moves for leave to file a commensurate twenty-five page opposition, equal to what Defendants were allowed.

found that President Trump had sufficiently pled defamation and allowed discovery in an action brought by President Trump over false published statements that President Trump had been "found liable for rape." Judge Altonaga found that in a case where President Trump was falsely accused of having "raped" instead of "sexually abused" E. Jean Carroll, she could not grant Defendants' motion to dismiss because "[w]here a court first determines the statements are susceptible to a defamatory interpretation, factual questions arise that should be resolved by the trier of fact — here, a jury." Here, the Court is also faced with a motion to dismiss, and thus, Judge Altonaga' ruling is directly on point and thus totally related and relevant, particularly given the fact that the allegations in the Trump Case are actually less egregious than the defamation in this instant action, since President Trump had been found liable for sexual abuse. There is no evidence here that Ms. Loomer had sex with and engaged in adultery, that is "fucked" President Trump and committed adultery behind the back of Melania Trump.

The bottom line here is simple—Defendants have largely rehashed the same failed arguments that they presented in their motion to dismiss. Where they have attempted to rebut Plaintiff's compelling arguments, they have failed to do so. Thus, Defendants' motion to dismiss must be denied in its entirety.

### I. Defendants Concede That Defendant Maher Is Not Entitled To Any Special Protection Against Defamation As A "Comedian"

As a threshold matter, Plaintiff does not concede that Defendant Maher is a "comedian." He is a political pundit who apparently believes that he is a part

of the Hollywood elite and not subject to the rule of law, which is why he evaded service of process and forced Plaintiff to expend significant costs to serve him at home when his counsel could have simply accepted service of process once Defendant HBO was served through its registered agent.

In any event, Defendants now walk back their suggestion that Defendant Maher is entitled to some sort of special protection against defamation because he is an alleged "comedian" or "satirist." *See* ECF No. 17 at 10 where Defendants previously stated, "Courts around the country have held statements made by comedians or satirists like Bill Maher to be protected opinion." Defendants now admit that it does not matter one bit that Defendant Maher is an alleged "comedian" or "satirist" and that a thorough analysis of the full context of the statements at issue and whether they are "readily understood as conjecture, hypothesis, or speculation" must be undertaken. As shown conclusively in Plaintiff's Opposition to Motion to Dismiss, this analysis can only lead to the one conclusion – that Defendant Maher made false statements of **fact** of and concerning Plaintiff. ECF No. 21 at 5 – 15. This can be shown through the context of the Defamatory Statements, namely that (1) it occurred during a non-comedic and serious panel discussion with conservative pollster Kristen Soltis Anderson and former U.S. Senator Al Franken which involved serious topics such as alleged police brutality involving Miami Dolphins receiver Tyreek Hill, (2) when Defendant Maher told the told the purported "joke", it drew more groans from the audience than sparse laughter and the panelists clearly did not view his statement as being "opinion" or "hyperbole," and (3) it is well settled that an

individual also cannot escape liability for defamation simply by tactically attempting to couch his statement of fact as opinion. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19 (1990). Thus, Defendants' arguments in this regard are meritless and must be rejected.

## II. Plaintiff Has More Than Sufficiently Pled Damages

Defendants concede that Plaintiff has pled defamation *per se* and that damages are presumed where a statement is found to be defamatory *per se*. ECF No. 34 at 4. The fact that Plaintiff also pleads defamation *per quod* cannot defeat this well-settled law. In this case, damages are still ongoing and this is why discovery is necessary and should not be stayed. Plaintiff has pled that she has suffered ""severe financial damage and damage to her reputation, good will, business opportunities, social relationships, and the career of Plaintiff." Comp. ¶ 36. Furthermore, Plaintiff alleged that she suffered "loss of…professional opportunity and prospects, as well as being damaged financially. " Comp. ¶ 10. These are specific, economic damages suffered by Plaintiff as a result of the defamatory statements made by the Defendants, and are therefore sufficiently pled. However, in the unlikely event that the Court finds otherwise, the proper recourse would be to allow Plaintiff leave to amend in this regard.

## III. Plaintiff Has More Than Sufficiently Alleged Actual Malice

Defendants make that flat-out false statement that Plaintiff "did not plead actual malice here." This is belied by the words contained in the Complaint—"These false and misleading statements were broadcasted with actual malice, as Defendants knew that they were false and misleading, and/or at a minimum

4

acted and published with a reckless disregard for the truth." Comp. ¶ 10. There is absolutely nothing conclusory about this statement either, as the Complaint expressly alleges how the Defendants acted with actual malice:

> There is not a shred of credible reporting or evidence suggesting otherwise. Defendant Maher had no basis in fact to make this statement. He simply fabricated it for attention, notoriety, "clicks" and profit for himself and Defendant HBO, his employer. Comp. ¶ 21.

Again, discovery in the form of Defendant HBO's internal documents and depositions of the Defendants will fully bear this out, but for a case at the pleading stage where no discovery has yet been permitted, this is more than sufficient. This is, of course, notwithstanding the "badges" of malice that when one or more are taken together, will provide additional evidence of actual, constitutional malice. Comp. ¶ 23, Exhibit 1.

### IV.    Plaintiff Has More Than Sufficiently Pled Defamation By Implication

While Plaintiff's claim for Defamation by Implication is more than properly pled with regard to Defendants having "juxtapose[d] a series of facts so as to imply a defamatory connection between them," ECF No. 21 at 16 - 17, it must also be recognized that Defendants ignore the other basis for defamation by implication set forth in the Complaint, that Defendants "omitted facts." For instance, Defendants omitted that there was absolutely no credible source reporting that Ms. Loomer had "fucked" President Trump and committed adultery behind the back of President Trump's wife, Melania Trump.

### V.    Florida's Anti-SLAPP Statute Does Not Apply In Federal Court

Defendants conveniently ignores the fact that the Chief Judge of the U.S.

5

Court of Appeals for the Eleventh Circuit expressed "serious doubt" as to whether Florida's Anti-SLAPP statute applies to a federal court in diversity:

> **and I have serious doubts about whether the anti-SLAPP statute applies in federal cour**t. And it seems to me that if it doesn't, then a suit filed in violation of it can't give rise to an attorney's fee award." *Corsi v. Newsmax Media Inc et al*, 21-10480 (Oral Argument of May 19, 2022).
>
> There's a conflict in what the - the Florida courts even say this – in how the statute works, right?...On the one hand, at least one DCA has said it does create a heightened pleading standard, right?... The other says it doesn't....: If it does, it seems to me, then it conflicts with the federal rules and it doesn't apply.....And if it doesn't create a heightened pleading standard, then it seems to me it's procedural and it also doesn't apply.....**But either way, it seems to me the statute just doesn't apply in federal court**. *Id*. (emphasis added).

The fact of the matter is that numerous courts around the country have found that anti-SLAPP statutes conflict with the Federal Rules of Civil Procedure ("FRCP") and thus the FRCP must govern. These include, but are not limited to, the Eleventh Circuit on Georgia's anti-SLAPP law, *Carbone v. CNN, Inc.*, 910 F.3d 1345 (11th Cir. 2018); (2) the Fifth Circuit on Texas' anti-SLAPP law, *Klocke v. Watson*, 936 F.3d 240 (5th Cir. 2019); (3) the D.C. Circuit, *Abbas v. Foreign Policy Grp., LLC*, 414 U.S. App. D.C. 465 (2015), and (4) the Second Circuit on California's anti-SLAPP law, *La Liberte v. Reid*, 966 F.3d 79 (2d Cir. 2020).

Defendants attempt to discredit Plaintiff's reliance on *Gundel v. AV Homes, Inc.*, 264 So. 3d 304 (Fla. Dist. Ct. App. 2019), which found that Florida's Anti-SLAPP statute places an additional burden on the claimant. However, the fact remains that *Gundel* is good law and is not a rogue, one-off decision, as Florida's

6

Second District Court of Appeals has repeatedly confirmed this heightened burden and pleading standard. In *Davis v. Mishiyev*, 339 So. 3d 449 (Fla. Dist. Ct. App. 2022), the Court further held:

> We explained that the statute places the initial burden on a "SLAPP defendant to set forth a prima facie case that the Anti-SLAPP statute applies" and that once that burden is met, the burden is shifted to the SLAPP plaintiff "to demonstrate that the claims are not 'primarily' based on First Amendment rights in connection with a public issue and not 'without merit.'" *Id.*

*See also Godwin v. Michelini*, 48 Fla. L. Weekly 1769 (Dist. Ct. App. 2023). The Defendants' reliance on *Gov't Emps. Ins. Co. v. Glassco Inc.*, 119 F.4th 911 (11th Cir. 2024) for the proposition that although Florida's Anti-SLAPP statute creates an additional burden, it does not conflict with the Federal Rules of Civil Procedure is highly misleading, as the Eleventh Circuit's ruling does not substantively address Florida's Anti-SLAPP statute, and instead is focused solely on the Florida Motor Vehicle Repair Act, which has no applicability here. *Thus*, Glassco is a one-off, outlier rogue decision that does not overrule *Gundel* and is not binding precedent as it emanates from a lone outlier district court, not an appellate court. Lastly, Florida's Anti-SLAPP statute is also inapplicable because it "answers the same question" as the Federal Rules - which as found by Courts sitting in diversity, must govern - in *Sterling v. Doe*, 2022 U.S. Dist. LEXIS 105673 (M.D. Fla. Feb. 2, 2022).

WHREEFORE, for the reasons set forth above, Defendants' Motion to Dismiss must be denied in its entirety.

Dated: January 6, 2024                               Respectfully submitted,

                                                     /s/ Larry Klayman
                                                     Larry Klayman, Esq.
                                                     **Klayman Law Group P.A.**
                                                     7050 W Palmetto Park Rd.
                                                     Boca Raton, Florida 33433
                                                     Telephone:  (561) 558-5536
                                                     Email:  leklayman@gmail.com

                                                     Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I, Larry Klayman, hereby certify that on this day, January 6, 2024 I electronically filed the foregoing with the Clerk of Court using the Court's ECF procedures. I also certify that the foregoing document is being served this day on all counsel of record through the Court's eservice procedures.

                                                     /s/ Larry Klayman_____

8