UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LAURA LOOMER,

    Plaintiff,

v.                                                Case No: 5:24-cv-625-JSM-PRL

BILL MAHER and HOME BOX OFFICE,
INC.,

    Defendants.
_____

## ORDER

THIS CAUSE comes before the Court on Defendants' Motion to Dismiss (Dkt. 17). The Court having reviewed the motion, response, and the parties' respective replies, concludes that the motion should be denied in part and granted in part. Specifically, the defamation *per se* claims are sufficiently alleged under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The remaining defamation claims are insufficient and will be dismissed with leave to amend.

## BACKGROUND

The following facts are assumed true at this motion to dismiss stage and taken directly from the Complaint. Plaintiff Laura Loomer is a "well-known conservative investigative journalist." Loomer is also a "conservative, Republican, Jewish female activist." In the past, Loomer has worked for Canadian news publisher The Rebel Media as well as Project Veritas. Loomer also has her own media company called Illoominate Media, which operates in this circuit. Loomer was a Republican candidate for Florida's 11th congressional district in 2022.

Defendant Bill Maher is the host of "Real Time with Bill Maher," a weekly hour-long television program that airs on Defendant Home Box Office, Inc.'s network ("HBO"). Loomer filed this action against Defendants, alleging that they broadcasted false, malicious, and defamatory statements of and concerning Loomer into this judicial circuit, nationwide, and internationally. She claims that numerous people in this judicial district heard these false, malicious, and defamatory statements.

Specifically, the Complaint alleges that on a September 13, 2024, episode of Maher's show "Real Time," which HBO broadcasted nationally and internationally, Maher made and published the following false, malicious, and defamatory statement of and concerning Loomer:

> I think maybe Laura Loomer's in an arranged relationship to affect the election because she's very close to Trump. She's 31, looks like his type. We did an editorial here a few years ago…it was basically, who's Trump fucking? Because I said, you know, it's not nobody. He's been a dog for too long, and it's not Melania. I think we may have our answer this week. I think it might be Laura Loomer.

According to the Complaint: "In this statement, Defendant Maher makes the false statement that Ms. Loomer is in a sexual relationship with Donald Trump, who is a married man." Thus, Defendant Maher "falsely and maliciously accused Ms. Loomer of having committed adultery with Donald Trump."

The Complaint continues to allege that Maher's statements were "plainly false [because] Ms. Loomer has never engaged in sexual relations with President Donald Trump." And that there is not a "shred of credible reporting or evidence suggesting otherwise." Loomer claims that Defendant Maher had no basis in fact to make this

2

statement. He simply fabricated it for attention, notoriety, "clicks," and profit for himself and Defendant HBO, his employer.

With respect to malice, the Complaint alleges that Defendants clearly failed to conduct due diligence and investigation of the real facts before publishing their false, malicious, and defamatory statements. Defendant Maher knew or should have known that his statements were false.

According to the Complaint, as "further evidence of Defendants' intent to defame Loomer," on the September 20, 2024, episode of "Real Time," Defendant Maher, being on notice of this potential lawsuit pursuant to Fla. Stat. § 77.01, retaliated and compounded the damage to Loomer with a segment titled "24 Things You Don't Know About Laura Loomer" where he continued to make false, disparaging statements about Loomer. He stated on this segment, in relevant part:

> It's because the person, like Trump, the nut at the center of it, starts surrounding himself with – I mean, he normally surrounds himself with pretty crazy people – but this Laura Loomer…she's the new groupie in Trump's circle…here are 24 things you don't know about Laura Loomer.

Maher then said the following fabricated "facts" about and attributed to Loomer, including but not limited to: (1) "My biggest fear is immigrants taking my job as a right-wing hatemonger" and (2) "I don't hate all brown people, just the brown ones."

The Complaint avers that HBO and Maher refused to retract their defamatory statements about Loomer even after she volunteered to appear on Maher's show in an attempt to repair her reputation. In this lawsuit, Loomer asserts claims against HBO and Maher for defamation *per se*, defamation *per quod*, and defamation by implication. With respect to her damages, Loomer alleges that Defendants' actions caused her "severe

financial damage and damage to her reputation, good will, business opportunities, social relationships, and [her] career."

Defendants now move to dismiss the entirety of the Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Notably, Defendant Maher withdrew his initial argument that he was improperly served so that matter is moot.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Courts must accept all factual allegations as true and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff

4

pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

## DISCUSSION

"It is well established that when a federal court considers a case that arises under its diversity jurisdiction, the court is to apply state substantive law and federal procedural law." *Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1357 (11th Cir. 2014). Thus, Florida law provides "the substantive law to the merits of [p]laintiff's defamation claims." *Duffy v. Fox News Network, LLC*, No. 6:14-CV-1545-ORL-37, 2015 WL 5009101, at *3 (M.D. Fla. Aug. 21, 2015).

Under Florida law, the elements of a defamation claim are: (1) publication; (2) falsity; (3) the statement was made with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement must be defamatory. *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018) (citing *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008)).

"[A] claim for defamation may be categorized in one of two ways: defamation *per se* or defamation *per quod*." *Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-CV-88-T-36JSS, 2019 WL 13037034, at *6 (M.D. Fla. Apr. 17, 2019). A publication rises to the level of defamation *per se* "if, when considered alone and without innuendo, it (1) charges that a person has committed an infamous crime; (2) tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (3) tends to injure one in his trade or profession."

*Daniels v. HSN, Inc.*, No. 818CV3088T24JSS, 2020 WL 533927, at *3 (M.D. Fla. Feb. 3, 2020); *see also Richard v. Gray*, 62 So. 2d 597, 598 (Fla. 1953) (same).

"Defamation *per quod* requires explanation of context. In *per quod* actions, the words used, given their natural and common meaning, are not inherently injurious, but rather are injurious only as a consequence of extrinsic facts, such as innuendo." *See Scobie v. Taylor*, No. 13-60457-CIV, 2013 WL 3776270, at *2 (S.D. Fla. July 17, 2013) (noting that defamation *per quod* "requires an additional explanation of, or an interpretation of innuendo suggested by, the words used to demonstrate the defamatory meaning or that the plaintiff is the subject of the statement").

Defendants' first argument in favor of dismissal of the defamation claims is that Loomer fails to plead a false statement of fact. The Court disagrees. "A false statement of fact is the sine qua non for recovery in a defamation action." *Byrd v. Hustler Magazine, Inc.*, 433 So. 2d 593, 595 (Fla. 4th DCA 1983); *accord Keller v. Miami Herald Publ'g Co.*, 778 F.2d 711, 717 (11th Cir. 1985). The challenged statement "must convey to a reasonable reader [or viewer] the impression that it describes actual facts about the plaintiff." *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1379 (S.D. Fla. 2006) (citing *Ford v. Rowland*, 562 So.2d 731, 735 (Fla. 5th DCA 1990)).

In contrast to statements of fact, "statements of pure opinion are protected from defamation actions by the First Amendment," *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018), as are "[c]ommentary or opinion based on facts that are set forth in the [broadcast] or which are otherwise known or available to the [viewer]," *Rasmussen v. Collier Cnty. Pub. Co.*, 946 So. 2d 567, 571 (Fla. 2d DCA 2006); *see also From v.*

*Tallahassee Democrat, Inc.*, 400 So. 2d 52, 57 (Fla. 1st DCA 1981) ("Pure opinion occurs when the defendant makes a comment or opinion based on facts which are set forth in the article or which are otherwise known or available to the reader or listener as a member of the public.").

At this pleading stage, the Complaint adequately alleges that Maher's statements were actionable statements of facts concerning Loomer. Indeed, and as Loomer argues in her filings, Maher cannot, at this stage, escape liability because he couches his statements as a joke, an opinion, or as "conjecture, hypothesis, or speculation" because the statements do not appear that way on their face. Loomer alleges that Maher stated *as a fact* that Loomer "might" be "fucking" President Trump, a married man, which she claims was and is false and which is capable of being proven false. Maher's use of the term "might" does not automatically render Maher's statements protected opinion or conjecture. *See McQueen v. Baskin*, 377 So. 3d 170, 178 (Fla. Dist. Ct. App. 2023) (stating: "Simply couching such statements in terms of opinion does not dispel these implications; and the statement, 'In my opinion Jones is a liar,' can cause as much damage to reputation as the statement, 'Jones is a liar.'") (citing *Lipsig v. Ramlawi*, 760 So. 2d 170, 183–84 (Fla. Dist. Ct. App. 2000) ("However, a speaker cannot invoke a 'pure opinion' defense, if the facts underlying the opinion are false or inaccurately presented.")).

Notably, the Court permitted Defendants to file as an exhibit to their motion to dismiss a USB flash drive containing copies of the subject Maher Episodes because they were essential to Loomer's claims. While Defendants may view Maher's statements as "speculative joking," he made them during a non-comedic and serious panel discussion

7

with conservative pollster Kristen Soltis Anderson and former U.S. Senator Al Franken that involved topics such as alleged police brutality. Also, and, as Loomer points out, when Maher told the purported "joke" about Loomer, "it drew more groans from the audience than sparse laughter." So Defendants' motion to dismiss is denied to the extent the motion argues that the subject statements were not about facts.

Defendants next argue that Loomer did not plead malice, which is required because Loomer is a public figure. While the Court agrees with Defendants that Loomer must plead malice—even with respect to her defamation *per se* claims—the Court disagrees that malice is not adequately pled in the Complaint. Loomer alleges that: "These false and misleading statements were broadcasted with actual malice, as Defendants knew that they were false and misleading, and/or at a minimum acted and published with a reckless disregard for the truth." The Complaint further alleges that there is not a "shred of credible reporting or evidence suggesting otherwise" and that "Defendant Maher had no basis in fact to make this statement. He simply fabricated it for attention, notoriety, "clicks," and profit for himself and Defendant HBO, his employer." Assuming the truth of these allegations, which the Court must do at this stage, Maher was knowingly reckless because he fabricated what he said about Loomer "fucking" President Trump.

Also, the Complaint avers that Defendants refused to retract what they said about Loomer after being placed on notice that the statements were false and Maher, again acting with malice, chose to target Loomer in a subsequent September 20, 2024, episode of "Real Time," with a segment titled "24 Things You Don't Know About Laura Loomer" where he continued to make alleged false and disparaging statements about Loomer.

8

Tellingly, Defendants argue facts that are not alleged in the Complaint to prove their point that Maher was not reckless, a red herring on a motion to dismiss. For example, Defendants contend that: "in light of Ms. Loomer's own statements about her affection for Trump, repeated appearances the two made together in the days leading up to the September 13, 2024 episode, and rumors about their relationship, Mr. Maher had ample reason to believe they 'may' be sleeping together." The Court cannot consider these purported facts at this stage. Accordingly, Defendants' argument that malice is not sufficiently pled is denied.

Defendants' third argument is that Loomer does not state a claim for defamation by implication. The Court agrees. "[D]efamation by implication is a well-recognized species of defamation that is subsumed within the tort of defamation." *Jews for Jesus*, 997 So. 2d at 1108. Defamation by implication "applies in circumstances where literally true statements are conveyed in such a way as to create a false impression." *Id.* Defamation by implication, in other words, "arises not from what is stated, but from what is implied when a defendant (1) juxtaposes a series of facts so as to imply a defamatory connection between them, or (2) creates a defamatory implication by omitting facts." *Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1123–24 (S.D. Fla. 2021). Defamation by implication is thus "premised not on direct statements but on false suggestions, impressions and implications arising from otherwise *truthful* statements." *Id.* at 1124 (emphasis added).

A review of the Complaint reflects that Loomer does not allege the "literally true facts" to plead a claim for defamation by implication. In other words, she does not aver

9

the facts that Defendants have either "juxtaposed" in order "to imply a defamatory connection between them" or "omitted" in a way that "creates a defamatory implication." *Corsi*, 519 F. Supp. 3d at 1123–24.

In her filings in response to Defendants' motion to dismiss, Loomer argues that Maher's statements contained true statements to falsely suggest that she might be "fucking" President Trump, but her Complaint does not allege these true statements. Rather, and as Defendants argue, Loomer's allegations focus on Defendants' allegedly false statements, which makes sense because defamation generally involves untruths. "But defamation by implication is, by definition, the manipulation of *true facts* to create a defamatory effect." *Block v. Matesic*, No. 21-61032-CIV, 2023 WL 8527670, at *9 (S.D. Fla. Dec. 8, 2023) (dismissing a defamation by implication claim because, while the plaintiff "provides some contextual material from which a defamation-by-implication claim could (theoretically) proceed, her allegations do not connect the dots.") (citations omitted and emphasis in original). Accordingly, the Court grants Defendants' motion to dismiss as to the defamation by implication claims without prejudice to Loomer to amend the claims if she can do so in good faith.

Finally, Defendants argue that Loomer's defamation *per quod* claims must be dismissed because she does not plead special damages. The Court agrees. Unlike a claim for defamation *per se*, which assumes the plaintiff has been damaged, to state a claim for defamation *per quod*, a plaintiff must allege special damages, i.e., "actual, out of pocket losses." *Flynn v. Cable News Network, Inc.*, No. 8:22-CV-343-MSS-SPF, 2023 WL 5985196, at *5-*6 (M.D. Fla. Mar. 17, 2023) (noting that "[a]llegations for special damages

must be pled in more than a conclusory manner; rather [w]ords actionable ... *per quod* are those who[se] injurious effect must be established by due allegation and proof.") (internal quotations and citations omitted); *Anderson v. Smith*, No. 3:19-cv-222-J-20JRK, 2020 WL 10058207, at *3 (M.D. Fla. Mar. 24, 2020) (requiring allegations of "a realized or liquidated loss").

In her filings, Loomer essentially concedes that special damages are not pled and requests leave to amend to assert these special damages. Accordingly, the Court grants Defendants' motion with respect to the defamation *per quod* claims and dismisses these claims without prejudice to Plaintiff to amend if she can plead special damages consistent with Rule 11 of the Federal Rules of Civil Procedure.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss (Dkt. 17) is denied in part and granted in part.

2. Plaintiff's defamation *per se* claims are properly pled and will not be dismissed. This moots Defendants' argument that the Complaint violates Florida's anti-SLAPP statute.

3. Plaintiff's defamation by implication claims are dismissed without prejudice to Plaintiff to file an amended complaint if she can amend these claims in good faith.

4. Plaintiff's defamation *per quod* claims are dismissed without prejudice to Plaintiff to file an amended complaint if she can amend these claims in good faith.

5. Any amended complaint shall be filed within fourteen (14) days of this Order.

6. Defendants shall file their responses within fourteen (14) days of the filing of the amended complaint.

7. If Plaintiff does not file an amended complaint, Defendants shall file their answers to the non-dismissed claims within twenty-eight (28) days of the filing of this Order.

8. Defendants' Motion to Stay Discovery (Dkt. 18) is denied as moot.

**DONE** and **ORDERED** in Tampa, Florida, this January 16, 2025.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record