**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

LAURA LOOMER

                           Plaintiff,

            v.                                    **Case No: 5:24-cv-625-JSM-PRL**

BILL MAHER

And

HOME BOX OFFICE, INC.

                           Defendants.

<u>**AMENDED COMPLAINT**</u>

Plaintiff, Laura Loomer ("Plaintiff" or "Ms. Loomer") hereby files this Amended Complaint against Defendants Bill Maher ("Defendant Maher") and Home Box Office, Inc. ("Defendant HBO") for Defamation, Defamation Per Se[1] and Defamation by Implication.

<u>**JURISDICTION AND VENUE**</u>

1.      This is an action for defamation and damages in excess of $50,000, exclusive of interest, costs, and attorney's fees.

2.      Venue is proper in Sumter County, Florida, as this is the county where Ms. Loomer ran for US Congress and has strong roots and where her reputation is well-known and she is a respected figure and where Ms. Loomer's causes of action accrued. The subject

---

[1] On January 16, 2025, the Court issued its order on Defendants' Motion to Dismiss Plaintiff's initial complaint, where it found that Plaintiff's claims for defamation *per se* were sufficiently pled and that Defendants' argument that Plaintiff's Complaint violates Florida Anti-SLAPP statute is moot. These findings are now the law of the case. ECF No. 39.

defamatory broadcast was widely heard and viewed in Sumter County, Florida, nationally and internationally.

## THE PARTIES

3.      Ms. Loomer is an individual, and a citizen and a resident of the state of Florida. She ran for Congress in Florida and has strong roots and is a well-known and respected figure in this judicial circuit where her hard-earned reputation has been significantly damaged as set forth herein. Ms. Loomer originally ran for US Congress in Florida's 11th District, which included Sumter County, Lake County, Orange County, and Polk County after it was redistricted in 2022.

4.      Defendant Maher is an individual and citizen and resident of California. Defendant Maher hosts a weekly hour-long television program called "Real Time with Bill Maher" ("Real Time") which is broadcasted nationwide, including in this judicial circuit, by Defendant HBO.

5.      Defendant HBO is a corporation with headquarters in New York and incorporated under the laws of Delaware.

## STANDING

6.      Plaintiff Loomer has standing to bring this action because she has been directly affected, victimized, and severely damaged by the unlawful conduct complained herein.

7.      Her injuries are directly and proximately caused by the conduct of the Defendants.

8.      Defendant**s,** as alleged herein, broadcasted numerous false, misleading and defamatory statements to severely harm and damage Plaintiff Loomer, which were published and republished and viewed in this circuit, in Florida, nationally and internationally, and Defendants do substantial business and reap substantial profits in and from this circuit and in Florida in

general.

9.      The false, misleading and defamatory statements were broadcasted into this circuit, domestically and internationally on the internet and cable television and elsewhere on social media for the entire world to see and hear.

10.     These false and misleading statements were broadcasted with actual malice, as Defendants knew that they were false and misleading, and/or at a minimum acted and published with a reckless disregard for the truth.

11.     These false and misleading statements subjected Laura Loomer within this circuit to unjustified ridicule, embarrassment, loss of reputation and professional opportunity and prospects, as well as being damaged financially.

## THE FACTS
### *Background Facts*

12.     Ms. Loomer is a well-known conservative investigative journalist.

13.     Ms. Loomer is also a conservative, Republican, Jewish female activist.

14.     In the past, Ms. Loomer has worked for Canadian news publisher The Rebel Media as well as Project Veritas.

15.     Ms. Loomer also has her own media company called Illoominate Media which operates in this circuit.

16.     Ms. Loomer was a Republican candidate for Florida's 11th congressional district in 2022 where she operated out of her campaign headquarters.

17.     Defendants broadcasted false, malicious, and defamatory statements of and concerning Ms. Loomer into this judicial circuit, nationwide, and internationally. These false, malicious, and defamatory statements were heard and viewed by numerous people in this judicial district.

*The Defamatory Statements*

18.     On a September 13, 2024 episode of Defendant Bill Maher's show "Real Time,"
which was broadcasted by HBO into this circuit, nationally, and internationally, Defendant
Maher made and published the following false, malicious, and defamatory statement of and
concerning Ms. Loomer:

> I think maybe Laura Loomer's in an arranged relationship to affect the election
> because she's very close to Trump. She's 31, looks like his type. We did an
> editorial here a few years ago…it was basically, who's Trump fucking? Because I
> said, you know, it's not nobody. He's been a dog for too long, and it's not
> Melania. I think we may have our answer this week. I think it might be Laura
> Loomer.

19.     In this statement, Defendant Maher makes the false statement that Ms. Loomer is
in a sexual relationship with Donald Trump, who is a married man. Thus, Defendant Maher has
thus falsely and maliciously accused Ms. Loomer of having committed adultery with Donald
Trump.

20.     This is a statement of objectively verifiable fact of and concerning Ms. Loomer.
Defendant Maher poses the question, "who's Trump fucking?" He then states that "**we may have
our answer**" to this question: "Laura Loomer."  This is reasonably understood by any reasonable
viewer as Defendant Maher making a factual statement of objectively verifiable fact of and
concerning Ms. Loomer.

21.     This statement is also plainly false. Ms. Loomer has never engaged in sexual
relations with President Donald Trump. There is not a shred of credible reporting or evidence
suggesting otherwise. Defendant Maher had no basis in fact to make this statement. He simply
fabricated it for attention, notoriety, "clicks" and profit for himself and Defendant HBO, his
employer.

22.     The context of the Defendants' defamatory statement is that it was made during a

panel discussion with conservative pollster Kristen Soltis Anderson and former U.S. senator Al Franken which involved serious topics such as alleged police brutality involving Miami Dolphins receiver Tyreek Hill. Then when Defendant Maher told the purported "joke", it drew more groans from the audience than sparse laughter. Below is a screenshot of the reaction of the two panelists immediately following the defamatory statement:



23.     The expression and reaction of the panelists, and Mr. Franken's in particular, are not ones that one might typically expect to see from someone who had just understood the defamatory statement as a "satire" or "joke," evidencing that persons understood it as a statement of fact.

24.     This statement is also defamatory by implication because it (1) juxtaposes a series of facts so as to imply a defamatory connection between them, and (2) creates a defamatory implication by omitting facts. Defendants juxtaposes five separate statements which are presented as facts, and of which at least two are true, in order to create the defamatory implication that Ms. Loomer had committed adultery with President Trump behind the back of First Lady Melania Trump. These statements are: (1) Ms. Loomer is "very close to Trump,"[true], (2) Ms. Loomer is 31 years old [true], (3) Ms. Loomer "looks like [Trump's]

5

type," [could be true, but unknown to Ms. Loomer], (4) Trump is a "dog" who has to be sleeping with someone [veracity unknown to Ms. Loomer], and (5) the person that Trump is sleeping with is not his wife, Melania [veracity unknown to Ms. Loomer]. These five statements are juxtaposed together by Defendants to create the false, defamatory implication that Ms. Loomer was having sex with President Trump and committing adultery.

25.     This statement also intentionally omits the fact that there is not a shred of credible reporting that Ms. Loomer and President Trump were having an adulterous sexual relationship.

26.     Defamation by implication arises…from what is implied when a defendant '(1) juxtaposes a series of facts so as to imply a defamatory connection between them, or (2) creates a defamatory implication by omitting facts, [such that] he may be held responsible for the defamatory implication . . . .'" *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). Defamation by implication' is premised not on direct statements but on false suggestions, impressions and implications arising from otherwise truthful statements." *Id*.

27.     Defendants Maher and HBO, as acting in concert as joint tortfeasors, have intentionally made false and misleading statements of and concerning Ms. Loomer, or at a minimum, acted with reckless disregard for the truth.

28.     In an article published by The Florida Bar Journal titled "Showing Constitutional Malice in Media Defamation," the author Manual Socias provides twenty-four "badges" of malice that, when one or more are taken together, will provide additional evidence of actual, constitutional malice[2]. Many of these badges apply to this case, including but not limited to:

    a.    failure to conduct a due diligence and an investigation before publishing serious and damaging allegations that are not "hot news";

---

[2] https://www.floridabar.org/the-florida-bar-journal/showing-constitutional-malice-in-media-defamation/#:~:text=The%20phrase%20%E2%80%9Cbadges%20of%20malice,a%20subjective%20intent%20to%20defraud.

      i.     This badge is shown through the simple fact that Defendant Maher would make the defamatory statements. Even a cursory due diligence or investigation would have shown that these statements are simply not true and there is absolutely no evidence to support Defendant Maher's statements.

b.     failure to give the plaintiff a fair opportunity to reply to defamatory allegations;

      i.     This badge is shown through Defendants' refusal seek comment from Ms. Loomer in advance of the subject broadcast and/or to have extended Ms. Loomer the courtesy of appearing on a future episode of "Real Time" to deny the published statements in person and to attempt to mitigate the damages caused by their defamatory statements.

c.     omitting pertinent information to create a false impression;

      i.     This badge is shown through Defendants' omission of the fact that there is absolutely no evidence to support Defendant Maher's statements and was likely orchestrated by the Democrat Party and the Harris presidential campaign.

d.     a reporter's knowledge of facts conflicting with the report;

      i.     This badge is shown through the fact that Defendant Maher knew that his statements were manufactured and false or, at a bare minimum, acted with reckless disregard for the truth to increase his and HBO's viewership, "clicks" and thus profits, as well as to further Defendants' Hollywood leftist political agenda to harm not just Ms. Loomer but presidential candidate Donald Trump's campaign.

e.     a preconceived determination to disparage a plaintiff or a preconceived slant or view;

      i.     This badge is shown through the fact that Defendants and their partisan law firm, who threatened Ms. Loomer, as set forth in paragraph 27 of this Complaint, loathe Donald Trump and those who are associated with him, including Ms. Loomer.

f.     repetitive media attacks on the plaintiff;

      i.     This badge is shown through the September 20th episode of "Real Time," as set forth below.

g.     a reporter's ill will toward the plaintiff;

      i.     This badge is shown through the September 20th episode of "Real Time," as set forth below and he fact that Defendants loathe Donald Trump and those

who are associated with him, including Ms. Loomer.

h.      refusal to publish a retraction upon learning of errors in a story;

      i.      This badge is shown through the Defendants' refusal to retract upon receiving notice of their defamatory statements pursuant to Fla. Stat. § 770.01

i.      prior and subsequent defamatory statements.

      i.      This badge is shown through the September 20th episode of "Real Time," as set forth below.

29.     Defendants clearly failed to conduct due diligence and investigation of the real facts, before publishing their false, malicious and defamatory statements. This is a "badge" of constitutional malice. Furthermore, Defendant Maher knew or should have known that his statements were false, another "badge" of actual and constitutional malice. Other badges are present as well, as set forth below.

30.     As further evidence of the Defendants' intent to defame and actual and constitutional malice, on the September 20, 2024 episode of "Real Time," Defendant Maher, being on notice of this pending lawsuit pursuant to Fla. Stat. § 770.01, retaliated and compounded the damage to Ms. Loomer with a segment titled "24 Things You Don't Know About Laura Loomer" where he continues to make false, disparaging statements about Ms. Loomer. For instance, he and his joint tortfeasor Defendant HBO published, acting in concert:

> It's because the person, like Trump, the nut at the center of it, starts surrounding himself with – I mean, he normally surrounds himself with pretty crazy people – but this Laura Loomer…she's the new groupie in Trump's circle…here are 24 things you don't know about Laura Loomer.[3]

31.     He and HBO then proceed to conjure up fabricated "facts" about and attributed to Ms. Loomer, including but not limited to: (1)"My biggest fear is immigrants taking my job as a right-wing hatemonger" and (2) "I don't hate all brown people, just the brown ones." This is

---

[3] https://www.youtube.com/watch?v=BFsnqfjZf28

evidence of the following "badges" of actual and constitutional malice: (1) a preconceived determination to disparage a plaintiff or a preconceived slant or view, (2) repetitive media attacks on the plaintiff, (3) a reporter's ill will toward the plaintiff, and (4) prior and subsequent defamatory statements.

      32.    Ms. Loomer, through the undersigned counsel, has asked that the false, malicious, and defamatory statements  from the September 13, 2024 episode of "Real Time" be retracted by Defendants pursuant to Fla. Stat. § 770.01, but a  leftist, Democrat, anti-Trump counsel for Defendants, Davis Wright Tremaine, LLP,[4]' Katherine M. Bolger, Esq., and her partners refused to do so and instead viciously and callously threatened Ms. Loomer as the agent of her clients Defendants Maher and HBO. Ms. Bolger's law firm, Davis Wright Tremaine LLP,  is not coincidentally comprised of other partisan leftist, Democrat, anti-Trump partners such as Laura Handman, Esq. (former wife of Clinton White House Deputy Chief of Staff Harold Ickes), Elizabeth McNamara, Esq., Rachel Strom, Esq., all of whom support and have donated heavily to Democrat politicians and anti-Trump causes. This collective, Democrat, leftist, anti-Trump bias and agenda of the Defendants and their law firm agents, who facilitate, further and compound the defamatory conduct as alleged herein,  is further evidence of the following "badge" of actual and constitutional malice: "refusal to publish a retraction upon learning of errors in a story," compounded by the threats against Ms. Loomer.

---

[4] **Eriq Gardner, *Meet Trump's Least Favorite Lawyers Defending CNN, BuzzFeed's Dossier and Media Rights*, The Hollywood Reporter, Mar. 29, 2019, available at: https://www.hollywoodreporter.com/news/politics-news/trumps-war-fake-news-law-firm-defending-free-press-1197104/**

**This revealing Hollywood Reporter article was proudly featured on Davis Wright Tremaine LLP's website at https://www.dwt.com/about/news/2019/03/meet-trumps-favorite-lawyers and made reference in a linked complementary article titled "*In "Fake News" Era, Meet the Lawyer Taking on Media Titans*" to Ms. Loomer's undersigned counsel, Larry Klayman, as their frequent opposing counsel.**

33.     Ms. Loomer through counsel requested a public apology and that Ms. Loomer be invited to appear on a future episode of "Real Time" to mitigate prior and any further damage, but Defendants arrogantly refused, underscoring their malicious intention to harm Plaintiff and to seek to influence, with their unlawful actions, the 2024 presidential election by also defaming President Donald Trump, who Defendants loathe, if not hate, outright. This malicious hate was then projected onto Ms. Loomer as an improper vehicle to harm President Trump's presidential campaign. This is also evidence of the following "badge" of actual and constitutional malice: "failure to give the plaintiff a fair opportunity to reply to defamatory allegations."

## FIRST CAUSE OF ACTION
### *Defamation Per Se*
### Defendant Maher

34.     Plaintiff Loomer repeats and re-alleges the facts of this Complaint as is set forth in full herein.

35.     Statements are "*defamatory per se,*" recognized under Florida law when statements are so powerful in their ability to hurt someone that Florida law presumes harm as a matter of law. *Montgomery v. Knox,* 23 Fla. 595, 3 So. 211, 217 (1887). Thus, damages are presumed and may be awarded in these cases even if no evidence of harm has been presented. "[T]he law presumes malice in their utterance," *Abraham v. Baldwin*, 52 Fla. 151, 42 So. 591, 592 (1906), where the words are "… of such common notoriety established by the general consent of men, that the courts must of necessity take judicial notice of its harmful effect." *Layne v. Tribune Co.*, 108 Fla. 177, 146 So. 234, 236 (1933).

36.     Falsely accusing a woman of having committed adultery is defamatory *per se*. *Bobenhausen v. Cassat Ave. Mobile Homes, Inc.*, 344 So. 2d 279, 281 (Fla. Dist. Ct. App. 1977).

37.     On September 13, 2024, Defendant Maher made the following false, malicious,

disgusting and reprehensible defamatory statements of and concerning Ms. Loomer, which was broadcasted in this judicial circuit, nationally, and internationally:

> I think maybe Laura Loomer's in an arranged relationship to affect the election because she's very close to Trump. She's 31, looks like his type. We did an editorial here a few years ago…it was basically, who's Trump fucking? Because I said, you know, it's not nobody. He's been a dog for too long, and it's not Melania. I think we may have our answer this week. I think it might be Laura Loomer

38.     This statement makes the false assertion that Ms. Loomer has engaged in sexual relations with Donald Trump, a married man.

39.     This statement is false, as Ms. Loomer has never engaged in sexual relations with Donald Trump.

40.     Defendant Maher knew that these statements were false, or at a minimum, published them with reckless disregard for the truth.

41.     Defendant Maher knew that his public false statements about the Plaintiff would cause severe financial damage and damage to her reputation, good will, business opportunities, social relationships, and the career of Plaintiff, and furthermore Defendant Maher actually intended that result and in many cases made clear in his reports that he intended that result.

42.     Defendant Maher published false and misleading facts, inter alia, that Plaintiff's conduct, characteristics or a condition is incompatible with the proper exercise of her lawful business, trade, profession or office as a journalist, as well as personally.

43.     These false, misleading, and defamatory statements are defamatory per se because these false and misleading statements severely harmed and damaged Ms. Loomer in her profession and business as an investigative journalist, as they concern conduct and characteristics incompatible with being an investigative journalist, and personally, as they accuse her of immoral and reprehensible conduct, causing severe harm to her reputation, goodwill, and

prestige, also resulting in general financial damage and severe emotional damage.

44.     Ms. Loomer has suffered special damages in the form of lost economic opportunities and other harm as a direct and proximate result of Defendant Maher's defamatory statements, including but not limited to the fact that she had been a strong and likely candidate for a position in President Trump's administration – and certainly would have been  part of it – but after Defendant Maher widely published the defamatory statements representing that Ms. Loomer was having an adulterous sexual relationship with President Trump, President Trump and his staff began to keep Ms. Loomer at "arm's length," turning her into a pariah and subsequently she did not receive a position in President Trump's administration, causing a loss of substantial financial compensation and other harm.

45.     Damage is presumed by law when defamation per se is shown as alleged herein.

### SECOND CAUSE OF ACTION
#### *Defamation*
#### Defendant Maher

46.     Plaintiff Loomer repeats and re-alleges the facts of this Complaint as if set forth in full herein.

47.     To establish general defamation, a plaintiff must show: (1) publication; (2) falsity; (3) that the defendant acted with knowledge or reckless disregard as to the falsity on a matter concerning a public figure; (4) actual damages; and (5) the statement must be defamatory.

48.     On September 13, 2024, Defendant Maher made the following false, malicious, disgusting and reprehensible defamatory statement of and concerning Ms. Loomer, which was broadcasted into and heard and viewed this judicial circuit, nationally, and internationally:

> I think maybe Laura Loomer's in an arranged relationship to affect the election because she's very close to Trump. She's 31, looks like his type. We did an editorial here a few years ago…it was basically, who's Trump fucking? Because I said, you know, it's not nobody. He's been a dog for too long, and it's not

Melania. I think we may have our answer this week. I think it might be Laura Loomer.

49.    This statement makes the false assertion that Ms. Loomer has engaged in sexual relations with Donald Trump, a married man.

50.    This statement is false, as Ms. Loomer has never engaged in sexual relations with Donald Trump.

51.    Defendant Maher knew that these statements were false, or at a minimum, published them with reckless disregard for the truth.

52.    This false, malicious, disgusting and reprehensible defamatory statement has severely damaged Ms. Loomer financially and otherwise in her profession and business as an investigative journalist, as they concern conduct and characteristics incompatible with being an investigative journalist, and personally, as they accuse her of immoral and reprehensible conduct, causing severe harm to her reputation, goodwill, and prestige, also resulting in general financial damage and severe emotional damage.

53.    Ms. Loomer has suffered special damages in the form of lost economic opportunities and other harm as a direct and proximate result of Defendant Maher's defamatory statements, including but not limited to the fact that she had been a strong and likely candidate for a position in President Trump's administration – and certainly would have been  part of it – but after Defendant Maher widely published the defamatory statements representing that Ms. Loomer was having an adulterous sexual relationship with President Trump, President Trump and his staff began to keep Ms. Loomer at "arm's length," turning her into a pariah and subsequently she did not receive a position in President Trump's administration, causing a loss of substantial financial compensation and other harm.

**THIRD CAUSE OF ACTION**

13

***Defamation By Implication***
**Defendant Maher**

54.     Plaintiff Loomer repeats and re-alleges the facts of this Complaint as is set forth in full herein.

55.     Defendant HBO as a joint tortfeasor acting in concert with Defendant Maher broadcasted malicious, false, misleading, disgusting and reprehensible defamatory statements of and concerning Plaintiff Loomer into this judicial circuit, nationwide, and worldwide.

56.     These defamatory statements were published and heard and viewed by third parties in this judicial circuit.

57.     On September 13, 2024, Defendant Maher made the following false, malicious, disgusting and reprehensible defamatory statement of and concerning Ms. Loomer, which was broadcasted in this judicial circuit, nationally, and internationally:

> I think maybe Laura Loomer's in an arranged relationship to affect the election because she's very close to Trump. She's 31, looks like his type. We did an editorial here a few years ago…it was basically, who's Trump fucking? Because I said, you know, it's not nobody. He's been a dog for too long, and it's not Melania. I think we may have our answer this week. I think it might be Laura Loomer.

58.     This statement makes the false assertion that Ms. Loomer has engaged in sexual relations with Donald Trump, a married man.

59.     This statement is false, as Ms. Loomer has never engaged in sexual relations with Donald Trump.

60.     These false and misleading statements were published with actual and constitutional malice, as Defendant Maher knew that these statements were false and misleading and/or at a minimum acted with a reckless disregard for the truth.

14

61.     Defamation by Implication is recognized under Florida law. " . . . it also works in reverse, to impose liability upon the defendant who has the details right but the 'gist' wrong." Simply put, "if the defendant juxtaposes a series of facts so as to imply a defamatory connection between them, or creates a defamatory implication by omitting facts, he may be held responsible for the defamatory implication, unless it qualifies as an opinion, even though the particular facts are correct. *Jews for Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1108 (Fla. 2008).

62.     These malicious, false, misleading, and defamatory statements severely harmed and damaged Ms. Loomer financially and in other ways in her profession and business as an investigative journalist, as they concern conduct and characteristics incompatible with being an investigative journalist, and personally, as they accuse her of immoral and reprehensible conduct, causing severe harm to her reputation, goodwill, and prestige, also resulting in general financial damage and severe emotional damage.

63.     Ms. Loomer has suffered special damages in the form of lost economic opportunities and other harm as a direct and proximate result of Defendant Maher's defamatory statements, including but not limited to the fact that she had been a strong and likely candidate for a position in President Trump's administration – and certainly would have been  part of it – but after Defendant Maher widely published the defamatory statements representing that Ms. Loomer was having an adulterous sexual relationship with President Trump, President Trump and his staff began to keep Ms. Loomer at "arm's length," turning her into a pariah and subsequently she did not receive a position in President Trump's administration, causing a loss of substantial financial compensation and other harm.

### FOURTH CAUSE OF ACTION
*Defamation Per Se*
**Defendant HBO**

64.    Plaintiff Loomer repeats and re-alleges the facts of this Complaint as if set forth in full herein.

65.    Statements are "*defamatory per se,*" recognized under Florida law when statements are so powerful in their ability to hurt someone that Florida law presumes harm as a matter of law. *Montgomery v. Knox,* 23 Fla. 595, 3 So. 211, 217 (1887). Thus, damages  are presumed and may be awarded in these cases even if no evidence of harm has been presented. "[T]he law presumes malice in their utterance," *Abraham v. Baldwin*, 52 Fla. 151, 42 So. 591, 592 (1906), where the words are "… of such common notoriety established by the general consent of men, that the courts must of necessity take judicial notice of its harmful effect." *Layne v. Tribune Co.*, 108 Fla. 177, 146 So. 234, 236 (1933).

66.    Falsely accusing a woman of having committed adultery is defamatory *per se*. *Bobenhausen v. Cassat Ave. Mobile Homes, Inc.*, 344 So. 2d 279, 281 (Fla. Dist. Ct. App. 1977).

67.    On September 13, 2024, Defendant Maher made the following false, malicious, disgusting and reprehensible defamatory statements of and concerning Ms. Loomer, which was broadcasted by Defendant HBO in this judicial circuit, nationally, and internationally:

> I think maybe Laura Loomer's in an arranged relationship to affect the election because she's very close to Trump. She's 31, looks like his type. We did an editorial here a few years ago…it was basically, who's Trump fucking? Because I said, you know, it's not nobody. He's been a dog for too long, and it's not Melania. I think we may have our answer this week. I think it might be Laura Loomer

68.    This statement makes the false assertion that Ms. Loomer has engaged in sexual relations with Donald Trump, a married man.

69.    This statement is false, as Ms. Loomer has never engaged in sexual relations with Donald Trump.

70.    Defendant HBO knew that these statements were false, or at a minimum,

published them with reckless disregard for the truth.

71.    Defendant HBO knew that its public false statements about the Plaintiff would cause severe financial damage and damage to her reputation, good will, business opportunities, social relationships, and the career of Plaintiff, and furthermore Defendant HBO actually intended that result and in many cases made clear in his reports that it intended that result.

72.    Defendant HBO published false and misleading facts, inter alia, that Plaintiff's conduct, characteristics or a condition is incompatible with the proper exercise of her lawful business, trade, profession or office as a journalist, as well as personally.

73.    These false, misleading, and defamatory statements are defamatory per se because these false and misleading statements severely harmed and damaged Ms. Loomer financially and in other ways in her profession and business as an investigative journalist, as they concern conduct and characteristics incompatible with being an investigative journalist, and personally, as they accuse her of immoral and reprehensible conduct, causing severe harm to her reputation, goodwill, and prestige, also resulting in general financial damage and severe emotional damage.

74.    Ms. Loomer has suffered special damages in the form of lost economic opportunities and other harm as a direct and proximate result of Defendant HBO's defamatory statements, including but not limited to the fact that she had been a strong and likely candidate for a position in President Trump's administration – and certainly would have been  part of it – but after Defendant HBO widely published the defamatory statements representing that Ms. Loomer was having an adulterous sexual relationship with President Trump, President Trump and his staff began to keep Ms. Loomer at "arm's length," turning her into a pariah and subsequently she did not receive a position in President Trump's administration, causing a loss of substantial financial compensation and other harm.

75.    Damage is presumed by law when defamation per se is shown as alleged herein.

**FIFTH CAUSE OF ACTION**
*Defamation*
**Defendant HBO**

76.    Plaintiff Loomer repeats and re-alleges the facts of this Complaint as if set forth in full herein.

77.    To establish general defamation, a plaintiff must show: (1) publication; (2) falsity; (3) that the defendant acted with knowledge or reckless disregard as to the falsity on a matter concerning a public figure; (4) actual damages; and (5) the statement must be defamatory.

78.    On September 13, 2024, Defendant Maher made the following false, malicious, disgusting and reprehensible defamatory statements of and concerning Ms. Loomer, which was broadcasted by Defendant HBO in this judicial circuit, nationally, and internationally:

> I think maybe Laura Loomer's in an arranged relationship to affect the election because she's very close to Trump. She's 31, looks like his type. We did an editorial here a few years ago…it was basically, who's Trump fucking? Because I said, you know, it's not nobody. He's been a dog for too long, and it's not Melania. I think we may have our answer this week. I think it might be Laura Loomer.

79.    This statement makes the false assertion that Ms. Loomer has engaged in sexual relations with Donald Trump, a married man.

80.    This statement is false, as Ms. Loomer has never engaged in sexual relations with Donald Trump.

81.    Defendant HBO knew that these statements were false, or at a minimum, published them with reckless disregard for the truth.

82.    This false, malicious, and defamatory statement has severely damaged Ms. Loomer financially and other ways in her profession and business as an investigative journalist, as they concern conduct and characteristics incompatible with being an investigative journalist,

and personally, as they accuse her of immoral and reprehensible conduct, causing severe harm to her reputation, goodwill, and prestige, also resulting in general financial damage and severe emotional damage.

83.     Ms. Loomer has suffered special damages in the form of lost economic opportunities and other harm as a direct and proximate result of Defendant HBO's defamatory statements, including but not limited to the fact that she had been a strong and likely candidate for a position in President Trump's administration – and certainly would have been  part of it – but after Defendant HBO widely published the defamatory statements representing that Ms. Loomer was having an adulterous sexual relationship with President Trump, President Trump and his staff began to keep Ms. Loomer at "arm's length," turning her into a pariah and subsequently she did not receive a position in President Trump's administration, causing a loss of substantial financial compensation and other harm.

**SIXTH CAUSE OF ACTION**
***Defamation By Implication***
**Defendant HBO**

84.     Plaintiff Loomer repeats and re-alleges the facts of this Complaint as if set forth in full herein.

85.     Defendant HBO in concert with Defendant Maher broadcasted malicious, false, misleading, disgusting and reprehensible defamatory statements of and concerning Plaintiff Loomer in this judicial circuit, nationwide and worldwide.

86.     These defamatory statements were published and heard and viewed by third parties in this judicial circuit.

87.     On September 13, 2024, Defendant Maher made the following false, malicious, and defamatory statement of and concerning Ms. Loomer, which was broadcasted by Defendant

19

HBO in this judicial circuit, nationally, and internationally:

> I think maybe Laura Loomer's in an arranged relationship to affect the election because she's very close to Trump. She's 31, looks like his type. We did an editorial here a few years ago…it was basically, who's Trump fucking? Because I said, you know, it's not nobody. He's been a dog for too long, and it's not Melania. I think we may have our answer this week. I think it might be Laura Loomer.

88.    This statement makes the false assertion that Ms. Loomer has engaged in sexual relations with Donald Trump, a married man.

89.    This statement is false, as Ms. Loomer has never engaged in sexual relations with Donald Trump.

90.    These false and misleading statements were published with actual and constitutional malice, as Defendant HBO, acting in concert with Defendant Maher as joint tortfeasors, knew and had reason to know that these statements were false and misleading and/or at a minimum acted with a reckless disregard for the truth.

91.    Defamation by Implication is recognized under Florida law. " . . . it also works in reverse, to impose liability upon the defendant who has the details right but the 'gist' wrong." Simply put, "if the defendant juxtaposes a series of facts so as to imply a defamatory connection between them, or creates a defamatory implication by omitting facts, he may be held responsible for the defamatory implication, unless it qualifies as an opinion, even though the particular facts are correct. *Jews for Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1108 (Fla. 2008).

92.    These malicious, false, misleading, and defamatory statements severely harmed and damaged Ms. Loomer financially and in other ways in her profession and business as an investigative journalist, as they concern conduct and characteristics incompatible with being an investigative journalist, and personally, as they accuse her of immoral and reprehensible conduct,

causing severe harm to her reputation, goodwill, and prestige, also resulting in general financial damage and severe emotional damage.

93.     Ms. Loomer has suffered special damages in the form of lost economic opportunities and other harm as a direct and proximate result of Defendant HBO's defamatory statements, including but not limited to the fact that she had been a strong and likely candidate for a position in President Trump's administration – and certainly would have been  part of it – but after Defendant HBO widely published the defamatory statements representing that Ms. Loomer was having an adulterous sexual relationship with President Trump, President Trump and his staff began to keep Ms. Loomer at "arm's length," turning her into a pariah and subsequently she did not receive a position in President Trump's administration, causing a loss of substantial financial compensation and other harm.

## **PRAYER FOR RELIEF**

With regard to all counts, Ms. Loomer demands that judgment be entered against Defendants, Maher and HBO, each and every one of them, **who acted in concert as joint tortfeasors.**

Plaintiff Laura Loomer prays for judgment against these Defendants as follows:

a. Awarding Ms. Loomer compensatory, including actual, consequential, and incidental damages for malicious defamatory conduct with actual and constitutional malice  as alleged herein in an amount to be determined at trial and  in excess of  150 Million U.S. Dollars.

b. Awarding Ms. Loomer attorney's fees and costs.

c. Punitive damages in an amount in excess of 350 Million U.S, Dollars.

d. Granting any such further relief as the Court deems appropriate including preliminary and permanent injunctive relief to prevent further acts by each of the Defendants, acting in

concert as joint tortfeasors, to severely harm and damage Ms. Loomer.

## **JURY DEMAND**

**Plaintiff Laura Loomer respectfully demands a jury trial on all issues so triable.**

Dated: January 30, 2025                              Respectfully submitted,


                                                     */s/ Larry Klayman*
                                                     Larry Klayman, Esq.
                                                     **Klayman Law Group P.A.**
                                                     7050 W Palmetto Park Rd.
                                                     Boca Raton, Florida 33433
                                                     Telephone:   (561) 558-5536
                                                     Email:  leklayman@gmail.com

                                                     Attorney for Plaintiff