## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

---------------------------------------------------------------- x

LAURA LOOMER,

                    Plaintiff,

          - against -

BILL MAHER and HOME BOX OFFICE, INC.,

                  Defendants.

---------------------------------------------------------------- x

Case No.: 5:24-cv-00625-JSM-PRL

**ANSWER TO AMENDED COMPLAINT**

Defendants Bill Maher ("Defendant Maher") and Home Box Office, Inc. ("Defendant HBO") (collectively, the "Defendants"), by and through their undersigned attorneys, Davis Wright Tremaine, LLP, hereby answer the complaint of Plaintiff Laura Loomer ("Plaintiff" or "Ms. Loomer") (the "Complaint"), as follows:

## JURISDICTION AND VENUE

1.       This is an action for defamation and damages in excess of $50,000, exclusive of interest, costs, and attorney's fees.

**ANSWER:** Defendants admit that Plaintiff has filed claims for defamation and purports to seek over $50,000 in damages.

2.       Venue is proper in Sumter County, Florida, as this is the county where Ms. Loomer ran for US Congress and has strong roots and where her reputation is well-known and she is a respected figure and where Ms. Loomer's causes of action accrued. The subject defamatory broadcast was widely heard and viewed in Sumter County, Florida, nationally and internationally.

**ANSWER:** Paragraph 2 contains legal conclusions that require no response. To the extent a response is required, Defendants admit that Ms. Loomer ran for US Congress and is well-known

but otherwise deny the allegations in Paragraph 2 or lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 and, on that basis, deny the allegations.

## THE PARTIES

3.       Ms. Loomer is an individual, and a citizen and a resident of the state of Florida. She ran for Congress in Florida and has strong roots and is a well-known and respected figure in this judicial circuit where her hard-earned reputation has been significantly damaged as set forth herein. Ms. Loomer originally ran for US Congress in Florida's 11th District, which included Sumter County, Lake County, Orange County, and Polk County after it was redistricted in 2022.

**ANSWER:** Defendants admit that Ms. Loomer ran for US Congress and is well-known. Defendants admit on information and belief the allegations in Paragraph 3 as they pertain to the Congressional district in which Ms. Loomer was a candidate. Defendants deny the remaining allegations in Paragraph 3.

4.       Defendant Maher is an individual and citizen and resident of California. Defendant Maher hosts a weekly hour-long television program called "Real Time with Bill Maher" ("Real Time") which is broadcasted nationwide, including in this judicial circuit, by Defendant HBO.

**ANSWER:** Defendants admit that the television program called *Real Time with Bill Maher* is distributed nationwide, admit that the relevant episodes of *Real Time with Bill Maher* are available to HBO and Max subscribers nationwide, and admit that Mr. Maher is an individual citizen and resident of California.

5.       Defendant HBO is a corporation with headquarters in New York and incorporated under the laws of Delaware.

**ANSWER:** Defendants admit the allegations in paragraph 5.

## STANDING

6.     Plaintiff Loomer has standing to bring this action because she has been directly affected, victimized, and severely damaged by the unlawful conduct complained herein.

**ANSWER:** Defendants deny the allegations in Paragraph 6. Moreover, Paragraph 6 contains numerous legal conclusions that require no response.

7.     Her injuries are directly and proximately caused by the conduct of the Defendants.

**ANSWER:** Defendants deny the allegations in Paragraph 7.

8.     Defendants, as alleged herein, broadcasted numerous false, misleading and defamatory statements to severely harm and damage Plaintiff Loomer, which were published and republished and viewed in this circuit, in Florida, nationally and internationally, and Defendants do substantial business and reap substantial profits in and from this circuit and in Florida in general.

**ANSWER:** Defendants deny the allegations in Paragraph 8 except admit that the relevant episodes of *Real Time with Bill Maher* are available to HBO and Max subscribers nationwide and in Florida. Moreover, Paragraph 8 contains numerous legal conclusions that require no response.

9.     The false, misleading and defamatory statements were broadcasted into this circuit, domestically and internationally on the internet and cable television and elsewhere on social media for the entire world to see and hear.

**ANSWER:** Defendants deny the allegations in Paragraph 9 except admit that the relevant episodes of *Real Time with Bill Maher* are available to HBO and Max subscribers nationwide and in Florida. Moreover, Paragraph 9 contains numerous legal conclusions that require no response.

10.     These false and misleading statements were broadcasted with actual malice, as Defendants knew that they were false and misleading, and/or at a minimum acted and published with a reckless disregard for the truth.

**ANSWER:** Defendants deny the allegations in Paragraph 10. Moreover, Paragraph 10 contains numerous legal conclusions that require no response.

11.     These false and misleading statements subjected Laura Loomer within this circuit to unjustified ridicule, embarrassment, loss of reputation and professional opportunity and prospects, as well as being damaged financially.

**ANSWER:** Defendants deny the allegations in Paragraph 11. Moreover, Paragraph 11 contains numerous legal conclusions that require no response.

## THE FACTS

### *Background Facts*

12.     Ms. Loomer is a well-known conservative investigative journalist.

**ANSWER:** Defendants admit that Ms. Loomer is a well-known conservative, but lack information sufficient to form a belief as to the truth or falsity of the characterization of Ms. Loomer as an "investigative journalist" and, on that basis, deny this allegation.

13.     Ms. Loomer is also a conservative, Republican, Jewish female activist.

**ANSWER:** Defendants admit that Ms. Loomer is a conservative Republican activist, but lack information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in Paragraph 13.

14.     In the past, Ms. Loomer has worked for Canadian news publisher The Rebel Media as well as Project Veritas.

**ANSWER:** Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14.

15.     Ms. Loomer also has her own media company called Illoominate Media which operates in this circuit.

**ANSWER:** Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14.

16.    Ms. Loomer was a Republican candidate for Florida's 11th congressional district in 2022 where she operated out of her campaign headquarters.

**ANSWER:** Defendants admit that Plaintiff ran for Congress and admit on information and belief the allegations in Paragraph 16 as they pertain to the Congressional district in which Ms. Loomer was a candidate. Defendants otherwise lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12.

17.    Defendants broadcasted false, malicious, and defamatory statements of and concerning Ms. Loomer into this judicial circuit, nationwide, and internationally. These false, malicious, and defamatory statements were heard and viewed by numerous people in this judicial district.

**ANSWER:** Defendants deny the allegations in Paragraph 17. Moreover, Paragraph 17 contains numerous legal conclusions that require no response.

### *The Defamatory Statements*

18.    On a September 13, 2024 episode of Defendant Bill Maher's show "Real Time," which was broadcasted by HBO into this circuit, nationally, and internationally, Defendant Maher made and published the following false, malicious, and defamatory statement of and concerning Ms. Loomer:

> I think maybe Laura Loomer's in an arranged relationship to affect the election because she's very close to Trump. She's 31, looks like his type. We did an editorial here a few years ago...it was basically, who's Trump fucking? Because I said, you know, it's not nobody. He's been a dog for too long, and it's not Melania. I think we may have our answer this week. I think it might be Laura Loomer.

**ANSWER:** Defendants admit that Mr. Maher stated the words in Paragraph 18 but respectfully refer the Court to the September 13, 2024 episode of *Real Time with Bill Maher* for a

complete, true and accurate statement of its contents and otherwise deny the allegations in Paragraph 18. Moreover, Paragraph 18 contains numerous legal conclusions that require no response.

19.     In this statement, Defendant Maher makes the false statement that Ms. Loomer is in a sexual relationship with Donald Trump, who is a married man. Thus, Defendant Maher has thus falsely and maliciously accused Ms. Loomer of having committed adultery with Donald Trump.

**ANSWER:** Defendants admit that Donald Trump is a married man. Defendants further respectfully refer the Court to the September 13, 2024 episode of *Real Time with Bill Maher* for a complete, true and accurate statement of its contents and otherwise deny the allegations in Paragraph 19. Moreover, Paragraph 19 contains numerous legal conclusions that require no response.

20.     This is a statement of objectively verifiable fact of and concerning Ms. Loomer. Defendant Maher poses the question, "who's Trump fucking?" He then states that "**we may have our answer**" to this question: "Laura Loomer." This is reasonably understood by any reasonable viewer as Defendant Maher making a factual statement of objectively verifiable fact of and concerning Ms. Loomer.

**ANSWER:** Defendants respectfully refer the Court to the September 13, 2024 episode of *Real Time with Bill Maher* for a complete, true and accurate statement of its contents and otherwise deny the allegations in Paragraph 20. Moreover, Paragraph 20 contains numerous legal conclusions that require no response.

21.     This statement is also plainly false. Ms. Loomer has never engaged in sexual relations with President Donald Trump. There is not a shred of credible reporting or evidence

suggesting otherwise. Defendant Maher had no basis in fact to make this statement. He simply fabricated it for attention, notoriety, "clicks" and profit for himself and Defendant HBO, his employer.

**ANSWER:** Defendants deny the allegations in Paragraph 21.

22.    The context of the Defendants' defamatory statement is that it was made during a panel discussion with conservative pollster Kristen Soltis Anderson and former U.S. senator Al Franken which involved serious topics such as alleged police brutality involving Miami Dolphins receiver Tyreek Hill. Then when Defendant Maher told the purported "joke", it drew more groans from the audience than sparse laughter. Below is a screenshot of the reaction of the two panelists immediately following the defamatory statement:



**ANSWER:** Defendants respectfully refer the Court to the September 13, 2024 episode of *Real Time with Bill Maher* for a complete, true and accurate statement of its contents. Moreover, Paragraph 20 contains legal conclusions that require no response.

23.     The expression and reaction of the panelists, and Mr. Franken's in particular, are not ones that one might typically expect to see from someone who had just understood the defamatory statement as a "satire" or "joke," evidencing that persons understood it as a statement of fact.

**ANSWER:** Defendants deny the allegations in Paragraph 23.

24.     This statement is also defamatory by implication because it (1) juxtaposes a series of facts so as to imply a defamatory connection between them, and (2) creates a defamatory implication by omitting facts. Defendants juxtaposes five separate statements which are presented as facts, and of which at least two are true, in order to create the defamatory implication that Ms. Loomer had committed adultery with President Trump behind the back of First Lady Melania Trump. These statements are: (1) Ms. Loomer is "very close to Trump,"[true], (2) Ms. Loomer is 31 years old [true], (3) Ms. Loomer "looks like [Trump's] type," [could be true, but unknown to Ms. Loomer], (4) Trump is a "dog" who has to be sleeping with someone [veracity unknown to Ms. Loomer], and (5) the person that Trump is sleeping with is not his wife, Melania [veracity unknown to Ms. Loomer]. These five statements are juxtaposed together by Defendants to create the false, defamatory implication that Ms. Loomer was having sex with President Trump and committing adultery.

**ANSWER:** Defendants respectfully refer the Court to the September 13, 2024 episode of *Real Time with Bill Maher* for a complete, true and accurate statement of its contents. Defendants admit that Ms. Loomer is "very close to Trump" and that she was 31 years old on September 13, 2024, aver that statements that Ms. Loomer "looks like Trump's type" and that President Trump is a "dog" are statements of opinion not fact, and lack information to form a belief as to the truth or falsity of the allegation that the person that President Trump is sleeping with is not Melania,

and otherwise deny the allegations in Paragraph 24. Moreover, Paragraph 24 contains numerous legal conclusions that require no response.

25.    This statement also intentionally omits the fact that there is not a shred of credible reporting that Ms. Loomer and President Trump were having an adulterous sexual relationship.

**ANSWER:** Defendants deny the allegations in Paragraph 25.

26.    Defamation by implication arises…from what is implied when a defendant '(1) juxtaposes a series of facts so as to imply a defamatory connection between them, or (2) creates a defamatory implication by omitting facts, [such that] he may be held responsible for the defamatory implication . . . .'" *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). Defamation by implication' is premised not on direct statements but on false suggestions, impressions and implications arising from otherwise truthful statements." *Id.*

**ANSWER:** Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 26.

27.    Defendants Maher and HBO, as acting in concert as joint tortfeasors, have intentionally made false and misleading statements of and concerning Ms. Loomer, or at a minimum, acted with reckless disregard for the truth.

**ANSWER:** Defendants deny the allegations in Paragraph 27. Paragraph 27 contains legal conclusions that require no response. To the extent a response is required,

28.    In an article published by The Florida Bar Journal titled "Showing Constitutional of malice that, when one or more are taken together, will provide additional evidence of actual, constitutional malice[1]. Many of these badges apply to this case, including but not limited to:

---

[1] https://www.floridabar.org/the-florida-bar-journal/showing-constitutional-malice-in-media-defamation/#:~:text=The%20phrase%20%E2%80%9Cbadges%20of%20malice,a%20subjective%20intent%20to%20defraud.

a.    failure to conduct a due diligence and an investigation before publishing serious and damaging allegations that are not "hot news";

    i.    This badge is shown through the simple fact that Defendant Maher would make the defamatory statements. Even a cursory due diligence or investigation would have shown that these statements are simply not true and there is absolutely no evidence to support Defendant Maher's statements.

b.    failure to give the plaintiff a fair opportunity to reply to defamatory allegations;

    i.    This badge is shown through Defendants' refusal seek comment from Ms. Loomer in advance of the subject broadcast and/or to have extended Ms. Loomer the courtesy of appearing on a future episode of "Real Time" to deny the published statements in person and to attempt to mitigate the damages caused by their defamatory statements.

c.    omitting pertinent information to create a false impression;

    i.    This badge is shown through Defendants' omission of the fact that there is absolutely no evidence to support Defendant Maher's statements and was likely orchestrated by the Democrat Party and the Harris presidential campaign.

d.    a reporter's knowledge of facts conflicting with the report;

    i.    This badge is shown through the fact that Defendant Maher knew that his statements were manufactured and false or, at a bare minimum, acted with reckless disregard for the truth to increase his and HBO's viewership, "clicks" and thus profits, as well as to further Defendants' Hollywood leftist political agenda to harm not just Ms. Loomer but presidential candidate Donald Trump's campaign.

e.    a preconceived determination to disparage a plaintiff or a preconceived slant or view;

    i.    This badge is shown through the fact that Defendants and their partisan law firm, who threatened Ms. Loomer, as set forth in paragraph 27 of this Complaint, loathe Donald Trump and those who are associated with him, including Ms. Loomer.

f.    repetitive media attacks on the plaintiff;

    i.    This badge is shown through the September 20th episode of "Real Time," as set forth below.

g.    a reporter's ill will toward the plaintiff;

    i.    This badge is shown through the September 20th episode of "Real Time," as set forth below and he fact that Defendants loathe Donald Trump and those who are associated with him, including Ms. Loomer.

h.    refusal to publish a retraction upon learning of errors in a story;

    i.    This badge is shown through the Defendants' refusal to retract upon receiving notice of their defamatory statements pursuant to Fla. Stat. § 770.01

i.    prior and subsequent defamatory statements.

    i.    This badge is shown through the September 20th episode of "Real Time," as set forth below.

**ANSWER:** Defendants respectfully refer the court to the referenced article for a complete, true and accurate statement of its contents and deny that any court has ever accepted the listed criteria as "badges" of actual malice. Defendants admit they did not issue a retraction and deny the remaining allegations in Paragraph 28. Moreover, Paragraph 28 contains numerous legal conclusions that require no response.

29.    Defendants clearly failed to conduct due diligence and investigation of the real facts, before publishing their false, malicious and defamatory statements. This is a "badge" of constitutional malice. Furthermore, Defendant Maher knew or should have known that his statements were false, another "badge" of actual and constitutional malice. Other badges are present as well, as set forth below.

**ANSWER:** Defendants deny the allegations in Paragraph 29Defendants respectfully refer the court to the referenced article for a complete, true and accurate statement of its contents and

deny that any court has ever accepted the listed criteria as "badges" of actual malice. Moreover, Paragraph 28 contains numerous legal conclusions that require no response.

30.     As further evidence of the Defendants' intent to defame and actual and constitutional malice, on the September 20, 2024 episode of "Real Time," Defendant Maher, being on notice of this pending lawsuit pursuant to Fla. Stat. § 770.01, retaliated and compounded the damage to Ms. Loomer with a segment titled "24 Things You Don't Know About Laura Loomer" where he continues to make false, disparaging statements about Ms. Loomer. For instance, he and his joint tortfeasor Defendant HBO published, acting in concert:

> It's because the person, like Trump, the nut at the center of it, starts surrounding himself with - I mean, he normally surrounds himself with pretty crazy people — but this Laura Loomer... she' s the new groupie in Trump's circle...here are 24 things you don't know about Laura Loomer.[2]

**ANSWER:** Defendants admit that the comedic segment titled "24 Things You Don't Know About Laura Loomer" was included in the September 20, 2024 episode of "Real Time," and respectfully refer the Court to the September 20, 2024 episode of *Real Time with Bill Maher* for a complete, true and accurate statement of its contents, and otherwise deny the allegations in Paragraph 30. Moreover, Paragraph 30 contains numerous legal conclusions that require no response.

31.     He and HBO then proceed to conjure up fabricated "facts" about and attributed to Ms. Loomer, including but not limited to: (1) "My biggest fear is immigrants taking my job as a right-wing hatemonger" and (2) "I don't hate all brown people, just the brown ones." This is evidence of the following "badges" of actual and constitutional malice: (1) a preconceived determination to disparage a plaintiff or a preconceived slant or view, (2) repetitive media attacks

---

[2] https://www.youtube.com/watch?v=BFsnqfjZf28

on the plaintiff, (3) a reporter's ill will toward the plaintiff, and (4) prior and subsequent defamatory statements.

**ANSWER:** Defendants respectfully refer the Court to the September 13, 2024 episode of *Real Time with Bill Maher* for a complete, true and accurate statement of its contents and otherwise deny the allegations in Paragraph 31. Moreover, Paragraph 31 contains numerous legal conclusions that require no response.

32.     Ms. Loomer, through the undersigned counsel, has asked that the false, malicious, and defamatory statements from the September 13, 2024 episode of "Real Time" be retracted by Defendants pursuant to Fla. Stat. § 770.01, but a leftist, Democrat, anti-Trump counsel for Defendants, Davis Wright Tremaine, LLP,[3] Katherine M. Bolger, Esq., and her partners refused to do so and instead viciously and callously threatened Ms. Loomer as the agent of her clients Defendants Maher and HBO. Ms. Bolger's law firm, Davis Wright Tremaine LLP, is not coincidentally comprised of other partisan leftist, Democrat, anti-Trump partners such as Laura Handman, Esq. (former wife of Clinton White House Deputy Chief of Staff Harold Ickes), Elizabeth McNamara, Esq., Rachel Strom, Esq., all of whom support and have donated heavily to Democrat politicians and anti-Trump causes. This collective, Democrat, leftist, anti-Trump bias and agenda of the Defendants and their law firm agents, who facilitate, further and compound the defamatory conduct as alleged herein, is further evidence of the following "badge" of actual and

---

[3] **Eriq Gardner, *Meet Trump's Least Favorite Lawyers Defending CNN, BuzzFeed's Dossier and Media Rights*, The Hollywood Reporter, Mar. 29, 2019, available at: https://www.hollywoodreporter.com/news/politics-news/trumps-war-fake-news-law-firm-defending-free-press-1197104/**

**This revealing Hollywood Reporter article was proudly featured on Davis Wright Tremaine LLP's website at https://www.dwt.comiaboutinews/2019/03/meet-trumps-favorite-layovers and made reference in a linked complementary article titled "In "*Fake News*" Era, Meet the Lawyer Taking on Media Titans" to Ms. Loomer's undersigned counsel, Larry Klayman, as their frequent opposing counsel.**

constitutional malice: "refusal to publish a retraction upon learning of errors in a story," compounded by the threats against Ms. Loomer.

**ANSWER:** Defendants admit that Ms. Loomer requested a retraction, that Defendants did not issue a retraction, and that Katherine M. Bolger, Laura Handman, Elizabeth McNamara and Rachel Strom are partners in Davis Wright Tremaine LLP, and otherwise deny the allegations in Paragraph 32. Defendants lack information to form a belief as to the truth or falsity of the allegations in footnote 3 because the URL does not link to any page. Moreover, Paragraph 32 contains numerous legal conclusions that require no response.

33.    Ms. Loomer through counsel requested a public apology and that Ms. Loomer be invited to appear on a future episode of "Real Time" to mitigate prior and any further damage, but Defendants arrogantly refused, underscoring their malicious intention to harm Plaintiff and to seek to influence, with their unlawful actions, the 2024 presidential election by also defaming President Donald Trump, who Defendants loathe, if not hate, outright. This malicious hate was then projected onto Ms. Loomer as an improper vehicle to harm President Trump's presidential campaign. This is also evidence of the following "badge" of actual and constitutional malice: "failure to give the plaintiff a fair opportunity to reply to defamatory allegations."

**ANSWER:** Paragraph 33 contains legal conclusions that require no response. Defendants respectfully refer the court to the referenced article for a complete, true and accurate statement of its contents and deny that any court has ever accepted the listed criteria as "badges" of actual malice. To the extent a response is required, Defendants admit that Ms. Loomer requested a retraction, that Defendants did not issue a retraction, and that Ms. Loomer requested that she be invited to appear on a future episode of *Real Time with Bill Maher,* and otherwise deny the allegations in Paragraph 33.

## FIRST CAUSE OF ACTION
### *Defamation Per Se*
### Defendant Maher

34.     Plaintiff Loomer repeats and re-alleges the facts of this Complaint as is set forth in full herein.

**ANSWER:** Defendants incorporate and repeat as if fully set forth herein their responses to the allegations in each Paragraph above.

35.     Statements are "*defamatory per se*," recognized under Florida law when statements are so powerful in their ability to hurt someone that Florida law presumes harm as a matter of law. *Montgomery v. Knox*, 23 Fla. 595, 3 So. 211, 217 (1887). Thus, damages are presumed and may be awarded in these cases even if no evidence of harm has been presented. "[T]he law presumes malice in their utterance," *Abraham v. Baldwin*, 52 Fla. 151, 42 So. 591, 592 (1906), where the words are "... of such common notoriety established by the general consent of men, that the courts must of necessity take judicial notice of its harmful effect." *Layne v. Tribune Co.*, 108 Fla. 177, 146 So. 234, 236 (1933).

**ANSWER:** Paragraph 35 contains legal conclusions that require no response. To the extent a response is required, Defendants respectfully refer the Court to the cases cited for a complete, true and accurate statement of their contents and otherwise deny the allegations in Paragraph 35.

36.     Falsely accusing a woman of having committed adultery is defamatory *per se*. *Bobenhausen v. Cassat Ave. Mobile Homes, Inc.*, 344 So. 2d 279, 281 (Fla. Dist. Ct. App. 1977).

**ANSWER:** Paragraph 36 contains legal conclusions that require no response. To the extent a response is required, Defendants respectfully refer the Court to the case cited for a complete, true and accurate statement of its contents and otherwise deny the allegations in Paragraph 36.

37.     On September 13, 2024, Defendant Maher made the following false, malicious, disgusting and reprehensible defamatory statements of and concerning Ms. Loomer, which was broadcasted in this judicial circuit, nationally, and internationally:

> I think maybe Laura Loomer's in an arranged relationship to affect the election because she's very close to Trump. She's 31, looks like his type. We did an editorial here a few years ago...it was basically, who's Trump fucking? Because I said, you know, it's not nobody. He's been a dog for too long, and it's not Melania. I think we may have our answer this week. I think it might be Laura Loomer

**ANSWER:** Paragraph 37 contains legal conclusions that require no response. To the extent a response is required, Defendants admit that the relevant episodes of *Real Time with Bill Maher* were available to HBO and Max subscribers nationwide and in Florida and that Mr. Maher stated the words quoted in Paragraph 37, but respectfully refer the Court to the September 13, 2024 episode of *Real Time with Bill Maher* for a complete, true and accurate statement of its contents, and otherwise deny the allegations in Paragraph 37.

38.     This statement makes the false assertion that Ms. Loomer has engaged in sexual relations with Donald Trump, a married man.

**ANSWER:** Defendants deny that the statement makes any factual assertion about Loomer and deny the remaining allegations in Paragraph 38

39.     This statement is false, as Ms. Loomer has never engaged in sexual relations with Donald Trump.

**ANSWER:** Defendants deny that the September 13, 2024 episode of *Real Time with Bill Maher* contained a false factual statement and lack information sufficient to form a belief as to the

truth or falsity of the allegation that Ms. Loomer has never engaged in sexual relations with Donald Trump and, on that basis, deny the allegations in Paragraph 39.

40.    Defendant Maher knew that these statements were false, or at a minimum, published them with reckless disregard for the truth.

**ANSWER:** Defendants deny the allegations in Paragraph 40.

41.    Defendant Maher knew that his public false statements about the Plaintiff would cause severe financial damage and damage to her reputation, good will, business opportunities, social relationships, and the career of Plaintiff, and furthermore Defendant Maher actually intended that result and in many cases made clear in his reports that he intended that result.

**ANSWER:** Defendants deny the allegations in Paragraph 41.

42.    Defendant Maher published false and misleading facts, inter alia, that Plaintiff's conduct, characteristics or a condition is incompatible with the proper exercise of her lawful business, trade, profession or office as a journalist, as well as personally.

**ANSWER:** Defendants deny the allegations in Paragraph 42.

43.    These false, misleading, and defamatory statements are defamatory per se because these false and misleading statements severely harmed and damaged Ms. Loomer in her profession and business as an investigative journalist, as they concern conduct and characteristics incompatible with being an investigative journalist, and personally, as they accuse her of immoral and reprehensible conduct, causing severe harm to her reputation, goodwill, and prestige, also resulting in general financial damage and severe emotional damage.

**ANSWER:** Defendants deny the allegations in Paragraph 43.

44.    Ms. Loomer has suffered special damages in the form of lost economic opportunities and other harm as a direct and proximate result of Defendant Maher's defamatory

statements, including but not limited to the fact that she had been a strong and likely candidate for a position in President Trump's administration - and certainly would have been part of it – but after Defendant Maher widely published the defamatory statements representing that Ms. Loomer was having an adulterous sexual relationship with President Trump, President Trump and his staff began to keep Ms. Loomer at "arm's length," turning her into a pariah and subsequently she did not receive a position in President Trump's administration, causing a loss of substantial financial compensation and other harm.

**ANSWER:** Defendants deny the allegations in Paragraph 44.

45. Damage is presumed by law when defamation per se is shown as alleged herein.

**ANSWER:** Paragraph 45 contains legal conclusions that require no response, but, to the extent one is required, Defendants affirmatively aver that damages are not presumed under Florida law when the defendant is a media defendant, *Mid-Florida Television Corp. v. Boyles*, 467 So. 2d 282, 283 (Fla. 1985), and except as so averred, deny all remaining allegations in Paragraph 45.

### SECOND CAUSE OF ACTION
#### *Defamation*
#### Defendant Maher

46. Plaintiff Loomer repeats and re-alleges the facts of this Complaint as if set forth in full herein.

**ANSWER:** Defendants incorporate and repeat as if fully set forth herein their responses to the allegations in each Paragraph above.

47. To establish general defamation, a plaintiff must show: (1) publication; (2) falsity; (3) that the defendant acted with knowledge or reckless disregard as to the falsity on a matter concerning a public figure; (4) actual damages; and (5) the statement must be defamatory.

**ANSWER:** Paragraph 47 contains legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 47.

48.     On September 13, 2024, Defendant Maher made the following false, malicious, disgusting and reprehensible defamatory statement of and concerning Ms. Loomer, which was broadcasted into and heard and viewed this judicial circuit, nationally, and internationally:

> I think maybe Laura Loomer's in an arranged relationship to affect the election because she's very close to Trump. She's 31, looks like his type. We did an editorial here a few years ago...it was basically, who's Trump fucking? Because I said, you know, it's not nobody. He's been a dog for too long, and it's not Melania. I think we may have our answer this week. I think it might be Laura Loomer.

**ANSWER:** Defendants respectfully refer the Court to the September 13, 2024 episode of *Real Time with Bill Maher* for a complete, true and accurate statement of its contents, admit that the episode was available to HBO and MAX subscribers nationwide and in Florida, and otherwise deny the allegations in Paragraph 48.

49.     This statement makes the false assertion that Ms. Loomer has engaged in sexual relations with Donald Trump, a married man.

**ANSWER:** Defendants deny that the statement makes any factual assertion about Ms. Loomer and deny the remaining allegations in Paragraph 49.

50.     This statement is false, as Ms. Loomer has never engaged in sexual relations with Donald Trump.

**ANSWER:** Defendants deny that the September 13, 2024 episode of *Real Time with Bill Maher* contained a false statement and lack information sufficient to form a belief as to the truth or falsity of the allegation that Ms. Loomer has never engaged in sexual relations with Donald Trump and, on that basis, deny the allegations.

51.     Defendant Maher knew that these statements were false, or at a minimum, published them with reckless disregard for the truth.

**ANSWER:** Defendants deny the allegations in Paragraph 51.

52.     This false, malicious, disgusting and reprehensible defamatory statement has severely damaged Ms. Loomer financially and otherwise in her profession and business as an investigative journalist, as they concern conduct and characteristics incompatible with being an investigative journalist, and personally, as they accuse her of immoral and reprehensible conduct, causing severe harm to her reputation, goodwill, and prestige, also resulting in general financial damage and severe emotional damage.

**ANSWER:** Defendants deny the allegations in Paragraph 52.

53.     Ms. Loomer has suffered special damages in the form of lost economic opportunities and other harm as a direct and proximate result of Defendant Maher's defamatory statements, including but not limited to the fact that she had been a strong and likely candidate for a position in President Trump's administration - and certainly would have been part of it – but after Defendant Maher widely published the defamatory statements representing that Ms. Loomer was having an adulterous sexual relationship with President Trump, President Trump and his staff began to keep Ms. Loomer at "arm's length," turning her into a pariah and subsequently she did not receive a position in President Trump's administration, causing a loss of substantial financial compensation and other harm.

**ANSWER:** Defendants deny the allegations in Paragraph 53.

### THIRD CAUSE OF ACTION
### *Defamation By Implication*
### Defendant Maher

54.     Plaintiff Loomer repeats and re-alleges the facts of this Complaint as is set forth in full herein.

**ANSWER:** Defendants incorporate and repeat as if fully set forth herein their responses to the allegations in each Paragraph above.

55.    Defendant HBO as a joint tortfeasor acting in concert with Defendant Maher broadcasted malicious, false, misleading, disgusting and reprehensible defamatory statements of and concerning Plaintiff Loomer into this judicial circuit, nationwide, and worldwide.

**ANSWER:** Defendants admit that the relevant episodes of *Real Time with Bill Maher* are available to HBO and Max subscribers nationwide and in Florida, and otherwise deny the allegations in Paragraph 55.

56.    These defamatory statements were published and heard and viewed by third parties in this judicial circuit.

**ANSWER:** Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 and, on that basis, deny the allegations.

57.    On September 13, 2024, Defendant Maher made the following false, malicious, disgusting and reprehensible defamatory statement of and concerning Ms. Loomer, which was broadcasted in this judicial circuit, nationally, and internationally:

> I think maybe Laura Loomer's in an arranged relationship to affect the election because she's very close to Trump. She's 31, looks like his type. We did an editorial here a few years ago...it was basically, who's Trump fucking? Because I said, you know, it's not nobody. He's been a dog for too long, and it's not Melania. I think we may have our answer this week. I think it might be Laura Loomer.

**ANSWER:** Defendants respectfully refer the Court to the September 13, 2024 episode of *Real Time with Bill Maher* for a complete, true and accurate statement of its contents, admit that the episode was available to HBO and Max subscribers nationwide and in Florida, and otherwise deny the allegations in Paragraph 57.

58.    This statement makes the false assertion that Ms. Loomer has engaged in sexual relations with Donald Trump, a married man.

**ANSWER:** Defendants deny that the statement makes any factual assertion about Ms. Loomer and deny the remaining allegations in Paragraph 58.

59.    This statement is false, as Ms. Loomer has never engaged in sexual relations with Donald Trump.

**ANSWER:** Defendants deny that the September 13, 2024 episode of *Real Time with Bill Maher* contained a false statement and lack information sufficient to form a belief as to the truth or falsity of the allegation that Ms. Loomer has never engaged in sexual relations with Donald Trump and, on that basis, deny the allegations.

60.    These false and misleading statements were published with actual and constitutional malice, as Defendant Maher knew that these statements were false and misleading and/or at a minimum acted with a reckless disregard for the truth.

**ANSWER:** Defendants deny the allegations in Paragraph 60.

61.    Defamation by Implication is recognized under Florida law. " . . . it also works in reverse, to impose liability upon the defendant who has the details right but the `gist' wrong." Simply put, "if the defendant juxtaposes a series of facts so as to imply a defamatory connection between them, or creates a defamatory implication by omitting facts, he may be held responsible for the defamatory implication, unless it qualifies as an opinion, even though the particular facts are correct. *Jews for Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1108 (Fla. 2008).

**ANSWER:** Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61.

62.    These malicious, false, misleading, and defamatory statements severely harmed and damaged Ms. Loomer financially and in other ways in her profession and business as an investigative journalist, as they concern conduct and characteristics incompatible with being an

investigative journalist, and personally, as they accuse her of immoral and reprehensible conduct, causing severe harm to her reputation, goodwill, and prestige, also resulting in general financial damage and severe emotional damage.

**ANSWER:** Defendants deny the allegations in Paragraph 62.

63.    Ms. Loomer has suffered special damages in the form of lost economic opportunities and other harm as a direct and proximate result of Defendant Maher's defamatory statements, including but not limited to the fact that she had been a strong and likely candidate for a position in President Trump's administration - and certainly would have been part of it – but after Defendant Maher widely published the defamatory statements representing that Ms. Loomer was having an adulterous sexual relationship with President Trump, President Trump and his staff began to keep Ms. Loomer at "arm's length," turning her into a pariah and subsequently she did not receive a position in President Trump's administration, causing a loss of substantial financial compensation and other harm.

**ANSWER:** Defendants deny the allegations in Paragraph 63.

**FOURTH CAUSE OF ACTION**
***Defamation Per Se***
**Defendant HBO**

64.    Plaintiff Loomer repeats and re-alleges the facts of this Complaint as if set forth in full herein.

**ANSWER:** Defendants incorporate and repeat as if fully set forth herein their responses to the allegations in each Paragraph above.

65.    Statements are "*defamatory per se*," recognized under Florida law when statements are so powerful in their ability to hurt someone that Florida law presumes harm as a matter of law. *Montgomery v. Knox*, 23 Fla. 595, 3 So. 211, 217 (1887). Thus, damages are presumed and may be awarded in these cases even if no evidence of harm has been presented. "[T]he law presumes

malice in their utterance," *Abraham v. Baldwin*, 52 Fla. 151, 42 So. 591, 592 (1906), where the words are "... of such common notoriety established by the general consent of men, that the courts must of necessity take judicial notice of its harmful effect." *Layne v. Tribune Co.*, 108 Fla. 177, 146 So. 234, 236 (1933).

**ANSWER:** Paragraph 65 contains legal conclusions that require no response. To the extent a response is required, Defendants respectfully refer the Court to the cases cited for a complete, true and accurate statement of their contents and otherwise deny the allegations in Paragraph 65.

66.    Falsely accusing a woman of having committed adultery is defamatory *per se*. *Bobenhausen v. Cassat Ave. Mobile Homes, Inc.*, 344 So. 2d 279, 281 (Fla. Dist. Ct. App. 1977).

**ANSWER:** Paragraph 66 contains legal conclusions that require no response. To the extent a response is required, Defendants respectfully refer the Court to the case cited for a complete, true and accurate statement of its contents and otherwise deny the allegations in Paragraph 66.

67.    On September 13, 2024, Defendant Maher made the following false, malicious, disgusting and reprehensible defamatory statements of and concerning Ms. Loomer, which was broadcasted by Defendant HBO in this judicial circuit, nationally, and internationally:

> I think maybe Laura Loomer's in an arranged relationship to affect the election because she's very close to Trump. She's 31, looks like his type. We did an editorial here a few years ago...it was basically, who's Trump fucking? Because I said, you know, it's not nobody. He's been a dog for too long, and it's not Melania. I think we may have our answer this week. I think it might be Laura Loomer

**ANSWER:** Paragraph 67 contains legal conclusions that require no response. To the extent a response is required, Defendants admit that the relevant episode of *Real Time with Bill Maher* is available to HBO and MAX subscribers nationwide and in Florida, respectfully refer the Court to

the September 13, 2024 episode of *Real Time with Bill Maher* for a complete, true and accurate statement of its contents, and otherwise deny the allegations in Paragraph 67.

68.     This statement makes the false assertion that Ms. Loomer has engaged in sexual relations with Donald Trump, a married man.

**ANSWER:** Defendants deny that the September 13, 2024 episode of *Real Time with Bill Maher* contained a false statement and lack information sufficient to form a belief as to the truth or falsity of the allegation that Ms. Loomer has never engaged in sexual relations with Donald Trump and, on that basis, deny the allegations.

69.     This statement is false, as Ms. Loomer has never engaged in sexual relations with Donald Trump.

**ANSWER:** Defendants deny that the September 13, 2024 episode of *Real Time with Bill Maher* contained a false statement and lack information sufficient to form a belief as to the truth or falsity of the allegation that Ms. Loomer has never engaged in sexual relations with Donald Trump and, on that basis, deny the allegations in Paragraph 69.

70.     Defendant HBO knew that these statements were false, or at a minimum, published them with reckless disregard for the truth.

**ANSWER:** Defendants deny the allegations in Paragraph 70.

71.     Defendant HBO knew that its public false statements about the Plaintiff would cause severe financial damage and damage to her reputation, good will, business opportunities, social relationships, and the career of Plaintiff, and furthermore Defendant HBO actually intended that result and in many cases made clear in his reports that it intended that result.

**ANSWER:** Defendants deny the allegations in Paragraph 71.

72.    Defendant HBO published false and misleading facts, inter alia, that Plaintiff's conduct, characteristics or a condition is incompatible with the proper exercise of her lawful business, trade, profession or office as a journalist, as well as personally.

**ANSWER:** Defendants deny the allegations in Paragraph 72.

73.    These false, misleading, and defamatory statements are defamatory per se because these false and misleading statements severely harmed and damaged Ms. Loomer financially and in other ways in her profession and business as an investigative journalist, as they concern conduct and characteristics incompatible with being an investigative journalist, and personally, as they accuse her of immoral and reprehensible conduct, causing severe harm to her reputation, goodwill, and prestige, also resulting in general financial damage and severe emotional damage.

**ANSWER:** Defendants deny the allegations in Paragraph 73.

74.    Ms. Loomer has suffered special damages in the form of lost economic opportunities and other harm as a direct and proximate result of Defendant Maher's defamatory statements, including but not limited to the fact that she had been a strong and likely candidate for a position in President Trump's administration - and certainly would have been part of it – but after Defendant Maher widely published the defamatory statements representing that Ms. Loomer was having an adulterous sexual relationship with President Trump, President Trump and his staff began to keep Ms. Loomer at "arm's length," turning her into a pariah and subsequently she did not receive a position in President Trump's administration, causing a loss of substantial financial compensation and other harm.

**ANSWER:** Defendants deny the allegations in Paragraph 74.

75.    Damage is presumed by law when defamation per se is shown as alleged herein.

**ANSWER:** Paragraph 75 contains legal conclusions that require no response, but, to the extent one is required, Defendants affirmatively aver that damages are not presumed under Florida law when the defendant is a media defendant, *Mid-Florida Television Corp. v. Boyles*, 467 So. 2d 282, 283 (Fla. 1985), and except as so averred, deny all remaining allegations in Paragraph 75.

**FIFTH CAUSE OF ACTION**
*Defamation*
**Defendant HBO**

76.    Plaintiff Loomer repeats and re-alleges the facts of this Complaint as if set forth in full herein.

**ANSWER:** Defendants incorporate and repeat as if fully set forth herein their responses to the allegations in each Paragraph above.

77.    To establish general defamation, a plaintiff must show: (1) publication; (2) falsity; (3) that the defendant acted with knowledge or reckless disregard as to the falsity on a matter concerning a public figure; (4) actual damages; and (5) the statement must be defamatory.

**ANSWER:** Paragraph 77 contains legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 77.

78.    On September 13, 2024, Defendant Maher made the following false, malicious, disgusting and reprehensible defamatory statements of and concerning Ms. Loomer, which was broadcasted by Defendant HBO in this judicial circuit, nationally, and internationally:

> I think maybe Laura Loomer's in an arranged relationship to affect the election because she's very close to Trump. She's 31, looks like his type. We did an editorial here a few years ago...it was basically, who's Trump fucking? Because I said, you know, it's not nobody. He's been a dog for too long, and it's not Melania. I think we may have our answer this week. I think it might be Laura Loomer.

**ANSWER:** Defendants respectfully refer the Court to the September 13, 2024 episode of *Real Time with Bill Maher* for a complete, true and accurate statement of its contents, admit that

27

the relevant episode was available to HBO and MAX subscribers nationwide and in Florida, and otherwise deny the allegations in Paragraph 78.

79.    This statement makes the false assertion that Ms. Loomer has engaged in sexual relations with Donald Trump, a married man.

**ANSWER:** Defendants deny that the statement makes any factual assertion about Ms. Loomer and deny the remaining allegations in Paragraph 79.

80.    This statement is false, as Ms. Loomer has never engaged in sexual relations with Donald Trump.

**ANSWER:** Defendants deny that the September 13, 2024 episode of *Real Time with Bill Maher* contained a false statement and lack information sufficient to form a belief as to the truth or falsity of the allegation that Ms. Loomer has never engaged in sexual relations with Donald Trump and, on that basis, deny the allegations.

81.    Defendant HBO knew that these statements were false, or at a minimum, published them with reckless disregard for the truth.

**ANSWER:** Defendants deny the allegations in Paragraph 81.

82.    This false, malicious, and defamatory statement has severely damaged Ms. Loomer financially and other ways in her profession and business as an investigative journalist, as they concern conduct and characteristics incompatible with being an investigative journalist, and personally, as they accuse her of immoral and reprehensible conduct, causing severe harm to her reputation, goodwill, and prestige, also resulting in general financial damage and severe emotional damage.

**ANSWER:** Defendants deny the allegations in Paragraph 82.

83.     Ms. Loomer has suffered special damages in the form of lost economic opportunities and other harm as a direct and proximate result of Defendant Maher's defamatory statements, including but not limited to the fact that she had been a strong and likely candidate for a position in President Trump's administration - and certainly would have been part of it – but after Defendant Maher widely published the defamatory statements representing that Ms. Loomer was having an adulterous sexual relationship with President Trump, President Trump and his staff began to keep Ms. Loomer at "arm's length," turning her into a pariah and subsequently she did not receive a position in President Trump's administration, causing a loss of substantial financial compensation and other harm.

**ANSWER:** Defendants deny the allegations in Paragraph 83.

**SIXTH CAUSE OF ACTION**
*Defamation By Implication*
**Defendant HBO**

84.     Plaintiff Loomer repeats and re-alleges the facts of this Complaint as if set forth in full herein.

**ANSWER:** Defendants incorporate and repeat as if fully set forth herein their responses to the allegations in each Paragraph above.

85.     Defendant HBO in concert with Defendant Maher broadcasted malicious, false, misleading, disgusting and reprehensible defamatory statements of and concerning Plaintiff Loomer in this judicial circuit, nationwide and worldwide.

**ANSWER:** Defendants admit that the relevant episode of *Real Time with Bill Maher* is available to HBO and MAX Subscribers nationwide in Florida, and otherwise deny the allegations in Paragraph 85.

86.     These defamatory statements were published and heard and viewed by third parties in this judicial circuit.

**ANSWER:** Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86 and, on that basis, deny the allegations.

87.    On September 13, 2024, Defendant Maher made the following false, malicious, and defamatory statement of and concerning Ms. Loomer, which was broadcasted by Defendant HBO in this judicial circuit, nationally, and internationally:

> I think maybe Laura Loomer's in an arranged relationship to affect the election because she's very close to Trump. She's 31, looks like his type. We did an editorial here a few years ago...it was basically, who's Trump fucking? Because I said, you know, it's not nobody. He's been a dog for too long, and it's not Melania. I think we may have our answer this week. I think it might be Laura Loomer.

**ANSWER:** Defendants respectfully refer the Court to the September 13, 2024 episode of *Real Time with Bill Maher* for a complete, true and accurate statement of its contents, admit that the relevant episode was available to HBO and MAX subscribers nationwide and in Florida, and otherwise deny the allegations in Paragraph 87.

88.    This statement makes the false assertion that Ms. Loomer has engaged in sexual relations with Donald Trump, a married man.

**ANSWER:** Defendants deny that the statement makes any factual assertion about Ms. Loomer and deny the remaining allegations in Paragraph 88.

89.    This statement is false, as Ms. Loomer has never engaged in sexual relations with Donald Trump.

**ANSWER: :** Defendants deny that the September 13, 2024 episode of *Real Time with Bill Maher* contained a false statement and lack information sufficient to form a belief as to the truth or falsity of the allegation that Ms. Loomer has never engaged in sexual relations with Donald Trump and, on that basis, deny the allegations.

90.    These false and misleading statements were published with actual and constitutional malice, as Defendant HBO, acting in concert with Defendant Maher as joint

tortfeasors, knew and had reason to know that these statements were false and misleading and/or at a minimum acted with a reckless disregard for the truth.

**ANSWER:** Defendants deny the allegations in Paragraph 90.

91.     Defamation by Implication is recognized under Florida law. " . . . it also works in reverse, to impose liability upon the defendant who has the details right but the `gist' wrong." Simply put, "if the defendant juxtaposes a series of facts so as to imply a defamatory connection between them, or creates a defamatory implication by omitting facts, he may be held responsible for the defamatory implication, unless it qualifies as an opinion, even though the particular facts are correct. *Jews for Jesus, Inc. v. Rapp*, 997 So.2d 1098,1108 (Fla. 2008).

**ANSWER:** Paragraph 91 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 91.

92.     These malicious, false, misleading, and defamatory statements severely harmed and damaged Ms. Loomer financially and in other ways in her profession and business as an investigative journalist, as they concern conduct and characteristics incompatible with being an investigative journalist, and personally, as they accuse her of immoral and reprehensible conduct, causing severe harm to her reputation, goodwill, and prestige, also resulting in general financial damage and severe emotional damage.

**ANSWER:** Defendants deny the allegations in Paragraph 92.

93.     Ms. Loomer has suffered special damages in the form of lost economic opportunities and other harm as a direct and proximate result of Defendant Maher's defamatory statements, including but not limited to the fact that she had been a strong and likely candidate for a position in President Trump's administration - and certainly would have been part of it – but after Defendant Maher widely published the defamatory statements representing that Ms. Loomer was

having an adulterous sexual relationship with President Trump, President Trump and his staff began to keep Ms. Loomer at "arm's length," turning her into a pariah and subsequently she did not receive a position in President Trump's administration, causing a loss of substantial financial compensation and other harm.

      **ANSWER:** Defendants deny the allegations in Paragraph 93.

## RESPONSE TO PRAYER FOR RELIEF

      With respect to the Wherefore clause in the Complaint, Defendants deny that Plaintiff is entitled to any relief, including a judgment against Defendant, damages, profits, costs, expenses, attorneys' fees, interest, or any other relief.

## GENERAL DENIAL

      Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Complaint. Defendants deny all allegations, declarations, claims, or assertions in the Complaint that are not specifically admitted in this Answer. To the extent headings contained in the Complaint constitute allegations, such allegations are denied.

## AFFIRMATIVE DEFENSES

      By alleging the Defenses set forth below, Defendants are not in any way acknowledging or conceding that it has the burden of proof on any issue or defense as to which applicable law places the burden on Plaintiff. The defenses are pleaded in the alternative, are raised to preserve Defendants' right to assert such defenses, and are raised without prejudice to Defendants' ability to raise other and further defenses. Defendants reserve the right to amend its Answer and Defenses, including without limitation the right to assert such additional defenses as may later become known to it through discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each of its claims for relief, is barred because it fails to state a claim upon which relief can be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the publication about which Plaintiff complains is privileged and protected by the First Amendment to the United States Constitution, Article 1, Section 4 of the Florida Constitution, and common law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the publication about which Plaintiff complains constitutes a statement of opinion, statements that cannot demonstrably be proven true or false, and/or rhetorical hyperbole.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the challenged statements are based on facts that are disclosed or known to the reasonable viewer and do not imply that the Defendants knows facts unknown to the audience.

In the September 13, 2024 episode of *Real Time with Bill Maher*, Defendants noted the factual predicates—Ms. Loomer's age and physical resemblance to other women President Trump has been with ("She's 31, looks like his type"), President Trump's history of romantic affairs ("He's been a dog for too long"), and the "very close" relationship between the two, such that President Trump was "with her everywhere now," including at a "9/11 remembrance." Moreover, those facts were widely known to the viewing public at the time. By the time the September 13, 2024 episode aired, multiple major news outlets reported that Ms. Loomer had traveled with President Trump "multiple times" including accompanying him on his private jet to his debate with Kamala Harris, and to a 9/11 memorial event the next day. *See*, *e.g.*, Jude Joffe-Block and

Juliana Kim, "Laura Loomer has been a topic of conversation in Trump's campaign. Here's what to know," NPR (Sept. 10, 2024; updated Sept. 14, 2024), https://www.npr.org/2024/09/10/nx-s1-5107932/laura-loomer-donald-trump-relationship-republicans-criticism; Jonathan Allen, Julie Tsirkin and Vaughn Hillyard, "Far-right activist Laura Loomer's access to Trump reveals a crisis in his campaign," NBC News (Sept. 13, 2024), https://www.nbcnews.com/politics/2024-election/far-right-activist-laura-loomer-access-trump-crisis-campaign-rcna170915; Alan Kronenberg, " Who Is Laura Loomer? Meet the Conspiracy Theorist Trump Calls a 'Free Spirit'," US News (Sept. 13, 2024), https://www.usnews.com/news/national-news/articles/2024-09-13/who-is-laura-loomer-meet-the-conspiracy-theorist-trump-calls-a-free-spirit; Ken Bensinger, " Who Is Laura Loomer, the Far-Right Activist Who Traveled With Trump?" N.Y. Times (Sept. 13, 2024), https://www.nytimes.com/2024/09/13/us/politics/who-is-laura-loomer.html. Indeed, according to multiple reports, Ms. Loomer's increasing closeness with President Trump caused substantial discord within the Trump campaign—Susan Wiles, the co-campaign manger, even sat in on an interview between President Trump and Ms. Loomer in order to prevent her being hired— and led to significant speculation that Ms. Loomer and President Trump were having an affair. *See* Sean Craig, "MAGA Civil War: How Trump Campaign Chief Tried to Whack Laura Loomer," The Daily Beast (Sept. 13, 2024), https://www.thedailybeast.com/donald-trump-campaign-chief-susie-wiles-killed-laura-loomer-bid-to-get-hired/; *infra* at Sixth Affirmative Defense (citing reporting on the potentially romantic nature of the Trump-Loomer relationship). Mr. Maher's commentary plainly did not imply that he was privy to other, undisclosed facts informing his opinion.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the challenged statement is true or substantially true and thus cannot be the basis for a defamation action.

## SIXTH AFFIRMATIVE DEFENSE

By her own admission, Plaintiff is a public figure, having run for Congress multiple times after crowning herself "The Most Banned Person in the World" in a 2021 autobiography. *See* Laura Loomer, "Loomered: How I Became the Most Banned Woman in the World" (2021). She also hosts a popular podcast, has been the subject of extensive press coverage since President Trump's first term, and maintains a significant presence on social media. *See, e.g.,* "Loomer Unleashed," Rumble, https://rumble.com/c/LauraLoomer (showing over 68,000 podcast followers); Andrew Marantz, "Behind the Scenes with the Right-Wing Activist Who Crashed 'Julius Caesar'," The New Yorker (June 20, 2017), https://www.newyorker.com/news/news-desk/behind-the-scenes-with-the-right-wing-activist-who-crashed-julius-caesar-laura-loomer; "Laura Loomer," X, https://x.com/LauraLoomer (last accessed Feb. 11, 2025) (showing 1,400,000 followers on X). As a public figure, Loomer cannot establish, by clear and convincing evidence, that Defendants acted with actual malice as to the publication or airing of the challenged statement. Social media posts and reporting by other media outlets gave Defendants ample reason to find the speculation that President Trump and Laura Loomer "may" be sleeping together could potentially be credible. Loomer herself publicized her closeness with President Trump. On August 13, 2023, Ms. Loomer shared video of her and President Trump in his private box at the Trump National Golf Club in Bedminster. She ended her video by telling him "I love you"—and then captioned the post "Best president ever. I love him so much." Laura Loomer, X (Aug. 13, 2023), https://x.com/LauraLoomer/status/1690831359000948737 (last accessed Feb. 11, 2025). In a separate post, she wrote: "He wanted me to sit next to him all day, and it was the best day ever. . . . I really love him with all of my heart." Laura Loomer, X (Oct. 27, 2024), https://x.com/LauraLoomer/status/1850441486112113033 (last accessed Feb. 11, 2025). Ms. Loomer also gave an interview in which she said that she ended a relationship with a former

boyfriend because President Trump was her "number-one priority"; President Trump shared an excerpt of the interview on Truth Social in December 2023, writing "Thank you, Laura!" Donald J. Trump, Truth Social (Dec. 13, 2023), https://truthsocial.com/@realDonaldTrump/posts/111573987439328290 (last accessed Feb. 11, 2025). In the days leading up to the September 13, 2024 episode, Ms. Loomer was seen disembarking from President Trump's private jet in Philadelphia and accompanying him to a 9/11 memorial event, prompting widespread speculation about romantic entanglements. *See*, *e.g.*, Matt Shuham, "Anti-Muslim Extremist Laura Loomer Flew To Debate With Trump," HuffPost (Sept. 10, 2024), https://www.huffpost.com/entry/laura-loomer-donald-trump-plane-philadelphia-debate-islamophobe_n_66e0df08e4b03060cae3f1e7; Alayna Treene, Kristen Holmes, Steve Contorno and Kit Maher, "Laura Loomer, far-right provocateur who spread 9/11 conspiracy theory, influencing Trump as he searches for a message," CNN (Sept. 12, 2024), https://www.cnn.com/2024/09/12/politics/laura-loomer-donald-trump-influence/index.html/. A video posted to X on September 12, 2024 showed President Trump putting his arm around Ms. Loomer and patting her on the back as they kissed each other on the cheek. The video was accompanied by a caption that read: "Watch them with their hands all over each other at Mar-a-Lago. Note: He's married." Mike Sington, X (Sept. 12, 2024), https://x.com/MikeSington/status/1834358251967971543 (last accessed Feb. 11, 2025). A September 13, 2024 article in the Miami New Times, titled *Laura Loomer and Trump Sitting in a Tree, K-I-S-S-I-N-G,* noted that Ms. Loomer "has been spending quite a bit of time with Trump, leading some to speculate that they're a romantic item." Naomi Feinstein, " Laura Loomer and Trump Sitting in a Tree, K-I-S-S-I-N-G," Miami New Times (Sept. 13, 2024), https://www.miaminewtimes.com/news/is-trump-having-an-affair-with-laura-loomer-the-far-

right-extremist-21281352. OK! Magazine reported the same day that "Former President Donald Trump has been accused of having an affair with controversial conspiracy theorist Laura Loomer." Joshua Wilburn, "Donald Trump Accused of Having an Affair With MAGA Conspiracy Theorist Laura Loomer as Wife Melania Remains MIA," OK! (Sept. 13, 2024), https://okmagazine.com/p/donald-trump-accused-having-affair-laura-loomer-melania-mia/.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the publication about which Plaintiff complains, when considered in its entirety as required by applicable law, is not reasonably capable of the false and defamatory interpretation and effect set forth by Plaintiff and did not defame Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the alleged implications do not arise from the challenged publication and because Plaintiff does not plead that Defendants intended the alleged implications.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the publication was not made with common law malice, and Defendants did not commit any outrageous conduct that was malicious, wanton, reckless, or in willful disregard of Plaintiff's rights.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has not suffered any actual harm or damages proximately caused by the publication, including special damages, and any claimed damages are vague, uncertain, imaginary, and speculative. Ms. Loomer has herself proudly touted her closeness with President Trump. To the extent Ms. Loomer now alleges that President Trump's inner circle forced him to distance himself from her due to Mr. Maher's statements, that claim is false. Instead, *before* the September 13, 2024 episode aired, those closest to President Trump encouraged him to

distance himself from Ms. Loomer due to her own "appalling" statements (according to Marjorie Taylor Greene) and "toxic" presence (according to Lindsay Graham). *See* Maggie Haberman and Jonathan Swan, " Trump Wanted to Hire Laura Loomer, Anti-Muslim Activist," N.Y. Times (April 7, 2023) https://www.nytimes.com/2023/04/07/us/politics/trump-laura-loomer.html; Ken Bensinger, " Who Is Laura Loomer, the Far-Right Activist Who Traveled With Trump?" N.Y. Times (Sept. 13, 2024), https://www.nytimes.com/2024/09/13/us/politics/who-is-laura-loomer.html.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has not suffered any reputational harm proximately caused by the publication.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any loss or damage she suffered was caused by the Plaintiff or third parties over whom Defendants have no authority or control. In particular, Ms. Loomer has herself proudly touted her closeness with President Trump and numerous other media outlets and social media posters offered speculation about possible romantic entanglements. *See supra* at Sixth Affirmative Defense. Ms. Loomer has also publicly asserted that she was financially harmed not by Defendants, but by Elon Musk, whom she has accused of "trying to strip me of thousands of dollars of subscriber revenue that I use to fund my independent journalism" after she lost access to certain features on X. Laura Loomer, X (Jan. 22, 2025), https://x.com/LauraLoomer/status/1882147548451963102 (last accessed Feb. 11, 2025). It has also been widely reported that Ms. Loomer lost access to President Trump's inner circle due to her own controversial and widely publicized statements and beliefs. *See supra* at Fourth Affirmative Defense; Tenth Affirmative Defense.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her failure to mitigate and/or prevent the damages about which she complains.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because it would violate Defendants' right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Florida Constitution because, among other things, the alleged conduct here is not sufficiently reprehensible to warrant any punitive damages recovery.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff is libel-proof. Many high-profile conservative activists and politicians have criticized Ms. Loomer for her behavior and hateful rhetoric, including Marjorie Taylor Greene, who characterized one of Ms. Loomer's posts on X as "incredibly racist." *See* Clare Foran and Haley Talbot, "Marjorie Taylor Greene calls far-right activist Laura Loomer's rhetoric 'huge problem' that 'doesn't represent MAGA'," CNN (Sept. 12, 2024), https://www.cnn.com/2024/09/12/politics/marjorie-taylor-greene-laura-loomer-rhetoric-maga/index.html; s*ee also* Elon Musk, X (Dec. 26, 2024), https://x.com/elonmusk/status/1872344967382987161 (last accessed Feb. 12, 2025) (asserting that Loomer is simply "trolling for attention"); *supra* at Tenth Affirmative Defense.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel. Plaintiff made affirmative representations about her close relationship with President Trump upon which Defendants and others relied. Having played up in public social media posts how much she "love[s]" President Trump "with all of [her] heart," how they spent time together in intimate

settings ranging from his private jet to his box at his golf club, and how she ended a relationship with a former boyfriend because of her dedication to President Trump, she cannot now claim to be harmed by jokes about the perceived closeness between her and President Trump.

Dated: February 13, 2025

Respectfully submitted,

*/s/ Rachel E. Fugate*
Rachel E. Fugate (Florida Bar No. 144029)
Yelan Escalona (Florida Bar No. 1031564)
SHULLMAN FUGATE PLLC
100 South Ashley Drive, Suite 600
Tampa, FL 33602
Tel: (813) 935-5098
rfugate@shullmanfugate.com
yescalona@shullmanfugate.com

Katherine M. Bolger (*pro hac vice pending*)
Alexandra Perloff-Giles (*pro hac vice pending*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 489-8230
katebolger@dwt.com
alexandraperloffgiles@dwt.com

*Counsel for Defendants*
*Bill Maher and Home Box Office, Inc.*