**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION**

-----------------------------------------------------------------------  x

LAURA LOOMER,

                       *Plaintiff,*

        - against -

BILL MAHER and HOME BOX OFFICE,
INC.,

                     *Defendants.*

-----------------------------------------------------------------------  x

Case No.: 5:24-cv-00625-JSM-PRL

## DEFENDANTS' TIME SENSITIVE MOTION TO STRIKE DEPOSITION NOTICES AND FOR A PROTECTIVE ORDER AND FOR TEMPORARY STAY OF DEPOSITIONS PENDING RESOLUTION

On February 13, 2025, counsel for Plaintiff Laura Loomer filed deposition notices for Defendant Bill Maher and for a Rule 30(b)(6) Representative of Defendant Home Box Office, Inc. ("HBO") on March 5 and March 6, both dates that he acknowledges were "set unilaterally" by Plaintiff. ECF No. 44 at 1 n.1 & ECF No. 45 at 1 n.1.[1] He did so despite knowing that neither Defendants nor their counsel are available on those dates and that several alternative dates had been proposed by Defendants. Rather than engage in productive and professional discussions, Plaintiff's counsel has instead escalated what should have been a simple scheduling exercise into adversarial motion practice, insisting that the

---

[1] Notwithstanding Plaintiffs' violation of this Court's discovery procedures in filing the notices of deposition, *see Middle District Discovery: A Handbook on civil Discovery Practice in the United States District Court for the Middle District of Florida*, §I.C.1, Defendants ask the Court to consider them as necessary to the presentation of this motion.

"dates have been set" and threatening to seek sanctions against Defendants if they do not consent to a date within a narrow two-week time frame. Plaintiff's demands are all the more unreasonable given that discovery has just begin; no documents have yet been produced, and the 30(b)(6) notice recently filed was the first information ever provided by Plaintiff regarding the topics sought to be addressed by the corporate representative. Defendants, are, therefore, forced to seek aid from this Court and request an order temporarily staying the depositions until this motion is resolved, and thereafter an order striking the deposition notices and issuing a protective order. Defendant Bill Maher is available to be deposed the week of March 31-April 5 or May 19-23, and HBO will ensure that a Rule 30(b)(6) representative will be available in the coming months.

## **BACKGROUND**

On January 16, 2025, the Court issued a Case Management and Scheduling Order, providing for completion of discovery by September 2, 2025. ECF No. 40. Plaintiff served discovery requests on January 30, 2025, and Defendants' responses and objections to those requests are due on March 3.

On Tuesday, February 11, 2025, counsel for Plaintiff Larry Klayman wrote counsel for Defendants, asking for "two dates in early to mid March 2025 when Plaintiffs can depose Mr. Mahrer [sic] and a corporate rep of HBO," demanding "immediate cooperation" and stating that, if Defendants did not "provide dates for the depositions by noon tomorrow eastern time," he "may be compelled to unilaterally set the dates." *See* Exhibit A. That same day, counsel for Defendants

Katherine Bolger was traveling from New York to Los Angeles but wrote back to Mr. Klayman saying, "We are willing to work in good faith to schedule deposition dates, but it is unreasonable of [Plaintiff] to give us less than 24 hours to do so," particularly given Ms. Bolger's travel. Defendants said they would provide Plaintiffs with dates as soon as possible for Mr. Maher, which they "anticipate[d] w[ould] be in the next several days," but that it was "impossible to schedule a 30(b)(6) witness" without a list of topics. *Id.* Defendants also inquired, "is your client available to be deposed the week of June 2?" *Id.*

Two days later, on Thursday, February 13, 2025, Mr. Klayman responded to Ms. Bolger, saying "This is bad faith. You ask for a date for Loomer but then don't reply re Maher and HBO. We will set the dates as a result and we can discuss resetting them. Please do not play games with us." *Id.*

Ms. Bolger replied that same day, explaining again that she had been traveling and stating "We are coordinating dates with Mr. Maher and expect to get back to you in the coming days." *Id.*

Without waiting for Ms. Bolger to get back to him, on that same day (February 13)—a mere two days after Plaintiff's counsel's initial demand for a deposition date—Plaintiff "unilaterally" noticed Mr. Maher's deposition for March 5 and the deposition of HBO's corporate representative for March 6. *See* ECF No. 44 at 1 n.1 & ECF No. 45 at 1 n.1. The corporate representative notice filed with the Court on February 13 was the first time Plaintiff disclosed the topics upon which she requests a corporate examination.

On Sunday, February 16, Ms. Bolger wrote Mr. Klayman to explain that (a) she will be in Minnesota for depositions on March 5 and 6 and is therefore not available on those dates; (b) Mr. Maher is available to be deposed during weeks when his show, *Real Time with Bill Maher*, is not in production, specifically the week of March 31 or the week of May 19, and is not available on March 5; and (c) noted that, "[i]f helpful, please be advised that while we are likely to be done with our document production before March 31" (i.e., *more than five months* before the close of discovery), "I cannot promise it will be complete." Exhibit B. Ms. Bolger also reiterated her question regarding Ms. Loomer's availability during the week of June 2. *See id.*

Subsequently, on February 16, Mr. Klayman wrote Ms. Bolger stating simply, "The dates have been set." *See* Exhibit A.

On Tuesday, February 18, 2025, Mr. Klayman sent a new email, stating "We will adhere to the noticed dates for deposition of Bill Maher and HBO, particularly given your transparent attempts to delay discovery and the case in general." Exhibit C. Mr. Klayman pointed to no facts to support his allegations of delay, which were utterly baseless. The unfounded and unprovoked accusations did not stop there, as Mr. Klayman went on regarding "unethical and illegal attempts and actions to interfere with the legal rights of Ms. Loomer and several of my other clients, for which you will be held ethically and legally accountable." The email also alleged "endemic" "unethical and illegal conduct of Davis Wright (with whom Ms. Fugate and her firm associate)" "[o]ver the years," noting that "I

will not allow this to continue." *Id.*[2] Defendants responded to register their disagreement with his fanciful accusations and notified counsel that they would be filing a motion for a protective order this week. Mr. Klayman replied that he would move for sanctions if Defendants did not provide dates for Mr. Maher and HBO "during the first two weeks of March by cob Thursday," telling Defendants to "Stay tuned." *Id.*

On Wednesday, February 19, Defendants made a final attempt to avoid burdening the resources of this court with a simple scheduling dispute, explaining again that they were unavailable during the first two weeks of March and asking again whether Plaintiff would agree to one of the ten days that had been provided for a deposition of Mr. Maher in March and May. *See* Exhibit D. The next day, Mr. Klayman demanded a copy of the production schedule for Mr. Maher's show "[b]efore [he] would consider agreeing to reset the date of the Maher dep." *Id.* Defendants reiterated the dates that the show is not in production and requested that Plaintiff agree to one of the ten days offered. *Id.* Mr. Klayman did not agree to the request, instead demanding that Defendants "provide proof. Not just your statements." *Id.* Defendants provided a link to the HBO schedule reflecting that there is a *Real Time* show the week of the noticed depositions, and explaining again

---

[2] The irony is not lost on Defendants, who are aware that on February 14, 2025 Magistrate Judge James Klindt issued an order noting that Mr. Klayman violated the stay order in the reciprocal discipline proceedings by failing to keep the court apprised of recent developments and stating that he is "troubled by Mr. Klayman's initiation" of new cases including this one in 2024. *See In re: Larry Klayman*, Case No. 3:22-mc-00014-JRK, ECF No. 9 at 3 & n.3 (M.D. Fla. Feb. 14, 2025).

that neither Defendants nor lead counsel are available on the noticed date and that, because Plaintiff has not pointed to any prejudice from scheduling the deposition the week of March 31, "[t]here is simply no reason not to reschedule these depositions at a time that is mutually convenient for the parties." *Id.* Having been regretfully unable to resolve the issue with Plaintiff, Defendants were forced to file this motion.

## **ARGUMENT**

This Court should strike the notices of deposition, grant the motion for a protective order and order the parties to agree upon a date for Mr. Maher during either the week of March 31 or May 19. Plaintiff's decision to set the deposition unilaterally to occur in less than three weeks is unreasonable and completely disproportionate to the discovery schedule in this case. Document production has not yet begun, and the close of discovery is not until September 2. Plaintiff has not offered any reason why the week of March 31 or May 19 would be inconvenient for her or her counsel and has set forth no prejudice if the depositions were to proceed on that date. There is no reason to force the Defendants to appear for depositions on dates when they and their counsel are already unavailable due to other professional commitments, particularly when other dates have been offered that are more commensurate with the discovery schedule and would give Plaintiff time to review documents produced prior to the depositions.

Attorneys appearing in this District are expected "to pursue discovery in 'a spirit of cooperation and civility.'" *Yaeger v. Hartford Ins. Co. of the Midwest,*

2014 WL 12634925, at *1 (M.D. Fla. Feb. 27, 2014) (quoting Middle District Discovery (2001) at ¶ I.1.A.1)). "When scheduling depositions, lawyers are to reasonably accommodate the schedules of opposing lawyers, parties, and witnesses." *Id.*; *see* Middle District Discovery (2021) at ¶ I.A.3 ("An attorney shall reasonably attempt to accommodate the schedules of opposing counsel, parties, and witnesses in scheduling discovery."); *id.* at ¶ II.A.1 ("An attorney is expected to accommodate the schedules of opposing counsel. In doing so, the attorney should normally pre-arrange a deposition with opposing counsel before serving the notice."). When necessary, counsel may "resort to the formal procedures available in the Federal Rules of Procedure." *Yaeger*, 2014 WL 1263925, at *1.

Rule 26(c) provides that any party from whom discovery is sought may move for a protective order. Fed. R. Civ. P. 26(c)(1). Under the federal rules, "the sole criterion for determining the validity of a protective order is the statutory requirement of 'good cause.'" *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (citations omitted). Good cause "generally signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). The Eleventh Circuit also requires the district court to balance the parties' interests in deciding whether to issue a protective order. *See Chavez v. Arancedo*, 2017 WL 3025841, at *1 (S.D. Fla. July 17, 2017) (citing *Farnsworth v. Center for Disease Control*, 758 F.2d 1545, 1547 (11th Cir. 1985)).

Defendants have good cause to seek to move the unilaterally set deposition

date. *First,* as relayed to Plaintiff's counsel by email, *see* Exhibit B, lead counsel for Defendants has depositions previously scheduled the week of March 3 in Minnesota in another matter. *Second*, scheduling Mr. Maher's deposition during a week in which he is in production for his show is unrealistic and burdensome for Mr. Maher and HBO, particularly when Mr. Maher has proposed dates when both he and lead counsel are available, which Plaintiff has simply refused to entertain. *Third*, HBO will work in good faith to find a mutually agreeable date in the coming months for the deposition of HBO's corporate representative. HBO did not know the requested topics for the Rule 30(b)(6) deposition until the deposition was unilaterally set. Setting any deposition date before HBO has had an opportunity to identify the appropriate representative for each topic is premature.[3] *Fourth*, in order for Defendants to have time to prepare their witnesses to testify, Defendants request that the depositions of Mr. Maher and any 30(b)(6) witness not take place on back-to-back days. *Finally*, Defendants will not have completed document productions by March 5—indeed, their responses and objections to Plaintiffs' First Set of Requests for Production are not due until Monday, March 3, and discovery does not close until September 2025. In an effort to avoid a situation where Plaintiff complains that she did not have relevant documents at the depositions of Defendants' witnesses, the depositions of Defendants' witnesses should be scheduled after document completion is substantially complete.

---

[3] If the parties cannot agree on the scope of the Rule 30(b)(6) topics, Defendants reserve the right to seek additional relief from this Court.

Balancing the interests also weighs heavily in favor of granting a protective order to postpone the dates for the depositions of Mr. Maher and HBO's corporate representative. Defendants recognize they are required to sit for depositions, and counsel for Defendants have been attempting to coordinate in good faith, including providing Plaintiff with available dates. Rather than engage in good faith, Plaintiff unilaterally noticed depositions and refused to consider any dates other than a specific range around the time of the noticed dates. As numerous courts in Florida and elsewhere have recognized, plaintiffs may not simply "unilaterally schedule Defendant's deposition" rather than "attempting to accommodate Defendant." *Chavez*, 2017 WL 3025841, at *3; *see, e.g.*, *B.K. by & through K.K. v. St. Catherine of Siena Sch.*, 2022 WL 3027838, at *3 (E.D. La. Aug. 1, 2022) ("[I]t is unprofessional to unilaterally set the deposition of a party represented by counsel without making any prior attempt to find a mutually convenient date."); *Sullivan v. Siemens Generation Servs. Co.*, 2022 WL 2761136, at *2 (M.D. La. July 14, 2022) (describing the practice of unilaterally issuing deposition notices as "completely unnecessary" and noting that the provision of dates a party is available is "a common practice in litigation"); *Rutland v. Robinson Prop. Group, LLC*, 2023 WL 2801186, at *3 (N.D. Miss. Apr. 5, 2023) (awarding sanctions where "counsel unilaterally noticed two depositions without reasonable written notice"). As set forth above, Defendants are simply unavailable on March 5 and 6, and it would be an undue burden on Defendants to force them to sit for these unilaterally noticed depositions.

Plaintiff also has not offered any reason why scheduling a deposition for the week of March 31 or May 19 would be prejudicial to Plaintiff. As noted above, while Defendants will aspire to complete document production by the end of March, there are over six months remaining before the close of discovery and Defendants may not have produced all documents. If Plaintiff wants to "rush[]" ahead with an earlier deposition date "without first ensuring that [she] would have all the documents" needed, she assumes the risk of not having relevant documents and will have "only [her]self to blame for [her] predicament," as she should not be "reward[ed]" with a second deposition if additional documents are produced after a March deposition. *Austin v. Pub. Reputation Mgmt. Servs., LLC*, 2020 WL 5636993, at *3 (S.D. Fla. Sept. 22, 2020).

Finally, not only is the unilateral scheduling of depositions unfair to the parties, but it creates unnecessary burdens for the Court to resolve disputes such as this:

> The Court views with concern the unilateral scheduling of depositions absent the inability of the parties, after a good faith effort, to agree on mutually convenient dates. The unilateral setting of depositions (especially coupled with an unwillingness by counsel to reschedule the deposition date) leads to the filing of unnecessary motions, as demonstrated in this case. Such motions are a waste of the parties' time and money, as well as a waste of scare judicial resources.

*Karakis v. Foreva Jens Inc.*, 2009 WL 113456, at *6 (S.D. Fla. Jan. 19, 2009); *accord Simpson v. GC Servs., L.P.*, 2012 WL 5866589, at *1 (M.D. Fla. Nov. 19, 2012). Defendants, therefore, respectfully request that this Court grant this motion and allow the depositions to proceed at a mutually convenient date.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court grant this Motion, strike the deposition notices from the record, enter an Order preventing the depositions of Mr. Maher and HBO's corporate representative from taking place on March 5 and March 6, respectively, and direct that Mr. Maher's deposition take place the week of March 31 or May 19. Because this matter is time sensitive, Defendants additionally ask that the Court temporarily stay the depositions while it considers this motion.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Counsel for Defendants certifies that Defendants have conferred via email with counsel for Plaintiff, who opposes the relief sought in this motion.

Dated: February 20, 2025

Respectfully submitted,

*/s/ Rachel E. Fugate*

Rachel E. Fugate (Bar No. 144029)          Katherine M. Bolger (*pro hac vice*)
Yelan Escalona (Bar No. 1031564)           Alexandra Perloff-Giles (*pro hac vice*)
Shullman Fugate PLLC                       Davis Wright Tremaine LLP
100 South Ashley Drive, Suite 600          1251 Avenue of the Americas, 21st Floor
Tampa, FL 33602                            New York, NY 10020
Tel: (561) 429-3619                        Tel: (212) 489-8230
rfugate@shullmanfugate.com                 katebolger@dwt.com
yescalona@shullmanfugate.com               alexandraperloffgiles@dwt.com

*Counsel for Defendants*