# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**LAURA LOOMER,**

    **Plaintiff,**

v.                                               Case No: 5:24-cv-625-JSM-PRL

**BILL MAHER, et al.,**

    **Defendants.**

## ORDER

Plaintiff unilaterally noticed the depositions of Defendant Bill Maher and HBO, Inc.'s corporate representative to occur on March 5-6, 2025. (Docs. 44, 45). This matter is before the Court on Defendants' motion to strike the deposition notices and for a protective order preventing the depositions from taking place (Doc. 46).

The Court expects counsel appearing before it to pursue discovery in "a spirit of cooperation and civility." Middle District Civil Discovery Handbook ¶I.A.1. And when scheduling depositions, "[a]n attorney is expected to accommodate the schedules of opposing counsel" and "should normally prearrange a deposition with opposing counsel before serving notice." *Id*. at ¶II.A.1. If this is not possible—the handbook contemplates that counsel may "unilaterally notice the deposition while at the same time indicating a willingness to be reasonable about any necessary rescheduling."

Here, a review of the attached correspondence reveals that on February 11, 2025, Plaintiff's counsel, Larry Klayman, emailed defense counsel asking for "two dates in early to mid-March 2025" for Plaintiff to depose Mr. Maher and a corporate representative of HBO. He stated, "[p]lease provide dates for the deposition by noon tomorrow eastern time or we

may be compelled to unilaterally set the dates." (Doc. 46-1 at 3). Defense counsel, Kate Bolger, responded that same day and advised that they could not comply within that unreasonable time frame, but that they would provide dates for Mr. Maher's deposition "in the next several days." (Doc. 46-1 at 1-2). She further stated that they could not schedule a 30(b)(6) deposition until Plaintiff provided the topics. (Doc. 46-1 at 1-2). She then asked if Plaintiff was available to be deposed the week of June 2.

On February 13, 2025, Mr. Klayman responded, "[t]his is bad faith. You ask for a date for Loomer but then don't reply re Maher and HBO. We will set the dates as a result and we can discuss resetting them. Please do not play games with us." (Doc. 46-1 at 1). Mr. Klayman then noticed the depositions for March 5-6, 2025, and for the first time provided the subject areas for the 30(b)(6) deposition.

As an initial matter, Mr. Klayman demanding deposition dates within 24-hours is not reasonable, especially where the deponents are sophisticated parties with busy schedules. Mr. Klayman has failed to offer any explanation for this urgency—both in setting the depositions and in having them completed "no later than the week of March 10th"—that would justify unilaterally setting the depositions. Indeed, the urgency is perplexing since this case is in the early stages of litigation with discovery not set to cut off until September 2, 2025. Moreover, Mr. Klayman set the depositions for March 5-6, 2025, despite knowing that Ms. Bolger had depositions scheduled that week in Minnesota in another matter. (Doc. 46-2 at 1). And he refused to consider dates offered by defense counsel for Maher's deposition the week of March 31-April 5 or May 19-23 or to allow HBO time to identify and schedule a 30(b)(6) witness after they received (from Mr. Klayman) the subject areas for the deposition. Mr. Klayman's conduct falls well short of the Court's expectation of "a spirit of cooperation and civility."

- 3 -

For these reasons, Defendants' motion for protection from these unilaterally set depositions is **GRANTED** and the Notice of Taking Deposition of Bill Maher (Doc. 44) and Notice of Taking Deposition of the corporate representative for HBO, Inc. (Doc. 45) are **STRICKEN.** The parties are directed to confer and schedule these depositions at a mutually convenient time.

**DONE** and **ORDERED** in Ocala, Florida on February 25, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties