**IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF**

LAURA LOOMER

Plaintiff,

v.

BILL MAHER et al

Defendants.

**Case No: 5:24-cv-00625-JSM-PRL**

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Plaintiff Laura Loomer ("Ms. Loomer") hereby moves the Court for an order striking certain affirmative defenses contained in Defendants Bill Maher ("Maher") and Home Box Office, Inc.'s ("HBO") Answer to Amended Complaint. ECF No. 43.

"An affirmative defense is an assertion by a defendant that, if true, will defeat a plaintiff's claim even if the allegations of the complaint are true. *Fed. Deposit Ins. Corp. for Superior Bank v. Hall*, No. 8:14-cv-834-T-24 TGW, 2016 U.S. Dist. LEXIS 195185, 2016 WL 7325590, at *2 (M.D. Fla. Aug. 29, 2016). A court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Kazak v. Truist Bank*, No. 2:23-cv-40-SPC-KCD, 2024 U.S. Dist. LEXIS 39825, at *2 (M.D. Fla. Mar. 7, 2024). Affirmative defenses should be stricken only if they are facially insufficient as a matter of law….The movant must show 'the affirmative defenses have no possible relationship to the controversy, may confuse the issues, or otherwise cause prejudice.'" *Kazak v. Truist Bank*, No. 2:23-cv-40-SPC-KCD, 2024 U.S. Dist. LEXIS 39825, at *2

(M.D. Fla. Mar. 7, 2024) "A defense that merely identifies 'a defect in the plaintiff's prima facie case is not an affirmative defense.'" *Id*. at 6.

"[A]ffirmative defenses are pleadings, and as a result, must comply with all the same pleading requirements applicable to complaints." *See Gomez v. Bird Auto., LLC*, 411 F. Supp. 3d 1332, 1334 (S.D. Fla. Nov. 25, 2019). To that end, a "defendant must allege some additional facts supporting the affirmative defense." *Cano v. South Florida Donuts, Inc.*, No. 09-81248-CIV, 2010 U.S. Dist. LEXIS 8386, 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010). Specifically, "[a] defendant must admit the essential facts of the complaint and bring forth other facts in justification or avoidance to establish an affirmative defense." *Smart Commc'ns Holding, Inc. v. Correct Sols., LLC*, No. 8:20-cv-1469-JLB-JSS, 2023 U.S. Dist. LEXIS 136011, at *66 (M.D. Fla. Aug. 4, 2023).

***Affirmative Defenses That Must Be Stricken***

(1) Defendants' First Affirmative Defense: "*The Complaint, and each of its claims for relief, is barred because it fails to state a claim upon which relief can be granted against Defendants*."

This affirmative defense must be stricken, or a minimum be deemed as a denial and not an affirmative defense because it merely attempts to claim a deficiency in Ms. Loomer's prima facie case. The Court has already ruled upon and rejected this argument in denying Defendants' Motion to Dismiss.

(2) Defendants' Eighth Affirmative Defense: "*Plaintiff's claims are barred because the alleged implications do not arise from the challenged publication and because Plaintiff does not plead that Defendants intended the alleged implications.*"

This affirmative defense must be stricken, or a minimum be deemed as a denial and not an affirmative defense because it merely attempts to claim a deficiency in Ms. Loomer's prima facie case.

(3) Defendants' Thirteenth Affirmative Defense: "*Plaintiff's claims are barred by her failure to mitigate and/or prevent the damages about which she complains.*"

This affirmative defense must be stricken because it has no applicability to Ms. Loomer's claims for defamation, defamation by implication, and defamation *per se* and is not an affirmative defense to these claims. Where a Defendant asserts and alleged affirmative defense of "failure to mitigate" that has no relation to the Plaintiff's claims, it must be stricken. "The Thirteenth Affirmative Defense does not contain any allegations connecting the failure to mitigate damages to Plaintiff's claim against Defendant; in fact, it seems to be wholly unrelated to Plaintiff's claims." *Diamond Resorts U.S. Collection Dev., LLC v. Neally*, 2021 U.S. Dist. LEXIS 258844, at *13 (M.D. Fla. Oct. 15, 2021); *Hernandez v. Ticketmaster, LLC*, 2018 U.S. Dist. LEXIS 80373 (S.D. Fla. May 14, 2018). Finally, damages are presumed where a plaintiff is defamed *per se*.

(4) Defendants' Fifteenth Affirmative Defense: "*Plaintiff's claims are barred because Plaintiff is libel-proof. Many high-profile conservative activists and politicians have criticized Ms. Loomer for her behavior and hateful rhetoric, including Marjorie Taylor Greene, who characterized one of Ms. Loomer's posts on X as "incredibly racist." See Clare Foran and Haley Talbot, "Marjorie Taylor Greene calls far-right activist Laura Loomer's rhetoric 'huge problem' that 'doesn't represent MAGA'," CNN (Sept. 12, 2024), https://www.cnn.com/2024/09/12/politics/marjorie-taylor-greene-laura-loomer-*

*rhetoric-maga/index.html; see also Elon Musk, X (Dec. 26, 2024), https://x.com/elonmusk/status/1872344967382987161 (last accessed Feb. 12, 2025) (asserting that Loomer is simply "trolling for attention"); supra at Tenth Affirmative Defense*."

This must be stricken because it is not an affirmative defense. Even if it was an allowable affirmative defense, it is also completely false and has no applicability to Ms. Loomer's claims. "Under the "libel-proof" doctrine, "a plaintiff's reputation with respect to a specific subject may be so badly tarnished that [it] cannot be further injured by allegedly false statements on that subject." *Project Veritas v. CNN, Inc.*, 121 F.4th 1267, 1275 n.12 (11th Cir. 2024). Ms. Loomer has never once been even accused of having committed adultery, much more now being falsely accused of having a sexual adulterous relationship with the President of the United States. Supreme Court Justice Antonin Scalia, while sitting on the bench for the U.S. Court of Appeals for the District of Columbia Circuit also rejected this theory in *Liberty Lobby, Inc. v. Anderson*, 746 F.2d 1563 (D.C. Cir. 1984).

***Conclusion***

Pursuant to the Local Rules, Plaintff has sought consent from counsel for Defendants for this motion and they have declined. Nonetheless, based on the compelling argument set forth herein, the foregoing affirmative defenses must be stricken and this matter must expeditiously proceed to discovery.

Dated: March 12, 2025 Respectfully Submitted,

By: /s/ Larry Klayman
Larry Klayman, Esq.
Florida Bar No.: 246220
Klayman Law Group P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: 561-558-5536
leklayman@gmail.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Larry Klayman, hereby certify that on this day, March 11, 2025 the foregoing document is being served this day on all counsel of record through the Court's eservice procedures.

*/s/ Larry Klayman*