## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION

---

| | x | |
|---|---|---|
| LAURA LOOMER, | : | |
| *Plaintiff,* | : | |
| - against - | : | Case No.: 5:24-cv-00625-JSM-PRL |
| BILL MAHER and HOME BOX OFFICE, INC., | : | |
| *Defendants.* | : | |
| | x | |

---

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME NUNC PRO TUNC TO FILE MOTION TO STRIKE AFFIRMATIVE DEFENSES

Pursuant to Federal Rules of Civil Procedure 6(b)(1) and 16(b)(4), Defendants Bill Maher and Home Box Office, Inc. ("Defendants") respectfully submit this brief in opposition to Plaintiff Laura Loomer's Motion for Extension of Time Nunc Pro Tunc to File Motion to Strike Affirmative Defenses. ECF No. 52, filed March 11, 2025 ("Motion for Extension of Time").

Plaintiff and her counsel, Larry Klayman, have failed to demonstrate the diligence necessary to justify extending their time to file a motion to strike Defendants' affirmative defenses. Plaintiff filed her amended complaint on January 30, 2025, and Defendants answered and asserted affirmative defenses on February 13, 2025. Rule 12(f)(2) provides that a party must move to strike a purportedly "insufficient defense" from a pleading "within 21 days after being served with a pleading." Fed. R. Civ. P. 12(f)(2). Plaintiff's motion to strike was therefore due March 6, 2025 under the plain language of the rules.  This deadline

1

passed a week ago. "Since the deadline has passed, the movant must not only show good cause to extend it, but also excusable neglect for the dilatory request." *Diaz v. Courtyards at Quail Woods Condo. Assoc., Inc.*, 2020 WL 13994588, at *1 (Jan. 6, 2020) (denying motion for leave to strike affirmative defenses as untimely).

*First*, Plaintiff and her counsel have not shown good cause for an extension. *See* Fed. R. Civ. P. 16(b)(4). "Th[e] good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys. Inc.*, 133 F.3d 1417, 1418 (11th Cir. 2020). "If a party was not diligent, the good cause inquiry should end." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)) (internal quotations and alterations omitted). Mr. Klayman has not shown that he would have been unable to file his four-page motion to strike by the deadline, had he acted diligently. Indeed, he effectively concedes his own lack of diligence when he acknowledges that he failed to properly calendar the deadline. ECF No. 52 at 1.

*Second*, Plaintiff and her counsel have not shown excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). Courts deciding whether a party's neglect is excusable consider "the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adv. Estimating Sys. v. Riney*, 130 F.3d 996, 997–

98 (11th Cir. 1997) (alteration in original) (quoting *Pioneer Investment Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Federal Rule of Civil Procedure 12 sets a clear and unambiguous deadline of 21 days after service to move to strike as Plaintiff now seeks to do.  The Eleventh Circuit has emphasized that "the lawyer's failure to understand clear law cannot constitute excusable neglect." *Id.* at 997; *see also Pioneer*, 507 U.S. at 391, 396 (stating that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect" and that "clients must be held accountable for the acts and omissions of their attorneys"); *Cuyler v. Sec'y, Dep't of Veterans Affs.*, 2024 WL 3738685, at *1 (11th Cir. Aug. 9, 2024) ("A party's mistaken understanding of the rules governing his [] deadline does not establish good cause or excusable neglect."); *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (expressing "wariness" about granting "relief for excusable neglect based on claims of attorney error," "even though such a result [may] 'penalize innocent clients for the forgetfulness of their attorneys'") (quoting *Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986)).

In *Advanced Estimating Systems*, the defendant's "lawyer mistakenly believe[ed] that he had ten days from his receiving notice of the entry of the judgment to file his post-trial motions," and therefore, "[b]ecause of the failure either to read or to understand the pertinent rules," filed his notice of appeal late.

*Adv. Estimating Sys.*, 130 F.3d at 997. The Eleventh Circuit dismissed the appeal as untimely filed and explained:

> Soon after *Pioneer*, it was established in this circuit that attorney error based on a misunderstanding of the law was an insufficient basis for excusing a failure to comply with a deadline. And, no circuit that has considered the issue after Pioneer has held that an attorney's failure to grasp the relevant procedural law is "excusable neglect." . . . Today, we follow the other circuits and hold, as a matter of law, that an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline. . . . The ancient legal maxim continues to apply: ignorance of fact may excuse; ignorance of law does not excuse.

*Id.* at 998-99 (internal citations omitted).

Mr. Klayman's excuse for missing the deadline is the quintessential "inadvertent[]" "error," ECF No. 52 at 1, that the Eleventh Circuit has held does constitute excusable neglect as a matter of law.

Notably, this is not the first time Plaintiff has missed a deadline in this case. Plaintiff neglected to file an opposition to Defendants' motion to stay discovery and, only *after* the Court entered an order granting the motion to stay discovery as unopposed, filed a motion for leave to file a response to the stay motion, ECF No. 30, and a motion for reconsideration of the order granting the stay, ECF No. 31. In that instance, counsel for Plaintiff stated that he "inadvertently did not mark up the response time for this motion." ECF No. 30 at 1. One would expect that, having already missed one deadline in this case, he would be particularly attentive to calendaring deadlines going forward. Yet, Mr. Klayman now states again that he did not timely file his motion to strike because "the date to file a Motion to Strike was inadvertently marked up incorrectly." ECF

No. 52 at 1. This repeated failure to abide by straightforward deadlines dictated by the Federal Rules should not be indulged.

Moreover, Mr. Klayman's claimed "severe[] prejudice[] absent this extension" is overblown. *Id.* If that were true, Mr. Klayman ought to have double-checked the deadline. In any event, it strains reason to argue that the assertion of garden-variety affirmative defenses in an answer results in severe prejudice to Plaintiff. Moreover, "motions to strike are disfavored" in this Circuit and "the defenses remain subject to dispositive-motion practice." *Diaz*, 2020 WL 13994588, at *1 (M.D. Fla. Jan. 6, 2020); *see Ware v. Knights Enter.*, 2012 WL 6213129, at *1 (M.D. Fla. Dec. 13, 2012) (Moody, J.).

Courts in this circuit routinely deny motions to strike as untimely when they fail to comply with the Rule 12(f) deadline. *See, e.g.*, *Vista Mktg., LLC v. Burkett*, 2013 WL 5651813, at *1 (M.D. Fla. Oct. 16, 2013) (Moody, J.); *Kahama VI, LLC v. HJH LLC*, 2013 WL 1760254, at *9 (M.D. Fla. April 24, 2013) (Moody, J.); *Felicia v. Celebrity Cruises, Inc.*, 2012 WL 6869828, at *1–*2 (S.D. Fla. Nov.14, 2012); *Action Nissan, Inc. v. Hyundai Motor America*, 617 F. Supp. 2d 1177, 1186–87 (M.D. Fla. 2008). Defendants respectfully request that the Court follow the same approach here.

## <u>CONCLUSION</u>

For the reasons stated above, Defendants respectfully request that Plaintiff's Motion for Extension of Time *Nunc Pro Tunc* be denied and that Plaintiff's Motion to Strike Affirmative Defenses be denied as untimely.[1]

Dated: March 13, 2025

Respectfully submitted,

*/s/ Rachel E. Fugate*

| | |
|---|---|
| Rachel E. Fugate (Bar No. 144029) | Katherine M. Bolger (*pro hac vice*) |
| Yelan Escalona (Bar No. 1031564) | Alexandra Perloff-Giles (*pro hac vice*) |
| Shullman Fugate PLLC | Davis Wright Tremaine LLP |
| 100 South Ashley Drive, Suite 600 | 1251 Avenue of the Americas, 21st Floor |
| Tampa, FL 33602 | New York, NY 10020 |
| Tel: (561) 429-3619 | Tel: (212) 489-8230 |
| rfugate@shullmanfugate.com | katebolger@dwt.com |
| yescalona@shullmanfugate.com | alexandraperloffgiles@dwt.com |

*Counsel for Defendants*

---

[1] Defendants reserve the right to respond separately to the merits of Plaintiff's Motion to Strike Affirmative Defenses.