## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION

-------------------------------------------------------- x

LAURA LOOMER,

*Plaintiff*,

- against -

BILL MAHER and HOME BOX OFFICE, INC.,

*Defendants.*

:
:
:
:
:
:
:
:
:
:
:
:

-------------------------------------------------------- x

Case No.: 5:24-cv-00625-JSM-PRL

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

Pursuant to Federal Rules of Civil Procedure 6(b)(1) and 16(b)(4), Defendants Bill Maher and Home Box Office, Inc. ("Defendants") respectfully submit this brief in opposition to Plaintiff Laura Loomer's Motion to Strike Affirmative Defenses, ECF No. 51, filed March 11, 2025 ("Motion to Strike").

Plaintiff filed her amended complaint on January 30, 2025. *See* ECF No. 42. Defendants filed their answer and affirmative defenses two weeks later, on February 13, 2025. *See* ECF No. 43. Plaintiff now belatedly seeks to strike four of Defendants' affirmative defenses, specifically: (1) that Plaintiff failed to state a claim (First Affirmative Defense); (2) that as to the claim for defamation by implication, the alleged implications do not arise from the publication and that Plaintiff failed to plead that Defendants intended the alleged implications (Eighth Affirmative Defense); (3) that Plaintiff failed to mitigate damages (Thirteenth Affirmative Defense); and (4) that Plaintiff is libel-proof (Fifteenth Affirmative

1

Defense). *See* ECF No. 51 at 2-4. Plaintiff's motion to strike should be denied outright as untimely, for the reasons set forth in Defendants' opposition to Plaintiff's motion for an extension of time *nunc pro tunc. See* ECF No. 53. But even if this Court were to reach the merits of the motion to strike, it should be denied as to the four challenged affirmative defenses.

"The purpose of pleading affirmative defenses is to provide fair notice to the plaintiff of issues that may be raised at trial." *S.-Owners Ins. Co. v. Phonex Realty Homes, Inc.*, 2020 WL 9209277, at *1 (M.D. Fla. Dec. 9, 2020) (Moody, J.) (citing *Luxottica Grp. S.P.A. v. Cash Am. E., Inc.*, 198 F. Supp. 3d 1327, 1328 (M.D. Fla. 2016)). Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" stricken from the record. Fed. R. Civ. P. 12(f). "An affirmative defense may not be stricken 'merely because it appears to a judge that the defendant may be unable to produce evidence at trial to sustain such a defense.'" *Pena-Vasquez v. Maya Pub'g Grp., LLC*, 2015 WL 13740726, at *3 (S.D. Fla. Aug. 19, 2015) (citation omitted). Indeed, motions to strike are a "drastic remedy" and are "usually denied," *S.-Owners Ins. Co.*, 2020 WL 9209277, at *1 (citations omitted)—as Plaintiff's counsel, Larry Klayman, well knows, *see Klayman v. City Pages*, 2015 WL 12856028, at *1 (M.D. Fla. Mar. 10, 2015) (recognizing that motions to strike are "often considered 'time wasters'" and "generally are disfavored by the court") (citation omitted).

A motion to strike an affirmative defense should be granted only if: "(1) the affirmative defense has no possible relation to the controversy and may cause prejudice to one of the parties," *S.-Owners Ins. Co.*, 2020 WL 9209277, at *1 (citing *Harvey v. Home Depot U.S.A., Inc.*, 2005 WL 1421170, at *1 (M.D. Fla. June 17, 2005)), or "(2) the affirmative defense fails to satisfy the general pleading requirements of Federal Rule of Civil Procedure 8, which requires a party to 'state in short and plain terms its defense to each claim asserted against it,'" *id.* (quoting Fed. R. Civ. P. 8(b)(1)).[1] Plaintiff falls far short of meeting her high burden to strike any of Defendants' affirmative defenses.[2]

*First*, as to Defendants' First and Eighth Affirmative Defenses, courts consistently reject requests to strike affirmative defenses of failure to state a

---

[1] Plaintiff's argument that affirmative defenses are subject to the same pleading requirements as complaints, ECF No. 51 at 2, is premised on the wrong pleading standard. While the Eleventh Circuit has yet to address the issue, the weight of authority holds that affirmative defenses need only meet the notice pleading standard of Rule 8(b) and (c). That distinction finds support in the text of Rule 8 itself: "While Rule 8(a)(2) requires a pleading stating a claim for relief to include 'a short and plain statement of the claim *showing* that the pleader is entitled to relief,' Rules 8(b) and 8(c) only require parties to *state* their defenses." *Gonzalez v. Midland Credit Mgmt., Inc.*, 2013 WL 5970721, at *3 (M.D. Fla. Dec. 9, 2020); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (emphasizing that "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief"). Courts in this district have routinely applied the Rule 8 notice pleading standard to affirmative defenses. *See, e.g., Afrin v. Belk Inc.*, 2020 WL 10055350, at *1 (M.D. Fla. May 13, 2020); *PNC Bank v. Craggs Constr. Co.*, 2016 WL 6493908, at *1 (M.D. Fla. Nov. 2, 2016); *RxStrategies, Inc. v. CVS Pharmacy, Inc.*, 2020 WL 11272875, at *1 (M.D. Fla. Feb. 6, 2020).
[2] Given the liberal standard for amending pleadings under Rule 15, if this Court were to find any of Defendants' affirmative defenses factually insufficient, Defendants respectfully request that they be granted leave to replead.

claim, holding that they should instead be treated as denials. *See, e.g.*, *Unisource Discovery, Inc. v. Unisource Discovery, LLC*, 2002 WL 18023397, at \*3 (S.D. Fla. Aug. 16, 2022); *Laferte v. Murphy Painters, Inc.*, 2017 WL 2537259, at \*3 (S.D. Fla. June 12, 2017); *Ahamad v. Maxim Healthcare Servs., Inc.*, 2013 WL 5781245, at \*1 (M.D. Fla. Oct. 25, 2013). "The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled." *Ohio Nat'l Life Assur. Corp. v. Langkau*, 2006 WL 2355571, at \*2 (M.D. Fla. Aug. 15, 2006) (citations omitted). Accordingly, Defendants' First and Eighth affirmative defenses—failure to state a claim, failure to plead that Defendants intended the alleged defamatory implications, and that the alleged defamatory implications do not in fact arise from the challenged publication—should all be treated as specific denials but not be stricken.

*Second*, as to Defendants' Thirteenth Affirmative Defense of failure to mitigate damages, there is no dispute that "mitigation of damages is a well-established affirmative defense." *Ramindesign, LLC v. Skarzynski*, 2025 WL 271652, at \*10 (S.D. Fla. Jan. 23, 2025), *report and recommendation adopted*, 2025 WL 485965 (S.D. Fla. Feb. 13, 2025); *see Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000) ("[F]ailure to mitigate damages is an affirmative defense under Rule 8(c).").

Plaintiff wrongly asserts that that that defense is "wholly unrelated to Plaintiff's claims." ECF No. 51 at 3. Not so. Defamation plaintiffs, and particularly

public figure plaintiffs like Ms. Loomer, have an obligation to mitigate the harm of any purported defamation. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 344 (1974) ("The first remedy of any victim of defamation is self-help—using available opportunities to contradict the lie or correct the error and thereby to minimize its adverse impact on reputation."); *Curtis Publ'g Co. v. Butts*, 388 U.S. 130, 154 (1967) ("The courts have also, especially in libel cases, investigated the plaintiff's position to determine whether he has a legitimate call upon the court for protection in light of his . . . means of self-defense."); *Chapman v. J. Concepts, Inc.*, 528 F. Supp. 2d 1081, 1093 (D. Hawaii 2007) (holding that public figure defamation plaintiff "could counter criticism, correct falsehoods, and set right any fallacies contained in the article"). That is why, in other cases involving defamation claims, courts have observed that "[i]t is axiomatic that the plaintiff has a duty to mitigate damages," *Cweklinsky v. Mobil Chem. Co.*, 267 Conn. 210, 223 (2004), and have denied motions to strike affirmative defenses of failure to mitigate damages, *see, e.g.*, *Green v. FedEx Supply Chain, Inc.*, 2022 WL 2825010, at *10 (W.D. Tenn. June 29, 2022), *report and recommendation adopted*, 2022 WL 2818783 (W.D. Tenn. July 19, 2022).

Plaintiff also asserts, as a basis for striking the defense, that "damages are presumed where a plaintiff is defamed *per se.*" ECF No. 51 at 3. Plaintiff is incorrect. Under Florida law, which Plaintiff argues applies to this action, damages against a media defendant are *not* presumed but must be established. *See Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1119 (S.D. Fla. 2021)

("Florida law applies the Supreme Court's ruling from the well-known First Amendment defamation case of *Gertz v. Robert Welch Inc.*, which eliminates presumed damages for defamation *per se* actions against media defendants.") (citation omitted); *Mid-Florida Television Corp. v. Boyles*, 467 So. 2d 282, 283 (Fla. 1985) (damages not "conclusively presumed as a matter of law" in "a libel action against the media"); *Edelstein v. WFTV, Inc.*, 798 So.2d 797, 798 (Fla. 4th DCA 2001) ("[A] plaintiff suing a media defendant must . . . plead and prove actual injury."). In any event, Plaintiff's amended complaint also alleges defamation *per quod*, *see* ECF No. 42 ¶¶ 76-83, and, as this Court has already found, defamation *per quod* claims require the plaintiff to plead and prove special damages, *see* ECF No. 39 at 10 ("Unlike a claim for defamation *per se*, which assumes the plaintiff has been damages, to state a claim for defamation *per quod*, a plaintiff must allege special damages, i.e., 'actual, out of pocket losses.'") (quoting *Flynn v. Cable News Network, Inc.*, 2023 WL 5985196, at *5-6 (M.D. Fla. Mar. 17, 2023)). Because Plaintiff has not shown, and cannot show, that Defendants' Thirteenth Affirmative Defense is redundant, immaterial, impertinent, or scandalous redundant, her motion to strike should be denied.

*Finally*, Plaintiff's motion to strike Defendants' Fifteenth Affirmative Defense that Ms. Loomer is a libel-proof plaintiff should be denied for several reasons. First, "[i]f the affirmative defense raises disputed issues of fact, the Court should deny the motion to strike and 'leave the sufficiency of the allegations for determination on the merits.'" *Sapphire Int'l Grp., Inc. v. Allianz*

*Global Risks US Ins. Co.*, 2019 WL 2211873, at *2 (S.D. Fla. Feb. 1, 2019) (citation omitted). And here, there is a factual dispute. Plaintiff's motion to strike argues that Ms. Loomer "has never once been even accused of having committed adultery" and did not have "a sexual adulterous relationship with the President of the United States," ECF No. 51 at 4. Respectfully, Defendants' answer alleges facts that contradict this claim. *See* ECF 43 at 33-39 ("A September 13, 2024 article in the Miami New Times, titled *Laura Loomer and Trump Sitting in a Tree, K-I-S-S-I-N-G,* noted that Ms. Loomer "has been spending quite a bit of time with Trump, leading some to speculate that they're a romantic item." Naomi Feinstein, " Laura Loomer and Trump Sitting in a Tree, K-I-S-S-I-N-G," Miami New Times (Sept. 13, 2024), https://www.miaminewtimes.com/news/is-trump-having-an-affair-with-laura-loomer-the-far-right-extremist-21281352. OK! Magazine reported the same day that "Former President Donald Trump has been accused of having an affair with controversial conspiracy theorist Laura Loomer." Joshua Wilburn, "Donald Trump Accused of Having an Affair With MAGA Conspiracy Theorist Laura Loomer as Wife Melania Remains MIA," OK! (Sept. 13, 2024), https://okmagazine.com/p/donald-trump-accused-having-affair-laura-loomer-melania-mia/."). Moreover, Laura Loomer is a highly controversial public figure—even within the Republican Party—who has frequently made headlines on her own due to no contribution of the Defendants. *See* ECF No. 43 at 37-38 (noting comments about Loomer by Marjorie Taylor Greene and Lindsay

Graham). The motion to strike, therefore, only underscores that there are open questions of fact as to whether Plaintiff is libel proof.  It should be denied.

Plaintiff's claim that the libel proof doctrine does not exist is also incorrect. Recently, a Florida district court commented that the Florida Supreme Court would favor the libel-proof plaintiff doctrine "given the focus of Florida defamation law on reputational interests, given the view of courts in other jurisdictions confronting similar facts, and given Florida's declared policy of sparing individuals and entities the burden and expense of defending against meritless defamation claims (particularly on matters of public concern)." *Davis v. McKenzie*, 2017 WL 8809359, at *16 (S.D. Fla. Nov. 3, 2017), *report and recommendation adopted by* 2018 WL 1813897, at *2 (S.D. Fla. Jan. 19, 2018). The case Plaintiff cites to the contrary has no relevance here. It is an out-of-Circuit case, vacated by a subsequent Supreme Court decision, that declined to "assume that [the libel-proof doctrine] is the law of the District of Columbia" or "part of federal constitutional law." *Liberty Lobby, Inc. v. Anderson*, 746 F.2d 1563, 1569 (D.C. Cir. 1984) (cited in ECF No. 51 at 4), *vacated and remanded by Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). It did not purport to address Florida law.

Plaintiff's counsel has tried before to strike a libel-proof plaintiff defense—and was unsuccessful. In *Klayman v. City Pages*, a case decided before *Davis*, this Court denied Klayman's motion to strike, noting the availability of the libel-proof defense in some jurisdictions and the absence of any Florida authority

"stat[ing] that the defense does not exist." *Klayman*, 2015 WL 12856028, at *1. The libel-proof doctrine clearly has support in Florida, and a question of fact as to whether the libel-proof doctrine applies here "does not warrant being stricken under the criteria of the rule; it is neither insufficient, redundant, immaterial, impertinent, nor scandalous." *Davis v. McKenzie*, 2017 WL 8809917, at *1 (S.D. Fla. Nov. 2, 2017), *report and recommendation adopted by* 2018 WL 1813897, at *2; *see also, e.g.*, *Holland v. Lions Gate Entmt. Corp.*, 2023 WL 3554447, at *1 (S.D.N.Y. Apr. 12, 2023) (denying motion to strike affirmative defense that plaintiff is libel-proof).

## CONCLUSION

For the reasons stated above, Defendants respectfully request that Plaintiff's Motion to Strike Affirmative Defenses be denied.

Dated: March 25, 2025

Respectfully submitted,

*/s/ Rachel E. Fugate*

Rachel E. Fugate (Bar No. 144029)       Katherine M. Bolger (*pro hac vice*)
Yelan Escalona (Bar No. 1031564)        Alexandra Perloff-Giles (*pro hac vice*)
Shullman Fugate PLLC                    Davis Wright Tremaine LLP
100 South Ashley Drive, Suite 600       1251 Avenue of the Americas, 21st Floor
Tampa, FL 33602                         New York, NY 10020
Tel: (561) 429-3619                     Tel: (212) 489-8230
rfugate@shullmanfugate.com              katebolger@dwt.com
yescalona@shullmanfugate.com            alexandraperloffgiles@dwt.com

*Counsel for Defendants*