UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LAURA LOOMER,

    Plaintiff,

v.                                                      Case No: 5:24-cv-625-JSM-PRL

BILL MAHER and HOME BOX OFFICE, INC.,

    Defendants.

## **ORDER**

This cause is before the Court upon Plaintiff's Motion to Strike Affirmative Defenses (Dkt. 51) and Defendants' Response in Opposition (Dkt. 54). Upon review of the motion, response, and being otherwise advised in the premises, the Court concludes that the motion should be denied on the merits.

Plaintiff filed her amended complaint on January 30, 2025, and Defendants filed their answer and affirmative defenses two weeks later, on February 13, 2025. Plaintiff moves to strike certain affirmative defenses. While her motion is technically untimely, Plaintiff filed a motion for the Court to accept the motion as timely, i.e., *nunc pro tunc* (Dkt. 52), which the Court grants. The Court denies the motion on the merits because Defendants' affirmative defenses are largely denials, other than the defense that Plaintiff failed to mitigate her damages, which is an appropriate defense in light of her defamation claims.

Specifically, it is widely known that district courts disfavor motions to strike and such motions are "usually denied." *PNC Bank v. Craggs Constr. Co.*, No. 5:16-CV-398-OC-30PRL, 2016 WL 6493908, at *1 (M.D. Fla. Nov. 2, 2016) (Moody, J.). In addition to being the type of motion that district courts unequivocally disfavor, Plaintiff's motion seeks to strike defenses that the Court (and the parties) may construe as specific denials. This is because "[a] defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense. However, when a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and the proper remedy is not to strike the defense but to treat it as a specific denial." *Iberiabank v. Daer Holdings, LLC*, No. 8:12-CV-2872-T-30MAP, 2013 WL 980604, at *1 (M.D. Fla. Mar. 13, 2013) (Moody, J.) (internal citations omitted).

As this Court has done numerous times before, it construes Defendants' affirmative defenses as denials, so there is no basis to "strike" them. If the Court were to entertain Plaintiff's motion to strike any further, the Court would be flooded with frivolous motions that focus on nominal issues. The defenses provide adequate notice. Plaintiff may explore them further through discovery. The defenses are certainly not prejudicial to Plaintiff. Moreover, they are not so insufficient as to warrant the extreme remedy of striking them.

It is therefore **ORDERED and ADJUDGED** that:

1. Plaintiff's Motion for an Extension of Time (Dkt. 52) is granted.

2. Plaintiff's Motion to Strike Affirmative Defenses (Dkt. 51) is denied.

**DONE** and **ORDERED** in Tampa, Florida, this March 26, 2025.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record