# Bolger, Kate

| | |
|---|---|
| From: | Bolger, Kate |
| Sent: | Friday, March 28, 2025 6:03 PM |
| To: | Larry Klayman; Rachel E. Fugate |
| Cc: | Oliver Peer; Larry Klayman |
| Subject: | Re: Loomer - Confidentiality Stipulation |

Mr. Klayman,

Defendants fail to understand how agreeing to a standard confidentiality agreement will "cause multiple motions, hearings, loss of time and expense and burden the court." Indeed, confidentiality stipulations are routine in litigation and serve the interests of all parties equally. Our magistrate judge, Philip Lammens, specifically notes in his local rules and preferences that "parties are free to enter into private confidentiality agreements." *See* Preferences, https://www.flmd.uscourts.gov/judges/philip-lammens. The agreement that I sent you proposes two optional confidentiality designations that are limited in scope and meant solely to protect proprietary, personal or otherwise sensitive non-public information. These standards are consistent with the Federal Rules and are routinely implemented in litigation involving sophisticated parties and businesses.

In any event, even if you are prepared to proceed without documents in the absence of a confidentiality stipulation, will you agree to the standard practice of temporarily designating Mr. Maher's deposition as confidential for a period of 30 days following the deposition to allow Defendants time to review the transcript and determine what, if anything, needs to be kept confidential? As you know, that is standard in litigation to ensure that sensitive personal or commercial information is not made public. *See, e.g.*, *Dep't of Children & Family Servs. v. Patterson*, 925 So. 2d 337, 339 (Fla. 2d DCA 2005) ("Once the protected information is divulged in the deposition, without a confidentiality safeguard in place there is no way further disclosure can be avoided."). We would obviously agree to the same stipulation for Ms. Loomer's deposition. Please let me know whether you agree. Otherwise, we will be forced to seek relief from the court.

Regards,

Kate Bolger


Get Outlook for iOS

---

**From:** Larry Klayman <leklayman@gmail.com>
**Sent:** Friday, March 28, 2025 1:12 PM
**To:** Bolger, Kate <KateBolger@dwt.com>
**Cc:** Oliver Peer <oliverpeerfw@gmail.com>; Larry Klayman <leklayman@gmail.com>
**Subject:** Re: Loomer - Confidentiality Stipulation

[EXTERNAL]

---

Ms. Bolger:

There is nothing confidential about this straightforward case.

The confidential protective order you propose will also compound the time and expense of this litigation. It will in effect cause multiple motions, hearings, loss of time and expense and burden the court.

Ms. Loomer will proceed without the documents at this time.

See you on April 4 at the noticed place and time for Mr. Maher's deposition.

Sincerely,

Larry Klayman, Esq.


On Fri, Mar 28, 2025 at 8:42 AM Bolger, Kate <KateBolger@dwt.com> wrote:

Dear Mr. Klayman,

We have a production of documents responsive to your requests ready to be produced to you today. But, as I have repeatedly said, we need a confidentiality agreement in place before we can proceed. It is a standard practice to have a confidentiality agreement or protective order in place for any litigation, which serves the interest of all parties involved. The draft agreement we proposed on February 27 is pro forma and protects both parties equally. I am reattaching it to this email. We are happy to consider any edits you might have. Please let us know your comments (if any) as soon as possible so we can proceed with production and with Mr. Maher's deposition next week.

Also, as a reminder, we are expecting your client's first production on April 14.

Kate Bolger