UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION

---------------------------------------------------------------------------------- x
LAURA LOOMER,                                   :
                                                :
                    *Plaintiff*,                :
                                                :   Case No.: 5:24-cv-00625-JSM-PRL
            - against -                         :
                                                :
BILL MAHER and HOME BOX OFFICE,                 :
INC.,                                           :
                                                :
                    *Defendants.*               :
                                                :
---------------------------------------------------------------------------------- x

### DEFENDANTS' MOTION TO SEAL
### AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Pursuant to Local Rule 1.11(b), Defendants Home Box Office, Inc. ("HBO") and Bill Maher respectfully move the Court for an Order granting them leave to file under seal 1) two Exhibits submitted in support of their Time Sensitive Motion for a Protective Order Designating the Video Deposition of Bill Maher and Portions of the Transcript as Confidential ("Motion") (the "Exhibits"), and 2) an unredacted version of the Motion, which has been filed, with redactions, on the public docket. *See* ECF Nos. 57, 57-1, 57-2.

This motion to seal relates to Defendants' motion for a protective order to preclude Plaintiff from distributing the video and transcripts of the deposition of Bill Maher, *see* Exhibits A and B, and the unredacted portions of the Motion that discuss the contents of those Exhibits. Both Plaintiff and her client have sought to raise money off of their promise to release the video tape of the deposition, and used the deposition as a way to harass Mr. Maher in service of an inappropriate

1

publicity stunt and to further their social media agendas in a manner wholly unconnected to this litigation. Defendants cannot know what Plaintiff and her counsel intend to do with these videos and transcripts, and are concerned not only that they are being used in a manner inconsistent with the Federal Rules and governing case law, but also that there may be a motive of affecting local jury pool perceptions through edited and editorialized publications of the deposition.

Defendants therefore respectfully request that the Court enter a sealing order designating the video and portions of the transcript of the deposition Confidential, at least until such time as the Court rules on their motion for a Protective Order, such that this litigation can proceed in the ordinary course and not descend into public spectacle.

## **ARGUMENT**

This Court should seal the exhibits and the redacted version of the Motion. "A party can justify a document being sealed by showing good cause." *Usry v. Equity Experts.org, LLC,* 2020 WL 9127714, at *1 (S.D. Ga. Apr. 13, 2020) (citing *Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1246 (11th Cir. 2007)). In determining whether information should be sealed, courts "consider the nature and character of the information and balance the public's right of access against a party's interest in confidentiality." *Whertec, Inc. v. Salmon,* 2021 WL 3773427, at *1 (M.D. Fla. Aug. 25, 2021) (citing *Perez-Guerrero v. U.S. Att'y Gen.,* 717 F.3d 1224, 1235 (11th Cir. 2013)). In determining the existence of good cause, courts consider "[w]hether allowing access would impair court functions or harm

legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing documents." *Romero,* 480 F.3d at 1246; *see also Nguyen v. Raymond James & Assocs., Inc.*, 2022 WL 61198 at *4 (M.D. Fla. Jan. 6, 2022) ("good cause is established by showing that a disclosure 'will cause a clearly defined and serious injury'") (citation omitted).[1]

  Here, Defendants seek to file under seal three documents: an unredacted version of transcript of the Deposition (Exhibit A), a version of the transcript with highlighting indicating proposed redactions (Exhibit B), and an unredacted version of the Motion with highlighting indicating which portions have been

---

[1] Additionally, courts seal documents indefinitely upon a showing that continued sealing is warranted. *See, e.g.*, *Sesame Workshop v. SeaWorld Parks & Ent., Inc.*, 2025 WL 57546, at *1 (M.D. Fla. Jan. 9, 2025) (sealing indefinitely parties' confidential and proprietary business information). Other courts have ordered that at the end of the litigation, the sealed documents shall be destroyed or retrieved by counsel. *See, e.g.*, *Zesty Paws LLC v. Nutramax Lab'ys, Inc.*, 2024 WL 4769684, at *3 (M.D. Fla. Nov. 13, 2024) (granting motion to seal confidential settlement agreement and directing counsel to "retrieve the sealed item at the conclusion of this litigation"); *S.M. v. 4201 Orlando, Inc.*, 2024 WL 1703934, at *2 (M.D. Fla. Apr. 19, 2024) (granting motion to seal document containing plaintiff's identifying information and ordering: "The seal shall remain in place until resolution of this matter, including any appeals, at which time the sealed filing should be destroyed").

redacted in the publicly filed version (*see* ECF No 57).[2] The transcripts reveal Mr. Maher's confidential salary; discuss alleged prior, unrelated litigation; disclose the identities of Mr. Maher's business and professional managers; and contain intrusive, harassing, and irrelevant questions and answers regarding, among other topics, Mr. Maher's private life, religious beliefs, and attitudes. The unredacted Motion quotes from those same intrusive and harassing questions and answers. Good cause exists to maintain these documents under seal, for several reasons.

*First*, the Exhibits and the unredacted Motion that discuss them are discovery material, i.e., deposition transcripts and a memorandum of law quoting those transcripts. There is no public right to access these materials. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) ("[M]aterial filed with discovery motions is not subject to the common-law right of access."); *Romero*, 480 F.3d at 1246 (recognizing "[d]ecisions less central to merits resolutions implicate lesser right-to-access considerations"); *Hausburg v. McDonough*, 2023 WL 2432322, at *1 (M.D. Fla. Mar. 9, 2023) ("Discovery materials are presumptively confidential."). Keeping them under seal would not, therefore, harm court processes in any way.

*Second,* the Exhibits and the redacted portion of the Motion contain information about Mr. Maher's salary, which is the kind of confidential business

---

[2] Defendants have also publicly filed several social media posts, press releases, and emails in support of the Motion, which Defendants do not seek to seal. *See* Exs. C-N.

4

record courts routinely keep under seal. *See Rowland v. Bozarth*, 2022 WL 509902, at *2 (N.D. Fla. Jan. 19, 2022) (granting protective order treating "salary/compensation information" as confidential); *Barkley v. Pizza Hut of Am., Inc.*, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (finding good cause to seal deposition transcript containing "confidential information regarding Defendant's business operations as well as confidential and competitively sensitive information"). During the Deposition, counsel for Plaintiff agreed that the line of questioning regarding Mr. Maher's salary would be kept confidential, *see* Ex. A at 207:16-17, but given Plaintiff and her counsel's public posturing on and since that day, Defendants have no confidence that this agreement will be honored.

*Third*, the transcript contains the identity of unrelated third parties, specifically, Mr. Maher's business manager and his talent manager. The names of these individuals should be kept sealed, as they are nonparties whose privacy interests greatly outweigh the minimal, if any, public interest in access to the transcript. *See Nielson Consumer LLC v. Circana Grp., L.P.*, 2024 WL 3887152, at *4 (S.D.N.Y. Aug. 20, 2024) (granting protective order treating identities of certain non-parties as confidential); *see also NXP B.V. v. Research In Motion, Ltd.*, 2013 WL 4402833, at *2 (M.D. Fla. Aug. 15, 2013) (granting motion to seal in deference to "non-party's legitimate and private interests"); *Romero,* 480 F.3d at 1246.[3]

---

[3] Counsel for Defendants has notified the individuals named of both their inclusion in the transcript and this motion to keep their names under seal. Both individuals consent to this motion to seal.

5

*Fourth*, the reference to alleged prior, unrelated litigation allegedly involving Mr. Maher should be kept sealed. *See, e.g.*, *Casperson v. Oring*, 2019 WL 13216565, at *1 (D.N.J. Dec. 13, 2019) (granting motion to seal records of "prior unrelated litigation"). Any such litigation has no bearing on this action, and the disclosure of counsel for Plaintiff's questions regarding its existence—which sought to cast the litigation in a salacious light, *see* Ex. A at 30:15-32:7—will only serve to embarrass Mr. Maher. *See generally* Fed. R. Civ. P. 26(c) (holding that a court may keep information confidential to protect parties from "embarrassment").

*Fourth*, counsel for Plaintiff's intrusive, harassing, and entirely irrelevant questions regarding Mr. Klayman's baseless characterizations of Mr. Maher's private life, religious beliefs, and attitude toward women (among other topics) should be kept under seal. Courts routinely seal transcripts for that very reason. *See ZeniMax Media, Inc. v. Oculus VR, LLC*, 2016 WL 11430477, at *2 (N.D. Tex. June 2, 2016) (declining to publicly release transcript of deposition to avoid "subject[ing] [well-known deponent] to any embarrassment or annoyance associated with public scrutiny of the deposition materials in a case that has garnered media attention when there is no need to give the public access to these discovery materials"); *Stern v. Cosby,* 529 F. Supp. 2d 417, 422-23 (S.D.N.Y.2007) (keeping video and transcript of deposition confidential to avoid subjecting defendant to "annoyance, embarrassment, oppression, or undue burden or expense" and to avoid snippets of deposition being used as 'sound-bites' on the evening news or sports shows, or, even worse, on 'celebrity gossip' talk shows.").

6

And here, as established in the Motion, Plaintiff and her counsel have made clear their intent to distribute the video not just to embarrass Mr. Maher but also raise money by its distribution. *See* ECF No 57 at 3, 7—11. For this reason alone, the motion should be sealed.

*Finally*, Defendants are not seeking to have the entire transcript permanently sealed. *See* Local Rule 1.11(b)(3) (requiring parties to note whether redactions would be a satisfactory alternative to wholesale sealing); *see also Romero,* 480 F.3d at 1246. As the proposed redactions contained in Exhibit B and the Motion demonstrate, Defendants have no issue disclosing relevant, non-harassing, non-confidential material from the Deposition, all of which can be publicly filed now so long as it is in support of the claims and defenses in this litigation and not for non-litigation purposes. The relief requested by Defendants is narrowly tailored, further establishing good cause for sealing.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant this Motion as to Exhibit A to the Motion and to the limited portions of Exhibit B and the Motion itself redacted by Defendants. Defendants do not seek to seal any tangible items.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendants certifies that Defendants have conferred via email with counsel for Plaintiff, who opposes the relief sought in this motion.

7

## **LOCAL RULE 1.11(B)(7) CERTIFICATION**

Counsel for Defendants certifies that, on April 18, 2025, Defendants caused to be served a true and correct copy of this Motion to Seal via electronic mail on Mr. Maher's business manager and his talent manager, both nonparties whose names Defendants are seeking to keep confidential and who Defendants therefore are not publicly identifying here. Both have consented to this sealing motion and will not be filing a separate memorandum under Rule 1.11(c).

Dated: April 18, 2025

Respectfully submitted,

*/s/ Rachel E. Fugate*

Rachel E. Fugate (Bar No. 144029)
Yelan Escalona (Bar No. 1031564)
Shullman Fugate PLLC
100 South Ashley Drive, Suite 600
Tampa, FL 33602
Tel: (561) 429-3619
rfugate@shullmanfugate.com
yescalona@shullmanfugate.com

Katherine M. Bolger (*pro hac vice*)
Alexandra Perloff-Giles (*pro hac vice*)
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 489-8230
katebolger@dwt.com
alexandraperloffgiles@dwt.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of April 2025 that the documents attached to this Motion and electronically filed under seal, including a copy of the Notice of Electronic Filng, were served via electronic mail and U.S. Mail upon:

KLAYMAN LAW GROUP P.A.
Larry Klayman
7050 W. Palmetto Park Rd.
Boca Raton, FL 33433
Tel.: (561) 558-5536
Email: leklayman@gmail.com
Counsel for Plaintiff Laura Loomer

                                                  */s/ Rachel E. Fugate*
                                                  Rachel E. Fugate