UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION

---

LAURA LOOMER,

     *Plaintiff*,

- against -

BILL MAHER and HOME BOX OFFICE, INC.,

     *Defendants*.

Case No.: 5:24-cv-00625-JSM-PRL

---

### DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR A PROTECTIVE ORDER

 Pursuant to Local Rule 3.01(d), Defendants Bill Maher and Home Box Office, Inc. hereby seek leave to file a seven-page reply brief in support of their Motion for a Protective Order, ECF No. 57, to be due one week after the Court decides this request.

 Plaintiff's response to Defendants' motion only proves the need for the protective order. She acknowledges that she intends to publicize and raise money off the video of Mr. Maher's deposition, arguing that her exploitation of the litigation process to ask vexatious questions, ECF No. 58, Ex. C at 12-14, and then monetize the exchange is somehow protected by the First Amendment (while Mr. Maher's joking commentary about the President of the United States and someone "very close" to him is not). *See* ECF No. 63 at 10-11 (admitting Ms. Loomer would "make the video public" and arguing that "any restriction on that right would implicate her First Amendment constitutional rights"); *see also*

1

@LauraLoomer (Apr. 17, 2025), https://x.com/LauraLoomer/status/1912987128004514295 (seeking donations based on this confidentiality dispute).

Defendants seek a reply to clarify several points. First, Plaintiff misstates First Amendment right of access law, conflating the rules regarding the confidentiality of discovery materials with the sealing standard for documents filed in connection with substantive motions. Discovery materials not tethered to any substantive motion are not entitled to any presumption of public access. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32-34 (1984) (depositions "were not open to the public at common law); *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (holding that discovery materials "are not 'judicial records'" and affirming denial of public access); *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (same); *see also Gannett Co. v. DePasquale*, 433 U.S. 368, 396 (1979) (Burger, C.J., concurring) ("[I]t has never occurred to anyone, so far as I am aware, that a pretrial deposition . . . w[as] other than wholly private to the litigants."). Plaintiff's own case underscores this rule. *See, e.g., Chi. Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1312 (11th Cir. 2001) (cited in ECF No. 63 at 7) ("no common-law right of access" to discovery materials, which "are neither public documents nor judicial records").

Second, Plaintiff ignores the distinction courts have drawn between the transcript and the video. *See* ECF No. 57 at 20-21. Defendants do not seek to "prevent the public disclosure of Defendant Maher's deposition" entirely, ECF No. 63 at 3, but only to prevent the public disclosure of the video on the grounds

2

that it will concededly be used for non-litigation purposes (as well as to redact limited portions of the transcript to which Plaintiff seemingly does not object).

Third, Plaintiff misstates the facts, contending that Defendants seek a "blanket confidentiality agreement." ECF No. 63 at 6. Defendants proposed a standard protective order, allowing both parties to designate certain items as confidential,[1] and, for two-and-a-half months, have invited Plaintiff to propose redlines reflecting the terms they would agree to (which they have refused to do).

For these reasons, Defendants respectfully request leave to file a seven-page reply memorandum in support of their Motion for a Protective Order.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendants certify that they conferred on May 8, 2025 with counsel for Plaintiff. Counsel for Plaintiff consents to the motion.

Respectfully submitted,

*/s/ Rachel E. Fugate*

Rachel E. Fugate (FL Bar No. 144029)
Yelan Escalona (FL Bar No. 1031564)
Shullman Fugate PLLC
100 South Ashley Drive, Suite 600
Tampa, FL 33602
Tel: (561) 429-3619
rfugate@shullmanfugate.com
yescalona@shullmanfugate.com

Katherine M. Bolger (*pro hac vice*)
Alexandra Perloff-Giles (*pro hac vice*)
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 489-8230
katebolger@dwt.com
alexandraperloffgiles@dwt.com

---

[1] Notably, although she refuses to negotiate a protective order, Plaintiff also believes that some documents should be confidential: she has not produced any documents to date, but stated that she would only produce her tax returns subject to an agreement by Defendants to keep them confidential. Defendants of course agreed to do so.