IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF

| | |
|---|---|
| LAURA LOOMER<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>BILL MAHER et al<br><br>　　　　　　　　　Defendants. | **Case No: 5:24-cv-00625-JSM-PRL** |

**CONSENT MOTION FOR LEAVE TO FILE SURREPLY AND MOTION FOR SANCTIONS**

　　Plaintiff Laura Loomer ("Plaintiff") moves for leave to file a surreply to (1) Defendants' Motion for a Protective Order Designating the Video Deposition of Bill Maher and Portions of the Transcript as Confidential and directing that the Deposition be Used Only for Purposes of the Litigation (the "Motion for Protective Order") [ECF No. 57], and (2) Defendants' Motion to Seal [ECF No. 58] (the "Discovery Motions") and for sanctions.

　　Yesterday, May 8, 2025, counsel for Defendants Kate Bolger ("Ms. Bolger") asked counsel for Plaintiff for consent to file a reply with regard to the Discovery Motions. Plaintiff's counsel responded that he would agree to this reply, but only on the condition that Defendants' counsel also consent to a Plaintiff's filing a surreply. The reason for this is that there has been a history of Defendants' counsel misrepresenting facts and the law in this case and in other cases where Plaintiff's counsel had litigated against Ms. Bolger's firm, Davis Wright Tremaine.

Sure enough, when the Motion for Leave to File Reply brief in Further Support of a Motion for a Protective Order ("Reply Motion"), ECF No. 64, was filed by Ms. Bolger, it made a misrepresentation by materially omitting the condition for consent for Plaintiff to file a surreply. Counsel for Plaintiff immediately put Ms. Bolger on notice to correct this misstatement and material omission but she has failed to do so, and only sent an email almost day later telling Plaintiff's counsel that he could so advise the Court if he wished.

As an out of state pro hac vice attorney in particular, Ms. Bolger had a duty to correct the record and Plaintiff's counsel has put her on notice of this. *See* Exhibit 1.

In addition, Ms. Bolger's Reply Motion contains misstatements substantively as well as with regard to facts and case law which Plaintiff's counsel will not belabor here. However, the representation that Plaintiff is using discovery for fundraising is both defensive and frankly a cheap shot. Plaintiff has been severely harmed by the actions of Defendants Maher and HBO and is financially very limited as a result. Plaintiff is not a billion dollar corporation or high-priced political pundit like Defendants HBO and Maher respectively. There is nothing wrong with Plaintiff requesting that her supporters help with the significant costs of this litigation, as the one deposition of Defendant Maher alone cost over $12,000 after factoring in travel, transcription and video costs.

There are also other citations in Ms. Bolger's Reply Motion which will need to be corrected in a surreply should the Court grant it, as consented to but not disclosed by Ms. Bolger.  Further, Defendants counsel should be sanctioned

with an admonishment and an award of attorney's fees and costs by this honorable Court for this type of conduct in order that it does not occur again, as it has become chronic in this case.

Dated: May 9, 2025             Respectfully Submitted,

By: /s/ Larry Klayman
Larry Klayman, Esq.
Florida Bar No.: 246220
Klayman Law Group P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: 561-558-5536
leklayman@gmail.com

*Counsel for Plaintiff Laura Loomer*

## CERTIFICATE OF SERVICE

I, Larry Klayman, hereby certify that on this day, May 9, 2025 the foregoing document is being served this day on all counsel of record through the Court's eservice procedures.

/s/ Larry Klayman

# EXHIBIT 1

 Gmail                                                                Oliver Peer <oliver.peerfw@gmail.com>

## Loomer - Reply to motion for confidentiality order
6 messages

**Bolger, Kate** <KateBolger@dwt.com>                                          Thu, May 8, 2025 at 12:25 PM
To: Larry Klayman <leklayman@gmail.com>, Oliver Peer <oliver.peerfw@gmail.com>
Cc: "Rachel E. Fugate" <rfugate@shullmanfugate.com>

Mr. Klayman

Defendants seek a reply on their motion to keep the Maher video and portions of the transcript confidential.
Do you consent?
We would like to file today.

Thank you

Kate Bolger

    **Kate Bolger**
        **Partner |** Davis Wright Tremaine LLP

        **P** 212.402.4068   **E** katebolger@dwt.com
        **A** 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104

        **DWT.COM**

**Larry Klayman** <leklayman@gmail.com>                                         Thu, May 8, 2025 at 1:30 PM
To: "Bolger, Kate" <KateBolger@dwt.com>
Cc: Oliver Peer <oliver.peerfw@gmail.com>, "Rachel E. Fugate" <rfugate@shullmanfugate.com>

We will agree if you agree to a surreply

Larry Klayman

On Thu, May 8, 2025, 12:25 PM Bolger, Kate <KateBolger@dwt.com> wrote:

> Mr. Klayman
>
> Defendants seek a reply on their motion to keep the Maher video and portions of the transcript
> confidential. Do you consent?
> We would like to file today.
>
> Thank you
>
> Kate Bolger


**Kate Bolger**
Partner | Davis Wright Tremaine LLP

P 212.402.4068   E katebolger@dwt.com
A 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104

DWT.COM

**2 attachments**


image001.png
2K

image003.png
1K

---

**Larry Klayman** <leklayman@gmail.com>                               Thu, May 8, 2025 at 1:39 PM
To: "Bolger, Kate" <KateBolger@dwt.com>
Cc: Oliver Peer <oliver.peerfw@gmail.com>, "Rachel E. Fugate" <rfugate@shullmanfugate.com>

This is our condition given you and your firm's history of misciting facts and the law.

Otherwise we would oppose if you do not agree to a surreply

Larry Klayman
Counsel for Ms. Loomer

> On Thu, May 8, 2025, 1:30 PM Larry Klayman <leklayman@gmail.com> wrote:
> We will agree if you agree to a surreply
>
> Larry Klayman
>
>> On Thu, May 8, 2025, 12:25 PM Bolger, Kate <KateBolger@dwt.com> wrote:
>> Mr. Klayman
>>
>> Defendants seek a reply on their motion to keep the Maher video and portions of the transcript confidential. Do you consent?
>> We would like to file today.
>>
>> Thank you
>>
>> Kate Bolger

 **Oliver Peer <oliver.peerfw@gmail.com>**

## Loomer - M&C re: Defendants' Requests for Production and Interrogatories

**Larry Klayman** <leklayman@gmail.com>  Thu, May 8, 2025 at 3:32 PM
To: "Bolger, Kate" <KateBolger@dwt.com>
Cc: "Rachel E. Fugate" <rfugate@shullmanfugate.com>, Oliver Peer <oliver.peerfw@gmail.com>

This mistates many of my positions and the meet and confer of yesterday was not concluded as a result of the disrespect toward me and Ms. Loomer shown by your associate and you,  I am traveling today and will respond tomorrow,

In addition you just falsely stated that I consented to you and defendants filing a reply with regard to the Maher deposition motions. This must be immediately corrected with the court by attaching my emails of this afternoon, which I sent from the airport.  We did not consent absent your consent that we could file a surreply. Otherwise I told you that we would oppose given your history of misrepresenting facts and the law for which we otherwise would not have a chance to respond.

What is set forth in the first paragraph of this email is just one of many examples of your lack of candor to this tribunal to put it most diplomatically.

Larry Klayman, Esq.
Counsel for Ms. Loomer

Please file a correction with court immediately and attach the above referenced emails.

Larry Klaymans
[Quoted text hidden]

 **Oliver Peer <oliver.peerfw@gmail.com>**

## Loomer - M&C re: Defendants' Requests for Production and Interrogatories

**Bolger, Kate** <KateBolger@dwt.com>  Fri, May 9, 2025 at 8:41 AM
To: Larry Klayman <leklayman@gmail.com>
Cc: "Rachel E. Fugate" <rfugate@shullmanfugate.com>, Oliver Peer <oliver.peerfw@gmail.com>

Mr. Klayman,

We certainly did not intend to misrepresent your position. We understood that you consented on the condition that we also consent to your filing a surreply. We accept that condition and consent to your filing a surreply, and you may so indicate in your motion for leave to file a surreply.

Best,

Kate Bolger

**Kate Bolger**
**Partner,** Davis Wright Tremaine LLP

**P** 212.402.4068   **E** katebolger@dwt.com
**A** 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104

**DWT.COM**

**From:** Larry Klayman <leklayman@gmail.com>
**Sent:** Thursday, May 8, 2025 6:32 PM
**To:** Bolger, Kate <KateBolger@dwt.com>
**Cc:** Rachel E. Fugate <rfugate@shullmanfugate.com>; Oliver Peer <oliver.peerfw@gmail.com>
**Subject:** Re: Loomer - M&C re: Defendants' Requests for Production and Interrogatories

[EXTERNAL]

[Quoted text hidden]
[Quoted text hidden]

 **Oliver Peer <oliver.peerfw@gmail.com>**

## Loomer - M&C re: Defendants' Requests for Production and Interrogatories

**Larry Klayman** <leklayman@gmail.com>　　　　　　　　　　　　　　　　　　　　Fri, May 9, 2025 at 8:54 AM
To: "Bolger, Kate" <KateBolger@dwt.com>
Cc: "Rachel E. Fugate" <rfugate@shullmanfugate.com>, Oliver Peer <oliver.peerfw@gmail.com>

Ms. Bolger:

Your misreprentation was not inadvertent and this type of thing has happened before.

You were asked to correct this yesterday afternoon with the court. You waited a day and failed to do this in any event, obviously hoping the court would grant you a reply in the interim.

As pro hac vice out of state officer of the court in particular you have a duty to yourself correct the misrepresentation. I suggest you finally do it now without further delay.

Larry Klayman, Esq.
Counsel for Ms. Loomer

[Quoted text hidden]