IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| LAURA LOOMER<br><br>          Plaintiff,<br>v.<br><br>BILL MAHER et al<br><br>          Defendants. | Case No: 5:24-cv-00625-JSM-PRL |

## PLAINTIFF'S MOTION TO COMPEL AND FOR ATTORNEY'S FEES AND COSTS

Plaintiff Laura Loomer ("Plaintiff") hereby moves to for an order (1) compelling Defendants to produce <u>ALL</u> documents—whether confidential or not—in response to Plaintiff's Request for Production of Documents, (2) for an order allowing Plaintiff to continue the depositions of Defendant Bill Maher ("Maher") and the corporate representative of Home Box Office, Inc. ("HBO") after documents have been produced and (3) for attorney's fees and costs associated with Plaintiff regrettably having had to bring this motion before the Court.

## STATEMENT OF RELEVANT FACTS

On January 30, 2025, Plaintiff served upon the Defendants Plaintiff's First Request for Production of Documents. ECF No. 41 ("Document Requests"). To date, now nearly four (4) months later, Defendants have failed to submit responses to Plaintiff's Document Requests and **have failed to produce a single document**. Clearly, had the Defendants been operating in good faith, they would have identified at least one (1) document in the past four (4) months which is not confidential, but they have failed to do so, evidencing their true intention to hide

1

behind a proposed overly-broad, unjustified blanket "Confidentiality Agreement" to designate every single document as confidential in order to necessitate bogging the Court down with unnecessary motions to run up costs and waste time—a common tactic used by large law firms such as Davis Wright Tremaine ("DWT") against individual plaintiffs such as Ms. Laura Loomer and smaller practitioners such as the undersigned counsel.

Plaintiff has, from the very outset, refused to agree to the Defendants' proposed overly broad, unjustified blanket "Confidentiality Agreement," and instead proposed that any documents which the parties claim to be confidential be handled on a document-by-document basis, given that this case is nothing more than a simple defamation case without much, if any, confidential information being disclosed. Evidencing Plaintiff's good faith, Plaintiff has responded to Defendants' Request for Production of Documents and has submitted one hundred and fifty eight (158) pages of responsive documents, including confidential personal financial information of Plaintiff.

Defendants, however, steadfastly resisted producing any documents, resulting in Plaintiff and her counsel having been forced to depose Defendant Maher and HBO's corporate representative without the benefit of having a document production. On the other hand, when Defendants depose Plaintiff on June 4, 2025, they will have the benefit of the one hundred and fifty eight (158) pages of responsive documents produced, including confidential personal financial information of Plaintiff. This will result in a clear prejudice to Plaintiff if left unremedied.

Finally, on May 21, 2025, Defendants conceded that no blanket "Confidentiality Agreement" was necessary—albeit again, after Plaintiff had already deposed Defendant Maher and HBO—and agreed that confidential documents could be decided on a document-by-document basis, which is what Plaintiff had proposed from the very beginning. This concession also basically equates to an admission that no blanket Protective Order is justified in this case, as Plaintiff has already argued in her Response in Opposition to (1) Defendants' Motion for a Protective Order Designating the Video Deposition of Bill Maher and Portions of the Transcript as Confidential and directing that the Deposition be Used Only for Purposes of the Litigation and (2) Defendants' Motion to Seal, ECF No. 63, and which Plaintiff will further develop in her related surreply on May 23, 2025.

Defendants however have tactically attached unacceptable conditions to their concession that confidential documents could be handled on a document-by-document basis and used this as a continued excuse why they will not be producing confidential documents when they purportedly finally produce documents by this week, nearly four (4) months later. This is, of course, still an unacceptable flouting of the discovery process, where Plaintiff has, again, already turned over her confidential financial information to Defendants in discovery.

## **LEGAL DISCUSSION**

As set forth herein, Defendants must be (1) ordered to produce <u>ALL</u> documents—whether confidential or not—in response to Plaintiff's Request for Production of Documents, (2) ordered to allowing Plaintiff to continue the depositions of Defendant Maher and the corporate representative of HBO after documents have been produced. Plaintiff did not use the allotted 7 hours at the initial depositions in any event, and there is much time left on the clock to complete the depositions once documents are produced.

*First*, this is not a complicated case. It is not an antitrust, tax or securities case for instance. It does not involve trade secrets, business transactions, or other potentially sensitive topics or matters. This is a simple, non-complex defamation case. This is why, from the very beginning, Plaintiff had proposed addressing any alleged confidential documents on a document-by-document basis, as this was the only reasonable and rational course of argument in a case like this where there will not be many, if any, truly confidential documents involved. An overly-broad blanket "Confidentiality Agreement" never made any sense under the facts of this case and would have simply run up the costs of litigation by involving this Court in endless motions practice over non-meritorious confidentiality claims.

*Second*, Plaintiff has responded to Defendants' discovery requests and produced one hundred and fifty-eight (158) pages of responsive documentation including confidential financial information, which negates any possible justification that Defendants continue to try to assert in refusing to produce

confidential documents despite now conceding that a blanket "Confidentiality Agreement" is not necessary.

*Third*, Plaintiff will suffer a severe prejudice if her deposition by the Defendants is allowed to occur after her having produced one hundred and fifty-eight (158) pages of responsive documentation and Defendants having refused to produce any documentation until after the depositions had occurred. Defendant Maher's deposition only lasted less than five (5) hours and the deposition of HBO's corporate representative only lasted slightly over three (3) hours. Generally, under Federal Rule of Civil Procedure 30(d), seven (7) hours is permitted for a deposition: "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Thus, Plaintiff respectfully requests that, at a minimum, Defendants be ordered to continue the depositions after documents have been produced for a total length of seven (7) hours.

*Finally*, Defendants have proven to be highly hypocritical in seeking to litigate this case in secret after having broadcast and published to over one million people[1] worldwide the outright lie that Plaintiff had "fucked" President Trump[2]. This is a case that garners the public's interest, but it is not Plaintiff who is to blame for this. It is Defendants who chose to very publicly make false

---

[1] https://www.adweek.com/tvnewser/saturday-april-12-evening-cable-news-ratings-cnn-gets-real-boost-from-bill-maher/

[2] Having as much as is appropriate on the public record will allow for Plaintiff to mitigate her damages, particularly since Defendants Maher and HBO refused to retract the defamatory statements and have Plaintiff on Real Time to deny having sex with President Trump -- after Defendants received notice pursuant to Fla. Stat. § 770.01 of the defamatory per se statements. Am. Comp. ¶ 33

statements of fact of and concerning Plaintiff to millions of people. This defamation per se has caused extreme damage and indeed for defamation per se, which this Court has ruled was properly alleged, damage is presumed.

WHEREFORE, based on the foregoing, Defendants must be ordered to respond to <u>all</u> outstanding discovery and produce any and all responsive documents, including confidential ones – which will be kept confidential by agreement subject to court intervention if an agreement among the parties on a document by document to declassify cannot be reached -- without any further undue delay. Defendants must also be ordered to have their depositions continue after documents have been produced. Plaintiff also respectfully requests attorneys fees and costs for having to bring this matter before the Court, which could have been avoided had the Defendants' operated in good faith. Regrettably, however, Defendants have chosen not to do so.

The parties have met and conferred and Defendants do not consent to this motion.

Dated:     May 22, 2025            Respectfully Submitted,

By: /s/ Larry Klayman
Larry Klayman, Esq.
Klayman Law Group P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
leklayman@gmail.com

*Counsel for Plaintiff*

6