IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LAURA LOOMER

                Plaintiff,

v.

BILL MAHER et al

                Defendants.

Case No: 5:24-cv-00625-JSM-PRL

### PLAINTIFF'S SURREPLY TO MOTION FOR A PROTECTIVE ORDER

Put simply, it is high time that counsel for Defendants start telling the truth to this Court. Their Reply is rife with mischaracterizations of the facts and law, if not outright falsehoods, that must be corrected. Furthermore, the Reply contains few, if any, new cases that were not already discussed in their original motions and thus, they misled the Court in moving for a Reply and what has resulted is simply a disingenuous attempt to get another "bite of the apple" and to take cheap shots and make *ad hominem* attacks on Plaintiff and her counsel. This is a continuation of the disrespectful conduct of Defendants' counsel that was exhibited at the deposition of Defendant Maher, as the video will reveal.

Importantly, however, is the fact the Defendants have been forced to effectively walk back their highly disingenuous "hail Mary" claims that this case warrants some type of blanket confidentiality/protective order as set forth in Plaintiff's Motion to Compel, ECF No. 71, and in their Reply brief itself, which again fails to show any good cause why Defendant Maher's deposition should be completely confidential for the litany of reasons set forth below.

1

*First,* in their Reply, Defendants once again remain bizarrely hyper-fixated on Plaintiff's social media presence and her fundraising efforts—which as set forth previously in Plaintiff's initial opposition brief, ECF No. 63—is completely allowable given that Plaintiff has never once disclosed any information that she is not permitted to, nor is there even any allegation by the Defendants in this regard. This is a fatally flawed argument by the Defendants because it is of no concern to Defendants how Plaintiff interacts with her social media audience or how she fundraises to pay her costs of litigation, so long as she is not impermissibly disclosing confidential information about this case—which again, there is not even an allegation that she has. And, the accusation that Plaintiff is "essentially selling" the video of Defendant Maher's deposition is more than offensive, completely false and a highly prejudicial lie that must be corrected. Plaintiff is not selling anything. Plaintiff is fundraising to cover the costs of this litigation, which was only necessitated because Defendant Maher, a Trump hater who supported Kamala Harris in the lead up to the 2024 presidential election, falsely published to their audience of millions[1] that she had "fucked" President Trump, and committed adultery behind the back of First Lady Melania Trump, which has severely impacted her financially and emotionally. And, Defendant Maher's deposition being available on the public record – and this is not a star chamber proceeding -- would help Plaintiff mitigate her damages, particularly since Defendant Maher refused retract his defamation per se and allow her on

---

[1] https://www.adweek.com/tvnewser/saturday-april-12-evening-cable-news-ratings-cnn-gets-real-boost-from-bill-maher/

Real Time to deny her relationship with President Trump after receiving notice pursuant to Fla. Stat. § 770.01 of his defamatory statements. <u>Exhibit 1</u>. Simply put, there is nothing wrong with Plaintiff's fundraising efforts to cover costs, so long as no confidential information is inappropriately revealed. Plaintiff has committed to—and remains committed to—following any and all orders and instruction from the Court in that regard. Thus, this is nothing more than a patently dishonest "red-herring" by the Defendants that must be rejected.

*Second*, Defendants once again fail to demonstrate good cause as to why Defendant Maher's video deposition should be sealed, and in fact, once again, they do not even attempt to do so, because they cannot with a straight face. "The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). "Where discovery materials are concerned, the constitutional right of access standard is identical to that of Rule 26(c) of the Federal Rules of Civil Procedure." *Id.* Accordingly, the party seeking protection must make a showing of "good cause" as to why the materials should be excluded from the constitutional right of access. *Id*. Defendants once again fail to demonstrate the requisite "good cause."

*Third*, it is simply not true that a video deposition or other discovery <u>must</u> be attached to a substantive motion before it can be accessibly placed on the public record of this honorable Court. This principle is set forth *Condit v. Dunne*, 225 F.R.D. 113 (S.D.N.Y. 2004), which aligns perfectly with the facts of this case.

3

*Condit* involved a motion for protective order brought by the Defendant, Dominick Dunne, a famous writer, journalist and producer who had made public comments about the "propriety of [Plaintiff Gary] Condit's service as a United States Congressman." *Id*. at 119. Dunne moved to keep his deposition video confidential, which the Court rejected despite the fact that the videotaped deposition was not attached to a substantive motion and thus not even a judicial record at the time. *Id*. at 118. In doing so, the *Condit* Court reasoned that the public should have access to Dunne's videotaped deposition before it was even attached to a substantive motion because (1) Dunne had publicly accused counsel for Plaintiff of "bullying" him during his deposition, and (2) that the "substantive issues in the litigation were of public concern." *Id*. at 119.

Importantly the reasoning of the *Condit* Court can be applied perfectly to the facts here. Like *Condit*, counsel for Defendants has, in public filings which are on the public docket, not just sought to validate and justify their defamation per se of Ms. Loomer, but also, to add insult to injury, falsely accused Plaintiff and her counsel of "harassing," and "attacking" Defendant Maher during his deposition, ECF No. 57 at 3, 12, and 14. Just as the *Condit* court reasoned that "…the videotape is of concern to "those monitoring the federal courts" because, coupled with the affidavit assertions, it implicates the reliability of discovery and seemliness of lawyers' deposition tactics," *id*. at 119, the same reasoning must be applied here. Defendants cannot publicly accuse the Plaintiff and her counsel of "harassing" conduct in Defendant Maher's deposition and then try to hide evidence of the falsity of their statement, particularly when the video of the

4

deposition will show the opposite; namely that Ms. Loomer and her counsel were treated with disrespect and harassed repeatedly by Defendants' counsel Ms. Bolger, who used speaking objections and other tactics to interfere in and obstruct the deposition at nearly every turn, signaling answers to Defendant Maher. Then, when called out, she often lodged insults and became hostile.

Furthermore, this case is one where "the substantive issues in this litigation are also of public concern." *Id*. In *Condit*, the Defendant made "public statements regarding a then-sitting public official. Those statements directly addressed the propriety of Condit's service as a United States Congressman." *Id*. The same applies here, where Defendants cynically used Ms. Loomer as a tool to attack President Trump by falsely stating that President Trump had committed adultery by "fucking" Ms. Loomer and committing adultery behind the back of First Lady Melania Trump, who Defendants implied he no longer has sleeps or had sex with. This is outrageous, disgusting and sick. Thus, just like in *Condit*, the substance of this case involves the public's interest and therefore must be accessible by the public. And, in any event, even if the Defendants' statement of law was correct—which it clearly is not—the video of Defendant Maher's deposition is highly relevant to pretrial discovery motions and other pleadings.

*Fourth*, Defendants' claim that video depositions should be afforded special treatment is unsupported by any bona fide precedent. For instance, *Stern v. Cosby*, 529 F. Supp. 2d 417 (S.D.N.Y. 2007) is a case from the U.S. District Court for the Southern District of New York where the judge specifically stated that he was applying "the Second Circuit's three-part analysis to the instant case." *Id*. at

5

421. Indeed, where there is not much, if any at all, confidential information disclosed in the deposition, as already conceded by the Defendants, then there should be no difference between whether the public has access to a deposition transcript or a deposition video. Similarly, the Defendants' reliance on *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) for the proposition that that "sole purpose of [discovery is to] assist[] in the preparation and trial . . . of litigated disputes," is unavailing here because the Court in *Seattle Times* was rendering its analysis under a framework where there was an actual need for confidentiality where documents at issue could cause physical harm and threats to members of Rhinehart's organizations if made public. *Id*. at 27. This concern does not exist here in a standard defamation case where there are no health and safety concerns involved and any alleged harm to Defendant Maher, given his highly offensive testimony, demeanor and sick low class conduct at the deposition is of his own doing. That in essence is Defendants' phony concern – mere embarrassment to Defendants - not that of Plaintiff or her counsel.

*Fifth*, the Defendants' argument that Plaintiff has conceded that portions of the deposition transcript that (1) reveal Defendant Maher's salary, (2) reveal the identities of Defendant Maher's business and professional managers, (3) other litigation involving Defendant Maher, and (4) what Defendants describe as "irrelevant, intrusive, and harassing questions and answers" are confidential is simply false. Plaintiff has agreed that Defendant Maher's financial information, and thus salary, is confidential. That is it. The identities of Defendant Maher's producers, as just one example, are hardly confidential.

The bottom line here is simple. Defendant Maher, while perhaps prominent in leftist Trump hating Hollywood circles, is afforded no special protected status under the eyes of the law. He is to be treated the same as any other litigant. Defendant Maher is a party to this case. He is not an outside witness. Defendants seem to believe it is acceptable to defame Ms. Loomer before millions of viewers, but to the contrary, now want this Court to protect them from public scrutiny for their acts. The bottom line is that Defendants have failed to articulate with the requisite specificity any plausible grounds to seal and/or hold confidential the entire video of Defendant Maher's deposition.

ACCORDINGLY, Defendants' Motion for Protective Order and Motion to Seal must be denied and attorneys fees and costs awarded to Plaintiff for having to defend this frivolous motion in an attempt to run up the cost of litigation to an individual Plaintiff, Ms. Loomer, who has been defamed per se and been severely financially and emotionally damaged.

Dated: May 23, 2025        Respectfully Submitted,

By: /s/ Larry Klayman
Larry Klayman, Esq.
Klayman Law Group P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
leklayman@gmail.com