UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION

---

LAURA LOOMER,

              *Plaintiff*,

    - against -

BILL MAHER and HOME BOX OFFICE, INC.,

              *Defendants*.

Case No.: 5:24-cv-00625-JSM-PRL

---

### DEFENDANTS' TIME SENSITIVE MOTION FOR AN ORDER REQUIRING PLAINTIFF TO USE THE DEPOSITION OF NINA ROSENSTEIN ONLY FOR LITIGATION PURPOSES

Defendants Home Box Office, Inc. ("HBO") and Bill Maher (collectively "Defendants") respectfully request that this Court enter an Order directing that the transcript and videotape of the May 7, 2025 deposition of HBO's 30(b)(6) corporate representative, Nina Rosenstein, be used solely for the purposes of this litigation. This motion is time sensitive as Defendants' agreement with Plaintiff to keep Ms. Rosenstein's deposition confidential will expire on June 4, 2025. Defendants request an interim ruling by the Court by June 3, 2025.

Plaintiff and her counsel have repeatedly used this lawsuit as a vehicle for fundraising and self-promotion. They have refused to agree to a standard confidentiality order. Plaintiff has sought to use the fact that she deposed Mr. Maher to raise money for her "Lawfare Fund." And now, when tasked with simply agreeing to utilize the deposition of HBO's 30(b)(6) witness solely for the purposes of litigation, Plaintiff has refused to provide Defendants with the courtesy of an

response. Given Plaintiff's history of discovery abuses in this case, Defendants have no choice but to seek an Order requiring Plaintiff to utilize Nina Rosenstein's deposition solely for the purpose of this litigation.

## BACKGROUND

### I. Plaintiff Has Used This Litigation For Fundraising And Self-Promotion

As discussed in detail in Defendants' pending motion for a protective order related to Bill Maher's deposition, Plaintiff has repeatedly sought to use the discovery process to support her "Lawfare Fund" and for her own self-aggrandizement. *See* ECF No. 57 (the "Maher Protective Order Motion). To briefly recount Plaintiff's actions (i) Plaintiff's counsel needlessly filed a notice of deposition for Mr. Maher on the public docket that included the address of the deposition – paparazzi then gathered in front of the deposition location; (ii) Plaintiff has posted extensively about the lawsuit on her personal X account, repeatedly referencing Mr. Maher's deposition and that it would be videotaped; (iii) Plaintiff has sought to fundraise through her "Lawfare Fund," specifically tying her efforts to release Mr. Maher's deposition to her fundraising activities. *See id.*; *see e.g.* @LauraLoomer, https://x.com/LauraLoomer/status/1912987128004514295 (Apr. 17, 2025) ("Today, @billmaher 's attorney Kate Bolger from the openly anti-Trump law firm Davis Wright Tremaine @DWTLaw sent a correspondence to my lawyer, informing us that they are asking the court to SEAL Bill Maher's video deposition FOREVER. They obviously don't want Bill Maher's behavior and the truth to come

out for the public to see. Maher's anti-Trump lawyers have been and continue trying to run up the costs, which is why I need your support to cover the cost of this litigation. Thank you! Support my legal fund here: 👇🏻 https://givesendgo.com/LoomerLawfare")*; See* Laura Loomer Lawfare Fund, https://www.givesendgo.com/LoomerLawfare (last visited June 2, 2025)

## II. Plaintiff's Continued Refusal to Use Discovery Materials Only for Litigation Purposes

Defendants have sought multiple orders from the Court seeking to curb Plaintiff's abuse of the discovery process, the history of which is recounted in detail in the Maher Protective Order Motion. As this motion is currently pending before the Court, Defendants will simply update the court as to the actions since that motion.

This Court first entered a protective order on February 25, 2025 stating that Plaintiff's counsel's, Larry Klayman, conduct "falls well short of the Court's expectation of 'a spirt of cooperation and civility.'" ECF No. 48. Hoping that Plaintiff had taken the Court's admonition to heart, on February 27, 2025 Defendants provided Plaintiff with a standard confidentiality stipulation. *See* Ex. 1. Plaintiff did not respond until March 28, 2025, refusing to sign the confidentiality stipulation and indicating that Plaintiff would not sign any confidentiality order, writing "There is nothing confidential about this straightforward case" and opting to proceed with Mr. Maher's deposition without documents. *See* Ex. 2. Defendants asked if Plaintiff would agree to provisionally

3

designate the deposition as confidential for 30 days, but Plaintiff's counsel refused, insisting instead that Plaintiff would only agree to keep the deposition confidential for 15 days, which Defendants reluctantly agreed to. Plaintiff took Mr. Maher's deposition on April 4, 2025. The continued confidentiality and Plaintiff's intent to use the deposition transcript and video for fundraising and publicity is the subject of motion practice currently pending before the Court. In the interim, the court has entered a provisional order sating that Mr. Maher's deposition **"shall only be used for purposes of this litigation."**

Plaintiff's counsel noticed the deposition of HBO's 30(b)(6) representative on February 13, 2025. ECF No. 45. On April 24, 2025, Plaintiff's served an Amended Deposition notice. Pursuant to the notice, Defendants designated Nina Rosenstein as HBO's corporate representative to testify on Topics #1-8 of Plaintiff's 30(b)(6) motion. Plaintiff took Ms. Rosenstein's deposition on May 6, 2025.

During the deposition, Defendants again broached the issue of confidentiality with Plaintiff's counsel, stating:

> Actually before we get started, Larry, I just want to memorialize our agreement that we're going to keep this deposition confidential for 15 days, the end of which HBO can move, or not move, to have that confidentiality deposition lifted, and that we're both complying with the Court's interim order. And I want to make sure to keep Mr. Maher's video and parts of his transcript discreet. And it's just business days, and we have that agreement, correct?

4

*See* Ex. 3. Plaintiff's counsel responded, "Correct. Are you producing any documents today?" to which Defendants' counsel then, again, reminded Plaintiff's counsel Defendants would produce documents after Mr. Klayman signed a confidentiality order. Mr. Klayman broached the subject of document production again during the deposition, to which Defendants counsel responded, in part, "[w]e have a good faith reason to believe that y'all are seeking to use our documents for a non-litigation purpose, and that's our position." *Id.*

On May 22, 2025, Defendants emailed Mr. Klayman asking "Will you agree that the video and transcript of the deposition of Nina Rosenstein be used for the purposes of this litigation and this litigation only? In other words, you and your client will not distribute it to the public or seek to fund this litigation in some way on the basis of its contents? Please let me know." *See* Ex. 4. On May 28, 2025, Defendants sent a follow up email asking for a response. *Id.* Mr. Klayman has not responded.

## ARGUMENT

Defendants seek an Order ensuring that Plaintiff follows a very basic tenet of litigation – that discovery is for the purposes of advancing a lawsuit, not one's own personal wealth or fame. Plaintiff and her counsel have steadfastly refused to abide by this principle and instead have sought to abuse the discovery process.

Courts around the country and in Florida have repeatedly recognized the principle that information garnered during discovery must only be used for the purposes of litigating a case. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34

5

(1984) ("the sole purpose [of discovery is to] assist[] in the preparation and trial, or the settlement, of litigated disputes"); *also Tillman v. C.R. Bard, Inc.*, 297 F.R.D. 660, 662-63 (M.D. Fla. 2014) (noting that "t*o* the extent Plaintiff is claiming that she has some right to use documents produced in discovery for purposes outside the litigation, it is not clear that such a right exists" and holding that good cause exists to issue a protective order preventing plaintiff from disclosing documents to the public); *Palm Beach Newspapers, Inc. v. Burk*, 504 So. 2d 378, 382, 384 (Fla. 1987) (noting that "[s]ociety in general, and the courts specifically, has a substantial interest in preventing abuse of judicially compelled discovery" and holding that "[t]ransforming the discovery rules into a major vehicle for obtaining information to be" made public "would subvert the purpose of discovery and result in the tail wagging the dog"); *Woodward v. Berkery*, 714 So.2d 1027, 1033, 1037-38 (Fla. 4th DCA 1998) (reversing trial court's denial of protective order for confidentiality where the party seeking discovery "made clear her purpose to release to the press . . . information she acquires . . . during discovery" and emphasizing that "the instruments of the civil justice system of the State of Florida should [not] be used simply to assist in the disclosure and publication" of discovery material to the public); *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009) ("Secrecy is fine at the discovery stage, before the material enters the judicial record.") (citation omitted).

Here, Defendants do not seek an Order designating the deposition as confidential. Instead, Defendants ask only that the Court prevent Plaintiff from

6

further abusing the litigation process and enter an Order stating that Plaintiff may only use Ms. Rosenstein's deposition for purposes legitimately connected to this litigation. Plaintiff's refusal to acknowledge or agree to this very basic protection, combined with her history of publicizing and attempting to fundraise off of the discovery process has left Defendants with little choice but to seek the protection of the Court.

## **CONCLUSION**

For the foregoing reasons Defendants respectfully request that this Court enter an Order directing that the transcript and videotapes of the May 7, 2025 deposition of HBO's 30(b)(6) corporate representative, Nina Rosenstein, be used solely for the purposes of this litigation.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Counsel for Defendants certifies that Defendants have attempted to confer by email with counsel for Plaintiff on May 22, 2025, May 28, 2025, and June 2, 2025. Counsel for Plaintiff has not responded to these attempts.

Dated: June 2, 2025

Respectfully submitted,

*/s/ Rachel E. Fugate*
**Shullman Fugate PLLC**
Rachel E. Fugate (Bar No. 144029)
100 South Ashley Drive, Suite 600
Tampa, FL 33602
Tel: (813) 935-5098
rfugate@shullmanfugate.com

Yelan Escalona (Bar No. 1031564)

201 S. Biscayne Blvd. 28th Floor
Miami, FL 33131
Tel: (305) 928-2429
yescalona@shullmanfugate.com

*Counsel for Defendants*

**Davis Wright Tremaine LLP**
Katherine M. Bolger (*pro hac vice*)
Alexandra Perloff-Giles (*pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 489-8230
katebolger@dwt.com
alexandraperloffgiles@dwt.com