# Exhibit 1

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION

LAURA LOOMER,

    *Plaintiff*,

v.

BILL MAHER and HOME BOX OFFICE, INC.,

    *Defendants*

Case No. 5:24-cv-000625-JSM-PRL

**CONFIDENTIALITY AGREEMENT**

WHEREAS, Plaintiff Laura Loomer ("Plaintiff") and Defendants Bill Maher and Home Box Office Inc. ("Defendants") (collectively, the "Parties") have agreed to the following terms of confidentiality:

1. "Discovery Material" includes all documents and information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony transcripts or videos of testimony, or tangible things) that are produced or generated in disclosures, responses to discovery requests (included response to third-party subpoenas), or responses to other requests for information in this matter.

2. "Protected Material" includes all Discovery Material designated as Confidential or Highly Confidential.

3. Counsel for any party may designate any Discovery Material, in whole or in part, as Confidential if counsel determines, in good faith, that such

1

designation is necessary to protect the interests of the party in information that is proprietary, personal or otherwise sensitive non-public information, including but not limited to unpublished newsgathering materials.

    4. Counsel for any party may designate any document or information, in whole or in part, as Highly Confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is strategic, proprietary, financial, a trade secret or otherwise commercially sensitive non-public information, or other similar information that is substantially likely to cause injury to the commercial, financial, strategic, or business interests of such producing party or its employees, customers, or clients if disclosed.

    5. The designation of Discovery Material as Confidential or Highly Confidential shall be performed as follows:

        a. For documents other than transcripts of depositions or other pretrial or trial proceedings, the producing party shall mark the document as CONFIDENTIAL or HIGHLY CONFIDENTIAL at the top or bottom of each page that contains Protected Material.

        b. Testimony given in deposition or in other pre-trial proceedings, testimony transcripts, testimony exhibits, and video recordings shall be treated as Confidential for thirty (30) days after the receipt of the final transcript to allow time for the designation of Protected Material. The designating party shall designate and specify any portions of the testimony that qualify as Confidential or Highly Confidential in writing to all parties. Only those portions of the testimony

that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order. Alternatively, a designating party may specify, at the deposition or up to 30 days after receipt of the transcript that the entire transcript, or a portion thereof, shall be treated as Confidential or Highly Confidential. Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material. The designating party shall inform the court reporter of these requirements.

      c. For other tangible items, the producing party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL.

6. Protected Material will be held and used by the person receiving such information solely for use in connection with the action.

7. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential or Highly Confidential Discovery Material disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

8. All Discovery Material designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. counsel for any party in this action, including attorneys of record or of counsel to a party and in-house counsel, and employees of such counsel assigned to and necessary to assist in the litigation;

    b. a party, including in the case of corporate parties, their affiliates and each of their directors, officers, employees, and insurers;

    c. the Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

    d. consultants and experts assisting in the prosecution or defense of the matter, including their assistants and stenographical, secretarial, or clerical personnel, to the extent deemed necessary by counsel;

    e. witnesses and deponents in this action who are shown the Confidential Information while testifying;

    f. the author, custodian, or any individual identified as a recipient of the discovery material, or the original source of the information;

    g. any shorthand or court reporters or videographers retained to report a deponent's testimony taken in this case; and

    h. any other person whom the parties agree, in advance and in writing, may receive such information.

9. All Discovery Material designated as "HIGHLY CONFIDENTIAL" shall not be disclosed to any person, except:

a. counsel for any party in this action, including attorneys of record or of counsel to a party and in-house counsel, and employees of such counsel assigned to and necessary to assist in the litigation;

b. the Court (including the mediator, or other person having access to any Highly Confidential Information by virtue of his or her position with the Court);

c. consultants and experts assisting in the prosecution or defense of the matter, including their assistants and stenographical, secretarial, or clerical personnel, to the extent deemed necessary by counsel;

d. witnesses and deponents in this action who are shown the Highly Confidential Information while testifying;

e. the author, custodian, or any individual identified as a recipient of the discovery material, or the original source of the information;

f. any shorthand or court reporters or videographers retained to report a deponent's testimony taken in this case; and

g. any other person whom the parties agree, in advance and in writing, may receive such information.

10. Persons who receive Confidential or Highly Confidential Information pursuant to Paragraphs 5(d)–(h) or 6(c)–(g) shall be:

    a. informed of the confidential or highly confidential nature of the information or documents; and

    b. informed that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person.

  11. Persons who receive Highly Confidential Information pursuant to Paragraphs 6(c)–(g) shall be provided by the party disseminating such information with a copy of this Order and shall execute an acknowledgement, in substantially the form attached hereto as Exhibit 1, that they have reviewed such Order and agree to be bound by it, with a copy of such acknowledgement provided to all parties at the conclusion of the case.

  12. The disclosure of a document or other information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential or Highly Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential or Highly Confidential Information subject to all the terms of this Stipulation and Order.

  13. Any Personally Identifying Information ("PII") (*e.g.,* social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized

6

individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

14.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

15.     In the event that a Party inadvertently or mistakenly produces a document it believes is privileged, the producing party shall, within fourteen (14) days of discovery of the inadvertent or mistaken disclosure, notify the receiving parties in writing of the inadvertent or mistaken disclosure including a description

7

of the Document that was inadvertently produced, the Bates number of Document, and the date(s) the Document was produced and request that the Document be clawed back. The Party that receives such clawback notice shall immediately and diligently act to retrieve the Inadvertently Produced Documents and all copies and return them to the producing party or destroy them. No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them unless otherwise ordered by the Court. The receiving party may, after receipt of the producing party's notice of the inadvertent or mistaken production, move the Court to dispute the claim of privilege. If the receiving party elects to file a motion, the receiving party may retain possession of the Inadvertently Produced Documents as well as any notes or other product of the receiving party reflecting the contents of such materials pending the resolution by the Court of the motion but shall segregate and not use them or further disclose them to any person pending resolution of the motion. If the receiving party's motion is denied, it shall promptly comply with the immediately preceding provisions of this Paragraph. A receiving party is under a good faith obligation to promptly alert the producing party if information produced, disclosed, exhibited, or communicated by a producing party appears to be privileged.

16.  Should a party desire to file discovery material designated as Confidential or Highly Confidential with the Court in connection with any filing or proceeding in this action, it shall notify the other party in an effort to meet and confer prior to filing a motion to seal. Absent an agreement between the parties,

8

the party seeking to file the designated discovery material shall file a motion to seal in accordance with this Court's procedures for filing a document under seal, including Local Rule 1.11.

17. A Party may, subject to the Federal Rules of Evidence and any objections by the designating party, use Protected Material at a trial or public hearing in this Action only after the designating party or its counsel is given reasonable advance written notice of not less than two (2) business days prior to such use to allow the designating party to move for a supplemental protective order or otherwise object. If an objection is raised, Protected Materials designated pursuant to this Order shall not be disclosed until the Court resolves the dispute or the Parties otherwise reach agreement regarding the disclosure.

18. At the conclusion of litigation, Confidential or Highly Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

19. Nothing herein shall preclude the parties from disclosing material designated to be Confidential and/or Highly Confidential Information if otherwise required by law or pursuant to a valid subpoena, provided that no party shall make any such disclosure unless they have first provided the other party with notice of such legal process or subpoena not less than twenty (20) days in advance of the

9

required date of disclosure, thereby providing the other party the ability to intervene should it choose to oppose such disclosure. If compliance with said legal process and/or subpoena is required within fewer than twenty (20) days following receipt of such legal process and/or subpoena, notice shall be provided within two (2) business days of receipt of said legal process and/or subpoena. No party shall voluntarily disclose Confidential and/or Highly Confidential Information in advance of the specified production date absent the other party's express written consent. The parties shall cooperate in good faith in objecting to any such legal process and/or subpoena, moving to quash, applying to seal documents, or other appropriate opposition or remedy.

SO STIPULATED AND AGREED.

/s/ DRAFT

**Klayman Law Group P.A.**
Larry Klayman
7050 W. Palmetto Park Rd.
Boca Raton, FL 33433

Phone: (561) 558-5536
leklayman@gmail.com

*Counsel for Plaintiff Laura Loomer*

/s/ DRAFT

**DAVIS WRIGHT TREMAINE LLP**
Katherine M. Bolger*
Alexandra Perloff-Giles*
1251 Avenue of the Americas, Fl. 21
New York, NY 10020-1104
Phone: (212) 489-8230
kbolger@dwt.com
alexandraperloff-giles@dwt.com

*Admitted pro hac vice
/s/ DRAFT
**SHULLMAN FUGATE PLLC**
Rachel E. Fugate (Bar No. 144029)
Yelan Escalona (Bar No. 1031564)
100 South Ashley Drive, Suite 600

                                                                   Tampa, FL 33602
                                                                   Phone: (561) 429-3619
                                                                   rfugate@shullmanfugate.com
                                                                   yescalona@shullmanfugate.com

                                                                   *Counsel for Defendants Bill Maher*
                                                                   *and Home Box Office, Inc.*

**EXHIBIT 1 – NON-DISLCOSURE AGREEMENT**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as highly confidential. I have been informed that any such documents or information labeled "HIGHLY CONFIDENTIAL" are highly confidential by Order of the Court.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Highly Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and agree not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Highly Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents

and materials, including all copies thereof, and any writings prepared by me containing any Highly Confidential Information are to be returned to counsel who provided me with such documents and materials, or destroyed.

Signature: _____

Printed Name: _____

Date: _____