# Exhibit 5

## Bolger, Kate

| | |
|---|---|
| **From:** | Larry Klayman <leklayman@gmail.com> |
| **Sent:** | Friday, May 16, 2025 7:25 PM |
| **To:** | Bolger, Kate |
| **Cc:** | Oliver Peer; Rachel E. Fugate |
| **Subject:** | Re: Loomer - Response to Defendants' Requests for Production |

**[EXTERNAL]**

Ok If you do not want to meet and confer we will so advise the court.

The record shows a pattern of your making misrepresentations otherwise known as lying, as well as disrespect to Ms. Loomer and me.

Your proposed stipulation is too broad and unnecessary and calculated only to run up the cost in time and expense to Ms. Loomer and burden the court with a deluge of discovery motions. This is the tactic of your firm, which I have seen many times over the years. Not in this case in any event, as its exceedingly simple and straightforward.

Govern yourself accordingly.

Larry Klayman, Esq.
Counsel for Ms. Loomer

On Fri, May 16, 2025 at 7:12 PM Bolger, Kate <KateBolger@dwt.com> wrote:

> Sorry
>
> My email did not send properly.
>
> Dear Mr. Klayman and Mr. Peer,
>
> We were pleased to read that you are now open to "honor[ing] any designation of confidentiality, subject to either a mutually agreeable negotiated solution or court intervention should this prove necessary." As you suggest by your request that we keep Ms. Loomer's tax returns confidential (which we agree to do), a confidentiality agreement is in the mutual interest of both parties.
>
> I am therefore attaching again here the confidentiality stipulation that we initially proposed on February 27 and that I asked for your comments on, including by email March 25 and March 26 and when we conferred by phone on May 2. My clients are happy to consider any redlines you may have so that we can hopefully reach agreement.

1

As you know, the concerns motivating our insistence upon a confidentiality order are not hypothetical: Your client has repeatedly indicated that she intends to use discovery materials that we provide in this case for purposes other than the litigation.

We look forward to your further response regarding our May 7, 2025 email memorializing our meet-and-confer, including to receiving your damages calculation, as we requested in our interrogatories and as you were required to provide in initial disclosures.

Finally, your assertion that you have treated me with professional courtesy is belied by the strange ad hominem attacks you have made on me, including that I am not 'representative of" "the Catholic faith," *see* N. Rosenstein Depo. Tr. at 94:22-24, and "just not a truthful person," *id.* at 98:18-19, and that my conduct "would make The Exorcist's head swim," *id.* at 92:12-13. In any event, I too hope professional courtesy prevails going forward.

Have a nice weekend.

Regards,

Kate Bolger

**Kate Bolger**
**Partner,** Davis Wright Tremaine LLP

P 212.402.4068   E katebolger@dwt.com
A 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
**DWT.COM**

---

**From:** Bolger, Kate
**Sent:** Friday, May 16, 2025 7:10 PM
**To:** 'Oliver Peer' <oliver.peerfw@gmail.com>
**Cc:** Larry Klayman <leklayman@gmail.com>; Rachel E. Fugate <rfugate@shullmanfugate.com>
**Subject:** RE: Loomer - Response to Defendants' Requests for Production

Hello Mr. Peer and Mr. Klayman

**Kate Bolger**
**Partner,** Davis Wright Tremaine LLP

**P** 212.402.4068   **E** katebolger@dwt.com
**A** 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
**DWT.COM**

---

**From:** Oliver Peer <oliver.peerfw@gmail.com>
**Sent:** Thursday, May 15, 2025 5:14 PM
**To:** Bolger, Kate <KateBolger@dwt.com>
**Cc:** Larry Klayman <leklayman@gmail.com>; Rachel E. Fugate <rfugate@shullmanfugate.com>
**Subject:** Loomer - Response to Defendants' Requests for Production

**[EXTERNAL]**

---

Good afternoon:

Please see attached. Thank you.

Regards,

Oliver Peer

Klayman Law Group P.A.