# Exhibit 8

# Bolger, Kate

| | |
|---|---|
| **From:** | Larry Klayman <leklayman@gmail.com> |
| **Sent:** | Wednesday, May 21, 2025 2:01 PM |
| **To:** | Bolger, Kate |
| **Cc:** | Oliver Peer; Rachel E. Fugate |
| **Subject:** | Re: Loomer - Response to Defendants' Requests for Production |

**[EXTERNAL]**

I'm done playing games. Produce the documents today which even you don't find confidential.

That is the litmus test.

Larry Klayman, Esq.

On Wed, May 21, 2025 at 10:44 AM Bolger, Kate <KateBolger@dwt.com> wrote:

> Can you explain to me in what way it is too broad? It is consistent with the proposal in your letter.
>
> **Kate Bolger**
> **Partner,** Davis Wright Tremaine LLP
>
> **P** 212.402.4068  **E** katebolger@dwt.com
> **A** 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
> **DWT.COM**
>
> **From:** Larry Klayman <leklayman@gmail.com>
> **Sent:** Wednesday, May 21, 2025 1:35 PM
> **To:** Bolger, Kate <KateBolger@dwt.com>
> **Cc:** Oliver Peer <oliver.peerfw@gmail.com>; Rachel E. Fugate <rfugate@shullmanfugate.com>
> **Subject:** Re: Loomer - Response to Defendants' Requests for Production
>
> **[EXTERNAL]**
>
> This is way too broad and vague and subject to abuse as discussed. Produce documents now to show your good faith. The overwhelming majority of any produced documents will not be confidential and should have already been produced. That underscores your and your clients bad faith and sanctionable tactics and conduct.

1

NOT EVEN ONE DOC HAS BEEN PRODUCED. THAT SAYS IT ALL....

Larry Klayman, Esq.

On Wed, May 21, 2025 at 10:24 AM Bolger, Kate <KateBolger@dwt.com> wrote:

Dear Larry

I have spoken to my client about our conversation last evening.

Defendants will accept a slightly modified version of your proposal. We propose that the parties agree to keep confidential documents designated confidential and to use those documents for this litigation only.

If one party contests the confidentiality designation, they will notify the party in writing of the objection and the producing party will have 15 business days to move for a protective order.

The parties also agree that when discovery is over, the parties will destroy those documents not filed on the public docket.

Do you agree?

Kate Bolger

**Kate Bolger**
**Partner,** Davis Wright Tremaine LLP

**P** 212.402.4068  **E** katebolger@dwt.com
**A** 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
**DWT.COM**

**From:** Oliver Peer <oliver.peerfw@gmail.com>
**Sent:** Tuesday, May 20, 2025 7:25 PM
**To:** Bolger, Kate <KateBolger@dwt.com>
**Cc:** Larry Klayman <leklayman@gmail.com>; Rachel E. Fugate <rfugate@shullmanfugate.com>
**Subject:** Re: Loomer - Response to Defendants' Requests for Production

**[EXTERNAL]**

Good afternoon:

Please see attached. Thank you.

Regards,

Oliver Peer

Klayman Law Group P.A.

On Thu, May 15, 2025 at 2:14 PM Oliver Peer <oliver.peerfw@gmail.com> wrote:

Good afternoon:

Please see attached. Thank you.

Regards,

Oliver Peer

Klayman Law Group P.A.

3