# Exhibit B

## IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF

| | |
|---|---|
| LAURA LOOMER<br><br>                    Plaintiff,<br><br>v.<br><br>BILL MAHER et al<br><br>                    Defendants. | **Case No: 5:24-cv-00625-JSM-PRL** |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Laura Loomer hereby responds to Defendants' first set of request for production of documents.

Response to Request 1: Any and all nonprivileged and relevant documents will be produced at a mutually convenient date, time, and place.

Response to Request 2: Any and all nonprivileged and relevant documents will be produced at a mutually convenient date, time, and place.

Response to Request 3: Communications with counsel are privileged as work-product and attorney-client and demands for retraction and/or correction are already in the custody and control of the Defendants.

Response to Request 4: Objection as overly broad, vague, and ambiguous. Objection as to relevance. As for actual media stories, they are within the possession and control of the Defendants as they are readily found on the internet.

Response to Request 5: Objection as overly broad, vague, and ambiguous.

1

Objection as to relevance.

<u>Response to Request 6</u>: Objection as overly broad, vague, and ambiguous. Objection as to relevance.

<u>Response to Request 7</u>: Objection as overly broad, vague, and ambiguous. Objection as to relevance.

<u>Response to Request 8</u>: Objection as overly broad, vague, and ambiguous. Objection as to relevance.

<u>Response to Request 9</u>: Objection as overly broad, vague, and ambiguous. Objection as to relevance.

<u>Response to Request 10</u>: Objection as overly broad, vague, and ambiguous. Objection as to relevance. Any and all nonprivileged, non-objectionable and relevant documents will be produced at a mutually convenient date, time, and place. In addition, documents were provided at the deposition of Bill Maher and were made exhibits to his deposition on March 4, 2025.

<u>Response to Request 11</u>: Objection as overly broad, vague, and ambiguous. Objection as to relevance. Any and all nonprivileged, non-objectionable and relevant documents will be produced at a mutually convenient date, time, and place. In addition, documents were provided at the deposition of Bill Maher and were made exhibits to his deposition on March 4, 2025.

<u>Response to Request 12</u>: Any and all nonprivileged and relevant documents will be produced at a mutually convenient date, time, and place.

<u>Response to Request 13</u>: Any and all nonprivileged and relevant documents will be produced at a mutually convenient date, time, and place.

Response to Request 14: Any and all nonprivileged and relevant documents will be produced at a mutually convenient date, time, and place.

Response to Request 15: Objection on the basis of overly broad, vexatious, and harassing.

Response to Request 16: Any and all nonprivileged and relevant documents will be produced at a mutually convenient date, time, and place.

Response to Request 17: Objection as to relevance.

Response to Request 18: Any and all nonprivileged and relevant documents will be produced at a mutually convenient date, time, and place.

Response to Request 19: Objection as overly broad, vague, and ambiguous. Objection as to relevance.

Response to Request 20: Any and all nonprivileged and relevant documents will be produced at a mutually convenient date, time, and place.

Response to Request 21: Objection as to relevance.

Response to Request 22: Objection as to relevance.

Response to Request 23: Objection as to relevance.

Response to Request 24: See Amended Complaint, Court's order denying Defendants' Motion to Dismiss, and incriminating testimony of Bill Maher at his deposition of March 4, 2025.

Response to Request 25: No such documents exist at this time.

Response to Request 26: Any and all nonprivileged and relevant documents will be produced at a mutually convenient date, time, and place.

Response to Request 27: Objection as overly broad, vague, ambiguous and

3

subject to attorney-client privilege and work-product doctrine.

<u>Response to Request 28</u>: No such expert has been designated at this time and will likely not even prove necessary given nature of the defamation alleged. The rank simplicity, however false and misleading, of the defamation alleged makes this a very straightforward case particularly given the Court has already held that the Defendants defamed Ms. Loomer *per se*.

<u>Response to Request 29</u>: Objection as overly broad, vague, and premature. Any and all nonprivileged, non-objectionable and relevant documents will be produced at a mutually convenient date, time, and place.

PLAINTIFF ALSO NOTES THAT DEFENDANTS HAVE NOT PRODUCED EVEN ONE DOCUMENT IN RESPONSE TO THE PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, IMPOSING A CONDITION THAT MS. LAURA LOOMER AGREE TO THEIR PROPOSED CONFIDENTIAL PROTECTIVE ORDER THAT, GIVEN DEFENSE COUNSEL'S PAST PRACTICE IN THIS AND OTHER CASES, WILL BE ABUSED TO DELAY AND GREATLY INCREASE THE COSTS OF THIS LITIGATION. THIS SIMPLE AND STRAIGHTFORWARD CASE DOES NOT WARRANT A BLANKET CONFIDENTIAL PROTECTIVE ORDER.

Dated:     April 28, 2025               Respectfully Submitted,

                                        By: /s/ Larry Klayman
                                        Larry Klayman, Esq.
                                        Florida Bar No.: 246220

4

KLAYMAN LAW GROUP P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
leklayman@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Larry Klayman, hereby certify that on this day, April 28, 2025 the foregoing document is being served this day on all counsel of record via email.

/s/ *Larry Klayman*