# Exhibit D

# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

|  |  |
|---|---|
| LAURA LOOMER,<br><br>   *Plaintiff*,<br><br>- against -<br><br>BILL MAHER and HOME BOX OFFICE, INC.,<br><br>   *Defendants*. | Case No.: 5:24-cv-00625-JSM-PRL |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Bill Maher and Home Box Office, Inc. ("Defendants") hereby request that Plaintiff Laura Loomer ("Plaintiff") produce true and correct copies of the following documents for inspection and copying within thirty (30) days of service hereof.

1

## DEFINITIONS

1. **Any/All.** The terms "any" or "all" shall be construed as "any and all."

2. **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. **Communication.** The term "communication" includes any type of correspondence (*e.g.*, letters, electronic mail, instant messages, voicemail, memoranda, or any other document in any medium used to make or record communications), and any oral conversation, interview, discussion, negotiation, agreement, understanding, meeting or telephone conversation, as well as every kind of written or graphic communication.

4. **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

5. **Document.** The term "document" means any and every kind of printed, typed, recorded, written, graphic or photographic matter (including audiotape and/or videotape recordings), however printed, produced, reproduced, coded, or stored (including in electronic or digitized form), of any kind or description, whether sent or received or not, including originals, copies, reproductions, facsimiles, and drafts, regardless of their author or origin, however

denominated. A draft or non-identical copy is a separate document for purposes of these requests.

6. **Person.** The term "person" means any natural person or any business, legal or governmental entity, or association.

7. **September 13, 2024 Episode.** The phrase "September 13, 2024 Episode" shall refer to the episode of *Real Time with Bill Maher* that originally aired on HBO on September 13, 2024.

8. **September 20, 2024 Episode.** The phrase "September 20, 2024 Episode" shall refer to the episode of *Real Time with Bill Maher* that originally aired on HBO on September 20, 2024.

9. **This Action** and **This Litigation.** The phrases "this Action" and "this Litigation" mean the action captioned on the first page of these requests for production.

10. **You/Your.** The terms "You" and "Your" mean Plaintiff Laura Loomer.

## INSTRUCTIONS

1. Throughout these requests, the singular shall include the plural and the plural shall include the singular.

2. The following terms should be read as if they were synonymous, and each should be taken to include the meaning of all of the others: relating to, relating in any manner to, concerning, referring to, alluding to, responding to, in connection with, connected with, with respect to, commenting on, about,

3

regarding, announcing, explaining, discussing, showing, describing, studying, reflecting, analyzing, establishing, supporting, refuting, or constituting.

3. If you contend that it would be unreasonably burdensome to produce all the documents called for in response to any request, you should:

(a) produce all documents that are available without unreasonable burden; and

(b) describe with particularity the reasons why production of the remaining documents would be unreasonably burdensome.

4. In the event that any responsive document cannot be produced in its entirety, you are requested to produce the document to the fullest extent possible, specifying the reasons for your inability to produce the remainder and describing to the fullest extent possible the contents of the portion not produced.

5. With respect to your responses to the following requests for production, if any document or any portion of any document is withheld because of a claim of privilege, please state the basis for your claim of privilege with respect to such document or portion of any document and the specific ground(s) on which the claim of privilege rests, and including, with respect to documents: the date appearing on the document, or if no date appears, the date on which the document was prepared; the name of the person(s) to whom the document was addressed; the name of each person, other than addressee(s), to whom the document, or a copy thereof, was sent or with whom the document was discussed; the name of the person(s) who signed the document, or if not signed, the name of the person(s) who prepared it; the name

of each person making any contribution to the authorship of the document; and the general nature or description of the document and the number of pages of which it consists.

6. In the event that any documents or things that would have been responsive to these requests have been destroyed, discarded or lost, please identify each such document or thing, including: the nature of the document or thing; the author(s) and addressee(s) of any document; any indicated or blind copies of any document; the document's subject matter, number of pages and attachments or appendices; all persons to whom the document was distributed or persons who have seen the thing; the date of destruction, discard or loss; and, if destroyed or discarded, the reasons therefore and the identity of the person(s) authorizing or carrying out any such destruction or discard.

7. Unless otherwise noted, the relevant time period for the Requests is June 1, 2021 to the present.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1. All Documents and Communications concerning the September 13, 2024 Episode.

2. All Documents and Communications concerning the September 20, 2024 Episode.

3. All Documents and Communications regarding how to respond to the September 13, 2024 Episode, including but not limited to any demands for retraction and/or a correction and whether to file a lawsuit.

4. All Documents and Communications regarding media coverage of Your relationship with President Trump.

5. All Documents and Communications between You and President Trump.

6. All Documents and Communications relating to any instance You met with, or discussed meeting with President Trump, in person.

7. All Documents and Communications not heretofore produced relating to any instance You visited the Mar-A-Lago Club, in Palm Beach, Florida.

8. All Documents and Communications not heretofore produced relating to any instance You traveled with President Trump.

9. All Documents and Communications not heretofore produced relating to President Trump.

10. All Documents and Communications relating to Defendant Bill Maher.

6

11. All Documents and Communications relating to Defendant Home Box Office, Inc.

12. All Documents and Communications supporting the Complaint's allegations that the September 13, 2024 Episode "severely harmed and damaged Ms. Loomer financially and in other ways in her profession and business as an investigative journalist."

13. All Documents and Communications supporting the Complaint's allegations that the September 13, 2024 Episode "subjected Laura Loomer within this circuit to unjustified ridicule, embarrassment, loss of reputation and professional opportunity and prospects, as well as" to "financial[]" "damage[]."

14. Documents and Communications not heretofore produced sufficient to show that You lost business opportunities and/or lost business income as a result of the September 13, 2024 Episode.

15. Documents sufficient to show Your earned income, including wages and investments, for the years 2016 to present, including tax returns, financial statements, financial affidavits, W-2, 1099 or K-1 schedules, worksheets, and payroll check stubs.

16. All Documents relating to any remedial measures undertaken by You after HBO's broadcast of the September 13, 2024 Episode.

17. All Documents evidencing sources of funding for this Litigation, including any litigation finance companies.

18. All Documents and Communications supporting Your contention that You "certainly would have been part of" President Trump's administration.

19. All Communications between You and Susie Wiles.

20. All Documents and Communications reflecting discussion of your fitness for a position in the Trump Administration.

21. All Documents and Communications reflecting disagreements between You and Lindsay Graham.

22. All Documents and Communications reflecting disagreements between You and Roger Stone.

23. All Documents and Communications reflecting disagreements between You and Marjorie Taylor Greene.

24. All Document and Communications supporting the Complaint's allegations that Defendants published the statements at issue with actual malice.

25. All Documents received in response to any third-party subpoena issued in this Litigation.

26. All Documents relating to any statements of any witness regarding the subject-matter of this Litigation.

27. All Documents and Communications not heretofore produced in which You discuss this Litigation.

28. All Documents concerning any individual You expect to designate as an expert witness for summary judgment and/or at trial, including but not limited to:

8

a. All Documents containing any conclusions drawn or opinions reached by the expert in connection with this Litigation, including any report prepared;

b. All Documents indicating or reflecting the basis for any conclusions drawn or opinions reached by the expert in connection with this matter;

c. All Documents tending to support or to qualify, contradict or refute any conclusions drawn or opinions reached by the expert in connection with this matter;

d. All Documents reviewed by the expert in the course of his or her work on this matter;

e. All charts, graphs, summaries and other demonstrative evidence prepared in connection with the expert's anticipated testimony; and

f. All *curriculum vitae* or resume prepared or used by the expert during the preceding two years.

29. All Documents that You intend to rely upon in support of or opposition to any summary judgment motion, and/or at trial.

9

Dated: February 13, 2025

        */s/ Rachel E. Fugate*
Rachel E. Fugate (Florida Bar No. 144029)
Yelan Escalona (Florida Bar No. 1031564)
SHULLMAN FUGATE PLLC
100 South Ashley Drive, Suite 600
Tampa, FL 33602
Tel: (561) 429-3619
rfugate@shullmanfugate.com
yescalona@shullmanfugate.com

Katherine M. Bolger*
Alexandra Perloff-Giles*
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 489-8230
katebolger@dwt.com
alexandraperloffgiles@dwt.com

\* Admitted *Pro Hac Vice*

*Counsel for Defendants Bill Maher and Home Box Office, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2025 a true and correct copy of the foregoing was served via electronic mail on Larry Klayman, counsel of record to Plaintiff Laura Loomer.

        */s/ Rachel E. Fugate*
        Rachel E. Fugate

10