# Exhibit J

**Bolger, Kate**

---

| | |
|---|---|
| **From:** | Bolger, Kate |
| **Sent:** | Friday, May 9, 2025 11:42 AM |
| **To:** | Larry Klayman |
| **Cc:** | Rachel E. Fugate; Oliver Peer |
| **Subject:** | RE: Loomer - M&C re: Defendants' Requests for Production and Interrogatories |

Mr. Klayman,

We certainly did not intend to misrepresent your position. We understood that you consented on the condition that we also consent to your filing a surreply. We accept that condition and consent to your filing a surreply, and you may so indicate in your motion for leave to file a surreply.

Best,

Kate Bolger

**Kate Bolger**
**Partner,** Davis Wright Tremaine LLP

**P** 212.402.4068   **E** katebolger@dwt.com
**A** 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104

**DWT.COM**

---

**From:** Larry Klayman <leklayman@gmail.com>
**Sent:** Thursday, May 8, 2025 6:32 PM
**To:** Bolger, Kate <KateBolger@dwt.com>
**Cc:** Rachel E. Fugate <rfugate@shullmanfugate.com>; Oliver Peer <oliver.peerfw@gmail.com>
**Subject:** Re: Loomer - M&C re: Defendants' Requests for Production and Interrogatories

**[EXTERNAL]**

This mistates many of my positions and the meet and confer of yesterday was not concluded as a result of the disrespect toward me and Ms. Loomer shown by your associate and you,  I am traveling today and will respond tomorrow,

In addition you just falsely stated that I consented to you and defendants filing a reply with regard to the Maher deposition motions. This must be immediately corrected with the court by attaching my emails of this afternoon, which I sent from the airport.  We did not consent absent your consent that we could file a surreply. Otherwise I told you that we would oppose given your history of misrepresenting facts and the law for which we otherwise would not have a chance to respond.

What is set forth in the first paragraph of this email is just one of many examples of your lack of candor to this tribunal to put it most diplomatically.

Larry Klayman, Esq.

1

Counsel for Ms. Loomer

Please file a correction with court immediately and attach the above referenced emails.

Larry Klaymans

On Wed, May 7, 2025 at 12:55 PM Bolger, Kate <KateBolger@dwt.com> wrote:

> Mr. Klayman,
>
> As you requested, we write to memorialize our meet and confer regarding Defendants' requests for production and your responses and objections to those requests.
>
> First, as to the requests for which you said you would produce non-privileged documents, we noted that you had previously agreed to produce any responsive documents at the same time as your responses and objections. You agreed that you would produce all non-privileged documents (to the extent they exist) responsive to the requests for which you will agree to produce documents (as noted below) by **May 15, 2025.** We look forward to receiving documents on or before that date.
>
> Second, as to the specific requests—
>
> - You stated that you would produce non-privileged documents responsive to Requests #1, #2, and #3 by May 15, 2025.
>
> - You stated that you object to Requests #4-9 on the basis of overbreadth. We agreed to narrow the date range for those requests to September 2023-September 2024 in an effort to alleviate any overbreadth concern. You rejected that offer and said you believe the requests remain overly broad and would not be producing documents responsive to those requests.
>
> - You stated that you objected to Requests #10 and 11 on the basis of vagueness, overbreadth, and irrelevance and would not be producing documents responsive to that request.

- You stated that you will produce documents responsive to Request #12 by May 15, 2025. You also stated that you "haven't totally come up with those figures yet," referring to a damages computation. You declined to give us a date certain by which you would give us a damages computation (i.e., how you arrive at the damages figure you pointed to in your complaint, how you apportion damages to the various claimed harms, etc.).

- You stated that you would produce non-privileged documents responsive to Requests #13, #14, #15, and #16 by May 15, 2025.

- You objected to Request #17 on the basis of relevance in your responses and objections. We referred you to the case of *Dershowitz v. CNN*, in which the court held that information about litigation financing is relevant where the fact that the litigation is funded for ideological reasons undercuts a claim of damages. You stated that you would review the case but believed there were no responsive documents in any event. Please confirm whether you are continuing to object to this Request on the basis of relevance or whether you will represent that there are no relevant documents.

- You stated that you would produce non-privileged documents responsive to Request #18 by May 15.

- We agreed to narrow Request #19 to just communications with Susie Wiles about either (a) Ms. Loomer meeting with President Trump or (b) Ms. Loomer seeking a job in the Trump Administration. Please confirm whether you will produce non-privileged documents responsive to that narrowed request.

- You stated that would produce non-privileged documents responsive to Request #20 by May 15.

You then left the meet and confer before we were able to finish going through the requests for production and interrogatories. We are therefore setting forth our position and look forward to receiving your position promptly.

- We are willing to narrow the date range for Requests #21, #22, and #23 to September 2023-September 2024. Please let us know whether you will produce non-privileged documents responsive to the Requests for that narrowed time period.

3

- Do you intend to produce all non-privileged documents and communications responsive to Request #24? We could not tell from your response. If so, we expect that you will do so by May 15, 2025. If not, please advise on what basis you are refusing to do so.

- You had agreed to produce documents responsive to Request #26. We look forward to receiving them by May 15, 2025.

- We are not currently challenging your responses with respect to Requests #25, #27, #28, and #29.

Next, as to Defendants' interrogatories—

- We do not believe we can further limit Interrogatories #1, #2, #3, #4, #5, #6, #8, #9, #10, #11, and #12, all of which are specific and narrow. We note that Interrogatory #1 merely restates what your obligations are in initial disclosures, which Plaintiff has never served. We understand your position to be that those Interrogatories are not relevant because the only thing that is relevant in this litigation is how many times if any Ms. Loomer slept with President Trump. We disagree with your position. Please confirm whether you will respond to this inquiry, or whether we are at an impasse.

- We agree to limit Interrogatory #7 to all meetings Ms. Loomer has had with Susie Wiles about either (a) Ms. Loomer meeting with President Trump or (b) Ms. Loomer seeking a job in the Trump Administration. Please confirm whether you will respond to that narrowed Interrogatory, or whether we are at an impasse.

- You responded to Interrogatories #13 and #14 by stating "Myself, and those heard and/or learned of the defamation per se and other forms of defamation of the Defendants." To clarify, when you refer to "those heard and/or learned of the defamation per se," are you referring to viewers of Real Time or to some other persons?

- We are not currently challenging your response with respect to Interrogatory #15.

Further, you asked to push back the date of Ms. Loomer's deposition, currently scheduled for June 2. We offered June 3, June 4, or June 12, with the caveat that any deposition on June 12 would need to be near an airport with regular direct flights to New York—that is, Palm Beach would be ok but not Pensacola. Please confirm the date you would like to move the deposition to.

Finally, Defendants are amending their initial disclosures, initially served on February 13, 2025, to add a representative of the production "Real Time with Bill Maher." The amended initial disclosures are attached. If you would like this witness to testify about the records created and maintained by the Real Time with Bill Maher production team (as opposed to HBO, Inc.), please serve a new 30(b)(6) notice and we can discuss scheduling.

Safe travels back to Florida.

Best,

Kate Bolger

**Katherine M. Bolger** | Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor | New York, NY 10020
Tel: (212) 402-4068 | Fax: (212) 489-8340
Email: katebolger@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

5