## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION

---------------------------------------------------------------------------- x

LAURA LOOMER,

                *Plaintiff,*

       - against -

BILL MAHER and HOME BOX OFFICE, INC.,

             *Defendants.*

:     Case No.: 5:24-cv-00625-JSM-PRL

---------------------------------------------------------------------------- x

## RESPONSE TO PLAINTIFF'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff's Notice of Supplemental Authority, ECF No. 77, violates this Court's local rules and should be stricken. Rule 3.01(i) of the Middle District of Florida Local Rules provides that "a party identifying a supplemental authority that is not merely cumulative may file — without argument or comment — a notice of supplemental authority that contains only: (1) a citation of the authority; (2) a specification by page, paragraph, and line of the issue or argument in the earlier paper that the authority supplements; and (3) a succinct quotation from the authority. The notice must not include a copy of the authority unless the authority is not readily available and must not exceed two pages inclusive of all parts." Plaintiff's Notice improperly comments on the decision, improperly contains argument regarding the application of the decision to this case, and improperly attaches the readily available decision. *See Garcia v. Noem*, 2025 WL 1582625 (D. Md. June 4, 2025).

1

In any event, the decision only supports *Defendants*' arguments that judicial records are treated differently than discovery materials, to which the First Amendment right of access does not pertain, *see, e.g.*, ECF No. 57 at 16-17 n.1; ECF No. 70 at 3-5, and that a protective order is needed now because "once information is made public, that harm cannot be undone," ECF No. 57 at 16 (citing cases). Judge Xinis granted the press' motion to unseal in the *Abrego-Garcia* case—a case against the government about the scope of executive authority, in which the public interest is especially heightened—only after concluding that most the documents at issue were *not* "discovery materials," which have not "historically been open to the press and the public." ECF No. 77 at 7. As to the only two documents that were arguably discovery materials, Judge Xinis noted that they "had already been filed on the open record where they remained before the Court had been asked to seal them during the April 23, 2025 hearing," and that it was impossible "to make what has thus become public private again." *Id.* (citation omitted).

2

Dated: June 10, 2025

                                            Respectfully submitted,

                                            */s/ Rachel E. Fugate*

**Davis Wright Tremaine LLP**               **Shullman Fugate PLLC**
Katherine M. Bolger (*pro hac vice*)        Rachel E. Fugate (Bar No. 144029)
Alexandra Perloff-Giles (*pro hac vice*)    100 South Ashley Drive, Suite 600
1251 Avenue of the Americas, 21st           Tampa, FL 33602
Floor                                       Tel: (813) 935-5098
New York, NY 10020                          rfugate@shullmanfugate.com
Tel: (212) 489-8230
katebolger@dwt.com                          Yelan Escalona (Bar No. 1031564)
alexandraperloffgiles@dwt.com               201 S. Biscayne Blvd. 28th Floor
                                            Miami, FL 33131
                                            Tel: (305) 928-2429
                                            yescalona@shullmanfugate.com