# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**LAURA LOOMER,**

    **Plaintiff,**

**v.**                                                                                 **Case No: 5:24-cv-625-JSM-PRL**

**BILL MAHER, et al.,**

    **Defendants.**

## ORDER

This is a defamation action against Bill Maher related to statements he made on his show "Real Time," which is broadcasted by HBO, regarding Plaintiff Laura Loomer. The parties have ongoing disagreements regarding the confidentiality and appropriate usage of depositions taken in this case. The issue is teed up in three motions filed by Defendants—one regarding Bill Maher's deposition video and transcript (Doc. 57),[1] one related to the deposition of HBO's 30(b)(6) corporate representative, Nina Rosenstein (Doc. 73), and one final motion regarding the deposition of Ms. Loomer. (Doc. 82). Defendants seek protection because they claim—and Plaintiff does not dispute—that Plaintiff and her lawyer intend to use the deposition materials for purposes unrelated to the litigation, including publicity and fundraising. Plaintiff has filed responses in opposition. (Docs. 63, 72, 77, 85, 87).[2]

---

[1] Defendants also filed a motion to file under seal exhibits in support of the motion for protective order regarding Bill Maher's deposition video and transcript and an unredacted version of the motion. (Doc. 58).

[2] Plaintiff's consent motion for extension of time to respond to Defendants' motion for protective order as to the deposition of Naina Rosenstein (Doc. 86) is **granted**. Plaintiff's response (Doc. 87) shall stand as filed.

As a fundamental starting point, the public's right to access judicial materials is "an essential component of our system of justice." *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). However, "while the right of access is indispensable, it is also limited" and "attaches only to 'items which may properly be considered public or judicial records'—not to any and all materials produced during discovery—and it can be outweighed by competing interests." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1361 (11th Cir. 2021) (*quoting Chi. Trib. Co.,* 263 F.3d at 1311). The Eleventh Circuit has offered specific guidance regarding the distinction between judicial records and discovery materials. The Court explained that "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right" *Chi. Trib. Co.,* 263 F.3d at 1312.

The procedural context of these motions is worth noting. Unlike most of the cases cited by the parties, there is no third-party, such as the press, seeking to obtain the deposition materials. Rather, Plaintiff—as a party to this action—is essentially raising the right to access on behalf of the public. Even if Plaintiff has standing to make that argument, the deposition materials clearly are not subject to the common-law right of access, at least at this point. Indeed, the deposition materials were obtained as part of the pretrial discovery process and were filed on the docket solely in support of the instant dispute. Thus, under well-settled Eleventh Circuit precedent they are not judicial records to which the common-law right of access attaches.³

---

³ Plaintiff argues that "it is simply not true that a video deposition or other discovery must be attached to a substantive motion before it can be accessibly place on the public record." (Doc. 72 at

Courts have repeatedly emphasized that discovery should be used for the purposes of litigating a case and not for public dissemination. *See e.g., Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) ("[T]he sole purpose [of discovery is to] assist[ ] in the preparation and trial, or the settlement, of litigated disputes."); I*n re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355 (11th Cir. 1987) ("[T]he discovery process, as a 'matter of legislative grace,' is statutorily created forum not traditionally open to the public."); *U.S. v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private."); *Forrest v. Citi Residential Lending, Inc.,* 73 So.3d 269, 279 (Fla. Ct. App. 2011) (recognizing the discovery process should not be turned into "a means to obtain information for publication in the press or other media"); *Paisley Park Enterprises, Inc. v. Uptown Productions*, 54 F.Supp.2d 347, 349 (S.D.N.Y. 1999) (restricting release of video deposition of plaintiff, a well-known musician, largely because defendants sought to make commercially-motivated, "non-litigation use of the video.").

Nevertheless, Plaintiff contends that she has some right to publicly share the deposition materials. Notably, Plaintiff cites no cases holding that a litigant has such a right, and instead frames the argument in terms of the public's right of access. To that end, Plaintiff relies on cases addressing motions to seal (or unseal) judicial records.[4] Those cases, however, are not

---

3). However, the case cited by Plaintiff—*Condit v. Dunne*, 225 F.R.D. 113 (S.D.N.Y 2004)—is not binding precedent and provides no basis for this Court to ignore the clear directives from the Eleventh Circuit.

[4] *See e.g., Garcia v. Noem, No. 8:25-cv-951-PX (D. Md. June 4, 2025),* filed at Doc. 77 (granting in part and denying in part motion to unseal documents filed related to Court's order for expedited discovery filed by members of the press)*; Boullosa v. Equifax information Services, Inc.,* No. 8:22-cv-2642-CEH-CPT, 2024 WL 3673566 (denying motion to seal deposition transcript offered in support

helpful in answering the instant question—i.e., whether Plaintiff should be permitted to publicly disseminate discovery materials for reasons wholly unrelated to litigating her claims in this Court.

Given the well-established case law discussed above regarding the intended purpose of discovery, the Court finds that the depositions of Mr. Maher, Ms. Rosenstein, and Ms. Loomer shall be used solely for purposes of this litigation. Contrary to Plaintiff's contention, the Court is not sealing these depositions. Rather, the Court is directing that the parties may only use the depositions—which were obtained through the discovery process—for purposes related to this litigation. If, and when, depositions are filed in support of a motion for summary judgment (or some other pretrial motion that requires judicial resolution of the merits), they will then be judicial records to which the public has access, subject to any claimed confidentiality.

Because the parties have been unable to reach agreement on a protective order, Defendants seek to designate as confidential the full videotape and portions of the deposition transcript for Mr. Maher.[5] It is well-settled that a district court may regulate access to discovery materials by issuing a protective order pursuant to Rule 26(c). Indeed, the Supreme Court has recognized that "it is necessary" for the Court to have the authority to issue protective orders given that pretrial discovery by depositions has "significant potential for

---

of dispositive motions); *Ocasio v. C.R. Bard, Inc.,* No. 8:13-cv-1962-CEH-AEP, 2021 WL 2477259 (M.D. Fla. June 17, 2021) (denying motion to seal depositions that the parties intended to play at trial); *Clark v. FDS Bank*, No. 6:17-cv-692-Orl-41TBS, 2018 WL 6503583 (M.D. Fla. Dec. 11, 2018) (granting motion to seal deposition transcript offered in support of motion to dismiss case for lack of prosecution); *United States v. Bradley*, No. 405CR059, 2007 WL 1703232 (S.D. Ga. June 11, 2007) (unsealing entire record of criminal case after sentencing).
[5] Defendants do not seek an Order designating the depositions of Ms. Rosenstein or Ms. Loomer as confidential.

abuse" that may "seriously implicate privacy interests of litigants and third parties." *Seattle Times Co.*, 467 U.S. at 34-35. See also *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355 (11th Cir. 1987) ("Although information exchanged in pretrial discovery would often generate considerable public interest if publicly disseminated, private litigants have protectable privacy interests in confidential information disclosed through discovery."). And because "[t]here is an opportunity . . . for litigants to obtain—incidentally or purposefully—information that not only is irrelevant but if publicly released could be damaging to reputation and privacy, [courts] clearly ha[ve] a substantial interest in preventing this sort of abuse of its processes." *Seattle Times Co.*, 467 U.S. at 35.

Rule 26(c) states that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). As to the deposition transcript, Defendants request that the Court keep confidential those portions of the deposition that (1) reveal Mr. Maher's confidential salary; (2) the identities of Mr. Maher's business and professional managers; (3) any unrelated alleged litigation in which Mr. Maher was involved; and (4) irrelevant, intrusive and harassing questions and answers. Defendants have filed under seal an unredacted transcript and a transcript with the proposed redactions for the Court's review. (Doc. 58).

Having reviewed the transcript, the Court agrees that the designated portions of the deposition should be kept confidential. This case has already garnered public attention, and the Court finds good cause to shield Mr. Maher from embarrassment and annoyance associated with public scrutiny of information in the transcript that is private and unrelated to this defamation case.

Defendants also request that Mr. Maher's entire deposition video be designated as confidential. The risks that these deposition materials will be exploited for improper purposes are heightened with respect to the deposition video. Indeed, courts have recognized that videos can be more easily abused as they "can be cut and spliced and used as 'sound-bites'" on media platforms. *Stern v. Cosby*, 529 F.Supp.2d 417, 422 (S.D.N.Y. 2007). And while "videotaped depositions are permitted to facilitate the presentation of evidence to juries; they are not intended to provide 'a vehicle for generating content for broadcast and other media.'" *Id.* at 422-23; *Paisley Park Enterprises, Inc. v. Uptown Productions*, 54 F.Supp.2d 347, 349 (S.D.N.Y. 1999). Accordingly, the entirety of Mr. Maher's deposition video shall be held confidential. Keeping these materials confidential will not prejudice Plaintiff's ability to litigate her defamation claims in this Court.

Accordingly, it is hereby ORDERED that

1. Defendants' Time Sensitive Motion for a Protective Order Designating the Video Deposition of Bill Maher and Portions of the Transcript as Confidential and Directing that the Deposition be Used Only for Purposes of the Litigation (Doc. 57) is **granted**. The transcript and videotapes of the April 4, 2025, deposition of Bill Maher shall be used solely for purposes of the litigation. The full video of Bill Maher's deposition and the portions of the transcript identified in Doc. 58-2 are designated as confidential.

2. Defendants' Time Sensitive Motion for an Order Requiring Plaintiff to Use the Deposition of Nina Rosenstein Only for Litigation Purposes (Doc. 73) is **granted.** The transcript and videotapes of the May 7, 2025, deposition of HBO's 30(b)(6)

- 7 -

corporate representative, Nina Rosenstein, shall be used solely for the purposes of this litigation.

3. Defendants' Time Sensitive Motion for an Order Requiring Plaintiff to Use the Deposition of Laura Loomer Only for Litigation Purposes (Doc. 82) is **granted**. The transcript and videotapes of the June 4, 2025, deposition of Laura Loomer shall be used solely for purposes of the litigation.

4. In support of Defendant's motion for protective order as to Mr. Maher's deposition, Defendants filed a Motion to Seal (Doc. 58) the unredacted version of Defendants' motion for protective order as to Mr. Maher's deposition (Doc. 58-3), as well as copies of Mr. Maher's deposition transcripts with proposed redactions. (Docs. 58-1 and 58-2). The motion is granted and Docs. 58-1, 58-2, and 58-3 shall remain under seal. Plaintiff filed under seal Mr. Maher's video deposition (Doc. 75) which shall remain under seal.  Plaintiff also filed under seal responses to Defendants' motions for protective order. (Docs. 63 and 84). Within ten days of this Order, Plaintiff shall file a redacted version of (Doc. 63) redacting any cited excerpts from Mr. Maher's deposition that have been designated as confidential by this Order. The Clerk shall unseal (Doc. 84) because it does not cite to any deposition testimony that has been designated confidential.

- 8 -

5. The Court will take up the remaining discovery motions (Docs. 71, 76, 78), all of which relate to outstanding discovery requests and the parties failure to reach agreement on a protective order, once they are fully briefed.

**DONE** and **ORDERED** in Ocala, Florida on June 18, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

C: Counsel of Record
Unrepresented Parties