IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| LAURA LOOMER<br><br>        Plaintiff,<br><br>  v.<br><br>BILL MAHER et al<br><br>        Defendants. | **Case No: 5:24-cv-00625-JSM-PRL** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

  Plaintiff Laura Loomer ("Plaintiff") hereby submits the following response to Defendants' Motion to Compel the Production of Documents and Responses to Defendants' First Set of Interrogatories (the "Motion to Compel"). ECF No. 78.

  It is frankly getting tiresome that Defendants Bill Maher ("Maher") and Home Box Office Inc. ("HBO") continue to maintain that the false, malicious, and defamatory statement they made of and concerning Plaintiff was merely a "joke." If was just a "joke," Defendants would not have had their Motion to Dismiss along with the anti-SLAPP motion correctly denied by this Honorable Court. ECF No. 39.

  It is also frankly getting tiresome that Defendants continue to misrepresent to this Honorable Court the interactions between the parties. The undersigned counsel has never refused to meet and confer with counsel for Defendants, and has, in fact done so on multiple occasions, including at the deposition of HBO's

1

corporate representative, Nina Rosenstein. There, the undersigned counsel informed counsel for Defendants that Plaintiff was standing by her responses and objections to Defendants' discovery requests and that she would be producing relevant documents such as her tax returns and other documents, which Plaintiff did, in fact, produce with full reservation of all rights.

Another meet and confer occurred at the deposition of Plaintiff Ms. Loomer on June 4, 2025, where the undersigned counsel and her associate were extremely abusive and hostile towards the undersigned counsel and Plaintiff. Furthermore, at Plaintiff's deposition, Plaintiff honestly provided answers to all of the non-objectionable questions asked by counsel for Defendants, showing that, contrary to the disingenuous and dishonest suggestion of the Defendants, Plaintiff has not withheld any relevant information in bad faith.

The fact of the matter remains that Plaintiff is still calculating the exact measure of damages that she has sustained from the Defendants' false, malicious, and defamatory statement:

> I think maybe Laura Loomer's in an arranged relationship to affect the election because she's very close to Trump. She's 31, looks like his type. We did an editorial here a few years ago…it was basically, who's Trump fucking? Because I said, you know, it's not nobody. He's been a dog for too long, and it's not Melania. I think we may have our answer this week. I think it might be Laura Loomer.

These damages are still ongoing, and as evidence of Plaintiff's good faith compliance with the discovery process, she has produced already her tax returns as well as documentation showing her attempts to gain employment in the Trump administration, which job she did not ultimately get due to the

2

Defendants' false, malicious, and defamatory statement. This alone has resulted in severe financial damage in the form of lost wages, but also loss of what would have been a significant boost to her reputation, standing, and goodwill in her field.

A review of the actual documents sought and interrogatories presented by Defendants which are at issue in the Motion to Compel will show that these requests are completely irrelevant, harassing, and vexatious and that Plaintiff's objections thereto are valid or that Plaintiff has produced all documents responsive to these requests which are currently in her possession and control.

### *Defendants Request for Production*

Defendants allege that Plaintiff's responses to documents requests 12, 13, 14, 18, 19, and 20 are insufficient. These are addressed in turn.

> Request 12: All Documents and Communications supporting the Complaint's allegations that the September 13, 2024 Episode "severely harmed and damaged Ms. Loomer financially and in other ways in her profession and business as an investigative journalist."
>
> Response: Any and all nonprivileged and relevant documents will be produced at a mutually convenient date, time, and place.
> …
>
> Request 13: All Documents and Communications supporting the Complaint's allegations that the September 13, 2024 Episode "subjected Laura Loomer within this circuit to unjustified ridicule, embarrassment, loss of reputation and professional opportunity and prospects, as well as" to "financial[]" "damage[]."
>
> Response:  Any and all nonprivileged and relevant documents will be produced at a mutually convenient date, time, and place.
> …
>
> Request 14: Documents and Communications not heretofore produced sufficient to show that You lost business opportunities

3

and/or lost business income as a result of the September 13, 2024 Episode.

Response: Any and all nonprivileged and relevant documents will be produced at a mutually convenient date, time, and place.

…

Request 18: All Documents and Communications supporting Your contention that You "certainly would have been part of" President Trump's administration.

Response: Any and all nonprivileged and relevant documents will be produced at a mutually convenient date, time, and place.

…

Request 20: All Documents and Communications reflecting discussion of your fitness for a position in the Trump Administration.

Response: Any and all nonprivileged and relevant documents will be produced at a mutually convenient date, time, and place.

As set forth in Plaintiff's responses to the foregoing requests, "Any and all nonprivileged and relevant documents will be produced at a mutually convenient date, time, and place." Plaintiff has, in this regard, produced her tax returns and correspondence with the Trump administration regarding her having sought employment. With regard to the specific amount of damages, Plaintiff has made it clear that damages are ongoing, and she is therefore still calculating damages and therefore reserved the right to supplement her responses in this regard. The discovery requests of the Defendants will be supplemented as more information becomes available during on-going discovery.

Request 19: All Communications between You and Susie Wiles.

4

>Response: Objection as to overly broad, vague, and ambiguous. Objection as to relevance.

This request is clearly irrelevant to both the facts of the case and to Plaintiff's damages. Any communication that Plaintiff had with Ms. Wiles, the White House Chief of Staff, is irrelevant as the only issue is whether, in vulgar and disgusting low class words of Maher and HBO, Ms. Loomer "fucked" President Trump behind the back of Melania Trump, thus committing adultery. This overbroad and irrelevant request is simply meant to harass Plaintiff, and Plaintiff stands by her objection in this regard.

### *Defendants' Interrogatories*

Defendants allege that Plaintiff's responses to interrogatories 1, 7, 8, 9, 10, 11, and 13 are insufficient. These are addressed in turn below.

>Request 1: Provide a computation of each category of damages that You allege in this action.
>
>Response: While damages for defamation per se, which the Court has already found in denying Defendants' motion to dismiss, are presumed, I am currently calculating the financial damages, which are increasing daily. In addition, damages to me include, but are not limited to: loss of reputation, goodwill, standing in the community, humiliation and emotional distress, which the jury will determine based upon evidence presented at trial.
>
>…
>
>Request 8: Identify all revenues You have earned for your work as an investigative journalist and the source of such revenues.
>
>Response: While damages for defamation per se, which the Court has already found in denying Defendants' motion to dismiss, are presumed, I am currently calculating the financial damages, which are increasing daily. In addition, damages to me include, but are not limited to: loss of reputation, goodwill, standing in the community, humiliation and emotional distress, which the jury will determine based upon evidence presented at trial.

…

>Request 9: Identify all business opportunities You contend You lost as a result of, or were otherwise impacted by, the September 13, 2024 Episode.
>
>Response: While damages for defamation per se, which the Court has already found in denying Defendants' motion to dismiss, are presumed, I am currently calculating the financial damages, which are increasing daily. In addition, damages to me include, but are not limited to: loss of reputation, goodwill, standing in the community, humiliation and emotional distress, which the jury will determine based upon evidence presented at trial.

As set forth above, Plaintiff has already produced her tax returns and correspondence with the Trump administration regarding her having sought employment. With regard to the specific amount of damages, Plaintiff has made it clear that damages are ongoing, and she is therefore still calculating damages and therefore reserved the right to supplement her responses in this regard.

Defendants attempt, with yet a new misleading recitation of the law, to claim that they are "media defendants" and therefore damages are not presumed against them even where the defamatory statement is *per se* defamatory. However, Defendants are not "media defendants." "To determine whether a party qualifies as a media defendant, courts assess whether the defendant's function is to "inform and . . . initiate uninhibited, robust, and wide-open debate on public issues. *Pete v. Cooper*, 2025 U.S. Dist. LEXIS 22713, at *9 (S.D. Fla. Feb. 7, 2025). In *Pete*, the Court found that the Defendant was not a "media defendant" where the Defendant was a self-described blogger ""who reports on various pop culture items…." *Id*. at 9. However, the Plaintiff showed that Defendant had engaged in "a concerted effort to harass and discredit Plaintiff." *Id*. Accordingly,

6

the Court found that "nothing about this alleged [Defendant's] conduct suggests an effort to "impartially disseminate information" and thus the Defendant did not qualify as a "media defendant." *Id*. at 10.

*Pete* applies perfectly here. Defendant Maher is not a journalist. He is a political pundit. His purpose is not to "impartially disseminate information." His purpose is purportedly to entertain people. The defamatory statement at issue was not "news," particularly since it was fabricated trash talk and garbage. It was malicious defamation. Furthermore, HBO is certainly not a media defendant, as its function is not to "impartially disseminate information." It is an entertainment company that deals in movies and television programs for the entertainment of its audience. And, as set forth in the Amended Complaint, Maher "loathes" President Trump, and those he is associated with, including Plaintiff. The Amended Complaint sets forth, "[t]his malicious hate was then projected onto Ms. Loomer as an improper vehicle to harm President Trump's presidential campaign." Thus, just like in *Pete*, neither Defendants are "media defendants" under the clear definition provided by the Courts. This is just another example of counsel for Defendants' penchant for making misrepresentations.

> Request 7: Describe all meetings you have had with Susie Wiles, including the date of each meeting, the subject matter of the meeting, and the identities of other persons present at the meeting.
>
> Response: Objection as overly broad, vague, and ambiguous, vexatious, and harassing. Objection as to relevance.

7

As set forth above, this request is clearly irrelevant to both the facts of the case and to Plaintiff's damages. Any communication that Plaintiff had with Ms. Wiles, the White House Chief of Staff, is irrelevant and overbroad. This request is simply meant to harass Plaintiff, and Plaintiff stands by her objection in this regard.

> Request 10: Identify all social relationships You contend You lost as a result of, or were otherwise impacted by, the September 13, 2024 Episode.
>
> Response: Objection as overly broad, vague, and ambiguous, vexatious, and harassing. Subject to and without waiving these objections, social relationships were obviously damaged and impacted by the 9/13/2024 episode and compounded by 9/20/2024 episode.
>
> …
>
> Request 11: Identify any persons who You contend were led to mistakenly believe, based on the September 13, 2024 Episode, that You and President Trump had engaged in a sexual relationship.
>
> Response: Objection as overly broad, vague, and ambiguous, vexatious, and harassing. Subject to and without waiving these objections, obviously, viewers of Bill Maher and Real Time who did not know me personally were led to mistakenly believe that President Trump and I engaged in a sexual relationship in addition to committing adultery behind the back of Melania Trump. This is textbook defamation per se as found by the Court in its order of denying the Defendants' motion to dismiss.
>
> …
>
> Request 13: Identify all persons with knowledge of Your alleged damages.
>
> Response: Myself, and those heard and/or learned of the defamation per se and other forms of defamation of the Defendants.

Plaintiff stands by her responses to these interrogatives, as her responses answer the questions that are presented to her by the Defendants, and she elucidated

8

much more at her deposition. It is clear that any individual who viewed the September 13, 2024 episode of Real Time would reasonably have been led to believe that Plaintiff and President Trump had engaged in a sexual relationship. This Court has effectively already found as much in denying the Defendants' motion to dismiss. Furthermore, as correctly stated by Plaintiff, she is the person most familiar with her damages, but others who heard the Defendants' malicious and defamatory statement would also be aware of the damage that it caused her. Discovery is on-going in this regard.

### *Initial Disclosures*

Plaintiff will serve all required initial disclosures within ten (10) days given the July 4, 2025 vacation week.

### **CONCLUSION**

WHEREFORE, based on the foregoing, Defendants' Motion to Compel must respectfully be denied in its entirety. Plaintiff has more than sufficiently and properly served appropriate responses to Defendants' discovery requests, the same which, ironically, cannot be said of the Defendants themselves, as a motion to compel will be filed in this regard in the near future. Ironically, a meet and confer had been scheduled and defense counsel asked to put it off for her own scheduling reasons.

Dated:       June 27, 2025                                         Respectfully Submitted,


                                                                   By:/s/ Larry Klayman
                                                                   Larry Klayman, Esq.

9

Florida Bar No.: 246220
Klayman Law Group P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: 561-558-5536
leklayman@gmail.com

*Counsel for Plaintiff*