UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION

---

LAURA LOOMER,

        *Plaintiff,*

- against -

BILL MAHER and HOME BOX OFFICE, INC.,

        *Defendants.*

Case No.: 5:24-cv-00625-JSM-PRL

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO ORDER OF MAGISTRATE JUDGE PHILIP R. LAMMENS**

---

Defendants Bill Maher and Home Box Office, Inc. ("HBO") respectfully submit this response to Plaintiff Laura Loomer's objection to Judge Lammens' June 18, 2025 order (the "Order"), ECF No. 88, directing that the videos and transcripts of the depositions of Plaintiff, Maher, and HBO corporate representative Nina Rosenstein be used only for purposes of the litigation and designating the video and limited portions of the transcript of Maher's deposition confidential. The portion of the Order that holds that the depositions can be used only for purposes of this litigation should be affirmed because it is both consistent with the Supreme Court's instruction in *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984), that discovery materials be used only for litigation purposes, and necessary because Plaintiff and her counsel have engaged in a social media campaign to fundraise for activities unrelated to this case off their promises to release the deposition videos and transcripts. The portion of the Order that seals the videotape and parts of the transcript of Maher's deposition should be affirmed because there is good cause to do so in light of the sensitive information discussed and the harassing nature of Plaintiff's counsel's

1

questions. Plaintiff identifies no error of fact or law in Judge Lammens' decision. Her objections should be denied and the Order affirmed.[1]

I.      Facts

The Order was based on Defendants' three motions for a protective order and supporting exhibits. *See* ECF Nos. 57, 70, 73 & 82. Because of space constraints, Defendants cannot include the full factual background here but refer the Court to those motions. Suffice it to say that Plaintiff and her counsel, Larry Klayman, have sought to use discovery as a vehicle for self-promotion and profit. Plaintiff deposed Maher on April 4, 2025. Both before and after Maher's deposition, Loomer and Klayman sought to publicize when and where the deposition was occurring and to fundraise off of its contents. *See* ECF No. 57 at 7-11; ECF 73 at 2-3; Exs. 1 & 2 hereto. Klayman issued a "press release" announcing the deposition, and Plaintiff repeatedly proclaimed on social media that she would be attending. Exs. 1 & 2. Klayman began the deposition by instructing the videographer to "pan the camera" away from the witness to show counsel for Defendants. ECF No. 58, Ex. A at 6:2. Klayman went on to pose highly inappropriate and harassing questions to the witness, probing irrelevant and personal parts of his life and launching into bizarre and baseless *ad hominem* attacks on Maher and his counsel. *See* ECF No. 57 at 11-14. Defendants were therefore forced to seek a protective order to prevent Plaintiff and

---

[1] Plaintiff's objection to the Order should also be stricken for exceeding the page limit set forth in Rule 3.01(b) of the Middle District of Florida Local Rules.

her counsel from profiting off these tactics, which the Court provisionally granted on April 21. *See* ECF No. 59.

On May 7, 2025, Plaintiff deposed HBO's 30(b)(6) representative, Nina Rosenstein. Plaintiff refused to agree that the deposition would be used only for the purposes of litigation, *see* ECF No. 73 at 3-5, forcing Defendants, again, to seek a protective order, which the Court provisionally granted on June 3, *see* ECF No. 74.

Finally, on June 4, 2025, Defendants deposed Plaintiff. Both before and after her deposition, she repeatedly posted about it to her 1.7 million followers on social media, while seeking donations to her "Lawfare Fund" and attacking Defendants' counsel. *See* ECF No. 82 at 2-7; Ex. 1. Defendants again sought a protective order requiring Plaintiff to use her deposition only for litigation purposes, which the Court provisionally granted on June 13, 2025. *See* ECF No. 83.

On June 18, the Court issued a final order granting Defendants' requested relief in its entirety as to all three depositions. *See* ECF No. 88. In reaching his decision, Judge Lammens observed that there is a "distinction between judicial records and discovery materials." *Id.* at 2. After noting that Plaintiff cites no cases holding that a litigant has" the "right to publicly share … deposition materials," he then held that, in light of "well-established case law … regarding the intended purpose of discovery," the depositions of Maher, Rosenstein, and Loomer "shall be used solely for purposes of this litigation." *Id.* at 4. Judge Lammens also was clear that, "[c]ontrary to Loomer's contention, the Court is not sealing these depositions." *Id.* Judge Lammens separately held that the videotape of Maher's deposition and

3

limited portions of the transcript would be kept confidential.

## II. Standard of Review

When a litigant offers a specific objection to a magistrate judge's factual findings, the district court reviews those portions of the magistrate judge's report and recommendation *de novo*. 28 U.S.C. § 636(b). But "where a litigant fails to offer specific objections to a magistrate judge's factual findings, there is no requirement of *de novo* review," *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016); *accord Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the district court may review those factual findings or legal conclusions for clear error, *see, e.g.*, *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Plaintiff does not object to any factual findings by Judge Lammens. To the contrary, the factual findings in the Order—that "Plaintiff and her lawyer intend to use the deposition materials for purposes unrelated to the litigation, including publicity and fundraising," that "[t]his case has already garnered public attention," and that "public scrutiny" of portions of Maher's deposition transcript could cause him "embarrassment and annoyance," ECF No. 88 at 1, 5—are undisputed, *see* ECF No. 96 at 3, 7, 11. Judge Lammens' decision should therefore be reviewed only for clear error. Ultimately, however, the standard of review makes no difference here. Judge Lammens' well-reasoned decision should be affirmed under either standard.

## III. Judge Lammens Correctly Ordered That the Video and Transcripts of the Depositions Be Used Solely for Purposes of the Litigation

As the Supreme Court has recognized, "[l]iberal discovery is provided for the

*sole purpose* of assisting in the preparation and trial . . . of litigated disputes." *Seattle Times*, 467 U.S. at 34 (emphasis added). Depositions are not a "means to obtain information for publication in the press or other media." *Forrest v. Citi Residential Lending, Inc.*, 73 So. 3d 269, 279 (Fla. 2d DCA 2011); *see also, e.g.*, *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). The Order is consistent with this important rule.

The Order is also necessary in this case. Plaintiff routinely posts about depositions in this case to her 1.7 million X followers, attacking Maher, asking for donations, and linking to the "Laura Loomer Lawfare Fund." *See generally* ECF Nos. 57, 70, 73, 76 & 82. Her "Lawfare Fund" page makes clear that "[t]his isn't just about one case," but about building her "legal war chest" "to defend against defamation claims brought against her," "[h]ire skilled private investigators and researchers" for "these high-stakes battles," engage in "digging and investigative journalism" "to expose the full scope of these Democrat lawfare networks," and "[a]mplify[] Laura's findings through media, X posts, and articles." Laura Loomer Lawfare Fund, https://www.givesendgo.com/LoomerLawfare (last visited July 16, 2025). In other words, Plaintiff is exploiting *this* litigation to fund entirely separate litigation against her as well as her day-to-day activities as a social media commentator and purported journalist. Likewise, Plaintiff's counsel provided his Substack subscribers with an "Update on the Bill Maher Deposition," in which he asks for contributions to "bring Bill Maher *and others like him* to their legal knees." Larry Klayman's Freedom Watch, *Update on the Bill Maher Deposition #2* (Apr. 6, 2025), https://thefoundationforamerica.substack.com/p/update-on-the-bill-maher-

5

deposition-e2b, at 4:47. The Order is necessary to ensure that the deposition materials are used for this litigation and this litigation only.

In asking this Court to overrule the Order, Plaintiff makes three claims. *First*, Plaintiff maintains that "[t]here is nothing wrong with Loomer's fundraising" "to pay for the significant costs of this litigation." ECF No. 96 at 3.[2] But, as Judge Lammens held, Plaintiff cites no cases holding that she has the right to exploit the litigation process for personal gain in this manner. *See* ECF No. 88 at 3. Nor could she; effectively selling the videos of depositions in this case for personal profit is not contemplated under the Federal Rules or consistent with the purpose of discovery.

*Next*, Plaintiff argues that the Order is inappropriate because this case is not "complex"[3] and there is no need for confidentiality in "a standard defamation case." ECF No. 96 at 5. Plaintiff cites no case for this argument—nor could she. The basic rationale for keeping discovery private, set forth in cases like *Seattle Times*, is not defined by the nature of the claim alleged and is routinely cited in all manner of cases. *See, e.g.*, *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 & 1312 n.10 (11th Cir. 2001) (design defect litigation); *Alarm Grid, Inc. v. Alarm Club.com, Inc.*, 2018 WL 1175254, at *1 (S.D. Fla. Mar. 5, 2018) ("copyright dispute concerning a single photograph"); *Pettaway v. Barber*, 2021 WL 11423059, at *5

---

[2] It bears noting that numerous costs of this litigation have been unnecessarily incurred as a result of Plaintiff and her counsel's own decisions, including Plaintiff's unilateral noticing of depositions and her refusal to agree to a standard confidentiality agreement, thereby necessitating multiple rounds of discovery-related motions, and Plaintiff's decision to fly to California to attend Maher's deposition.

[3] Plaintiff simply ignores *Forrest*, 73 So. 3d at 279, and *Paisley Park Enterprises, Inc. v. Uptown Productions*, 54 F. Supp. 2d 347, 349 (S.D.N.Y. 1999). *See* ECF No. 88 at 3.

(M.D. Ala. Apr. 14, 2021) (Section 1983 litigation).

*Finally*, Plaintiff argues that the depositions in this case are "not worthy of any confidentiality." ECF No. 96 at 1, 5. But Defendants never sought to keep Plaintiff's deposition confidential, and Judge Lammens was explicit that "[i]f, and when, depositions are filed in support of a motion for summary judgment (or some other pretrial motion that requires judicial resolution of the merits), they will then be judicial records to which the public has access, subject to any claimed confidentiality." ECF No. 88 at 4. All the Order does is instruct that the deposition transcripts cannot be exploited for fundraising or publicity purposes. As set forth more fully in Defendants' motions on each deposition, ECF Nos. 57, 70, 73 & 82, that Order is amply warranted by the facts in this case and should be affirmed.

**IV.     Judge Lammens Correctly Designated the Video and Certain Portions of the Transcript of Maher's Deposition as Confidential**

The Federal Rules recognize that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P 26(c)(1). In particular, the court may issue an order "forbidding the disclosure or discovery" or "requiring that a deposition be sealed and opened only on court order." *Id.* at 26(c)(1)(A) & (F). Finding good cause, Judge Lammens ordered that limited portions of Maher's deposition be sealed and that the video of the deposition remain confidential. *See* ECF No. 88 at 4-7.[4]

---

[4] Defendants asked that four limited categories of deposition testimony be treated as confidential: 1)

*First*, Plaintiff appears to dispute only the portions of the Order that seal the harassing questioning about Maher's private life and religious beliefs, arguing that "Defendants have failed to identify a [sic] with specificity a single example of something that Defendant Maher said during the deposition that would harm his 'legitimate privacy interests." ECF No. 96 at 7. But Plaintiff is wrong. Defendants specified numerous examples of Plaintiff's counsel's harassing and irrelevant questioning for the Court's review in their motion, *see* ECF No. 57 at 11-14, 23-24, and highlighted those examples in the transcript filed under seal on the docket, *see* ECF No. 58, Ex. B. Judge Lammens reviewed those examples. ECF No. 88 at 5.

*Second,* Plaintiff argues that "[m]erely being 'embarrassing' is not an adequate showing of good cause." ECF No. 96 at 7. But the Federal Rules explicitly state otherwise, *see* Fed. R. Civ. P. 26(c)(1) (protecting a person from "annoyance" or "embarrassment" justifies issuance of protective order), and courts routinely issue protective orders to prevent "any embarrassment or annoyance associated with public scrutiny of the deposition materials," *ZeniMax Mexia, Inc. v. Occulus VR, LLC*, 2016 WL 11430477, at *2 (N.D. Tex. June 2, 2016); *accord, e.g.*, *Stern v. Cosby*, 529 F. Supp 2d. 417, 422-423 (S.D.N.Y. 2007); *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1353 (S.D. Fla. 2000). Plaintiff's cited case is not to the contrary. Although Plaintiff

---

Maher's salary, 2) the identities of Maher's business and talent managers, 3) discussion of any unrelated litigation, and 4) irrelevant, intrusive, and harassing questioning about Maher's private life and personal views. *See* ECF No. 57 at 11-14, 23-24. Plaintiff ignores the first three categories and thus waives any objection. That portion of the Order should be affirmed on this basis alone.

asserts that Judge Delgado "found" that "[m]erely because something might not be 'flattering' is not an adequate showing of good cause," ECF No. 96 at 7, Judge Delgado "found" no such thing—and in fact, Klayman's motion to declassify was ultimately denied, keeping the documents at issue confidential. *See* Exs. 3 & 4 hereto.

*Third,* Plaintiff challenges the Order designating as confidential the video of Maher's deposition because the "risks that these deposition materials will be exploited for improper purposes are heightened with respect to the deposition video." ECF No. 88 at 6. But Judge Lammens was clearly correct—and courts across the country agree. *See, e.g., Stern*, 529 F. Supp at 423; *Paisley Park Enters.*, 54 F. Supp. 2d at 348; *Springs v. Ally Fin., Inc.*, 2014 WL 7778947, at *8 (W.D.N.C. Dec. 2, 2014), *aff'd*, 2015 WL 506471 (W.D.N.C. Feb. 6, 2015), *order vacated in nonrelevant part*, 657 F. App'x 148 (4th Cir. 2016); *Baker v. Buffenbarger*, 2004 WL 2124787, at *4 (N.D. Ill. Sept. 22, 2004); *Seaman v. Wyckoff Heights Med. Ctr., Inc.*, 8 Misc. 3d 628, 633 (N.Y. Sup. Ct. 2005), *aff'd*, 25 A.D.3d 598 (N.Y. App. Div. 2006).

Plaintiff urges this Court to ignore those cases and look instead to *Condit v. Dunne*, 225 F.R.D. 113 (S.D.N.Y. 2004).[5] But *Condit*, too, supports Defendants' position. In *Condit*, the court declined to seal a deposition video because the court had no basis to infer that the person who wanted to publicize the deposition video

---

[5] Plaintiff also cites *Condit* for the proposition that, even if the video of Maher's deposition is not a judicial record, the public nevertheless has an interest because "the substantive issues in this litigation are also of public concern." ECF No. 96 at 9. As Judge Lammens held, that contention is squarely at odds with "the clear directives from the Eleventh Circuit" regarding the absence of any public interest in discovery materials.

(the plaintiff's attorney) would "engage in smear tactics against [defendant] through the media" or "seek[] to further his notoriety." *Id.* at 117. It suggested that, under facts like in *Paisley Park*, where one party posts about the case online for "commercial advancement," a protective order *would* be warranted. *Id.* Here, Plaintiff and her counsel have repeatedly engaged in smear tactics[6] and have repeatedly sought "commercial advancement" from posts or videos about this case, *see* ECF No. 57 at 8-9; ECF No. 73 at 2-3; ECF No. 82 at 3-6.[7] The Order should be affirmed.

## CONCLUSION

Defendants respectfully request that this Court affirm Judge Lammens' Order.

Dated: July 16, 2025

Respectfully submitted

**Davis Wright Tremaine LLP**
Katherine M. Bolger (*pro hac vice*)
Alexandra Perloff-Giles (*pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 489-8230
katebolger@dwt.com
alexandraperloffgiles@dwt.com

*/s/ Rachel E. Fugate*
**Shullman Fugate PLLC**
Rachel E. Fugate (Bar No. 144029)
100 South Ashley Drive, Suite 600
Tampa, FL 33602
Tel: (813) 935-5098
rfugate@shullmanfugate.com
Yelan Escalona (Bar No. 1031564)
201 S. Biscayne Blvd. 28th Floor
Miami, FL 33131
Tel: (305) 928-2429
yescalona@shullmanfugate.com

---

[6] *See, e.g.,* @LauraLoomer, https://x.com/LauraLoomer/status/1937276370951770603 at 1:39-1:42 (Jun. 23, 2025) (Klayman: "Bill Maher is a low-class degenerate, frankly"); @LauraLoomer, https://x.com/LauraLoomer/status/1911168898759893184 (Apr. 12, 2025) ("rabid Trump hater Bill Maher . . . is complicit in the lawfare machine").

[7] Plaintiff further argues that, because Defendants contended that Plaintiff's counsel engaged in improper and harassing conduct during Maher's deposition, the deposition video must be unsealed so that the public can assess the veracity of that contention. *See* ECF 96 at 9. That is not the law and makes little sense. Plaintiff's argument would, in essence, reward Plaintiff for her counsel's improper conduct and provide incentive to engage in further harassment during subsequent depositions.