# EXHIBIT 4

IN THE CIRCUIT COURT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AH"
CASE NO.: 50-2022-CA-006587-XXXX-MB

LARRY KLAYMAN,
    Plaintiff/Petitioner
vs.
PGA TOUR, DP WORLD TOUR,
JOSEPH WILLIAM MONAHAN, IV, et al.,
    Defendant/Respondents.
_____/

## ORDER GRANTING MOTION FOR CLARIFICATION

**THIS CAUSE** came before the Court for review on February 25, 2025. Based upon review of the Motion for Clarification, a complete review of the court file, and the Court being otherwise fully advised in the premise, the Court hereby finds as follows:

This case came before the Court after Judge Luis Delgado recused himself *sua sponte* on November 14, 2024 (DIN: 433). Prior to his recusal, Judge Delgado dismissed this matter for lack of subject matter jurisdiction on September 6, 2024. (DIN:387). Presently, there is no active case or justiciable issues in the Circuit Court of the Fifteenth Judicial Circuit. This matter is currently on appeal with the Fourth District Court of Appeals (4D2024-2604).

Also prior to Judge Delgado's recusal the Plaintiff moved to have certain documents, previously classified as "confidential" pursuant to the agreed upon standing confidentiality order, declassified.

The Court finds that the documents at issue are text records primarily between **non-party private citizens**, Eldrick "Tiger" Woods, Fred Couples, Justin Thomas, Rory McIlroy, Davis Love III, and Zach Johnson. Although these citizens are also professional golfers who compete on the PGA Tour, they are not named parties in the instant lawsuit, which was again dismissed for lack of subject matter jurisdiction. The Court finds that all of the text records were provided in discovery to the Plaintiff pursuant to, **and contingent upon**, the agreed order of confidentiality. The Court finds, and the record reflects, that the Plaintiff is aware of the contents of the records and has an opportunity to use them during the previous litigation. The Court finds that these text records were designated as "Highly Confidential—Attorney's Eyes Only" pursuant to a valid and agreed upon Confidentiality Agreement. Because the Plaintiff is in possession of the records and has in fact previously argued the contents

of the records during hearings with Judge Delgado, there is no prejudice at all to the Plaintiff and his case by maintaining their confidentiality.

The Court finds that the text records, if they were released to the public, "could create a substantial risk of serious harm to the non-parties who provided the information to the producing party." The Court finds that confidentiality agreements are useful tools to protect the privacy interests of third parties from whom discovery is sought when the information is necessary to the litigation but otherwise confidential. Rousso v. Hannon, 146 So. 3d 66, 71-72 (Fla. 3d DCA 2014).

As previously stated, this matter has been dismissed for lack of subject matter jurisdiction, and therefore at present there are no justiciable issues before the Circuit Court. Pursuant to Florida Rule of Civil Procedure 1.280(c) (1) "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." The Plaintiff is already in possession of the materials from these private non-party citizens such that he is able to evaluate their probative value. However, at present there are no justiciable issues, and therefore the text records have no relevance. .

Upon a review of the contents of the text records between these private non-party citizens, the Court finds that they do not show efforts of illegal anticompetitive conduct but rather are thoughts, opinions, feelings and expressions of frustrations being shared between friends and colleagues regarding professional golf organizations. "Expressions of opinion that is protected by the First Amendment is likewise entitled to immunity from antitrust liability." Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc., 988 F. Supp 1341, 1347 (U.S. Colo 1997). Thus, the law permits such expressions of opinions without giving rise to illegal conduct. The Court finds nothing in the text records that go beyond expressed thoughts and feelings, and only unilaterally between the private non-parties. Antitrust actions reach restraints of trade effected by "contract, combination . . . or conspiracy" between separate entities. It does not reach conduct that is wholly unilateral. Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 769 (1984). The Court finds all the non-party citizens are members of the PGA tour and thus, any communications sought after are not "separate entities."

The Plaintiff openly seeks to unseal these text records, admittedly, for the purpose of publicizing them via golf media outlets (podcasts etc.). The Court finds no relevant purpose for publicizing private text conversations between non-parties that do not evidence illegal activity on a case that has been dismissed. To do so would subject the non-parties to annoyance, embarrassment and oppression. Sesame Workshops v. SeaWorld Parks & Ent., Inc., 2023WL 6161784, at *2 (M.D. Fla. Sept. 1, 2023). Further, the text conversations do not involve information important to public health and safety, thus weighing in favor of confidentiality. Pansy v. Stroudsburg, 23 F. 3d 772, 787 (3d Cir. 1994).

**ORDERED AND ADJUDGED** that the Motion for Clarification is

**GRANTED**.

**ORDERED AND ADJUDGED** the Court maintains its previous **DENIAL** of the Plaintiff's Motion to Declassify.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida.

50-2022-CA-006587-XXXX-MB    02/25/2025
Reid P. Scott
Judge

**COPIES TO:**

| | | |
|---|---|---|
| LARRY KLAYMAN ESQ | 7050 W PALMETTO PARK ROAD<br>BOCA RATON, FL 33433 | LEKLAYMAN@GMAIL.COM<br>daj142182@gmail.com<br>oliver.peerfw@gmail.com |
| LAWRENCE D. SILVERMAN ESQ | 1001 BRICKELL BAY DR STE 900<br>MIAMI, FL 33131 | lawrence.silverman@sidley.com<br>pvilla@sidley.com<br>ktanzer@sidley.com<br>mcabra@sidley.com<br>gportes@sidley.com<br>efilingnotice@sidley.com |
| ANTHONY DREYER ESQ | ONE MANHATTEN WEST<br>NEW YORK, NY 10001 | anthony.dreyer@skadden.com<br>karen.lent@skadden.com |

NOT A CERTIFIED COPY

Page **3** of **3**