IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| LAURA LOOMER<br><br>                Plaintiff,<br>v.<br><br>BILL MAHER et al<br><br>                Defendants. | Case No: 5:24-cv-00625-JSM-PRL |

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE PHILIP R. LAMMENS' ORDER ON MOTIONS TO COMPEL**

Plaintiff Laura Loomer ("Plaintiff") hereby objects to Magistrate Judge Philip R. Lammens' ("Magistrate Lammens") July 17, 2025 Order on Motions to Compel, ECF No. 98 ("Compel Order").

A hearing is respectfully necessary before the presiding judge, the Honorable James S. Moody ("Judge Moody") on these issues, as Plaintiff has not yet been afforded the opportunity to address Judge Moody directly on these discovery matters. Plaintiff previously moved to have discovery-related issues referred back to Judge Moody, ECF No. 85, because the obstructionist and dilatory tactics of counsel for Defendants, which are intentionally calculated to needlessly run up time and costs, have severely crippled Plaintiff financially. Plaintiff has already been brought to her knees financially because of highly offensive, false, malicious, and defamatory statements published by the Defendants and now counsel for Defendants, who have thousands of attorneys and millions of dollars to burn through, are trying to capitalize on this by burying Plaintiff with needless motions practice to try to coerce her into

1

dismissing her case. Unfortunately for Defendants, Plaintiff will not and cannot as a matter of justice capitulate to these tactics.

The bottom line is this: this is an extremely simple and straightforward defamation case where the Defendants have published the following highly offensive, false, and defamatory statement of and concerning Plaintiff:

> **I think maybe Laura Loomer's in an arranged relationship to affect the election because she's very close to Trump. She's 31, looks like his type. We did an editorial here a few years ago…it was basically, who's Trump fucking? Because I said, you know, it's not nobody. He's been a dog for too long, and it's not Melania. I think we may have our answer this week. I think it might be Laura Loomer**. Comp. ¶ 18. (the "Defamatory Statement").

## LEGAL ARGUMENT

Magistrate Lammens' Compel Order denies Plaintiff's Motion to Compel almost entirely, while granting Defendants' Motion to Compel entirely. Each will be addressed in turn herein.

### *Plaintiff's Motion to Compel*

*First*, it is not true that Plaintiff has refused to negotiate or discuss such a resolving discovery disputes. Magistrate Lammens appears to have adopted this false narrative. Plaintiff has simply taken the position that such an overly broad comprehensive protective order is not warranted in this extremely simple and straightforward defamation case. The few aspects of discovery that actually warrant confidentiality can be decided on a case-by-case basis, and Plaintiff has already exhibited a willingness and agreed to do so, such as with Defendant Maher's compensation by HBO and Ms. Loomer's tax returns. More cooperation

will be forthcoming in the future, without the need to turn this case into a virtual star chamber proceeding.

*Second*, well-established case law mandates that "[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). "Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents." *Id*. Importantly, this Court has found that when deciding whether a deposition should be sealed from public access, the Court must act under a presumption of public access. "A court has discretion to determine which parts of the record should be sealed, but its discretion is guided by the presumption of public access." *Harborview Realty, Inc. v. Fifth Third Bank, Nat'l Ass'n*, 2023 U.S. Dist. LEXIS 194679, at *2 (M.D. Fla. Oct. 31, 2023).

"Public disclosure of discovery material is subject to the discretion of the trial court and the federal rules that circumscribe that discretion." *Id*. at 1310. "Where discovery materials are concerned, the constitutional right of access standard is identical to that of Rule 26(c) of the Federal Rules of Civil Procedure." *Id*. Accordingly, the party seeking protection must make a showing of "good cause" as to why the materials should be excluded from the constitutional right of access. *Id*. Defendants have failed to make any semblance of a rational argument, much less the requisite "good cause" why discovery in this case should not be publicly available. Defendants' argument that Plaintiff may use

3

discovery being publicly available to help get support for the costs of this litigation simply falls flat because there is no prohibition against this. Parties routinely do so. It is transparent that Defendants have employed this meritless argument because it goes hand in hand with their strategy of first bringing Plaintiff to her knees financially by making the highly offensive defamatory statements to destroy her reputation as a way to harm President Trump who they loathe and then flexing their nearly unlimited resources to bury Plaintiff in needless motions to prevent her from being able to substantively litigate her claims.

*Defendants' Motion to Compel*

With regard to the Defendants' Motion to Compel, it simply cannot be overstated how simple and straightforward of a defamation case there is. The only discovery of any relevance, beyond damages, is whether Plaintiff "fucked" President Trump. Defendants' fishing expedition far exceeds what is even arguably relevant in this case. This is notwithstanding the fact that Plaintiff also properly objected to Defendants' discovery requests on the grounds that they were vague, ambiguous, harassing, overbroad, and irrelevant and Plaintiff has already produced non-objectionable and non-privileged documents and sat for deposition for over eight (8) hours where counsel for Defendants had every opportunity to ask her questions and to which Plaintiff responded fully and truthfully in great detail It is axiomatic that a deposition is the best vehicle to elicit detailed responses in discovery. Plaintiff respectfully asked this honorable court to review it to confirm Ms. Loomer's candor and good faith in providing

meaningful discovery information to the Defendants and their counsel despite being harassed and effectively browbeaten by them. Exhibit A. In any event, Plaintiff responds with specific further objections to Magistrate Lammens' Compel Order with regard to individual discovery requests below.

*First*, discovery pertaining to communications with Susie Wiles as requested in **Interrogatory 7** and **Request for Production 19** are simply not relevant to whether Plaintiff "fucked" President Trump or to her damages, particularly where Plaintiff has already produced her communications with the Trump administration. In this regard, Plaintiff lodged the following meritorious and proper objection: "Objection as overly broad, vague, and ambiguous. Objection as to relevance." Whether or not Plaintiff communicated with Susie Wiles does not by itself determine if Plaintiff was in line for a job in the Trump administration. Plaintiff has turned over her communications with the Trump administration and her professional relationship with President Trump prior to the Defamatory Statement being published by the Defendants was widely known.

*Second*, discovery pertaining to identifying the persons who were mistakenly led to believe that Plaintiff had "fucked" President Trump as requested in **Interrogatory 11** was properly responded to as any viewer of millions of viewers who heard the Defamatory Statement would have reasonably been led to believe that Plaintiff had "fucked" President Trump, including tweets turned over in discovery. Plaintiff also objected on the basis that this interrogatory was "overly broad, vague, and ambiguous, vexatious, and

5

harassing." These objections are meritorious as Defendants are effectively seeking for Plaintiff to list every single person who viewed the Defamatory Statement – literally millions of people. Discovery is ongoing and Plaintiff can supplement this response as well.

*Third, d*iscovery pertaining to Plaintiff's social relationships being impacted by the Defamatory Statement as requested in **Interrogatory 10** was also properly responded to, as the nature of the *per se* defamatory statement creates a presumption that all of Plaintiff's social relationships were damaged. Plaintiff also objected on the basis that this interrogatory was "overly broad, vague, and ambiguous, vexatious, and harassing." These objections are meritorious as Defendants are effectively seeking for Plaintiff to list every single person that knows her and that she has any type of personal relationship with. Discovery is ongoing and Plaintiff can supplement this response as well.

Importantly, Plaintiff counsel conferred with Defendants counsel and asked them to narrow their interrogatories and discovery to avoid a fishing expedition, but they did not do so and would rather burden Plaintiff and especially this court with needless, time consuming and costly motion practice.

Finally, with regard **Interrogatory 1, 8, and 9** and **Request for Production 12, 13, 14, 18, and 20** which relate to Plaintiff's damages and the computation thereof, Plaintiffs has informed the Defendants that damages are ongoing and therefore still being calculated. Notwithstanding this, Plaintiff has produced her communications with the Trump administration regarding a position in the

6

administration, Exhibit B, as well as tweets and other documentation of individuals who saw the Defamatory Statement.

Furthermore, this is a clear-cut case of defamation *per se*, as the Court already found in denying the Defendants' Motion to Dismiss, and thus damages are presumed. "The false accusation of a woman of adultery is libelous per se." *Firestone v. Time, Inc.*, 305 So. 2d 172, 175 (Fla. 1974)(vacated on other grounds); "…words which falsely accuse a woman of adultery are libelous per se and that a plaintiff need not allege or prove general or special damages. *Bobenhausen v. Cassat Ave. Mobile Homes, Inc.*, 344 So. 2d 279, 281 (Fla. Dist. Ct. App. 1977).

And, finally, at Plaintiff's deposition, Exhibit A, Defendants were given ample opportunity to ask questions about her damages, and they did, in fact, ask these questions. Plaintiff sat for deposition for over eight (8) hours and answered every question that she was asked. As just a few examples:

> Q: So other than your claim that the reporting about your response to Mr. Maher stopped you from traveling on the airplane and you say getting a job in administration, is there any other financial damage that was caused by Bill Maher reporting?
> A: As I said before, I would have been paid much more than I was making previously. And who knows what I could have parlayed having that on my resume into in the future. There are people that go on who work for administrations who get to go work at boards. There's people that get to have foundations. They get to go work in future administrations. They get to, you know, get paid for speaking engagements once they leave their official role with the federal government. You don't know. You know, there's people that write books. They -- there's people that get to go become Fox News contributors. They become contributors on mainstream media. Look at -- look at somebody like Jen Psaki or Karine Jean-Pierre, for example. You know, they both have shows.  Karine Jean-Pierre just announced a book deal today. So when you work for an administration, once the person is out of office, or once you're done with your job, you know, that could parlay into a lot of speculative opportunities. Exhibit A at 245:11 – 256:14

7

…

> Q Ms. Loomer, did you search for all documents and communications supporting the complaint's allegations that the episode "severely harmed and damaged" you? That's on page -- it's number 12.
> A Yes. I did.
> Q And what documents did you produce?
> A I turned over my resume, and I turned over my letter with the transition team. And obviously, I'm not working in the White House, and so it has damaged me because I was expecting to work in the White House. And you have those documents. You have those communications that has my email, so you already have my email. Exhibit A at 52:2-15.

> A: I turned over tweets. I turned over media reports that insinuated that I'm a whore; that I was having an affair with the president. I turned over a lot of news publications, including the additional episode that was published and aired by HBO and Bill Maher, in which he tried to compound the damages that he did to my reputation on September 13th and episodes that were seen millions of times. Exhibit A at 53:3 – 11.

Accordingly, Plaintiff has been forthcoming about her damages and Defendants have had ample opportunity to question her on her damages, which she has done. Plaintiff will also supplement discovery responses once her damages have been calculated as well.

## CONCLUSION

The bottom line here is simple. Defendants Maher and HBO, while perhaps revered in leftist anti-Trump and anti-Loomer Hollywood circles, are to be afforded no special protected status under by turning this case into a virtual star chamber, while at the same time profiting from smearing and defaming per se Ms. Loomer with highly offensive, disgusting and false attacks on her as a professional woman.

With regard to Defendants' discovery requests, Plaintiff has more than properly objected on the grounds that they are vague, ambiguous, overly broad,

8

harassing, and frankly irrelevant given the extremely straightforward nature of this case. Plaintiff has also produced non-privileged and non-objectionable documents and sat for an over eight (8) hour deposition where counsel for Defendants browbeat and harassed her while she truthfully answered all of their questions. The Defendants' motion to compel therefore simply lacks any merit.

Finally, Plaintiff respectfully requests a hearing before Judge Moody to address these important issues.

Dated:       July 31, 2025                    Respectfully Submitted,

                                              By: /s/ Larry Klayman
                                              Larry Klayman, Esq.
                                              Klayman Law Group P.A.
                                              7050 W. Palmetto Park Rd
                                              Boca Raton, FL, 33433
                                              leklayman@gmail.com
                                              Counsel for Plaintiff