UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION

---

LAURA LOOMER,

        *Plaintiff*,

- against -

BILL MAHER and HOME BOX OFFICE, INC.,

        *Defendants*.

Case No.: 5:24-cv-00625-JSM-PRL

---

## DEFENDANTS' TIME-SENSITIVE MOTION TO SEAL OR STRIKE ECF NO. 100 AND ECF NO. 101

Defendants Home Box Office, Inc. ("HBO") and Bill Maher (collectively "Defendants") respectfully move pursuant to Local Rule 1.11 to seal Exhibits A to ECF No. 100 and Exhibit A to ECF No. 101, or to strike the motions. Because these documents are now on the public docket in violation of Magistrate Lammens' Order, Defendants request a ruling by August 1, 2025.

This afternoon, Plaintiff filed two separate objections to Magistrate Judge Lammens' Orders granting Defendants' Motion to Compel (ECF. No. 98) and entering a Protective Order in this matter (ECF No. 99) (the "Objections"). As part of those motions, and in direct violation of Judge Lammens' order, Plaintiff needlessly attached as Exhibits the entire contents of Laura Loomer's deposition. ECF Nos. 100 and 101. Because filing these deposition transcripts on the open record in filings unrelated to resolving the merits of this action specifically violated Judge Lammens' order, Defendants respectfully request that Exhibit A to both ECF

Nos. 100 and 101 be sealed.

## BACKGROUND

After Plaintiff and her counsel repeatedly and publicly attempted to use discovery as a vehicle for self-promotion and fundraising, Defendants moved for three separate protective orders seeking confidential treatment of Mr. Maher's deposition and an order that discovery materials can be used for the purposes of litigation. On June 18, 2025, Judge Lammens granted Defendants' motions, and ordered that:

> Given the well-established case law discussed above regarding the intended purpose of discovery, the Court finds that the depositions of Mr. Maher, Ms. Rosenstein, and Ms. Loomer shall be used solely for purposes of this litigation. Contrary to Plaintiff's contention, the Court is not sealing these depositions. Rather, the Court is directing that the parties may only use the depositions—which were obtained through the discovery process—for purposes related to this litigation. If, and when, depositions are filed in support of a motion for summary judgment (or some other pretrial motion that requires judicial resolution of the merits), they will then be judicial records to which the public has access, subject to any claimed confidentiality.

ECF No. 88 at 4.

Plaintiff has objected to Judge Lammens' ruling and the issue has been briefed before the Court. *See* ECF Nos. 96 and 97. Plaintiff's objection, however, has not been ruled on.

Since Judge Lammens' ruling, Plaintiff's counsel has made clear publicly that he would attempt to circumvent Judge Lammens' ruling by attaching Plaintiff's deposition to a court filing. *See* Laura Loomer, Ep128: Iran's Nuclear

2

Program Goes BOOM at 1:25:00, https://rumble.com/v6v6nop-ep128-irans-nuclear-program-goes-boom.html (Larry Klayman states "And now they've moved the court that even your own deposition should be kept from the public, it can only be used in the context of litigation, unless it's attached to a pleading, **and believe me it will be attached to a pleading**").

Just this evening, Plaintiff's counsel followed through on his mission to publish the deposition publicly despite the Court's order. Specifically, Plaintiff filed objections to Judge Lammens' rulings on Defendants' Motion to Compel Plaintiff to respond fully to Defendants' interrogatories and requests for productions (ECF No. 98) and Judge Lammens' entry of a protective order (ECF No. 99), neither of which had anything to do with Loomer's deposition. Nonetheless, in a clearly calculated move to file publicly release the documents, Plaintiff attached Loomer's deposition transcript.

## ARGUMENT

This Court should seal Exhibit A to both ECF Nos. 100 and 101.

"A party can justify a document being sealed by showing good cause." *Usry v. Equity Experts.org, LLC,* 2020 WL 9127714, at *1 (S.D. Ga. Apr. 13, 2020) (citing *Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1246 (11th Cir. 2007)). In determining whether information should be sealed, courts "consider the nature and character of the information and balance the public's right of access against a party's interest in confidentiality." *Whertec, Inc. v. Salmon,* 2021 WL 3773427, at *1 (M.D. Fla. Aug. 25, 2021) (citing *Perez-Guerrero v. U.S. Att'y Gen.,* 717 F.3d

3

1224, 1235 (11th Cir. 2013)). In determining the existence of good cause, courts consider "[w]hether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing documents." *Romero,* 480 F.3d at 1246; *see also Nguyen v. Raymond James & Assocs., Inc.*, 2022 WL 61198 at *4 (M.D. Fla. Jan. 6, 2022) ("good cause is established by showing that a disclosure 'will cause a clearly defined and serious injury'")

    Here, there is good cause to seal the transcript because Plaintiff filed her deposition transcript in violation of Judge Lammens' Order.  Judge Lammens ordered that the parties were allowed to file depositions in this litigation "[i]f, and when, depositions are filed in support of a motion for summary judgment (or some other pretrial motion that requires judicial resolution of the merits), they will then be judicial records to which the public has access, subject to any claimed confidentiality." Mr. Klayman's Objections (both of which are frivolous) are neither summary judgment motions nor "pretrial motion[s] that require[] judicial resolution of the merits."[1] On the contrary, they are not only motions to which Loomer's deposition transcript was wholly and completely irrelevant, but they are

---

[1] Nor can seeking to circumvent a court order be considered a legitimate "litigation purpose."

4

also irrelevant to the merits of this litigation. This Court should seal the exhibits.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court impose seal or strike ECF Nos. 100 and 101.

## LOCAL RULE 3.01(G) CERTIFICATION

Defendants' counsel has emailed Plaintiff's counsel. Plaintiff's counsel responded that Ms. Loomer's transcript was attached to the pleadings and was not designated as confidential. As this is an expedited motion necessitated by Plaintiff's conduct, Defendants' counsel is filing this motion prior to conferring further.

Dated: July 31, 2025

Respectfully submitted,

*/s/ Yelan Escalona*
**Shullman Fugate PLLC**
Rachel E. Fugate (Bar No. 144029)
100 South Ashley Drive, Suite 600
Tampa, FL 33602
Tel: (813) 935-5098
rfugate@shullmanfugate.com

Yelan Escalona (Bar No. 1031564)
201 S. Biscayne Blvd. 28th Floor
Miami, FL 33131
Tel: (305) 928-2429
yescalona@shullmanfugate.com

**Davis Wright Tremaine LLP**
Katherine M. Bolger (*pro hac vice*)
Alexandra Perloff-Giles (*pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 489-8230
katebolger@dwt.com
alexandraperloffgiles@dwt.com

*Counsel for Defendants*