# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

LAURA LOOMER

                Plaintiff,

v.

BILL MAHER et al

                Defendants.

**Case No: 5:24-cv-00625-JSM-PRL**

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO FILE DOCUMENT UNDER SEAL

Plaintiff Laura Loomer ("Plaintiff") hereby submits the following in response to Defendants' Motion to Seal or Strike ECF No 100 and ECF No. 101. Specifically, Defendants appear to take issue with the fact that Plaintiff attached the deposition transcript of Plaintiff Laura Loomer to her Objections to Magistrate Judge Philip Lammens' ("Magistrate Lammens") Order on Motion to Compel and Protective Order. Defendants' motion is frivolous and contravenes the express language of Magistrate Lammens' order.

In Magistrate Lammens' July 17, 2025 Order on Motion to Compel, he expressly finds the following:

> As a starting point, and consistent with my previous ruling, I find that documents produced through the discovery process shall be used solely for purposes related to this litigation. This does not mean that these documents are being sealed. (Doc. 88). To the contrary, if and when, any documents produced through discovery are filed in support of a motion for summary judgment (or some other pretrial motion that requires judicial resolution of the merits), they will then be judicial records to which the public has access, subject to any claimed confidentiality.

This is in line with Magistrate Lammens' June 18, 2025 Order, where he found the following: "The transcript and videotapes of the June 4, 2025, deposition of

1

Laura Loomer shall be used solely for purposes of the litigation." It is used to support Ms. Loomer's objections to prior rulings by the Magistrate Judge was for a proper and legitimate purpose, in seeking to overturn the subject rulings with regard to the protective order and to defend Defendants' motion to compel with regard to her interrogatory responses and document production going to the merits of Defendants motions.

This was explained to counsel for Defendants, Kate Bolger, in an email from the undersigned counsel, which email is conspicuously absent from Defendants' motion and has been willfully, deceptively and improperly withheld in her filing:

> Ms. Bolger: This ruling by the Magistrate Judge of July 17, 2025 allows for use of the Loomer deposition to dispose of your pending motions on the merits. Thus, the transcript can be attached to the pleadings. And the Loomer deposition was not designated as confidential in any event, for which would have been Plaintiff's prerogative.  See below finding and the one of  June 18, 2025 where the Magistrate Judge also finds that  "The transcript and video tape of the June 4, 2025 deposition shall be used solely for the purposes of the litigation."  Thus, Ms. Loomer's deposition transcript is not confidential and was used for the purposes of this litigation and to adjudicate your pending motions on the merits. <u>Exhibit 1</u>.

Here, Plaintiff has simply used her deposition transcript, which has not been designated as confidential, for the purposes of this litigation. Currently pending are both Defendants' Motion for a Protective Order and Defendants' Motion to Compel, and specifically, Defendants have accused Plaintiff of obstructing discovery. Plaintiff attached the transcript of her deposition because it shows that Plaintiff has not hindered discovery, and indeed sat for deposition for over eight (8) hours and answered all of the Defendants' questions truthfully.

It is highly dishonest and disingenuous for Defendants to argue that Plaintiff must be compelled with regard to their overbroad, vague and irrelevant discovery requests, and then object to her using her discovery to prove that she has complied with answering all relevant questions and producing all relevant documents. Indeed, Ms. Loomer's answers at her deposition go far beyond the interrogatories served on her. And there is nothing confidential in Ms. Loomer's own deposition.

Further, the deposition of Ms. Loomer underscores the vindictive harassment of her by counsel for Defendants, Ms. Kate Bolger, on behalf of her clients, which is offensive and underscores how they are running up time and expense for her to pursue her legitimate claims with regard to the malicious defamation per se that has so severely harmed her.

ACCORDINGLY, Defendants' Motion to Seal and to Strike must be denied.

Dated:     July 31, 2025                    Respectfully Submitted,

                                            By: /s/ Larry Klayman
                                            Larry Klayman, Esq.
                                            Klayman Law Group P.A.
                                            7050 W. Palmetto Park Rd
                                            Boca Raton, FL, 33433
                                            leklayman@gmail.com
                                            Counsel for Plaintiff