UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LAURA LOOMER,**

    **Plaintiff,**

**v.**                                                                           Case No: 5:24-cv-625-JSM-PRL

**BILL MAHER and HOME BOX
OFFICE, INC.,**

    **Defendants.**

## ORDER

The Court is seriously concerned by Plaintiff and her counsel's apparent efforts to circumvent this Court's rulings. The Court has ruled that discovery in this case—including the deposition of Ms. Loomer—shall be used solely for purposes related to this litigation. (Docs. 88, 98). The Court explained that "[i]f, and when, depositions are filed in support of a motion for summary judgment (or some other pretrial motion that requires judicial resolution of the merits), they will then be judicial records to which the public has access, subject to any claimed confidentiality." (Doc. 88 at 4). Plaintiff has objected to these rulings (Docs. 96, 100, 101), and the matter remains pending before the District Judge.

Nevertheless, and without waiting for a ruling by the District Judge, Plaintiff's counsel filed Ms. Loomer's deposition in its entirety in support of objections to my most recent discovery order. (Docs. 100, 101). In that order, I entered a protective order regarding confidentiality and restrictions on use of discovery materials and compelled Plaintiff to provide full and complete responses to a range of discovery requests related to Plaintiff's alleged damages. (Doc. 98). Plaintiff's contention that the deposition transcript is necessary

for the District Judge's resolution of the objections seems disingenuous at best. Indeed, Ms. Loomer's deposition transcript is wholly unrelated to the propriety of the entry of a protective order governing the exchange of discovery materials. Likewise, it has no bearing on Plaintiff's failure to provide sufficient responses to Defendants' discovery requests regarding her claimed damages. And while Plaintiff quoted a limited excerpt from Ms. Loomer's deposition transcript in the objections (*see* Doc. 101 at 7-8), filing the entirety of the deposition was clearly unreasonable and unnecessary. Accordingly, the Court is left with the impression that Ms. Loomer's deposition transcript was filed in efforts to work around the Court's current orders.

Accordingly, Defendants' motion to seal (Doc. 102) is **granted** to the extent that the Clerk shall seal Ms. Loomer's deposition transcript which is filed as Exhibit A to Docs. 100 and 101. These transcripts shall remain sealed pending further order of the Court. Plaintiff shall not publicly file on the docket any further deposition transcripts until the District Judge has addressed the objections to the discovery rulings.

Moreover, Plaintiff and her counsel shall **show cause** within **ten days** of this Order why sanctions should not be imposed against them for their failure to comply with the Court's orders (Docs. 88, 98) regarding the usage of discovery materials in this case.

DONE and ORDERED in Ocala, Florida on August 1, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties