# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION

---

LAURA LOOMER,

        *Plaintiff*,

- against -

BILL MAHER and HOME BOX OFFICE, INC.,

        *Defendants*.

Case No.: 5:24-cv-00625-JSM-PRL

---

## DEFENDANTS' MOTION TO HOLD PLAINTIFF IN CONTEMPT FOR FAILURE TO COMPLY WITH A COURT ORDER

Defendants Home Box Office, Inc. ("HBO") and Bill Maher (collectively "Defendants") respectfully move pursuant to Federal Rules of Civil Procedure 37(b)(2)(A) and 37(c)(1) for appropriate sanctions, including an order for contempt and an order barring plaintiff from introducing evidence of damages at trial, for Plaintiff's failure to comply with Magistrate Judge Lammens' July 17, 2025 order (the "Order") directing Plaintiff to produce documents, responses to interrogatories, and initial disclosures within ten days.

### BACKGROUND

Nearly six months ago, on February 13, 2025, Defendants served their own initial disclosures, as well as interrogatories and requests for production on Plaintiff.[1] Plaintiff's responses were due on March 17, 2025. *See* ECF No. 78 at 3.

---

[1] In addition to the conduct that is the subject of this motion, Plaintiff has (i) refused to enter into a basic protective order (ECF No. 76), (ii) repeatedly insulted

After receiving multiple extensions from Defendants, Plaintiff produced a wholly insufficient production consisting of only 158 pages of documents and incomplete answers to basic interrogatories. *Id.* at 5. Plaintiff did not produce initial disclosures.

On June 10, 2025, Defendants filed a motion to compel, seeking to ensure that Plaintiff complied with her basic discovery obligations. Plaintiff filed her opposition on June 27, 2025, referring to Defendants' motion as "tiresome," accusing Defendants of "misrepresenting" their interactions with Plaintiff, and promising to serve "all required initial disclosures within ten (10) days given the July 4, 2025 vacation week." ECF No. 93. Plaintiff did not produce the initial disclosures.

On July 17, 2025, this Court issued an Order granting Defendants' Motion to Compel. ECF No. 98. The terms of the Order were clear. First, within **ten days** of the Order Plaintiff were required to produce initial disclosures "that provide sufficient detail regarding each category of damages." *Id.* at 11. The Court specifically noted that "[s]imply stated, it is not Defendants' job to 'calculate or guess the damages the plaintiff requests; instead, the plaintiff must provide, in the initial disclosures, the plaintiff's computation to support the requested damages,

---

and degraded Defendant Bill Maher and counsel in both court filings and interactions (*see, e.g.*, ECF Nos. 58 & 85), and (iii) sought to profit from the improper use of discovery materials (*see* ECF No. 57, 73 & 82)

2

and must supplement those initial disclosures as appropriate.'" *Id.* at 5. In addition, when granting Defendants' motion to compel a complete answer to Interrogatory 1 (which also required Plaintiff to "provide a computation of each category of damages that You allege in this action"), the court held that Plaintiff's "laundry list of categories of damages – with no further detail – is woefully deficient" and ordered Plaintiff to "provide full and complete responses" within ten days.

Second, the Court ordered Plaintiff to respond to Defendants' document requests and interrogatories within ten days, holding:

> [w]ithin **ten days** of this Order, Plaintiff shall . . . provide full and complete responses to Interrogatory Nos. 1, 7 (as limited by this Order), 8, 9, 10, 11, and 13; and produce all responsive documents to Request for Production Nos. 12, 13, 14, 18, 19 (as limited by this Order), and 20, or state that she has none.

*Id.* at 11. Defendants were also required to produce all responsive documents to Plaintiffs within 10 days of the entry of a protective order.

The parties' productions and responses were due on July 28, 2025. Defendants accordingly produced all responsive documents in compliance with the Order. Plaintiff did not serve initial disclosures, produce a single document, or respond to a single interrogatory.

After receiving no documents or responses, on July 29, 2025, Defendants emailed Plaintiff's counsel informing him of Plaintiff's delinquency and stating that if Defendants do not receive the materials by 5 P.M. on July 30, Defendants

3

would be forced to move for an order of contempt. *See* Ex. 1. Plaintiff's counsel responded by insulting Defendants' counsel and raising for the first time that he intended to object to Judge Lammens' order.[2] *See id.* Defendants responded "the fact that you are objecting to Magistrate Judge Lammens' order does not relieve you of compliance with the order" and offered to meet and confer before moving for sanctions. Plaintiff's counsel responded by threatening to impose sanctions upon Defendants, accusing her of unethical behavior, and claiming "You and your firm are very partisan and recognized Trump haters, and Ms. Loomer is a Trump supporter. She is thus rich target for you and your clients, who have the same rabid political and ideological bent as you and your anti-Trump law firm." *See id.*

Despite representing to this Court that Plaintiff would serve initial disclosures by July 7, 2025 and being ordered to provide them by July 28, Plaintiff served her initial disclosures on July 30, 2025. The document is inadequate. After this Court described Plaintiff's previous "laundry list of categories of damages with no further detail" as "woefully deficient," Plaintiff employs the same tactics in her initial disclosures. Plaintiff's entire computation of damages section consists of the following statement:

> Plaintiff's damages stem from the allegations pled in the Amended Complaint, including but not limited to loss of reputation and goodwill, and loss of financial opportunity and are ongoing and still being calculated.

---

[2] Plaintiff agreed to provide initial disclosures despite representing to the court that they would do so by July 7, 2025.

Ex. 2.
>
> Plaintiff has sat for deposition and answered all of Defendants' questions concerning damages truthfully and provided tax returns as well.

## ARGUMENT

This Court should hold Plaintiff in contempt for failure to comply with the Court's Order. "[U]nder Rule 37(b)(2)(A), if a party fails to obey a discovery order, the Court may, inter alia, issue orders: (1) prohibiting the disobedient party from supporting or opposing designated claims or defenses; (2) rendering a default judgment against the disobedient party; or (3) treating the failure to obey the order as contempt of court.)." *Johnson v. New Destiny Christian Center Church, Inc.*, 2017 WL 1093446, at *8 (M.D. Fla. 2017); *see also* Fed. R. Civ. P. 37(b)(2)(A)(v)-(vii). When a party refuses to obey a court order, the court may hold the party in contempt. "A finding of civil contempt must be supported by clear and convincing evidence that the allegedly violated order was valid and lawful, the order was clear and unambiguous, and the alleged violator had the ability to comply with the order." *Johnson*, 2017 WL 1093446, at *9 (citing *Fed Trade Comm'n v. Leshin (Leshin 1)*, 618 F.3d 1221, 1232 (11th Cir. 2010)). "Once this prima facie showing of a violation is made, the burden then shifts to the alleged contemnor to produce evidence explaining his noncompliance at a 'show cause' hearing." *Id*.

While under Rule 72(a) a party may object within fourteen days to a non-dispositive order by a magistrate judge, objecting to the order does not relieve the party of its duty to comply with it. *See TemPay, Inc. v. Biltres Staffing of Tampa*

5

*Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) ("Even though a party may object to a magistrate judge's order on a non-dispositive matter, the order is nonetheless a final order absent reversal by the district court. As a result, an objection to such final order does not stay the order or relieve the party of the obligation to comply with the order."); *Mad Room, LLC v. City of Miami*, 2022 WL 19332077, at *2-*3 (S.D. Fla. 2022) (same); *In re Hornbeam Corp.*, 2018 WL 7577228, at *2 (S.D. Fla. 2018) (same); *Plant v. Merrifield Town Center Ltd. Partnership*, 711 F.Supp.2d 576, 584-88 (E.D.V.A. 2010) (finding that "because plaintiffs' objections did not operate to stay the magistrate judge's binding orders, plaintiffs were obligated to file timely responses to the discovery requests, which they failed to do" and imposing sanctions on plaintiff for failure to comply with discovery deadlines); 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 3069 ("Moreover, a timely objection does not automatically render the magistrate judge's ruling invalid until the district court acts on the objection.").

Plaintiff's defiance of Judge Lammens' Order is inexcusable. The Order was unambiguous—Plaintiff had until July 28, 2025 to produce "full and complete responses" to certain interrogatories, "all responsive documents" to certain document requests, and "initial disclosures or amended initial disclosures that provide sufficient detail regarding each category of damages." ECF No. 98 at 11. Plaintiff produced nothing. Both she and her counsel should be held in contempt.

Plaintiff should further be held in contempt and the Court should impose other appropriate sanctions for her failure comply with the deadlines to provide her initial disclosures and for providing, for the second time, an inadequate damages computation in defiance of this Court's Order. Under Rule 37, a party "who fails to provide an initial disclosure as required by Rule 26 'is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" Fed. R. Civ. P. 37(c)(1); *Local Access, LLC, v. Peerless Network, Inc.*, 2017 WL 784828, at \*2 (M.D. Fla. Mar. 1, 2017). In determining whether a plaintiff's failure to disclose damages information is justified or harmless, courts "consider a number of factors, including (1) the nondisclosing party's explanation for its failure, (2) the importance of the undisclosed information to the case, and (3) any prejudice or surprise to the opposing party." *Local Access, LLC*, 2017 WL 784828, at \*2. It is the plaintiff's burden to establish that her failure to produce was substantially justified for harmless. If a plaintiff is unable to do so, the court may order appropriate sanctions, including barring plaintiff from presenting evidence relating to damages at trial. *See id*.at \*2--\*3 (barring plaintiff from presenting evidence of damages at trial after plaintiff's repeated failures to produce initial disclosures). Here, the breadth and magnitude of Plaintiff's violations justifies the imposition of sanctions and contempt.

Plaintiff represented to the Court that she would "serve all required initial

disclosures within ten (10) days given the July 4, 2025 vacation week." ECF No. 93 at 9. Plaintiff did not do so. This Court then ordered Plaintiff to produce initial disclosures by July 27, 2025. *See* ECF 98 at 11. Plaintiff did not do so. When Plaintiff finally produced her initial disclosures, her damages computation relied on a familiar "laundry list of categories of damages – with no further detail" that this Court found "woefully deficient." *Id.* at 7. As shown below, the damages computation contained in Plaintiff's initial disclosures is strikingly similar to the computation the Court found to be lacking and ordered to be supplemented.

| Ex. B Plaintiff's Initial Disclosures | Plaintiff's Response to Interrogatory 1, ECF No. 98 at 5. |
|---|---|
| Plaintiff's damages stem from the allegations pled in the Amended Complaint, including but not limited to loss of reputation and goodwill, and loss of financial opportunity and are ongoing and still being calculated. Plaintiff has sat for deposition and answered all of Defendants' questions concerning damages truthfully and provided tax returns as well. | While damages for defamation per se, which the Court has already found in denying Defendants' motion to dismiss, are presumed, I am currently calculating the financial damages, which are increasing daily. In addition, damages to me include, but are not limited to: loss of reputation, goodwill, standing in the community, humiliation and emotional distress, which the jury will determine based upon evidence presented at trial. |

This wholesale defiance of a lawful order by the Court cannot be deemed to be substantially justified.

The fact that Plaintiff has filed an objection to the Order is of no consequence to her failure to abide by its terms. Plaintiff must comply with the Order immediately. The case of *Mad Room*, 2022 WL 19332077, is instructive. There,

plaintiffs filed a motion to compel discovery responses. After several hearings, the magistrate judge issued an order requiring defendant to produce discovery materials immediately and provide affidavits from each custodian that a reasonable search for documents was made. The defendant objected to the order, but did not submit a motion to stay. *Id.* at *2-3. The court found that the defendant's objection to the order did not stay its enforcement and ordered the production of documents "immediately," noting that "[f]ailure to comply with the order may result in contempt proceedings or the imposition of sanctions." *Id.* at 3. Here, Plaintiff's conduct is strikingly similar to the conduct of the defendant in *Mad Room* and Plaintiff has neither sought nor received a stay of the Order from this Court. Despite being made aware of this case law, Plaintiff steadfastly refused to obey the Court's Order.

## CONCLUSION

Plaintiff and her counsel have defied a clear and unambiguous court order. For the foregoing reasons, Defendants request that the Court impose appropriate sanctions, including but not limited to holding Plaintiff in contempt.

## LOCAL RULE 3.01(G) CERTIFICATION

Counsel for Defendants certifies that Defendants have conferred via email with counsel for Plaintiff, who not only opposes the relief sought in this motion but has threatened to cross-move for sanctions.

Dated: August 1, 2025

Respectfully submitted,

*/s/ Yelan Escalona*

**Shullman Fugate PLLC**
Rachel E. Fugate (Bar No. 144029)
100 South Ashley Drive, Suite 600
Tampa, FL 33602
Tel: (813) 935-5098
rfugate@shullmanfugate.com

Yelan Escalona (Bar No. 1031564)
201 S. Biscayne Blvd. 28th Floor
Miami, FL 33131
Tel: (305) 928-2429
yescalona@shullmanfugate.com

*Counsel for Defendants*

**Davis Wright Tremaine LLP**
Katherine M. Bolger (*pro hac vice*)
Alexandra Perloff-Giles (*pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 489-8230
katebolger@dwt.com
alexandraperloffgiles@dwt.com