IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| LAURA LOOMER<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BILL MAHER et al<br><br>　　　　　Defendants. | Case No: 5:24-cv-00625-JSM-PRL |

**PLAINTIFF'S RESPONSE TO MAGISTRATE JUDGE PHILIP LAMMENS'
ORDER TO SHOW CAUSE OF AUGUST 1, 2025**

Plaintiff Laura Loomer ("Plaintiff") hereby submits the following in response to the August 1, 2025 Order of Magistrate Judge Philip R. Lammens ("Magistrate Judge Lammens") directing Plaintiff and her counsel to "show cause within ten days of this Order why sanctions should not be imposed against them for their failure to comply with the Court's orders (Docs. 88, 98) regarding the usage of discovery materials in this case."

Plaintiff and counsel, with complete respect for Magistrate Judge Lammens and his August 1, 2025 Order, and are confused by it, and inform the Magistrate Judge that Plaintiff never intended to skirt any ruling by the Court, and more than in good faith believed that she was fully complying with all of Magistrate Judge Lammens' rulings while those rulings were being challenged to the presiding judge, the Honorable James S. Moody ("Judge Moody").

*Statement of Relevant Facts*

Magistrate Judge Lammens' August 1, 2025 Order stems from the fact that Plaintiff attached the transcript of her deposition to her (1) Objections to Magistrate Judge Philip R. Lammens' Protective Order and (2) Objections to

1

Magistrate Judge Philip R. Lammens' Order on Motion to Compel. In Magistrate Judge Lammens' July 17, 2025 Order on Motion to Compel, he expressly finds the following:

> As a starting point, and consistent with my previous ruling, I find **that documents produced through the discovery process shall be used solely for purposes related to this litigation. This does not mean that these documents are being sealed**. (Doc. 88). To the contrary, if and when, any documents produced through discovery are filed in support of a motion for summary judgment (**or some other pretrial motion that requires judicial resolution of the merits**), they will then be judicial records to which the public has access, subject to any claimed confidentiality. (emphasis added).

This is in line and consistent with Magistrate Judge Lammens' June 18, 2025 Order, where he found the following: "The transcript and videotapes of the June 4, 2025, deposition of Laura Loomer **shall be used solely for purposes of the litigation**." (emphasis added).

Notably, there is no allegation that Plaintiff used her deposition transcript for any purpose other than for this instant litigation. The transcripts were only provided to Judge Moody so that he could have a full and complete record upon which to rule on the Defendants' Motion for Protective Order and Motion to Compel. Magistrate Judge Lammens' insinuation that Plaintiff only attached her transcript in order to skirt his orders is simply not the case as they were essential to the arguments and defenses raised by Plaintiff, as set forth in detail below. With all due respect to Magistrate Judge Lammens, it is not within his purview to decide Plaintiff's litigation strategy.

*Legal Argument*

*First and foremost*, Magistrate Judge Lammens' August 1, 2025 does not find that the Defendants' Motion to Compel and Motion for Protective Order—the orders to which Plaintiff filed her subject objections on July 31, 2025—are not proper "pretrial motion[s] that require judicial resolution on the merits" in which discovery can be used. Instead, Magistrate Judge Lammens' August 1, 2025 Order is based on the fact that he does not believe that the transcript of Plaintiff's deposition is necessary for an adjudication of these motions by the Court. Magistrate Judge Lammens appears to have formulated this opinion based on the fact that Plaintiff has taken the position throughout this litigation that discovery in this case should be publicly available, as there is no sensitive information, trade secrets or things of that nature involved. It is a simple and extremely straight-forward defamation case, which has been turned into a secret "star chamber" up to this point, with even the Plaintiff's own non-confidential testimony being off limits to the public record.

It is true that Plaintiff has taken the position that discovery in this case should rightly under the law and important public policy be publicly available—which issue is now before Judge Moody. However, any inference that Plaintiff has deliberately circumvented his rulings is not the case.

This misconception appears to have been manufactured in part or in whole by counsel for Defendants in their Motion to Seal or Strike ECF No. 100 and ECF No 101, where they cite an out of context alleged statement by the undersigned counsel on Rumble when discussing this case that Plaintiff's deposition "will be attached to a pleading." ECF No. 102 at 3. Defendants disingenuously and

dishonestly try to portray this alleged statement as an admission by the undersigned counsel that Plaintiff would be attempting to deliberately circumvent Magistrate Judge Lammens' rulings when in actuality, Mr. Klayman was just referring to the fact that the deposition would certainly come into use in litigating this case. Indeed, Mr. Klayman explained this to counsel for Defendants in his email of July 31, 2025:

> Ms. Bolger: This ruling by the Magistrate Judge of July 17, 2025 allows for use of the Loomer deposition to dispose of your pending motions on the merits. Thus, the transcript can be attached to the pleadings. And the Loomer deposition was not designated as confidential in any event, for which would have been Plaintiff's prerogative. See below finding and the one of June 18, 2025 where the Magistrate Judge also finds that "The transcript and video tape of the June 4, 2025 deposition shall be used solely for the purposes of the litigation." Thus, Ms. Loomer's deposition transcript is not confidential and was used for the purposes of this litigation and to adjudicate your pending motions on the merits. Exhibit 1.

The fact of the matter is that Plaintiff has, at all times, respectfully challenged Magistrate Judge Lammens' rulings while, at the same time, Plaintiff has complied with them pending these challenges. Put simply, Plaintiff has given Magistrate Judge Lammens no reason to believe that she would intentionally circumvent his rulings in this case.

*Second*, a review of Plaintiff's objections will show why her deposition transcript was necessary for Judge Moody to have a full record upon which to make a ruling. The central theme to both objections has been that the Defendants' motions are:

> [i]ntentionally calculated to needlessly run up time and costs, have severely crippled Plaintiff financially. Plaintiff has already been brought to her knees financially because of the highly offensive,

4

> outrageous, false, malicious, and defamatory statements published by the Defendants and now counsel for Defendants, who have scores of attorneys and millions of dollars to burn through, are trying to capitalize on this by burying Plaintiff with needless motions practice to try to coerce her into dismissing her case. ECF No. 100 at 1-2.

In that regard, Plaintiff showed that this was part of an ongoing pattern and practice by counsel for Defendants, as a mega and admittedly anti-Trump law firm, of needlessly driving up time and costs and threatening, harassing, and browbeating Plaintiff, which is exactly what occurred at her deposition. Thus, the transcript of Plaintiff's deposition was necessary, and remains necessary, for the Court to review as it conclusively proves this point given the repeated threats, baseless objections, and other purely dilatory tactics used by counsel for Defendants.

Furthermore, the crux of the Defendants' Motion to Compel was to try to allege that Plaintiff had failed to provide sufficient responses in discovery to their request for production and to their interrogatories, including with regard to her damages. Plaintiff showed that this was simply not true, given the fact that she sat for deposition for over eight (8) hours and answered truthfully all of the questions that were asked by counsel for Defendants and provided excerpts from her deposition into her Objection to Magistrate Judge Lammens' Order on Motion to Compel. In that regard, and as Magistrate Judge Lammens' appears to concede, Plaintiff's transcript was necessary. Instead, Magistrate Judge Lammens takes issue with the fact he believes the filing of the <u>entire</u> deposition was "unreasonable and unnecessary." However, as Plaintiff's objection makes

5

abundantly clear, these excerpts were in no way intended to be a comprehensive list, given the ten (10) page limit that Plaintiff had to wrestle with: "Plaintiff sat for deposition for over eight (8) hours and answered every question that she was asked. **As just a few examples**....." (ECF No. 101 at 7). The transcript is full of examples of Plaintiff answering the same questions posed by the Defendants in their discovery requests, and accordingly, Plaintiff's counsel deemed it necessary to attach the entire transcript so that a complete record may be at his disposal once Judge Moody holds the requested oral argument on these issues. The transcript thus shows that Plaintiff has fully complied with legitimate discovery, which is relevant to this case. Any course of action short of showing this good faith compliance with the use of Ms. Loomer's deposition transcript this would have potentially prejudiced and compromised Plaintiff's rights, which is something that counsel for Plaintiff simply cannot do as a matter of professional ethics and zealous legal representation.

*Third*, no party has designated Plaintiff's deposition transcript as confidential. Judge Lammens' Protective Order, which is being objected to in any event, provides the following mechanism requiring parties to designate discovery material as "confidential" before any such confidentiality attaches:

> Counsel for any party may designate any Discovery Material, in whole or in part, as Confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the party in information that is proprietary, personal or otherwise sensitive non-public information, including but not limited to unpublished newsgathering materials. ECF No. 99 ¶ 3.

Counsel for Defendants have not designated Plaintiff's deposition as confidential, and nor can they do so. It is Ms. Loomer's right and not theirs, as it is her deposition. For Defendants' counsel to suggest otherwise is theatre of the absurd, and Plaintiff herself has certainly not done so. This is notwithstanding the fact that it bears to reason that Plaintiff should have the authority and ability to determine whether the contents of her own deposition should be made available on the public court record, as only her own rights are affected.

*Fourth*, it is crucial that Plaintiff merely used her deposition transcript in the course of objecting to the Magistrate's orders. The right to object to a magistrate's order is explicitly written into Federal Rule of Civil Procedure 72(a):

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A **party may serve and file objections to the order within 14 days after being served with a copy**. (emphasis added).

It is also well-settled that orders entered by a magistrate judge are not final orders. "Decisions by a magistrate pursuant to 28 U.S.C. § 636(b) are not final orders…." *Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061, 1066 (11th Cir. 1982). "Under the Magistrates Act, a district court retains general supervisory power to review any action taken by a federal magistrate." *Id*. "This is because the magistrates themselves are not Article III judges. Magistrates are allowed to perform 'inherently judicial' acts only because they act under the supervision of an Article III judge." *Id*.

Despite the fact that these orders are not final orders, Plaintiff has been extremely mindful of complying with Magistrate Judge Lammens' orders in this case while at the same time challenging them out of respect for both the magistrate judge, the court, the judicial process. However, assuming *arguendo* that Plaintiff had failed to comply with the magistrate's order—which again, as set forth above, Plaintiff did not fail to comply—this would not be sanctionable given that these orders are non-final and currently being challenged. And again with full respect to Magistrate Judge Lammens, it is not his role to determine or judge Plaintiff's litigation strategy.

*Conclusion*

WHEREFORE, based on the foregoing, Plaintiff has not failed to comply with Magistrate Judge Lammens' orders. Plaintiff's use of her deposition transcript was strictly for the purposes of this litigation, which has been expressly allowed by Magistrate Judge Lammens.

Furthermore, the orders of Magistrate Judge Lammens are non-final orders that are currently being challenged to the presiding judge, Judge Moody. Thus, even if Plaintiff had failed to comply with Magistrate Judge Lammens' orders—which again, she clearly did not—such a failure cannot be deemed to be sanctionable.

If this matter is not summarily disposed of with no sanctions being imposed, Plaintiff requests an in person hearing on this matter as a matter of full due process rights and fundamental fairness.

Dated: August 11, 2025

Respectfully Submitted,

By: /s/ Larry Klayman
Larry Klayman, Esq.
Klayman Law Group P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
leklayman@gmail.com
Counsel for Plaintiff