## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION

| | |
|---|---|
| LAURA LOOMER, | x |
| *Plaintiff*, | : |
| - against - | : |
| BILL MAHER and HOME BOX OFFICE, INC., | : |
| *Defendants*. | : |
| | x |

Case No.: 5:24-cv-00625-JSM-PRL

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDERS ON MOTIONS TO COMPEL AND CROSS-MOTION FOR PROTECTIVE ORDER

Defendants Home Box Office, Inc. ("HBO") and Bill Maher submit this response to Plaintiff Laura Loomer's objections, *see* ECF Nos. 100 & 101, to Judge Lammens' July 17 Order granting Defendants' motion to compel and largely denying Plaintiff's motion to compel, ECF No. 98, and entering a Protective Order Regarding Confidentiality and Restrictions on Use of Discovery Material, ECF No. 99.[1]

### I.    FACTS

### A.    Plaintiff's Motion to Compel and the Protective Order

As set forth more fully in Defendants' opposition to Plaintiff's motion to compel and cross-motion for a protective order, *see* ECF No. 76, Defendants sought for months to negotiate a standard protective order. But Plaintiff and her counsel—who have

---

[1] Judge Lammens issued a single order denying Plaintiff's motion to compel and granting Defendant's motion to compel. Plaintiff not only objected to this Order, but also filed a separate objection to Judge Lammens' entry of the protective order. Defendants address both objections herein.

made no secret of their desire to use discovery in this case for fundraising and other
non-litigation purposes—refused.

On May 22, 2025, Plaintiff moved to compel the production of documents from
Defendants. *See* ECF No. 71. Defendants produced all non-confidential documents
and explained in their opposition and cross-motion for a protective order that they had
agreed over three months prior—when they sent a draft confidentiality stipulation and
invited comments from Plaintiff—to produce additional documents upon entry of a
confidentiality order directing that discovery material be used only for litigation
purposes and permitting the parties to designate particular documents as confidential.
*See* ECF No. 76. Defendants attached a draft confidentiality order to that cross-
motion. Plaintiff did not oppose the cross-motion for a protective order—even after
Judge Lammens first noted that the motion was not fully briefed, *see* ECF No. 88 at 8,
and then *sua sponte* gave Plaintiff an extension of time to respond, *see* ECF No. 91.

## B.    Defendant's Motion to Compel

Separately, on June 10, after raising repeated objections to Plaintiff's woefully
insufficient document production and vague or non-responsive interrogatory
responses, Defendants filed a motion to compel the production of documents,
substantive interrogatory responses, and initial disclosures. *See* ECF No. 78. As
explained therein, Plaintiff's failure to provide initial disclosures violated Rule
26(a)(1)(A). In addition, Defendants moved to compel responses to interrogatories and
requests for production relating to Plaintiff's claimed damages. These discovery
requests sought basic information, such as Plaintiff's tax returns, *any* documents

2

showing that she lost income as a result of the allegedly defamatory statement, or
documents showing any harm to Plaintiff's relationships or professional reputation.

On July 17, 2025, Judge Lammens entered a single Order that denied Plaintiff's
motion to compel Defendants to produce documents without a protective order and
granted Defendants' motion to compel and cross-motion for a protective order. ECF
No. 98. That Order also directed Plaintiff, within ten days, to serve initial disclosures
and complete interrogatory responses with "sufficient detail regarding each category
of damages," and to produce documents supporting her sweeping claim for damages
based on alleged harm to her professional, social, and financial positions, or say there
are none. *Id.* at 11. Later that day, the Court entered the Protective Order. *See* ECF No
99. Defendants accordingly produced all relevant non-privileged communications to
Plaintiff on July 28. Plaintiff, on the other hand, produced deficient initial disclosures
late on August 1 and has not otherwise complied with the Order. Defendants have
therefore moved for sanctions, including an order of contempt.

## II.    ARGUMENT

This Court should overrule Plaintiff's objection to Judge Lammens' Order
because Judge Lammens' Order was correct. A magistrate judge's orders on
nondispositive pretrial matters are reviewed for clear error. *See* Fed. R. Civ. P. 72(a);
*Ajjahnon v. Amerilife of N.C., LLC*, 2024 WL 3989311, at *1 (M.D. Fla. May 14, 2024).
"'Clear error is a highly deferential standard of review' that is only found when 'the
reviewing court on the entire evidence is left with the definite and firm conviction that
a mistake has been committed.'" *Solis v. Am. Express Nat'l Bank*, 2024 WL 3097515, at

*1 (M.D. Fla. June 24, 2024) (Moody, J.) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)).

### A.    Judge Lammens Correctly Denied Plaintiff's Motion to Compel and Entered the Protective Order

Plaintiff neither mentions the standard nor identifies a clear error in Judge Lammens' Order denying Plaintiff's motion to compel and entering the protective order—nor could she. After Judge Lammens entered the Protective Order, Defendants produced all remaining non-privileged documents to Plaintiff on July 28, 2025. Plaintiff's only objection appears to be to Judge Lammens' entry of a standard protective order requiring, *inter alia*, that documents produced in discovery "be used solely for purposes related to this litigation," ECF No. 98 at 2, thus preventing Plaintiff and her counsel from exploiting the discovery process for fundraising and publicity purposes—as Plaintiff concedes she wishes to do. *See* ECF 101 at 3-4 (admitting she wants to "use discovery . . . to help get support for the costs of this litigation").

But this objection is meritless. Protective orders governing the use of discovery materials are common in civil litigation. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). And Judge Lammens' Order hews to the well-established rule that discovery is "for the *sole purpose* of assisting in the preparation and trial . . . of litigated disputes," *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) (emphasis added), and is "not traditionally open to the public," *In re Alexander Grant*, 820 F.2d at 355; *see Forrest v. Citi Residential Lending, Inc.,* 73 So.3d 269, 279 (Fla. 2d DCA 2011) (discovery process should not be turned into "a means to obtain information for

publication in the press or other media"); ECF No. 88 at 3 (collecting cases). Plaintiff's objection neither engages with these cases, nor cites any to the contrary. In fact, the only two cases Plaintiff cites in support of her argument *imposed* restrictions on public access to discovery materials. *See Harborview Realty, Inc. v. Fifth Third Bank, N.A.,* 2023 WL 7166661, at *1 (M.D. Fla. Oct. 31, 2023) (finding good cause to seal deposition); *Chi. Tribune Co. v. Bridgestone/Firestone Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001) (discovery materials filed with non-dispositive motions are not subject to the common-law right of access). Nor is there any merit to Plaintiff's contention that Defendants failed to establish "good cause" for a protective order. ECF No. 101 at 3. Plaintiff and her counsel's well-documented pattern of abusing Defendants, their counsel, and the discovery process to raise money *for purposes unrelated even to this litigation*, *see* ECF Nos. 57, 70 & 76, more than establishes the need for a protective order here.

Finally, unlike Plaintiff, Defendants complied with the Order, and, in reliance on the protective order, produced all remaining confidential documents on July 28. Any change to the Order would severely prejudice Defendants and reward Plaintiff for her consistent pattern of discovery abuses. The Court should not disturb the Order.

## B.    Judge Lammens Correctly Granted Defendants' Motion to Compel

Plaintiff also identifies no clear error in the Order compelling the production of documents and substantive responses. As set forth more fully in Defendants' motion to compel, ECF No. 78, the discovery Defendants seek relates to Plaintiff's claim for

$150 million in compensatory damages[2] and involves simple requests such as for (i) a damages computation, ECF No. 78-1 and 78-3 at Interrogatory 1, (ii) identification of any person Plaintiff contends was led to believe she and President Trump engaged in a sexual relationship as a result of Defendants' conduct, *id.* at Interrogatories 11 & 13, and (iii) documents "sufficient to show that [Plaintiff] lost business opportunities and/or business income" as a result of Defendants' conduct, *id.* at 78-2 and 78-4, Request 14). Defendants are entitled to this information as it is plainly relevant to Plaintiff's claim for damages. *See* Fed. R. Civ. P. 26(b)(1); *see also Coach, Inc. v. Visitors Flea Market, LLC*, 2013 WL 5770598, at *1 (M.D. Fla. Oct. 24, 2013) ("Courts interpret relevancy 'broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'").

Before Defendants moved to compel, Plaintiff had not produced initial disclosures, and the only documents she had produced relevant to damages were her personal tax returns—and not even for the year of the allegedly defamatory statement. She produced no tax returns or other documents related to her business, Illoominate Media, nor any communications substantiating her claim that she would have had a position in the Trump Administration but for the allegedly defamatory statement. The closest thing that Plaintiff produced to a description of her damages was the statement:

I am currently calculating the financial damages, which are increasing daily. In

---

[2] Plaintiff's Amended Complaint alleges that "she had been a strong and likely candidate for a position in President Trump's administration – and certainly would have been part of it – but after Defendant Maher widely published the defamatory statements . . . she did not receive a position in President Trump's administration, causing a loss of substantial financial compensation and other harm," that she "was damaged . . . financially and in other ways in her profession and business as an investigative journalist," and that she suffered "severe emotional damage." ECF No. 42 ¶¶ 43, 52, 62, 73, 82, 92.

addition, damages to me include, but are not limited to: loss of reputation, goodwill, standing in the community, humiliation and emotional distress, which the jury will determine based upon evidence presented at trial.

ECF No. 78-1 78-3 at Interrogatory 9.[3]

As Judge Lammens held in granting the motion to compel, Defendants are "entitled to understand the basis for [Plaintiff's] claims," ECF No. 98 at 7; *see generally* Fed. R. Civ. P. 26(b)(1), including her claim that she has been damaged by the alleged defamatory statement. Indeed, Rule 26(a)(1)(A) contemplates that a Plaintiff will provide "a computation of each category of damages" and documents "on which each computation is based, including materials bearing on the nature and extent of injuries suffered" *even without waiting for discovery requests.* With less than three weeks before discovery closes, Plaintiff still has not complied with these basic obligations. Judge Lammens was correct to order the requested disclosure. Plaintiff's opposition to Judge Lammens' Order makes five arguments, all without merit.

***First***, Plaintiff argues that "this is a clear-cut case of defamation *per se* . . . and thus damages are presumed." ECF No. 101 at 7. But in Florida actual damages are a required element of defamation per se claims brought against media defendants like HBO and Maher. *See, e.g., Edelstein v. WFTV, Inc.*, 798 So. 2d 797, 798 (Fla. 4th DCA 2001); *Mid-Florida Television Co. v. Boyles*, 467 So. 2d 282, 283 (Fla. 1985). Plaintiff's argument that Defendants are not "media defendants" because Maher's "purpose" is

---

[3] When Plaintiff finally produced her initial disclosures on August 1, 2025, her damages computation was equally vague: "Plaintiff's damages stem from the allegations pled in the Amended Complaint, including but not limited to loss of reputation and goodwill, and loss of financial opportunity and are ongoing and still being calculated. Plaintiff has sat for deposition and answered all of Defendants' questions concerning damages truthfully and provided tax returns as well." ECF No. 106-2 at 4.

"to entertain people," ECF No. 93 at 6, is unpersuasive, not only because Plaintiff also sued HBO, a media company, but also because entertainment enjoys full First Amendment protections. *See Time, Inc. v. Hill*, 385 U.S. 374, 388 (1967) ("[T]he line between the informing and the entertaining is too elusive for the protection of freedom of the press."); *Joseph Burstyn, Inc. v. Wilson*, 343 U.S. 495, 501 (1952) ("What is one man's amusement, teaches another's doctrine.").[4] In any event, as Judge Lammens noted, Plaintiff is also pursuing claims for defamation and defamation by implication, torts for which actual damages are indisputably required. *See* ECF No. 98 at 6 n.2.

**Second**, Plaintiff argues that her sitting for a deposition somehow alleviates her of her obligation to produce responsive documents and answer interrogatories. That is not the law. Parties do not get to pick and choose which discovery vehicles they prefer to engage with. *See, e.g.*, *Israel v. John Craine, Inc.*, 601 F. Supp. 3d 1259, 1271 (M.D. Fla. 2022); ECF No. 78 at 13-14 (collecting cases). And, in any event, as the now sealed deposition transcript demonstrates, Plaintiff's testimony on a host of issues was inadequate. *See, e.g.*, ECF No. 101, Ex. A, Dep. of Laura Loomer at 232:14-237:19 (refusing to identify a single person who believed "what Bill Maher allegedly said").

**Third**, Plaintiff argues that "damages are ongoing and therefore still being calculated." ECF No. 101 at 6. But that does not relieve Plaintiff of her burden under Rule 26(a). In any event, discovery closes September 2, and Plaintiff must disclose her

---

[4] Plaintiff also affirmatively alleged that she made a retraction request under Section 770.01, ECF No. 42 at ¶ 32—a process required only for claims against "media defendants." *Zelinka v. American Healthscan, Inc.*, 763 So.2d 1173, 1175 (Fla. 4th DCA 2000).

damages calculation promptly.

     ***Fourth***, Plaintiff argues that certain interrogatories and document requests are irrelevant or overly broad. Not so. For example, Plaintiff claims Interrogatory 7 and Request for Production 19, which concern her communications with Susie Wiles about Plaintiff working for the White House, are overbroad. But any discussion with President Trump's Chief of Staff regarding a potential White House job or the President's feelings toward Ms. Loomer is relevant to Plaintiff's claim that Defendants' statement prevented her from obtaining a job in the Administration. ECF No. 98 at 9.

     Likewise, Judge Lammens correctly ordered Plaintiff to respond to Interrogatory 11, which requires her to identify any individual she contends was led by Defendants' statement to mistakenly believe that she and President Trump engaged in a sexual relationship. In her original response, Plaintiff stated only "obviously, viewers of Bill Maher and Real Time who did not know me personally were led to mistakenly believe that President Trump and I engaged in a sexual relationship in addition to committing adultery behind the back of Melania Trump." *See* ECF No. 78-1 & 78-3, Interrogatory No. 11. As Judge Lammens recognized, vaguely pointing to an unidentified amalgamation of individuals without providing a single name is evasive. The directive that "[i]f Plaintiff is unaware of the identity of a single person who was 'led to mistakenly believe' that she and President Trump had engaged in a sexual relationship or who has knowledge of her alleged damages, she must say so" is not clearly erroneous; it simply requires Plaintiff to "fully" answer the interrogatory, as contemplated by the Federal Rules. ECF No. 98 at 10; *see* Fed. R. Civ. P. 33(b)(3).

*Finally*, Plaintiff argues that she need not identify any social relationships that were allegedly harmed as result of Defendants' allegedly defamatory statement. ECF No. 101 at 6. But Plaintiff alleged that Defendants "knew that his public false statements would cause severe . . . damage to her . . . social relationships." ECF No. 42 ¶ 41. As Judge Lammens noted, "Defendants are entitled to know the factual basis for Plaintiff's allegations that she was personally damaged by Mr. Maher's statements and that he knew that his statements would damage her social relationships." ECF No. 98 at 9-10. If Plaintiff is unable to identify a single social relationship that has been harmed, then she must say so in order to comply with her basic discovery obligations.

## III.   CONCLUSION

Defendants respectfully request that this Court affirm Judge Lammens' Order regarding the parties' motions to compel and entry of a Protective Order Regarding Confidentiality and Restrictions on Use of Discovery Material and hold Plaintiff in contempt for failure to abide by that order.

Dated: August 14, 2025                    Respectfully submitted

                                          */s/ Yelan Escalona*

**Davis Wright Tremaine LLP**            **Shullman Fugate PLLC**
Katherine M. Bolger (*pro hac vice*)      Rachel E. Fugate (Bar No. 144029)
Alexandra Perloff-Giles (*pro hac vice*)  100 South Ashley Drive, Suite 600
1251 Avenue of the Americas, 21st Floor   Tampa, FL 33602
New York, NY 10020                        Tel: (813) 935-5098
Tel: (212) 489-8230                       rfugate@shullmanfugate.com
katebolger@dwt.com                        Yelan Escalona (Bar No. 1031564)
alexandraperloffgiles@dwt.com             201 S. Biscayne Blvd. 28th Floor
                                          Miami, FL 33131
                                          Tel: (305) 928-2429
                                          yescalona@shullmanfugate.com