IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| LAURA LOOMER, | } |
| Plaintiff | } |
| v. | } Case Number: 5:24-cv-00625-JSM-PRL |
| BILL MAHER, et al | } |
| Defendants. | } |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO REQUEST FOR LEAVE TO REPLY TO PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

Plaintiff Laura Loomer ("Plaintiff Loomer") hereby submits the following in opposition to Defendants' Request for Leave to Reply to Plaintiff's Response to the Court's Order to Show Cause. ECF No. 110. ("Defendants' Motion"). As has been counsel for Defendants' *modus operandi*, Defendants lodge unsubstantiated accusations at Plaintiff and her counsel and manufacture new "issues" in order to drive up time, cost, and expense. Furthermore, as shown in the email from counsel for Defendants, they baselessly threaten Plaintiff and her counsel:

> We intend to file a request to file a brief in response to the Order to Show Cause why you should not be held in contempt in order to update the Court about Ms Loomer's use of social media to discuss her sealed deposition transcript. Do you consent? Given the ongoing nature of the harm, we intend to file tonight. Exhibit 1.

1

Defendants and their counsel have caused discovery in this matter to get out of hand, and accordingly, a discovery conference has regrettably become necessary at this point so that Plaintiff and counsel may address the Court in person. It would behoove all of parties and the Court for the parties to be more civil, but from the start Ms. Loomer has been threatened and even later browbeaten at her deposition. This has been documented. As for counsel, Mr. Klayman was even trolled by a 6 foot 6 inch security guard assigned to him during the deposition of Nina Rosenstein in the New York offices of Davis Wright Tremaine, where counsel was even followed to the bathroom. Mr. Klayman agreed to take the deposition of Ms. Rosenstein in Davis Wright Tremaine's New York offices as a professional courtesy. This is just one example of the harassing and threatening conduct that has become part and parcel by Defendants and their counsel, notwithstanding representations to this Court that are misleading and inaccurate.

    Defendants' Motion is based on the fact that Plaintiff Loomer and counsel - in good faith - attached the transcript of her deposition to her objections to Magistrate Judge Philip Lammens' ("Magistrate Judge Lammens") orders. As explained in Plaintiff Loomer's response to Magistrate Judge Lammens' Order to Show Cause, the depositions transcripts were used "solely for the purposes related to this litigation" so that the Honorable James S. Moody ("Judge Moody")

2

would have full and complete record upon which to rule on the Defendants' Motion for Protective Order and Motion to Compel. ECF No. 100, 101.

Again, while it is true that Plaintiff has taken the position throughout this litigation that discovery in this case should be publicly available, as there is no sensitive information, trade secrets or things of that nature involved and is a simple defamation case, Plaintiff has been careful to respect and obey Magistrate Judge Lammens orders while they are being challenged to Judge Moody.

Thus, it came as a surprise to the undersigned counsel that counsel for Defendants contacted him about their instant motion. The undersigned counsel did not know that Plaintiff's deposition transcript had been made available on CourtListener, as claimed by the Defendants in their Motion. The undersigned counsel certainly has not distributed any discovery materials to any third parties, nor did he talk with anyone about the deposition transcript, and any offensive insinuation from counsel for Defendants—obviously done for improper tactical reasons—otherwise is blatantly false. *See* Exhibit 1 (Communications with Kate Bolger).

Furthermore, the tweets that Defendants reference that were made by Plaintiff Ms. Loomer actually show that she did not disclose or reveal any information in the sealed deposition. And counsel was unaware of any tweets on X when he got the threatening email from Defendants' counsel. Nevertheless, Ms. Loomer simply responded innocuously to inquiries posed by persons who had gained access to the deposition transcript through their own means. Thus, the bottom line is that she did not "use" any of her deposition or discovery

3

materials. She was simply discussing her case on X without "using" her deposition or discovery materials, which is clearly allowed and which right cannot be abridged as it is part of her sacrosanct First Amendment rights.

Accordingly, Defendants' Motion is, simply put, more of the same threatening behavior, but it is troubling that false threats would be made. There is no need for Defendants to file a reply because neither Plaintiff nor her counsel did anything contrary to any of Magistrate Judge Lammens' orders. This is just another attempt to drive up time, cost, and expense with a manufactured non-issue and this tactic must be soundly rejected.

Dated: August 14, 2025

Respectfully submitted,

By: */s/ Larry Klayman*_____
Larry Klayman, Esq.
Florida Bar No.: 246220
Klayman Law Group P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: 561-558-5536
leklayman@gmail.com

*Counsel for Plaintiff*