IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LAURA LOOMER

                Plaintiff,

v.

BILL MAHER et al

                Defendants.

Case No: 5:24-cv-00625-JSM-PRL

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO HOLD PLAINTIFF IN CONTEMPT FOR FAILURE TO COMPLY WITH A COURT ORDER AND, ALTERNATIVELY, MOTION FOR STAY OF MAGISTRATE LAMMENS' JULY 17, 2025 ORDER *NUNC PRO TUNC***

Plaintiff Laura Loomer ("Plaintiff") hereby submits the following in response to Defendants Home Box Office Inc. ("HBO") and Bill Maher's ("Maher") Motion to Hold Plaintiff in Contempt ("Defendants' Motion") for an alleged failure to comply with Magistrate Judge Philip Lammens' ("Magistrate Lammens") July 17, 2025 Order, which directed Plaintiff to produce documents, responses to interrogatories, and initial disclosures within ten days.[1]

Defendants' Motion, in effect, seeks to sanction Plaintiff and her counsel for objecting to Magistrate Judge Lammens' July 17, 2025 order, which is their right pursuant Fed. R. Civ. P. 72(a) ("Rule 72(a)"), which states that "[a] party may serve and file objections to the order within 14 days after being served with a copy [of a non-dispositive order by a magistrate judge]."

Plaintiff and her counsel had no intent to violate or skirt any order from Magistrate Judge Lammens. In the undersigned counsel's forty-eight (48) years

---

[1] Plaintiff served initial disclosures with information, subject to objections before Judge Moody on July 30, 2025, and which information, such as with regard to damages, was provided to Defendants during Plaintiff's deposition in any event.

1

of practice, he has never run into this situation where an opposing counsel has moved for sanctions for an alleged failure to comply with a magistrate judge's order while that order was being timely objected to and challenged to the presiding judge. It has always been the undersigned counsel's experience that a party be given the courtesy of exercising their right to object to a magistrate's judge's order under Rule 72(a), and he expected no different this time, despite the hostility that he has faced in this case with counsel for Defendants.

### *Statement of Relevant Facts*

At issue is Magistrate Judge Lammens' July 17, 2025 order, which provided that:

> Within **ten days** of this Order, Plaintiff shall serve her initial disclosures or serve amended initial disclosures that provide sufficient detail regarding each category of damages; provide full and complete responses to Interrogatory Nos. 1, 7 (as limited by this Order), 8, 9, 10, 11, and 13; and produce all responsive documents to Request for Production Nos. 12, 13, 14, 18, 19 (as limited by this Order), and 20, or state that she has none.

Magistrate Judge Lammens' July 17, 2025 order directed compliance within ten (10) days, which is a fewer number of days than provided for under Rule 72(a) to object to his order. The ten days provided by Magistrate Judge Lammens effectively renders moot Plaintiff's right to object to his order, which provides for fourteen (14) days to object, as provided for under the Federal Rules of Civil Procedure, since even if her objections are ultimately deemed valid the presiding judge, the Honorable James S. Moody ("Judge Moody"), Ms. Loomer would already have been forced to effectively abandon and thus waive them in the ten

2

(10) days provided for by Magistrate Judge Lammens. Plaintiff objected timely pursuant to Rule 72(a), within the 14 day proscribed period to object.

Thus, when Plaintiff timely filed her objections to Magistrate Judge Lammens' July 17, 2025 order, this order would logically have been held in obeyance pending rulings by the presiding judge, Judge Moody. This is the undersigned counsel's understanding of how the process to object to the presiding judge has worked in practice throughout his decades of practice, as it is the approach that makes the most sense in practice, particularly with regard to the circumstances herein.

### *Legal Argument*

*First and foremost*, it is well-settled that orders entered by a magistrate judge are not final orders. "Decisions by a magistrate pursuant to 28 U.S.C. § 636(b) are not final orders…." *Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061, 1066 (11th Cir. 1982). "Under the Magistrates Act, a district court retains general supervisory power to review any action taken by a federal magistrate." *Id.* "This is because the magistrates judges themselves are not Article III judges. Magistrate judges are authorized to perform 'inherently judicial' acts only because they act under the supervision of an Article III judge." *Id.*

Given that Magistrate Judge Lammens' July 17, 2025 order is not a final order, it follows that Plaintiff's challenge of that order to the presiding judge should be permitted to run its course. Otherwise, as set forth above, requiring compliance with Magistrate Judge Lammens' Order before Plaintiff has had an opportunity to challenge that order moots out her objections. This would deny

3

Plaintiff of her rights under Rule 72(a) and work a prejudice to her due process rights.

Courts have followed the logic of this approach. For instance, in *Murphy v. Murphy*, 2008-Ohio-1971 ¶ 60 (Ct. App.) the Ohio Court of Appeals held that:

> ..A magistrate's decision is not effective unless adopted by the court." Civ.R. 53(D)(4)(e)(i) states in part, "...If the court enters a judgment during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered.

*Second*, in any event, it is clear that Defendants' motion to sanction Plaintiff is completely without merit, as Plaintiff has informed counsel for Defendants that she has provided all relevant documents currently in her possession, subject to her objections which are now before Judge Moody. Plaintiff has informed counsel for Defendants that discovery is ongoing, particularly with regard to her ongoing and continuing damages, and that she reserved the right to supplement her responses as well. And, Plaintiff has also sat for deposition for over eight (8) hours and answered truthfully all questions by counsel for Defendants, even agreeing to travel at her and her counsel's expense to Washington, D.C. from Florida, to be deposed at the offices of Davis Wright Termaine as a courtesy to counsel for Defendants. Any allegation that Plaintiff has willfully obstructed or refused to comply with the discovery process is therefore completely unsupported by the facts or the law.

4

Defendants' Motion appears to be another improper means to multiply the pleadings and vexatiously drive up time, expense, and costs to Ms. Loomer and her counsel, as has been their counsel's tactical heavy handed *modus operandi* throughout this litigation. Not only does this increase billing and profits for counsel for Defendants, who have millions of dollars and hundreds of attorneys and staff at their disposal, it harms Plaintiff—who is represented by a solo practitioner—in pointless motions practice in order to prevent her from actually litigating her case. Defendants' conduct, which is violative of the fair and proper administration of justice, will be addressed in a separate motion.

*Finally*, if Magistrate Judge Lammens does not accept that Plaintiff and her counsel acted in good faith in objecting to his order, believing that Ms. Loomer could litigate her objections before the presiding judge without the need to seek a stay of Magistrate Judge Lammens' order, in the interest of justice and fundamental fairness, Plaintiff moves for a stay *nunc pro tunc* pending resolution of her objections before Judge Moody. Magistrate Judge Lammens has authority to issue a stay, as shown in *Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 657 (D. Colo. 2001).

### *Conclusion*

WHEREFORE, based on the foregoing, Defendants' Motion, which was needlessly filed for tactical reasons, including to multiply the pleadings and vexatiously drive up time, costs, and expense to Ms. Loomer, it respectfully should be denied in its entirety.

Plaintiff here has simply exercised her rights provided to her under Rule 72(a) to object Magistrate Judge Lammens' July 17, 2025 order. Plaintiff Ms. Loomer has never once intended to skirt the discovery process or to undermine Magistrate Judge Lammens' rulings or authority under 28 U.S.C. § 636(b) and has shown throughout the course of this litigation that while she has objected to some of Magistrate Judge Lammens' orders, she has always respected, and continues to respect, his rulings and has never deliberately or willfully disobeyed any of them.

Finally, Plaintiff respectfully requests an in-person discovery conference before the Court to address ongoing discovery issues which have gotten out of hand and needlessly complicate this simple and straightforward defamation case where Ms. Loomer was falsely branded an adulterer for having "f'd" President Trump, a textbook case of defamation per se, for which this court has already ruled is a viable claim in denying Defendants' motion to dismiss.

In this regard, Defendants have adduced no evidence to show that this was true—and to the contrary they knew it not to be true but did it to harm Ms. Loomer who during a presidential election period supported President Trump as she does now as well —and for that reason they are attempting to vexatiously multiply and pile on unwarranted pleadings to litigate Ms. Loomer and her counsel into submission.

Put simply, they know that if and when this case goes to a jury, they are likely to lose in a significant way for the harm they have done with their cheap sexist and misogynistic blood libel of Mr. Loomer, a female activist Jew, who

6

was cynically and cruelly used as vehicle in an attempt to harm the 2024 presidential campaign of President Trump, who Defendants and their counsel loathe.

Dated: August 15, 2025

Respectfully Submitted,

By: /s/ Larry Klayman
Larry Klayman, Esq.
Klayman Law Group P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
leklayman@gmail.com
Counsel for Plaintiff