**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

LAURA LOOMER,

    Plaintiff,

v.   Case No: 5:24-cv-625-JSM-PRL

BILL MAHER and HOME BOX OFFICE, INC.,

    Defendants.

## ORDER

THIS CAUSE comes before the Court on Plaintiff Laura Loomer's Objections to the Magistrate Judge's rulings on various discovery matters (Dkts. 96, 100, and 101). The Court has reviewed the relevant filings, including Defendants' responses, and concludes that the objections should be overruled because Plaintiff fails to establish the highly deferential standard of "clear error."

## DISCUSSION

This is a defamation lawsuit, and the facts are discussed in the Court's prior Order on Defendants' motion to dismiss at Docket 39. Before the Court are Plaintiff's Objections to discovery rulings that she contends are incorrect or inappropriate for various reasons. The Court begins with the standard of review.

A magistrate judge may issue orders on nondispositive pretrial matters. Fed. R. Civ. P. 72(a). Parties may then file objections to a magistrate judge's order within 14 days after being served with a copy. *Id.* Untimely objections are deemed waived. *See Smith*

*v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1365 (11th Cir. 2007); *Nielsen Audio, Inc. v. Clem*, No. 8:15-CV-2435-T-27AAS, 2017 WL 4402518, at *1 (M.D. Fla. Oct. 3, 2017) (Whittemore, J.); and *Gupta v. U.S. Atty. Gen.*, No. 6:13-CV-1027-ORL-40, 2015 WL 5687829, at *7 (M.D. Fla. Sept. 25, 2015) (Byron, J.).

When an objection is filed, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). "Clear error is a highly deferential standard of review" that is only found when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citations and quotation marks omitted). A magistrate judge's order is contrary to law only "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013) (citations and quotation marks omitted).

Plaintiff's first objection relates to Magistrate Judge Lammens' June 18, 2025, order (Dkt. 88), directing that the videos and transcripts of the depositions of Plaintiff, Maher, and HBO corporate representative Nina Rosenstein be used only for purposes of the litigation, and designating the video and limited portions of the transcript of Maher's deposition confidential. The Court overrules Plaintiff's objections to this order because Plaintiff fails to identify any clear error. The relevant law supports Judge Lammens' conclusion that discovery materials should be used for only litigation purposes. Notably, Plaintiff never disputed that she and her lawyer intended to use the deposition materials for purposes unrelated to the litigation, including publicity and fundraising.

2

Judge Lammens correctly pointed out that discovery should be used for the purposes of litigating a case and not for public dissemination. *See* (Dkt. 88) (citing *Seattle Times Co. v. Rinehart*, 467 U.S. 20, 34 (1984) ("[T]he sole purpose [of discovery is to] assist[ ] in the preparation and trial, or the settlement, of litigated disputes."); *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355 (11th Cir. 1987) ("[T]he discovery process, as a 'matter of legislative grace,' is statutorily created forum not traditionally open to the public."); *U.S. v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private.")). Moreover, Judge Lammens did not seal the depositions. Rather, he directed the parties to use the depositions for purposes related to this litigation and he also ruled that, with respect to Maher, the full video of his deposition and the portions of the transcript identified in Dkt. 58-2 should be designated as confidential to prevent embarrassment and public scrutiny of private and/or irrelevant information. This is not clear error.[1]

Plaintiff's remaining objections are also overruled because they similarly do not identify clear error in any of the Magistrate Judge's rulings. To briefly summarize, on

---

[1] The Court understands that, as the Magistrate Judge noted in his prior order (Dkt. 105), the filing of the Loomer deposition transcript may have been a "work around" the Magistrate Judge's prior rulings. Nonetheless, the Court sees no direct conduct that is sanctionable because the deposition was used for the purpose of this litigation and was not deemed confidential or sealed at that time. The Court also sees no reason to keep the transcript under seal going forward, which, again, does not mean that it can be publicly disseminated. The Court underscores that it agrees with the Magistrate Judge's conclusion that the transcript should be used for the purpose of this litigation.

July 17, 2025, Judge Lammens entered an order that denied Plaintiff's motion to compel Defendants to produce documents without a protective order and granted Defendants' motion to compel and cross-motion for a protective order. (Dkt. 98). That order also directed Plaintiff, within ten days, to serve initial disclosures and complete interrogatory responses with "sufficient detail regarding each category of damages," and to produce documents supporting her claim for damages. Later that day, the Magistrate Judge entered the Protective Order. (Dkt. 99).

Starting with the Protective Order, the provisions are consistent with the type of protective order that is entered in a civil case before this Court. Notably, Plaintiff failed to file a timely opposition to the Protective Order. Also, as stated above, the Court agrees with the Magistrate Judge's conclusion that documents produced in discovery shall be used solely for purposes related to this litigation. Again, protective orders governing the use of discovery materials are common in civil litigation.

Finishing with Defendants' motion to compel and the Magistrate Judge's rulings on same, the discovery Defendants seek relates to Plaintiff's defamation claim and more specifically, her claim for damages. For example, Defendants requested a damages computation, the identification of any person Plaintiff contends was led to believe she and President Trump engaged in a sexual relationship as a result of Defendants' conduct, and documents showing that Plaintiff lost business opportunities and/or business income because of Defendants' conduct. These matters are relevant and Plaintiff does not identify clear error associated with the Magistrate Judge compelling Plaintiff to respond and produce the relevant documents. So, her objections are overruled.

4

The Court pauses to address a few other matters. While the Court agrees that an objection to a Magistrate Judge's ruling does not stay its enforcement, the parties need to treat each other with civility. This includes being courteous, respectful, and agreeing on matters after a good faith conference, like a reasonable request for an extension of time. The Court will neither condone nor tolerate name-calling, bullying, and other unprofessional conduct, whether in writing, in open court, or at a deposition.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Objections (Dkts. 96, 100, and 101) are OVERRULED.

2. Plaintiff shall produce all outstanding discovery, including the discovery that was compelled by the Magistrate Judge, within fourteen (14) days of this Order. If Plaintiff does not have the requested information, she shall state that she has none.

3. Defendants' Motion to Hold Plaintiff in Contempt (Dkt. 106) is denied.

4. Plaintiff's Motion for Extension (Dkt. 114) is denied as moot because the Court is providing fourteen (14) days from the date of this Order to produce all outstanding discovery.

**DONE** and **ORDERED** in Tampa, Florida, this August 27, 2025.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record