## IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF

LAURA LOOMER

                Plaintiff,

v.

BILL MAHER et al

                Defendants.

**Case No: 5:24-cv-00625-JSM-PRL**

### NOTICE OF TAKING DEPOSITION DUCES TECUM

TO:    CASEY BLOYS
         350 South Grand Ave
         27th Floor
         Los Angeles, CA, 90071

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff will take the deposition of the Casey Bloys, the Chief Executive Officer of Defendant Home Box Office Inc. ("HBO"). This deposition will take place at Davis Wright Tremaine LLP, 350 South Grand Ave, 27th Floor, Los Angeles, CA, 90071 on September 25, 2025 at 10:00 a.m. or another mutually agreeable location, date and time only by agreement of the parties, given that Defendants' counsel has thus far refused on several occasions to provide suggested dates, times and places so this deposition may timely proceed.. Otherwise, the date, time and place of this notice will stand. This deposition will be taken by stenographic and video means before an officer authorized to administer oaths and will continue from day to day until completed. The deposition will be taken for the purposes of discovery, for use at trial in this

1

matter, and for any other purpose permitted under the Federal Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 30(b)(2), the deponent shall produce the documents specified in the <u>Attachment</u> below.

Dated:  August 27, 2025     Respectfully Submitted,

By: <u>/s/ Larry Klayman      </u>
Larry Klayman, Esq.
Florida Bar No.: 246220
Klayman Law Group P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: 561-558-5536
leklayman@gmail.com

*Counsel for Plaintiffs*

# ATTACHMENT

# DEFINITIONS

1.1. As used herein, "you" or "your" shall mean **CASEY BLOYS** and/or anyone acting on your behalf.

1.2. The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

1.3. "Agent" shall mean: any person or entity acting at the direction of or on behalf of another.

1.4. "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

1.5. The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

1.6. As used herein, "relevant time period" shall mean from **January 1, 2024** to the present.

1.7. The word "identify" when used in reference to a document, means and includes the name and address of the custodian of the document, the

location of the document, land a general description including (1) the type of document (i.e. correspondence, memorandum, facsimile etc.; (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

    1.8.   The terms "document" or "documents" shall mean any and all information in tangible form and shall include, without limiting the generality of the foregoing, all letters, telegrams, telexes, teletypes, correspondences, telephone billing records, e-mails, contracts, drafts, agreements, notes to file, reports, memoranda, mechanical or electronic recordings or transcripts of such recordings, audio, video, blueprints, flow sheets, flow charts, calendar or diary entries, memoranda or telephone or personal conversations, text messages, signal messages, memoranda of meetings or conferences, studies, reports, interoffice and intra-office communications, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, maps, charts, graphs, propositions, articles, announcements, newspaper clippings, books, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, promissory notes and other evidence of indebtedness and all drafts and copies of documents as hereinabove defined by whatever means made. If multiple copies of a document exist, each copy which is in any way not completely identical to a copy which is being produced should also be produced.

## **INSTRUCTIONS**

1.9. If you object to fully identifying a document or oral communication because of an alleged privilege, you must nevertheless provide the following information:

    a) the nature of the privilege claimed (including work product);

    b) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

    c) the date of the document or oral communication;

    d) if a document: its type, custodian, location, and such other information sufficient to identify the document for a subpoena *duces tecum* or a document request;

    e) if an oral communication, the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

    f) the general subject matter of the document or oral communication.

## SPECIFIC DOCUMENTS REQUESTED

1. Any and all documents that refer or relate to Laura Loomer and the September 13, 2025 broadcast of Real Time With Bill Maher

2. Any and all documents that refer or relate to your knowledge of the alleged defamatory publication on September 13, 2024:

> I think maybe Laura Loomer's in an arranged relationship to affect the election because she's very close to Trump. She's 31, looks like his type. We did an editorial here a few years ago…it was basically, who's Trump fucking? Because I said, you know, it's not nobody.

5

> He's been a dog for too long, and it's not Melania. I think we may have our answer this week. I think it might be Laura Loomer. Am. Comp. ¶ 18.

3. Any and all documents that refer or relate to your knowledge of whether the defamatory publication should have been retracted and whether you had decision-making input or authority into this.

4. Any and all documents that refer or relate to the decision to not allow Laura Loomer to appear as a guest on Real Time to address the alleged defamatory publication.

5. Any and all documents that refer or relate to the net worth of Home Box Office for each of the last five years (2020– 2025), including but not limited to federal and state tax returns.

6. Any and all documents that refer or relate to communications with Bill Maher and/or his writers, producers and/or staff over the alleged defamatory publication.

7. Any and all documents that refer or relate to and constitute Bill Maher's employment and/or contract file.

8. Any and all documents that refer or relate to whether Bill Maher was considered for discipline, should be disciplined and/or was disciplined regarding the alleged defamatory publication.

9. Any and all documents that refer or relate to whether any insurance carrier has been put on notice of Plaintiff's claims and communications with the same.

10. A copy of any insurance policy that are alleged to cover any liability

resulting from the alleged defamation.

11.    Any and all documents concerning allegations of defamation concerning Bill Maher by others.

12.    Any and all documents which refer or relate in any way to the Real Time Show of September 20, 20234 and Laura Loomer.

13.    Any and all documents that refer or relate to Donald Trump and/or Melania Trump and the alleged defamatory publication.