UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION

---

LAURA LOOMER,

    *Plaintiff*,

 - against -

BILL MAHER and HOME BOX OFFICE, INC.,

    *Defendants.*

Case No.: 5:24-cv-00625-JSM-PRL

---

## DEFENDANTS' TIME SENSITIVE MOTION FOR A PROTECTIVE ORDER REGARDING DEPOSITION OF CASEY BLOYS

 Defendant Home Box Office, Inc. ("HBO") respectfully requests that the Court enter an order preventing Plaintiff Laura Loomer from attempting to depose HBO's Chief Executive Officer, Casey Bloys. This motion is time sensitive as Plaintiff has noticed Mr. Bloys' deposition to take place on September 25, 2025.

 *First*, Plaintiff's deposition notice comes far too late—discovery closed on September 2, 2025. *Second*, as Defendants told Plaintiff months ago, Mr. Bloys was not involved in the facts giving rise to this litigation, and has no first-hand knowledge relevant to any claim or defense in this matter. *Third*, as Defendants also explained, Mr. Bloys is an apex witness, and Plaintiff falls far short of the showing required to subject a high-ranking executive to the distraction of a pointless deposition. Indeed, the notice of deposition for Mr. Bloys—filed and served the day before the parties' scheduled mediation—appears to be nothing more than an effort to harass Defendants. "Depositions are not properly used as a mechanism to inconvenience or distract senior

1

management." Middle District Discovery (2021) § II(A)(6). The deposition notice should be stricken and Plaintiff should be barred from noticing any additional depositions.

## BACKGROUND

On June 25, 2025, Plaintiff's counsel emailed Defendants' counsel, requesting dates for a deposition of Casey Bloys, the Chairman and CEO of HBO, between July 7 and July 15, and threatening to "unilaterally notice a date" "[i]f no response is received by July 2." *See* Ex. A at 4. Defendants responded by asking the basis for deposing Mr. Bloys, who "has no unique (or indeed any) knowledge of the facts related to this litigation," and noting that "the information is available from other individuals." *Id*. at 1, 3. Mr. Klayman responded: "The CEO of Home Box Office is the person ultimately in charge of HBO's and Maher's use of Laura Loomer as the vehicle to not only defame her, but the ultimate target Donald Trump and his wife Melania Trump in order to try to influence the 2024 presidential elections. . . ." *Id*. at 2.

On July 1, Defendants responded at length, explaining that: (1) "because Mr. Bloys had no involvement in the allegedly defamatory statement, his testimony will be of no relevance," and (2) as Mr. Bloys is the chief executive of HBO, any attempts to depose him will be subject to the Apex Doctrine," which requires the party seeking the deposition to show that Mr. Bloys "has unique, non-repetitive, firsthand knowledge of the facts at issue" and "that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without

2

success." *Id*. at 1. (quoting *Brown v. Branch Banking & Tr. Co.*, 2014 WL 235455, at *2 (S.D. Fla. Jan. 22, 2014)). Defendants also cited the relevant testimony from HBO corporate representative Nina Rosenstein and from Bill Maher, explaining that Mr. Maher—not Mr. Bloys—has final say as to the content of *Real Time with Bill Maher*. *Id.* Defendants closed by stating that "[w]e are willing to work with you to engage in a productive discovery process," but "[a]ny attempt to unilaterally notice Mr. Bloys' deposition will be met with a corresponding motion for a protective order." *Id*. at 2. Plaintiff did not respond to Defendants' email.

Nearly two months later, on August 27—the day before the parties' scheduled mediation—Plaintiff filed a notice of deposition, unilaterally noticing the deposition for Mr. Bloys for September 25. *See* ECF No. 117.

## ARGUMENT

### A. Plaintiff Failed To Timely Notice And Schedule The Deposition Sought

As set forth in the Court's Case Management and Scheduling Order, entered on January 16, 2025, the "discovery deadline" was September 2, 2025. ECF No. 40. Under Federal Rule of Civil Procedure 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Middle District of Florida's Civil Discovery Handbook likewise makes clear that the discovery completion date "means that all discovery must be completed by that date," and that "[u]ntimely discovery requests are subject to objection on that basis." Middle District Discovery (2021) § I(F).

Plaintiff seeks to take a deposition more than three weeks after the close of discovery, without seeking to modify the scheduling order and without good cause. Courts routinely reject efforts to depose witnesses "*after* the close of the discovery period in the case." *Lira v. Arrow Air, Inc.*, 2007 WL 188163, at *2 (S.D. Fla. Jan. 22, 2007) (emphasis in original); *see also, e.g.*, *Blankenship v. Fox News Network, LLC*, 2021 WL 3264273, at *2 (S.D. W.Va. July 30, 2021) (affirming magistrate judge's denial of "plaintiff's motion for leave to take depositions after the discovery deadline"). *See generally Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1362 n.8 (11th Cir. 2002) ("[P]arties who delay in taking a needed deposition . . . assume a risk: they cannot count on the trial court's allowing a deposition to be taken" after discovery closes). The same rule should apply here, particularly as Plaintiff knew of Mr. Bloys and the Defendants' position on making him available for a deposition as early as July 1.

That Plaintiff informally "requested to depose [Mr. Bloys] before the discovery closed" is of no moment. *Frizell v. Pegasus Sch., Inc.*, 2012 WL 2839906, at *1 (W.D. Tex. July 10, 2012); *see Lane Constr. Corp. v. Skanska USA Civil Southeast, Inc.*, 2022 WL 18775750, at *2 (M.D. Fla. Sept. 7, 2022) (holding that plaintiff failed to show "good cause or the necessary diligence to allow either deposition to occur after the discovery deadline," even when plaintiff "began attempting to coordinate a deposition date" for the witness over one month before the close of discovery). Indeed, even where a deposition was unilaterally noticed for a date shortly *before* the close of discovery, courts in this district have granted motions to preclude the taking of the deposition, explaining that the plaintiff "chose to wait until the waning days of discovery to serve

4

his Notice" and "[t]here are consequences to such a choice." *Delgado v. Magical Cruise Co., Ltd.*, 2017 WL 2346215, at *3 (M.D. Fla. May 30, 2017). In short, the untimeliness of Plaintiff's deposition notice is reason alone to preclude the taking of Mr. Bloys' deposition.

### B. Mr. Bloys Has No Relevant First-Hand Knowledge

Even if Plaintiff had timely noticed Mr. Bloys' deposition, it would not be proper to subject Mr. Bloys to deposition. Under Rule 26(b)(1), discovery must be "relevant to a[] party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Mr. Bloys has no first-hand knowledge relevant to any claims or defenses in this case. In defamation actions, the only witnesses relevant to actual malice are those who were involved in the publication of the statement at issue. *See, e.g.*, *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 287 (1964) ("the state of mind required for actual malice would have to be brought home to *the persons in the . . . organization having responsibility for the publication*") (emphasis added); *Mile Marker, Inc. v. Petersen Publ'g, L.L.C.*, 811 So.2d 841, 847 (Fla. 4th DCA 2002) (holding plaintiff "failed to introduce any record evidence that *those responsible for publication within the [defendant] entity*, knew or should have known, the subject article contained defamatory falsehoods") (emphasis added).

Both Mr. Maher and HBO Executive Vice President of Programming Nina Rosenstein testified that Mr. Maher has the final say on the content of *Real Time with Bill Maher*. See ECF No. 115 at 511 (Rosenstein Depo. Tr. at 41:18-42:1) ("Q. Bill doesn't have sole discretion, does he? . . . A. Bill is the final say of what is on that show.

5

It's Bill speaking the words. So there are producers and head writers, but it's Bill's ultimate decision what he wants to say on that show."); *see also* ECF No. 115 at 354 (Bill Maher Depo. Tr. at 112:5-12) (Maher explaining that he "choose[s]," "endorse[s]," and "perform[s]" the jokes he makes). Plaintiff has not shown and cannot show that Mr. Bloys authored or approved the joke at issue or otherwise was responsible for the publication of the statement. Mr. Bloys' testimony would be irrelevant to any claim or defense and should not be authorized.

    **C.    Plaintiff Has Not And Cannot Make The Showing Required By The Apex Doctrine To Depose Mr. Bloys**

Finally, Plaintiff is not entitled to depose Mr. Bloys under the apex doctrine. "Courts have generally restricted parties from deposing high-ranking officials because (by virtue of their position) they 'are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts.'" *Brown*, 2014 WL 235455, at *2 (citation omitted). "The reason for requiring exigency before allowing the testimony of high officials is obvious": they "have greater duties and time constraints than other witnesses." *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993). "[F]ederal courts in Florida have adopted the apex doctrine and routinely apply it to high-level corporate representatives." *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, 2021 WL 7448237, at *3 (M.D. Fla. Aug. 13, 2021) (citing cases); *see also* Middle District Discovery (2021) § II(A)(6) (noting that "counsel ordinarily should not seek in the first instance to take the deposition of the organization's senior management if someone else in the organization can be expected to have more direct

6

and firsthand knowledge or information").

Thus, a party seeking to depose an apex witness must make a threshold showing (1) that the executive "has unique, non-repetitive, firsthand knowledge of the facts at issue; and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *Brown*, 2014 WL 235455, at *2 (citation omitted); *see also R.F. J. v. Fla. Dep't of Child. & Fams.*, 2017 WL 5306888, at *2 (M.D. Fla. June 8, 2017) (same); *Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 527-28 (S.D. Fla. 2015) (same); *Incitatus Real Estate, LLC v. Lancelot Miami River, LLC*, 2023 WL 11892334, at *1 (S.D. Fla. Nov. 21, 2023) (same); *Belin v. Health Ins. Innovations, Inc.*, 2021 WL 4973070, at *1 (S.D. Fla. Feb. 10, 2021) (same); *Salinas v. Advance Med. Optics, Inc.*, 2009 WL 10672309, at *3 (N.D. Ga. Aug. 28, 2009) (holding that "the plaintiff has failed to meet her burden to show that [the CEO] possesses any unique or superior knowledge related to this litigation and that the plaintiff has exhausted less intrusive methods of obtaining the information he may possess"). *See generally* Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii) (discovery may be limited if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or it "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"). Nothing approaching such a showing has or could be made here

First, as set forth above, Plaintiff does not identify any "unique, non-repetitive, firsthand knowledge of the facts at issue." Mr. Bloys had no role in the crafting of the

7

joke or the approval of the episode before it aired, and is named in no document produced by HBO or Mr. Maher in this litigation that relates to the joke.[1] Nothing connects Mr. Bloys to the joke at all—because, in fact, he had no such connection. More than that, Mr. Maher and Ms. Rosenstein testified that Mr. Maher is ultimately responsible for the jokes on his show. Mr. Bloys not only has no unique knowledge, but he has no knowledge whatsoever relevant to this claim.

Plaintiff's document requests appended to the deposition notice confirm that Plaintiff seeks no unique knowledge from Mr. Bloys. They do not refer to any actions undertaken by Mr. Bloys but essentially duplicate the document requests to Defendants HBO and Maher and the 30(b)(6) deposition topics on which Plaintiff already deposed Ms. Rosenstein. In short, they retread ground already covered by Defendants' document productions and the testimony offered by Defendants' witnesses to date.

Second, Plaintiff cannot show she has exhausted less intrusive means of discovery in this case. Plaintiff chose not to propound a single interrogatory in this case. Plaintiff made no effort to depose a witness for two of the topics listed in her deposition notice for an HBO 30(b)(6) corporate representative, relating to HBO's records retention policies and practices and the search for documents in this case, even though HBO offered dates for this witness to Plaintiff. Plaintiff did not seek to depose

---

[1] The *only* document produced in this case on which Mr. Bloys appears in the To, From, or CC line is a newsletter from Bari Weiss' The Free Press, dated September 12, 2024, referencing Loomer flying to the presidential debate with Trump and then appearing with him at a 9/11 commemoration in New York.

8

Dean Johnson, one of the Executive Producers of *Real Time with Bill Maher*, who HBO corporate representative Nina Rosenstein testified "deal[t] with the content" of the September 13, 2024 episode of *Real Time with Bill Maher* and is the person "best . . . situated to know about" the show's production materials, ECF No. 115 at 512, 605 (Rosenstein Depo. Tr. at 42:4-16, 135:18-22), and who is listed in Defendants' amended initial disclosures, served May 7, 2025, as "likely to have discoverable information" about the "[r]esearch, writing, and publication of the allegedly defamatory statements at issue" and "lack of actual malice," Ex. B at 3, (Amended Initial Disclosures). Plaintiff has failed to establish that she has exhausted other means of discovery.

Plaintiff, therefore, has not and cannot meet her burden to show that Mr. Bloys "possesses any unique or superior knowledge related to this litigation and that the plaintiff has exhausted less intrusive methods of obtaining the information he may possess." *Salinas*, 2009 WL 10672309, at *3. As the Middle District of Florida's Civil Discovery Handbook emphasizes, "[d]epositions are not properly used as a mechanism to inconvenience or distract senior management who may not be immediately involved in the dispute." Middle District Discovery (2021) § II(A)(6). That is precisely what Plaintiff is doing here by filing a notice of deposition on the eve of the scheduled mediation and at the very end of the discovery period. Her unjustified effort to depose HBO's CEO should be rejected.

## CONCLUSION

For the foregoing reasons, the Court should enter a protective order precluding

Plaintiff from taking the deposition of Casey Bloys.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendants certifies that Defendants have conferred via email with counsel for Plaintiff, who opposes the relief sought in this motion and has threatened to move for sanctions.

Dated: September 8, 2025

Respectfully submitted,

*/s/ Rachel E. Fugate*

Rachel E. Fugate (FL Bar No. 144029)
Yelan Escalona (FL Bar No. 1031564)
Shullman Fugate PLLC
100 South Ashley Drive, Suite 600
Tampa, FL 33602
Tel: (561) 429-3619
rfugate@shullmanfugate.com
yescalona@shullmanfugate.com

Katherine M. Bolger (*pro hac vice*)
Alexandra Perloff-Giles (*pro hac vice*)
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 489-8230
katebolger@dwt.com
alexandraperloffgiles@dwt.com