# EXHIBIT A

| | |
|---|---|
| **From:** | Bolger, Kate |
| **Sent:** | Tuesday, July 1, 2025 9:04 PM |
| **To:** | Larry Klayman; Oliver Peer |
| **Cc:** | Rachel E. Fugate |
| **Subject:** | Loomer v HBO - Casey Bloys |

Mr. Klayman,

We will not make Mr. Bloys available for a deposition. As I stated previously, he has no knowledge of the facts related to this litigation and any attempts to unilaterally notice his deposition would necessitate an immediate motion for a protective order.

First, because Mr. Bloys had no involvement in the allegedly defamatory statement, his testimony will be of no relevance.  It is well established that in defamation actions, the *only* witnesses that are relevant to establishing actual malice are those were involved in the publication of the statement at-issue. *See New York Times v. Sullivan*, 376 U.S. 254, 287 (1964) ("the state of mind required for actual malice would have to be *brought home* to the persons in the … organization having responsibility for the publication."); *Mile Marker, Inc. v. Petersen Publ'g, L.L.C.,* 811 So.2d 841, 847 (Fla. 4th DCA 2002) ("We find Mile Marker has utterly failed to introduce any record evidence that those responsible for publication within the Petersen entity, knew or should have known, the subject article contained defamatory falsehoods."); *Patel v. Cable News Network, Inc.*, 83 Va.App. 387, 412 (Va. Ct. App. 2025) ("[T]he actual malice standard is a subjective one that requires facts demonstrating the specific "state of mind" of a person within a media corporation at the time of publication" and finding that Plaintiff had failed to" sufficiently bring home the requisite state of mind to the specific publishers of the challenged statements.").

Mr. Bloys was not involved in publishing any of the statements at issue.  Both Bill Maher and Nina Rosenstein have testified that it is Bill Maher who has final say as to what is said on Real Time. *See* Nina Rosenstein Deposition Transcript at 41:18-42:1 ("Q. Bill doesn't have sole discretion, does he? . . . Q. At that time? A. Bill is the final say of what is on that show. It's Bill speaking the words. So there are producers and head writers, but it's Bill's ultimate decision what he wants to say on that show"); *see* Bill Maher Deposition Transcript at 112:5-12 ("Q Who wrote that, you or your writers, and then you endorsed what the -- your writers wrote? . . .  THE WITNESS: The writers write the pieces. We decide on what the desk piece is, they all present me with their version of it, and then I choose the ones I want to use. And so they wrote it, I chose it. I chose --BY MR. Klayman: Q You endorsed it? A Correct. I did it. I performed it."). As Mr. Bloys had no involvement in the statement, his testimony would be entirely irrelevant.

Second, as Mr. Bloys is the chief executive of HBO, any attempts to depose him will be subject to the Apex Doctrine, which is well established in the 11th Circuit. *See Brown v. Branch Banking and Trust Co.,* 2014 2014 WL 235455, at *2 (S.D. Fla. Jan. 22, 2014) ("Courts have generally restricted parties from deposing high-ranking officials because (by virtue of their position) they 'are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts.'")  This is precisely the conduct that you seek to engage in here.

You will have the burden of proving that the deposition is necessary, meaning that you will need to show that Mr. Bloys has "(1) has unique, non-repetitive, firsthand knowledge of the facts at issue; and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *Id.* You cannot meet this standard.

As shown above, Mr. Bloys has neither unique nor firsthand knowledge of any facts or issues related to this lawsuit as Nina Rosenstein and Bill Maher both testified that Mr. Maher is responsible for what appears on hi show. *See* Nina Rosenstein Deposition Transcript at 41:18-42:1; Bill Maher Deposition Transcript at 112:5-12. Moreover, no deposition testimony or record evidence at all supports your assertion that Mr. Bloys would have any information about your retraction demand.

Additionally, you have not engaged, nor even attempted to engage in, less intrusive means of discovery. You have expressed no interest in scheduling a deposition of HBO's 30(b)(6) witness on topics 9 and 10. You have also not attempted to depose any other witnesses that were mentioned as relevant during any of the depositions, such as Dean Johnsen, who Defendants offered to make available after Rosenstein's deposition. You have not propounded interrogatories. You have not even, due to your refusal to sign a standard protective order, reviewed all relevant documents in this litigation.

We are willing to work with you to engage in a productive discovery process. Mr. Bloys will not part of this process. We are available to meet and confer. Any attempt to unilaterally notice Mr. Bloys' deposition will be met with a corresponding motion for a protective order.

Kate Bolger

**Kate Bolger**
**Partner,** Davis Wright Tremaine LLP

**P** 212.402.4068  **C** 917.561.2575  **E** katebolger@dwt.com
**A** 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104

**DWT.COM**

---

**From:** Larry Klayman <leklayman@gmail.com>
**Sent:** Monday, June 30, 2025 6:36 PM
**To:** Bolger, Kate <KateBolger@dwt.com>
**Cc:** Oliver Peer <oliver.peerfw@gmail.com>; Rachel E. Fugate <rfugate@shullmanfugate.com>
**Subject:** Re: Loomer v HBO

**[EXTERNAL]**

The CEO of Home Box Office is the person ultimately in charge of HBO's and Maher's use of Laura Loomer as the vehicle to not only defame her, but the ultimate target Donald Trump and his wife Melania Trump in order to try to influence the 2024 presidential elections. Y'all are smart enough to understand why his testimony is relevant on a number of issues, including why our 770 letter was cast aside without a retraction or other means to mitigate the damage to Ms. Loomer.

That you flouted and obstructed the corporate representative deposition by producing only a very limited witness is not an excuse to oppose our deposing HBO's CEO, who was, is and remains ultimately responsible for the malicious defamatory attack meant to harm my client for the above stated reason.

Larry Klayman

On Fri, Jun 27, 2025 at 12:05 PM Bolger, Kate <KateBolger@dwt.com> wrote:

Mr. Peer

What is the basis for Mr. Klayman's desire to depose Mr. Bloys? Mr. Bloys has no unique (or indeed any) knowledge of the facts related to this litigation and the information is available from other individuals. Please let me know.

In addition, HBO can make a deponent available to discuss Topics 9 and 10 in the 30b6 Notice the week of August 18. Please let me know if Mr. Klayman would like to proceed then.

Kate Bolger

**Kate Bolger**
**Partner,** Davis Wright Tremaine LLP

**P** 212.402.4068  **C** 917.561.2575  **E** katebolger@dwt.com
**A** 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
**DWT.COM**

**From:** Oliver Peer <oliver.peerfw@gmail.com>
**Sent:** Wednesday, June 25, 2025 4:24 PM
**To:** Bolger, Kate <KateBolger@dwt.com>
**Cc:** Larry Klayman <leklayman@gmail.com>; Rachel E. Fugate <rfugate@shullmanfugate.com>
**Subject:** Re: Loomer v HBO

**[EXTERNAL]**

Good afternoon:

Mr. Klayman wants to get dates for the deposition of Mr. Casey Bloys between July 7th and July 15th. Please advise availability. If no response is received by July 2, Mr. Klayman will unilaterally notice a date. Thank you.

Regards,
Oliver Peer

Klayman Law Group P.A.

On Tue, Jun 24, 2025 at 9:54 AM Bolger, Kate <KateBolger@dwt.com> wrote:

We consent.

**Kate Bolger**
**Partner,** Davis Wright Tremaine LLP

**P** 212.402.4068  **C** 917.561.2575  **E** katebolger@dwt.com
**A** 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
**DWT.COM**

**From:** Oliver Peer <oliver.peerfw@gmail.com>
**Sent:** Tuesday, June 24, 2025 12:20 PM
**To:** Bolger, Kate <KateBolger@dwt.com>
**Cc:** Larry Klayman <leklayman@gmail.com>; Rachel E. Fugate <rfugate@shullmanfugate.com>
**Subject:** Re: Loomer v HBO

**[EXTERNAL]**

Good afternoon:

Mr. Klayman will be filing a motion for a three day extension to respond to Defendant's Motion to Compel. Please advise today if you will consent. Thank you.

Regards,

4

Oliver Peer

Klayman Law Group P.A.

On Mon, Jun 16, 2025 at 12:48 PM Oliver Peer <oliver.peerfw@gmail.com> wrote:

Good afternoon:

Mr. Klayman will be filing a motion for a one day extension to respond to Defendant HBO'S Motion for an order Requiring Plaintiff to Use the Deposition of Nina Rosenstein Only for Litigation Purposes (ECF No 73). Please advise today if you will consent. Thank you.

Regards,

Oliver Peer

Klayman Law Group P.A.

On Fri, Jun 13, 2025 at 9:25 AM Bolger, Kate <KateBolger@dwt.com> wrote:

Mr. Klayman

First, we note that Ms. Loomer is free to – and has repeatedly – addressed Mr. Maher's comment on her many social media outlets, including her own show and social media. To suggest we are somehow trying to muzzle her is, therefore, laughable.

Next, your claims that Mr. Maher, HBO, me, or my firm, have lied to the Court or otherwise are demonstrably false.

You are also wrong that I am asking for confidentiality for Ms. Loomer's transcript. I am not. I am asking that you only use it for the purposes of this litigation, rather then, for example distribute it to raise money for you and Ms. Loomer. That behavior is inconsistent with the purpose of discovery in a civil litigation. I understand your email below as both deliberately misunderstanding and rejecting my request and we intend to file our motion today.

Finally, I am available to meet and confer on your motions for sanctions on Wednesday at 5 pm. What number should I call?

5

Kate Bolger

**Kate Bolger**
**Partner,** Davis Wright Tremaine LLP

**P** 212.402.4068  **E** katebolger@dwt.com
**A** 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
**DWT.COM**

---

**From:** Larry Klayman <leklayman@gmail.com>
**Sent:** Friday, June 13, 2025 11:57 AM
**To:** Bolger, Kate <KateBolger@dwt.com>
**Cc:** Oliver Peer <oliverpeerfw@gmail.com>; Rachel E. Fugate <rfugate@shullmanfugate.com>
**Subject:** Re: Loomer v HBO

**[EXTERNAL]**

---

Ms. Bolger:

Bill Maher and HBO can broadcasat to millions of viewers in the United States and worldwide that my client Laura Loomer "fucked" President Donald Trump, committed adultery behind the back of First Lady Melania Trump, and that President Trump f'ucks" around because he does not have sex with Mrs. Trump, but now you -- a Trump hater yourself along with your law firm-- want to keep all testimony and documents secret as a star chamber proceeding in Ms. Loomer's defamation case -- in which you and your clients have already lost a motion to dismiss, with the Court ruling that she properly pled defamation per se. Then you were forced to answer an amended complaint that added defamation by implication.

Your actions are not only obstructionist, they are calculated to run up the costs of litigation for Ms. Loomer. You have also lied in pleadings on more than one occasion, to be direct. Nothing regrettably new for your firm, Davis Wright Tremaine, LLC, which advertises its leftist anti-Trump hatred on its website. Ms. Loomer was the tool used by Bill Maher and HBO to try to sway the 2024 presidential elections to Kamala Harris, which y'all support and have donated to to.

Now you want to keep Ms. Loomer's deposition under seal when she correctly did not claim confidentiality, for which there is none save for financial information like tax returns. You want her deposition sealed because the video and transcript show you, your firm and your clients repeatedly harassing and browbeating her unethically and contrary to the norms of litigation.

We are filing a motion for sanctions against you, your firm and your clients, as this conduct, including your lying in pleadings cannot be countenanced.

I asked you to meet and confer on this and your motions as the conversation will be long as I will go through all of your and your firm's and clients transgressions and unethical conduct. I am traveling and apparently so are you so I agreed to Wednesday next. Just provide us with a time and we will accomodate you.

Govern yourselves accordingly.

Larry Klayman, Esq.

On Fri, Jun 13, 2025, 4:25 AM Bolger, Kate <KateBolger@dwt.com> wrote:

> Mr. Klayman,
>
> We will meet and confer on Wednesday provided that you agree that no portion of Ms. Loomer's deposition (if either the video or transcript become available before then) will be used for non-litigation purposes until after we have conferred.  If that is not the case, the harm that this motion is meant to correct is imminent and we will have no choice but to file the motion. Please confirm by noon on Friday, June 13, that you will agree to use Ms. Loomer's deposition video and transcript only for the purposes of this litigation until after we have had the meet and confer.
>
> Kate Bolger

7

**Kate Bolger**
**Partner,** Davis Wright Tremaine LLP

P 212.402.4068  E katebolger@dwt.com
A 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
**DWT.COM**

---

**From:** Larry Klayman <leklayman@gmail.com>
**Sent:** Thursday, June 12, 2025 9:18 PM
**To:** Bolger, Kate <KateBolger@dwt.com>
**Cc:** Oliver Peer <oliverpeerfw@gmail.com>; Rachel E. Fugate <rfugate@shullmanfugate.com>
**Subject:** Re: Loomer v HBO

**[EXTERNAL]**

---

All motions, both yours and mine, need to be subject to meet and confer. Wednesday will work. Give me a time and I will accomodate you.

Larry Klayman

On Thu, Jun 12, 2025 at 10:55 AM Bolger, Kate <KateBolger@dwt.com> wrote:

> Larry
>
> I find it notable that you are unavailable to speak to me while you are traveling but insist that I can make myself available to speak to you while I am traveling.
>
> In any event, mine is a yes or no question.
>
> Do you agree that the video and transcript of the deposition of Laura Loomer will be used for the purposes of this litigation and this litigation only ? You have answered no to that same question about the depositions of Maher and Rosenstein. Please let me know by the end of the day today whether you have changed your mind and will agree now.

Finally, I am available to meet and confer about your threatened motion for sanction any time tomorrow or Wednesday afternoon after 5 ET. I am not available on Monday or Tuesday.

Kate Bolger

**Kate Bolger**
**Partner,** Davis Wright Tremaine LLP
**P** 212.402.4068  **E** katebolger@dwt.com
**A** 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
DWT.COM

**From:** Larry Klayman <leklayman@gmail.com>
**Sent:** Thursday, June 12, 2025 2:10 PM
**To:** Bolger, Kate <KateBolger@dwt.com>
**Cc:** Oliver Peer <oliverpeerfw@gmail.com>; Rachel E. Fugate <rfugate@shullmanfugate.com>
**Subject:** Re: Loomer v HBO

**[EXTERNAL]**

You can participate from Rome. It's not a third world city and we can talk by WhatsApp.

You are on thin ice already having harassed and browbeaten Ms. Loomer at her deposition not withstanding your dishonesty in general.

Larry Klayman

On Thu, Jun 12, 2025, 7:54 AM Bolger, Kate <KateBolger@dwt.com> wrote:

> I am not available on Monday – I will be in Rome. I can talk today or tomorrow.

9

**Kate Bolger**
**Partner,** Davis Wright Tremaine LLP

P 212.402.4068   E katebolger@dwt.com
A 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104
DWT.COM

---

**From:** Larry Klayman <leklayman@gmail.com>
**Sent:** Thursday, June 12, 2025 1:53 PM
**To:** Bolger, Kate <KateBolger@dwt.com>
**Cc:** Oliver Peer <oliver.peerfw@gmail.com>; Rachel E. Fugate <rfugate@shullmanfugate.com>
**Subject:** Re: Loomer v HBO

**[EXTERNAL]**

---

We can do a meet and confer on this and our upcoming motions for sanctions on Monday. I am traveling for the next two days.

How about 4 pm this Monday.

Larry Klayman

On Thu, Jun 12, 2025, 7:31 AM Bolger, Kate <KateBolger@dwt.com> wrote:

> Mr. Klayman,
>
> Please confirm that you will only use Ms. Loomer's deposition transcript and video for litigation purposes. If this is not the case, we will need to move to file a motion to compel to you to do so.
>
> Kate Bolger

10

**Kate Bolger**
**Partner |** Davis Wright Tremaine LLP
**P** 212.402.4068  **E** katebolger@dwt.com
**A** 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104

**DWT.COM**

11