UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION

------------------------------------------------------------------------------- x
LAURA LOOMER,    :
              :
              *Plaintiff*,    :
              :    Case No.: 5:24-cv-00625-JSM-PRL
    - against -    :
              :
BILL MAHER and HOME BOX OFFICE, INC.,    :
              :
              *Defendants.*    :
              :
------------------------------------------------------------------------------- x

**DEFENDANTS' MOTION TO SEAL
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to Local Rule 1.11(b), Defendants Home Box Office, Inc. ("HBO") and Bill Maher respectfully move the Court for an Order granting them leave to file under seal their opposition to Plaintiff's motion for sanctions, which was also filed under seal. *See* ECF No. 115.

"A party can justify a document being sealed by showing good cause." *Usry v. Equity Experts.org, LLC,* 2020 WL 9127714, at *1 (S.D. Ga. Apr. 13, 2020) (citing *Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1246 (11th Cir. 2007)). In determining whether information should be sealed, courts "consider the nature and character of the information and balance the public's right of access against a party's interest in confidentiality." *Whertec, Inc. v. Salmon,* 2021 WL 3773427, at *1 (M.D. Fla. Aug. 25, 2021) (citing *Perez-Guerrero v. U.S. Att'y Gen.,* 717 F.3d 1224, 1235 (11th Cir. 2013)). In determining the existence of good cause, courts consider "[w]hether allowing access would impair court functions or harm

1

legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing documents." *Romero,* 480 F.3d at 1246; *see also Nguyen v. Raymond James & Assocs., Inc.,* 2022 WL 61198 at *4 (M.D. Fla. Jan. 6, 2022) ("good cause is established by showing that a disclosure 'will cause a clearly defined and serious injury'") (citation omitted).[1]

Here, Defendants seek to file under seal their opposition to Plaintiff's motion for sanctions. The opposition brief quotes extensively from the transcript of Mr. Maher's deposition the intrusive, harassing, and irrelevant questions and answers about, among other topics, Mr. Maher's private life and religious beliefs that this Court has already held are confidential and has already permitted Defendants to file under seal.

---

[1] Additionally, courts seal documents indefinitely upon a showing that continued sealing is warranted. *See, e.g., Sesame Workshop v. SeaWorld Parks & Ent., Inc.,* 2025 WL 57546, at *1 (M.D. Fla. Jan. 9, 2025) (sealing indefinitely parties' confidential and proprietary business information). Other courts have ordered that at the end of the litigation, the sealed documents shall be destroyed or retrieved by counsel. *See, e.g., Zesty Paws LLC v. Nutramax Lab'ys, Inc.,* 2024 WL 4769684, at *3 (M.D. Fla. Nov. 13, 2024) (granting motion to seal confidential settlement agreement and directing counsel to "retrieve the sealed item at the conclusion of this litigation"); *S.M. v. 4201 Orlando, Inc.,* 2024 WL 1703934, at *2 (M.D. Fla. Apr. 19, 2024) (granting motion to seal document containing plaintiff's identifying information and ordering: "The seal shall remain in place until resolution of this matter, including any appeals, at which time the sealed filing should be destroyed").

As noted in Defendants' motion to keep those portions of Mr. Maher's deposition confidential and to file the unredacted transcript under seal, there is no public right of access to discovery materials like deposition transcripts. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) ("[M]aterial filed with discovery motions is not subject to the common-law right of access."); *Romero*, 480 F.3d at 1246 (recognizing "[d]ecisions less central to merits resolutions implicate lesser right-to-access considerations"); *Hausburg v. McDonough*, 2023 WL 2432322, at *1 (M.D. Fla. Mar. 9, 2023) ("Discovery materials are presumptively confidential.").

Courts routinely seal testimony from depositions in which witnesses are asked intrusive personal questions. *See ZeniMax Media, Inc. v. Oculus VR, LLC*, 2016 WL 11430477, at *2 (N.D. Tex. June 2, 2016) (declining to publicly release transcript of deposition to avoid "subject[ing] [well-known deponent] to any embarrassment or annoyance associated with public scrutiny of the deposition materials in a case that has garnered media attention when there is no need to give the public access to these discovery materials"); *Stern v. Cosby,* 529 F. Supp. 2d 417, 422-23 (S.D.N.Y.2007) (keeping video and transcript of deposition confidential to avoid subjecting defendant to "annoyance, embarrassment, oppression, or undue burden or expense" and to avoid snippets of deposition being used as 'sound-bites' on the evening news or sports shows, or, even worse, on 'celebrity gossip' talk shows."). *See generally* Fed. R. Civ. P. 26(c) (holding that a

3

court may keep information confidential to protect parties from "embarrassment").

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant this Motion and keep Defendants' opposition to Plaintiff's motion for sanctions sealed.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendants certifies that Defendants have conferred via email with counsel for Plaintiff, who opposes the relief sought in this motion.

Dated: September 9, 2025

Respectfully submitted,

*/s/ Rachel E. Fugate*

| | |
|---|---|
| Rachel E. Fugate (Bar No. 144029) | Katherine M. Bolger (*pro hac vice*) |
| Yelan Escalona (Bar No. 1031564) | Alexandra Perloff-Giles (*pro hac vice*) |
| Shullman Fugate PLLC | Davis Wright Tremaine LLP |
| 100 South Ashley Drive, Suite 600 | 1251 Avenue of the Americas, 21st Floor |
| Tampa, FL 33602 | New York, NY 10020 |
| Tel: (561) 429-3619 | Tel: (212) 489-8230 |
| rfugate@shullmanfugate.com | katebolger@dwt.com |
| yescalona@shullmanfugate.com | alexandraperloffgiles@dwt.com |

*Counsel for Defendants*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of September 2025 that the documents attached to this Motion and electronically filed under seal, including a copy of the Notice of Electronic Filing, were served via electronic mail upon:

KLAYMAN LAW GROUP P.A.
Larry Klayman
7050 W. Palmetto Park Rd.
Boca Raton, FL 33433
Tel.: (561) 558-5536
Email: leklayman@gmail.com

*Counsel for Plaintiff Laura Loomer*

                                              */s/ Rachel E. Fugate*
                                              Rachel E. Fugate