UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION

------x
LAURA LOOMER,

   *Plaintiff*,

  - against -

BILL MAHER and HOME BOX OFFICE, INC.,

   *Defendants.*

------x

Case No.: 5:24-cv-00625-JSM-PRL

**TIME-SENSITIVE CONSENT MOTION FOR EXTENSION OF
TIME FOR ALL DEADLINES FOR THIRTY DAYS**

Plaintiff Laura Loomer and Defendants Bill Maher and Home Box Office, Inc. ("HBO") hereby jointly move for a 30-day extension of time for all remaining deadlines. The parties respectfully request the extension based on the recent changes in the schedule for this matter, which will require the parties to prepare for the deposition of a Rule 30(b)(6) witness, to be held one day before summary judgment briefing is currently due. The parties respectfully note that this motion is time-sensitive, as the current deadline to submit dispositive motions is October 10, 2025.

**I. THE CURRENT ORDER**

The current order sets the following deadlines:

- October 1, 2025 – *Daubert* motion deadline

1

- October 10, 2025 – Dispositive motion deadline[1]
- January 14, 2026 – Motion in limine deadline
- February 4, 2026 – Pre-trial conference
- March 2026 – Jury Trial

## II. FACTUAL BACKGROUND

Discovery technically closed in this matter on September 2, 2025. On September 18, 2025, while denying Plaintiff's motion to depose HBO's Chief Executive Officer, the Court reopened discovery for the limited purpose of permitting Plaintiff to take the deposition of an HBO corporate representative related to two topics that had been previously noticed by Plaintiff. The Court instructed the parties that that deposition was to take place before October 3, 2025, and extended the deadline to file dispositive motions to October 10, 2025. *See* ECF No. 127 at 6.

That afternoon, Defendants proposed that the 30(b)(6) witness be deposed on September 30, 2025, but the parties did not reach agreement.

On September 22, 2025, Plaintiff filed an objection to Judge Lammens' September 18, 2025 order granting Defendants' motion for a protective order regarding the deposition of HBO's CEO. Defendants' opposition to that objection is due October 6, 2025.

---

[1] The Court *sua sponte* extended the deadline for dispositive motions from October 1, 2025 to October 10, 2025 based on the reopening of discovery for the limited purpose of deposing HBO's 30(b)(6) witness.

2

Also on September 22, 2025, this Court stayed this action for 30 days beginning on September 29, 2025. *See* ECF No. 130. The parties, therefore, understood that the deposition of the HBO corporate representative would not happen on September 30, and that motions for summary judgment would be due no sooner than November 10, 2025. On September 26, the parties made efforts to schedule the deposition of the 30(b)(6) witness and eventually were able to agree that the witness could be deposed on October 9. On the same date, this Court vacated the stay. *See* ECF No. 135. The deposition is, therefore, currently scheduled to occur on October 9—the day before the summary judgment deadline if the prior schedule remains in effect.

### III.   ARGUMENT

As a result of the recent developments described above, the parties have jointly agreed to request a short extension of the case schedule. Pursuant to this request, the deadline to file dispositive motions would be extended until November 10, 2025. So that this Court may then have time to review the summary judgment papers and the case can proceed in an orderly fashion, the parties further request that all subsequent deadlines also be postponed by 30 days.

Federal Rule of Civil Procedure 16 allows for the modification of a scheduling order for good cause. *See* Fed. R. Civ. P. 16(b)(4). Moreover, courts may, for good cause, extend the time by which an act must be done if the request is made before the original time or its extension expires. *See* Fed. R. Civ. P. 6(b)(1)(A); *see also Gillio v. US Bank NA*, 2013 WL 12387342, at *2 (M.D. Fla. July 1, 2013) ("The Court routinely grants extensions when they are sought in good faith; do not prejudice a party; [and]

3

are not likely to create future case management problems."); *Krupa v. Tunidor, Inc.*, 2022 WL 22832842, at *1 (S.D. Fla. Jan. 18, 2022) (granting request for extension of time, including postponement of trial date).

There is good cause to extend the deadlines here, particularly given that the parties have jointly agreed that doing so would be in the best interests of the case. The schedule was stayed due to unexpected circumstances, and then lifted; moreover, the deposition schedule was modified to permit another deposition beyond the close of discovery just prior to the dispositive motion date. *See Glover v. City of Pensacola*, 372 F. App'x 952, 953 (11th Cir. 2010) (holding that district court abused its discretion in refusing to entertain a "motion for an out-of-time filing" after "the district court arguably created confusion" by changing a response deadline). There is, therefore, good cause for the requested extension of time to draft the summary judgment motion to November 10. Because briefing on the summary judgment motion is unlikely to be done before January, there may not be time before the February 4 pretrial conference date before the Court can review the summary judgment papers. The parties, therefore, request that all deadlines be extended for one month.

This motion is not made for the purpose of delay. This motion is the parties' first joint request for an extension of time in this case and, because both parties jointly agree to this request, no party will suffer prejudice.

## LOCAL RULE 3.01(g) CERTIFICATION

Defendants certify that they conferred with Plaintiff's counsel via email on September 30, 2025, and Plaintiff consents to the relief sought while not adopting in whole the stated characterization of facts as contained in this motion.

Respectfully submitted,

*/s/ Rachel E. Fugate*

Rachel E. Fugate (FL Bar No. 144029)
Yelan Escalona (FL Bar No. 1031564)
Shullman Fugate PLLC
100 South Ashley Drive, Suite 600
Tampa, FL 33602
Tel: (561) 429-3619
rfugate@shullmanfugate.com
yescalona@shullmanfugate.com

Katherine M. Bolger (*pro hac vice*)
Alexandra Perloff-Giles (*pro hac vice*)
Davis Wright Tremaine LLP
1251 Avenue of the Americas,
21st Floor
New York, NY 10020
Tel: (212) 489-8230
katebolger@dwt.com
alexandraperloffgiles@dwt.com