UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION

---------------------------------------------------------------- x
LAURA LOOMER,                                                   :
                                                                :
              *Plaintiff,*                                           :
                                                                :   Case No.: 5:24-cv-00625-JSM-PRL
    - against -                                              :
                                                                :
BILL MAHER and HOME BOX                                         :
OFFICE, INC.,                                                   :
                                                                :
              *Defendants.*                                         :
                                                                :
---------------------------------------------------------------- x

## DEFENDANT HOME BOX OFFICE, INC.'S RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE LAMMENS' ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Defendant Home Box Office, Inc. ("HBO" or "Defendant") submits this response to Plaintiff Laura Loomer's objection, ECF No. 129, to Judge Lammens' September 18, 2025 Order, ECF No. 127 (the "Order"), granting Defendant's motion for a protective order to prevent Plaintiff from taking the deposition of Defendant's Chief Executive Officer, Casey Bloys.

Plaintiff's objection should be overruled. Plaintiff does not even cite the clear error standard of review. And Plaintiff certainly has not established that it was clear error to grant Defendants' motion for a protective order, given that Plaintiff noticed Mr. Bloys' testimony to occur more than three weeks after the close of discovery. More importantly, Plaintiff cannot establish that it was clear error to grant the motion for a protective order because Plaintiff has not demonstrated that Mr. Bloys, an apex witness, has unique knowledge of any facts relevant to this case or that Plaintiff has

exhausted all other means of discovery. Instead, Plaintiff's objection is marked by the same rampant speculation that plagued her initial brief and should be overruled.

## I.   FACTS

On August 27, 2025, Plaintiff unilaterally filed a notice of deposition of Defendant's CEO, Casey Bloys, to take place on September 25, 2025, more than three weeks after the close of discovery, which occurred on September 2, 2025.[1] As set forth more fully in Defendant's motion for a protective order, ECF No. 122, at the time of Plaintiff's filing, Defendant had already repeatedly advised Plaintiff that it would not make Mr. Bloys available for a deposition in several email exchanges in early July. *Id.* at 2-3. Specifically, on June 25, 2025, Plaintiff's counsel emailed Defendant's counsel, demanding dates for a deposition of Mr. Bloys and threatening to unilaterally notice a date "[i]f no response is received by July 2." *See* ECF No. 122, Ex. A at 4. Defendant responded at length on July 1, 2025, *see id.* at 1-2, citing relevant case law and testimony explaining why Mr. Bloys would not be made available for a deposition. As Judge Lammens recognized, "by July 1, 2025, HBO had clearly stated its position that it would not make Mr. Bloys available for deposition because he had not been involved in the allegedly defamatory statement and Plaintiff could obtain the information

---

[1] Judge Lammens reopened discovery for the "very limited purpose" of allowing Plaintiff to take the deposition of HBO's corporate representative to testify about record retention policies and practices. *See* ECF No. 127 at 6.

through less intrusive means of discovery." ECF No. 127 at 2. Plaintiff never responded to Defendant's email.

On September 8, 2025, Defendant moved for a protective order. *See* ECF No. 122. On September 18, 2025, Judge Lammens issued an Order granting Defendant's motion, finding that Plaintiff's notice of deposition was untimely, and that, even if the notice had been timely, Plaintiff failed to make the requisite showing to overcome the apex doctrine. *See* ECF No. 127 at 1-5. Plaintiff filed the instant objection on September 22, 2025. *See* ECF No. 129.

## II. ARGUMENT

This Court should overrule Plaintiff's objection to Judge Lammens' Order because the Order was correctly decided. This is Plaintiff's fourth objection to an order issued by Judge Lammens in this case, *see* ECF Nos. 96, 100, 101, 129—and, as in her prior objections, Plaintiff ignores the applicable standard of review. As this Court has explained, objections to a magistrate judge's ruling on non-dispositive matters are subject to the highly deferential "clear error" standard that Plaintiff ignores:

> When a timely objection is filed, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." "Clear error is a highly deferential standard of review" that is only found when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." A magistrate judge's order is contrary to law only "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."

ECF No. 116 at 2 (citations omitted).

3

Plaintiff does not cite or even come close to meeting this highly deferential standard. Plaintiff's brief is substantively almost a carbon-copy of her original opposition motion. She does not cite a single new case or point to any new record evidence, electing instead to rely on the same "specul[ative]" evidence that Judge Lammens found lacking. Her objection should be overruled.

### A. Judge Lammens Correctly Found That Plaintiff's Deposition Notice Was Untimely

As Judge Lammens recognized, although Plaintiff noticed the deposition of Casey Bloys on August 27, 2025, she scheduled the deposition to occur on September 25, over three weeks after the close of discovery on September 2. *See* ECF No. 127 at 1. The Middle District of Florida's Civil Discovery Handbook is clear that the discovery completion date "means that all discovery must be completed by that date." Middle District Discovery (2021) §I (F); ECF No. 127 at 1.

Plaintiff rehashes her factually and legally deficient argument that Defendant's refusal to make Mr. Bloys available for a deposition upon request somehow excuses her decision to notice the deposition for after the close of discovery. Plaintiff is wrong.

*First*, Plaintiff argues that she inquired about scheduling a deposition for Mr. Bloys in late June. Plaintiff attaches correspondence that purports to show her diligence. *See* ECF No. 129 at 2 & Ex. 1. Excised from Plaintiff's exhibit and absent from her objection entirely is any mention of Defendant's July 1, 2025 response, explaining the reasons why HBO would not produce Mr. Bloys for a deposition. HBO explained that Mr. Bloys was not involved in the allegedly defamatory statement, and

that Plaintiff had not engaged in less intrusive means of discovery, such as propounding interrogatories or deposing other relevant witnesses, as required under the apex doctrine. *See* ECF No. 122, Ex. A. As Judge Lammens properly noted, "at that point, Plaintiff was on notice that HBO was not going to coordinate deposition dates for Mr. Bloys. Plaintiff offers no explanation [in her opposition to Defendant's motion for a protective order] as to why she then waited eight more weeks before noticing the deposition." ECF No. 127 at 2. Plaintiff's objection likewise offers no explanation for her lack of diligence in noticing the deposition of Mr. Bloys and identifies no error in Judge Lammens' findings.

*Second*, Plaintiff does not grapple with the vast majority of the case law cited by Defendant establishing that courts both in this district and around the country routinely reject a party's attempt to depose witnesses after the close of fact discovery. *See* ECF No. 122 at 4; *see also, e.g.*, *Lira v. Arrow Air, Inc.,* 2007 WL 188163, at *2 (S.D. Fla. Jan. 22, 2007) (rejecting effort by plaintiff to depose witnesses "after the close of the discovery period"); *Blankenship v. Fox News Network, LLC*, 2021 WL 3264273, at *2, *5 (S.D. W.Va. July 30, 2021) (affirming magistrate judge's denial of "plaintiff's motion for leave to take depositions after the discovery deadline"); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360-62 n.8 (11th Cir. 2002) (upholding district court's issuance of a protective order to prevent the taking of a deposition after the discovery period had closed and stating that "parties who delay in taking a needed deposition

5

. . . assume a risk: they cannot count on the trial court's allowing a deposition to be taken" after discovery closes).

Instead, Plaintiff, ignoring these cases, cites to *Lane Construction Corp. v. Skanska USA Civil Southeast, Inc.,* 2022 WL 18775750 (M.D. Fla. Sept. 7, 2022), arguing that it "strongly supports Plaintiff's position," as the court there allowed the plaintiff to depose CEO witnesses after the discovery deadline had lapsed. ECF No. 129 at 4 (citing *Lane Constr.*, 2022 WL 18775750, at *10). Plaintiff argues that this "aligns almost perfectly" with Plaintiff's efforts to depose Mr. Bloys. *Id.* Plaintiff is incorrect. In reality, the deposition that was permitted in *Lane Construction* was noticed to occur *before* the close of discovery. *Lane Constr.*, 2022 WL 18775750, at *1-*2. Here, by contrast, Plaintiff noticed the deposition of Mr. Bloys to take place weeks after the close of discovery. The court in *Lane*, moreover, specifically rejected the plaintiff's motion to take the deposition of another CEO that was noticed to occur after the close of discovery. *Id.* at *2.

In short, Plaintiff has presented no evidence or case law showing clear error as to Judge Lammens' finding that the deposition notice was untimely.

**B.    Judge Lammens Correctly Found That Plaintiff Had Not Overcome The Apex Doctrine**

Magistrate Judge Lammens also found that, even if Plaintiff had timely noticed the deposition of Mr. Bloys, the deposition would still be improper because Plaintiff

has not met her burden under the apex doctrine. *See* ECF No. 127 at 2-5. Plaintiff again identifies no clear error in Judge Lammens' ruling.

As Judge Lammens found, "[r]equests to depose high level officials are commonly referred to as 'apex depositions.'" ECF No. 127 at 3 (quoting *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, 2021 WL 7448237, at *2 (M.D. Fla. Aug. 13, 2021)). "[F]ederal courts in Florida have adopted the apex doctrine and routinely apply it to high-level corporate representatives, such as Mr. Bloys." *Id.* A party seeking to depose an apex witness must show (1) that the executive "has unique, non-repetitive, firsthand knowledge of the facts at issue; and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *Id.* (quoting *Aileron*, 2021 WL 7448237, at *2). Judge Lammens correctly held that Plaintiff has satisfied neither prong.

*First*, Judge Lammens correctly found that Plaintiff presented no evidence beyond "speculation" that Mr. Bloys has unique, first-hand knowledge of facts relevant to any claims or defenses in this lawsuit. Plaintiff offers the same speculation in her objection, contending without any factual basis that Mr. Bloys as "CEO of Defendant . . . certainly would have had to signed off and approved of a direct defamatory attack on President Trump." ECF No. 129 at 5.

In fact, Defendant presented evidence that Mr. Bloys had no role in creating, reviewing, or approving the statements at issue in this case. *See* ECF No. 122 at 5-6. Both Bill Maher and HBO Executive Vice President of Programming Nina Rosenstein testified that Mr. Maher has the final say on the content of *Real Time with Bill Maher*.

7

*See id.*; *see also* ECF No. 127 at 4. Moreover, Plaintiff does not dispute that "the only document produced in this case on which Mr. Bloys appears in the To, From, or CC line is a newsletter from Bari Weiss' The Free Press, dated September 12, 2024," referencing Laura Loomer's appearances with President Trump. ECF No. 127 at 4 n.3 (quoting ECF No. 122 at 8 n.1).

Plaintiff's response is to point to the same excerpt of Ms. Rosenstein's deposition transcript, in which Ms. Rosenstein states that episodes of *Real Time* are reviewed by "legal" prior to airing. ECF No. 129 at 5-6. But Judge Lammens correctly pointed out the fallacy of this argument, holding that "the fact that the legal department reviewed and signed off on the show before it aired, fails to demonstrate that Mr. Bloys has 'any unique, non-repetitive firsthand knowledge of the facts at issue.'" ECF No. 127 at 4-5. In her objection, Plaintiff then ramps up the speculation and argues: "In the wake of the Charlie Kirk assassination, we have repeatedly seen top brass at networks step in the [sic] discipline their talent, the most notable example being the indefinite suspension by ABC of Jimmy Kimmel. It is thus inconceivable that Mr. Bloys was out of the loop as HBO's CEO." ECF No. 129 at 8. But Plaintiff fails to explain how the response of a company entirely unrelated to Defendant, to an entirely unrelated event that occurred more than a year after the episode at issue, can be construed as evidence of Mr. Bloys' involvement in or approval of the challenged

8

statements. Plaintiff cannot show that Mr. Bloys has any unique knowledge of the facts at issue in this litigation.

*Second*, Judge Lammens correctly found that Plaintiff failed to exhaust less intrusive means of discovery before seeking to depose Defendant's Chief Executive Officer. Plaintiff does not dispute that she never propounded a single interrogatory in this case nor did she seek to depose Dean Johnsen, the co-executive producer of *Real Time* identified in Ms. Rosenstein's deposition, in Defendants' amended initial disclosures, and in Defendants' July 1, 2025 correspondence to Plaintiff. *See* ECF No. 127 at 5; ECF No. 122, Ex A at 2 ("You have also not attempted to depose any other witnesses that were mentioned as relevant during any of the depositions, such as Dean Johnsen, who Defendants offered to make available after Rosenstein's deposition."). Plaintiff's assertion that her counsel was "deceived" into deposing Nina Rosenstein rather than an executive producer, such as Dean Johnsen, is nonsensical because HBO is distinct from the show's production company, and Ms. Rosenstein, HBO's EVP of Programming, was an appropriate HBO corporate representative on the topics about HBO's own knowledge of certain issues. More importantly, in the nearly five months between Ms. Rosenstein's deposition and the close of discovery, Plaintiff had every right to seek to depose Mr. Johnsen as a fact witness but made no such effort.

Plaintiff points to document requests that she attached to her deposition notice of Mr. Bloys as evidence that she pursued less intrusive means of discovery. *See* ECF No. 129, Ex. B. But, as Defendant noted in its motion for a protective order, these requests only confirm that Plaintiff does not seek any unique information from Mr.

9

Bloys, as they essentially duplicate the document requests to Defendants HBO and Bill Maher, as well as the 30(b)(6) deposition topics. Plaintiff identifies no clear error in Judge Lammens' holding that she "failed to show that she has exhausted less intrusive means of discovery without success."

### III.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court affirm Judge Lammens' Order granting Defendant's motion for a protective order.

Respectfully submitted,

*/s/ Rachel E. Fugate*

Rachel E. Fugate (FL Bar No. 144029)
Yelan Escalona (FL Bar No. 1031564)
Shullman Fugate PLLC
100 South Ashley Drive, Suite 600
Tampa, FL 33602
Tel: (561) 429-3619
rfugate@shullmanfugate.com
yescalona@shullmanfugate.com

Katherine M. Bolger (*pro hac vice*)
Alexandra Perloff-Giles (*pro hac vice*)
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 489-8230
katebolger@dwt.com
alexandraperloffgiles@dwt.com