IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LAURA LOOMER

              Plaintiff,

v.

BILL MAHER et al

              Defendants.

**Case No: 5:24-cv-00625-JSM-PRL**

## PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS REGARDING DEPOSITION OF ELIAS ROSADO

Plaintiff Laura Loomer ("Plaintiff") hereby moves the Court for an order sanctioning Defendants Home Box Office Inc. ("HBO"), Bill Maher ("Maher"), and their counsel at Davis Wright Tremaine ("DWT") for their ongoing vexatious, harassing, and obstructionist conduct throughout this case, and in particular, the discovery process, which has now been further exemplified in the October 9, 2025 deposition of HBO's corporate representative, Elias Rosado ("Mr. Rosado"). The transcript is attached hereto as Exhibit 1.

Plaintiff further respectfully requests that Defendants and their counsel be compelled to produce adequate witnesse(s) and participate in their depositions in good faith without derailing any attempted deposition by Plaintiff and her counsel with frivolous objections and other obstructionist tactics, calculated as previously briefed to run up the time and cost of litigation for Ms. Loomer.

*Legal Standard*

A court may sanction a party for discovery abuses under its inherent authority when it finds that the party acted in bad faith. *McLaughlin v. Select Rehab., LL*, 2025 U.S. Dist. LEXIS 57465, at *9 (M.D. Fla. Mar. 26, 2025). "Courts

1

have the inherent power to police those appearing before them . . . A court's inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (internal citation omitted). This Court has discretion to "to fashion an appropriate sanction for conduct which abuses the judicial process." *Id*.

## *Legal Argument*

The day prior to the October 9, 2025 deposition of Mr. Rosado, when counsel for Defendants finally revealed his identity, counsel for Plaintiff immediately questioned his propriety as a Rule 30(b)(6) witness. Then, at the October 9, 2025 deposition, it became immediately apparent that counsel for Defendants, Kate Bolger ("Ms. Bolger") of DWT had no intention of allowing Mr. Rosado's deposition to proceed in a workable manner. A review of the brief transcript, Exhibit 1, shows that Ms. Bolger objected virtually every single even benign question posed by counsel for Plaintiff, which left him no choice but to terminate the deposition after just eleven (11) minutes to avoid what would have been a pointless exercise in driving up time and costs for his client, who has already been brought to her knees by the Defendants' malicious defamatory statements.

Mr. Rosado's deposition did not even get past the point of simply explaining his background and qualifications to testify as a Rule 30(b)(6) expert, as Ms. Bolger repeatedly interrupted Plaintiff's questions with frivolous speaking

2

objections. Then, when Plaintiff's counsel asked questions about past cases that Mr. Rosado had worked on—which information is publicly available on court records—Ms. Bolger refused to even let Mr. Rosado answer this simple question.

> MR. KLAYMAN: And the other litigation, at least in terms of the caption and who's involved is not confidential. So what other litigation has counsel come to you and asked you to look for documents?
> MS. BOLGER: I'm going to object and ask you why that's relevant.
> MR. KLAYMAN: It's relevant because it deals with his experience. Please stop it.
> MS. BOLGER: Why don't you tell him the number of litigations you have done.
> MR. KLAYMAN: I'll ask the questions, Ms. Bolger. I'm going to terminate this deposition in five minutes, okay, if you --
> MS. BOLGER: Mr. Klayman, he'll tell you the number of depositions he's done. And if you can remember a public --
> MR. KLAYMAN: I'm not going to go through this. I'm not going to go through this. I'm tired of it. It runs up the cost for my client and it's inappropriate. That is your intent with virtually everything that you do in this case, is to run up costs and to obstruct. They're simple questions.
> BY MR. KLAYMAN Q What other cases have you looked for documents on? Just give me the parties. That's all public.
> MS. BOLGER: No, it's not, actually. What he does is not public; the captions are public. Mr. Rosado, why don't you tell him the number of cases you've worked on.
> MR. KLAYMAN: All right. I'm terminating this deposition now. I'll go to the court. <u>Exhibit 1 at 12 – 13</u>.

This information was necessary, and Plaintiff and her counsel were entitled to know what cases Mr. Rosado had previously worked on so that they could determine if any improper conduct had occurred previously in cases where document searches were at issue, which would weigh on Mr. Rosado's credibility and competence as a Rule 30(b)(6) expert.

At this point, it became clear that Ms. Bolger was not going to allow Mr. Rosado to testify about anything of any worth or substance, and her only goal

3

that day was to needlessly drive up time, expense, and costs for Plaintiff and her counsel, as has been Defendants and their counsel's strategy from the outset of this case. This is regrettably a common tactic used by mega law firms such as DWT to run up costs and burden the court and Plaintiff, an individual, in order to prevent Plaintiff from every substantively litigating her case and obtaining discovery. Accordingly, in order to spare his client the extreme expense of a pointless deposition where the deponent would not be permitted to answer anything of any substance, counsel for Plaintiff was forced to terminate the deposition and seek relief from this Court.

### *Conclusion*

Put simply, enough is enough. Counsel for Defendants cannot be allowed to continue to obfuscate and obstruct the discovery process in order to needlessly run up time, expense, and costs for Plaintiff and her counsel in order to effectively "bully" them into submission.

Plaintiff respectfully requests an in-person discovery conference before the Court to address ongoing discovery issues which have gotten out of hand and have needlessly complicated and hugely raised the litigation costs of this simple and straightforward case to try to force Ms. Loomer into submission. Plaintiff has not yet been able to address either Magistrate Judge Philp R. Lammens or the presiding judge, the Honorable James S. Moody, Jr., in person, on this crucial issue, which if left unchecked will continue to delay and burden this litigation for not just Ms. Loomer, but also the Court.

As the recommended sanction to be discussed at the requested hearing, Plaintiff requests an award of attorneys fees and costs for the loss of time and expense, and that Defendants' counsel, Ms. Kate Bolger and her firm DWT, be not only be ordered to personally pay this award but also that they be admonished for this continuing harassment and obstruction in this litigation, along with an order that it cease and desist.

Counsel for Defendants do not consent to this motion.

Dated:    October 27, 2025            Respectfully Submitted,

By: /s/ Larry Klayman
Larry Klayman, Esq.
Klayman Law Group P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
leklayman@gmail.com

Counsel for Plaintiff