UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LAURA LOOMER,

     Plaintiff,

v.                                                                     Case No: 5:24-cv-625-JSM-PRL

BILL MAHER and HOME BOX OFFICE,
INC.,

     Defendants.

_____

## ORDER

THIS CAUSE comes before the Court on Plaintiff Laura Loomer's Objection (Dkt. 129) to the Magistrate Judge's September 18, 2025, Order granting Defendant Home Box Office, Inc.'s Motion for a Protective Order (Dkt. 127). The Court has reviewed the relevant filings, including Defendant's Response (Dkt. 140), and concludes that the Objection should be overruled because Plaintiff fails to establish the highly deferential standard of "clear error."

## DISCUSSION

This is a defamation lawsuit, and the facts are discussed in the Court's prior Order on Defendants' motion to dismiss at Docket 39. Before the Court is Plaintiff's Objection to the Magistrate Judge's Order granting Defendant's motion for a protective order to prevent Plaintiff from taking the deposition of Defendant's Chief Executive Officer, Casey Bloys. The Court begins with the standard of review.

A magistrate judge may issue orders on nondispositive pretrial matters. Fed. R. Civ. P. 72(a). Parties may then file objections to a magistrate judge's order within 14 days after being served with a copy. *Id.* Untimely objections are deemed waived. *See Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1365 (11th Cir. 2007); *Nielsen Audio, Inc. v. Clem*, No. 8:15-CV-2435-T-27AAS, 2017 WL 4402518, at *1 (M.D. Fla. Oct. 3, 2017) (Whittemore, J.); and *Gupta v. U.S. Atty. Gen.*, No. 6:13-CV-1027-ORL-40, 2015 WL 5687829, at *7 (M.D. Fla. Sept. 25, 2015) (Byron, J.).

When an objection is filed, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). "Clear error is a highly deferential standard of review" that is only found when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citations and quotation marks omitted). A magistrate judge's order is contrary to law only "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013) (citations and quotation marks omitted).

The Court agrees with Defendant HBO that Plaintiff's Objection does not establish the highly deferential "clear error" standard. This is because Magistrate Judge Lammens correctly found that Plaintiff's deposition notice of Casey Bloys was untimely. Even more important, the Magistrate Judge aptly concluded that, even if the notice were timely, Plaintiff did not overcome the apex doctrine to depose Casey Bloys, i.e., a high-level official at HBO.

Specifically, as Judge Lammens found, "[r]equests to depose high level officials are commonly referred to as 'apex depositions.'"   (Dkt. 127 at 3) (quoting *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, 2021 WL 7448237, at *2 (M.D. Fla. Aug. 13, 2021)). "[F]ederal courts in Florida have adopted the apex doctrine and routinely apply it to high-level corporate representatives, such as Mr. Bloys." *Id.*  A party seeking to depose an apex witness must show (1) that the executive "has unique, non-repetitive, firsthand knowledge of the facts at issue; and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *Id.* (quoting *Aileron*, 2021 WL 7448237, at *2).   Judge Lammens correctly held that Plaintiff satisfied neither prong.

Notably, Plaintiff's Objection to Judge Lammens' ruling continues to speculate about Bloys' knowledge of this case, despite Defendant presenting evidence that Bloys had no role in creating, reviewing, or approving the statements at issue.   Plaintiff's Objection also fails to identify the exhaustion of less intrusive means of discovery.   Simply put, there is no clear error associated with Judge Lammens' ruling.

Accordingly, it is ORDERED AND ADJUDGED that:

1.  Plaintiff Laura Loomer's Objection (Dkt. 129) is OVERRULED.

**DONE** and **ORDERED** in Tampa, Florida, this November 3, 2025.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

3