# EXHIBIT 53

# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

---------------------------------------------------------------------------- x
LAURA LOOMER,

    *Plaintiff*,

  - against -

BILL MAHER and HOME BOX OFFICE, INC.,

    *Defendants*.
---------------------------------------------------------------------------- x

Case No.: 5:24-cv-00625-JSM-PRL

## **DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Bill Maher and Home Box Office, Inc. ("Defendants") hereby request that Plaintiff Laura Loomer ("Plaintiff") serve upon their counsel answers, in writing and under oath, to the following interrogatories within thirty (30) days of service hereof.

These interrogatories shall be deemed continuing so as to require supplemental answers if new or different information is obtained by Plaintiff between the time the initial answers to these interrogatories are made and the time final judgment is entered in this action.

1

## DEFINITIONS

1. **Any/All.** The terms "any" or "all" shall be construed as "any and all."

2. **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. **Communication.** The term "communication" includes any type of correspondence (*e.g.*, letters, electronic mail, instant messages, voicemail, memoranda, or any other document in any medium used to make or record communications), and any oral conversation, interview, discussion, negotiation, agreement, understanding, meeting or telephone conversation, as well as every kind of written or graphic communication.

4. **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

5. **Document.** The term "document" means any and every kind of printed, typed, recorded, written, graphic or photographic matter (including audiotape and/or videotape recordings), however printed, produced, reproduced, coded, or stored (including in electronic or digitized form), of any kind or description, whether sent or received or not, including originals, copies, reproductions, facsimiles, and drafts, regardless of their author or origin, however

denominated. A draft or non-identical copy is a separate document for purposes of these requests.

6. **Person.** The term "person" means any natural person or any business, legal or governmental entity, or association.

7. **September 13, 2024 Episode.** The phrase "September 13, 2024 Episode" shall refer to the episode of *Real Time with Bill Maher* that originally aired on HBO on September 13, 2024.

8. **September 20, 2024 Episode.** The phrase "September 20, 2024 Episode" shall refer to the episode of *Real Time with Bill Maher* that originally aired on HBO on September 20, 2024.

9. **This Action** and **This Litigation.** The phrases "this action" and "this litigation" mean the action captioned on the first page of these requests for production.

10. **You/Your.** The terms "You" and "Your" mean Plaintiff Laura Loomer.

## INSTRUCTIONS

1. "Describe" or "identify," when used with reference to an individual, means to state the individual's name and present or, if that is not known, last known address, telephone number, email address, and occupation and employer.

2. "Describe" or "identify," when used with reference to any non-written communication, means to identify the person(s) making and receiving

3

the communication and to state the date, manner, and place of communication and the substance of the communication.

3. Throughout these requests, the singular shall include the plural and the plural shall include the singular.

4. The following terms should be read as if they were synonymous, and each should be taken to include the meaning of all of the others: relating to, relating in any manner to, concerning, referring to, alluding to, responding to, in connection with, connected with, with respect to, commenting on, about, regarding, announcing, explaining, discussing, showing, describing, studying, reflecting, analyzing, establishing, supporting, refuting, or constituting.

5. If, in answering these interrogatories or any other discovery request, you encounter any vagueness or ambiguity in construing either the interrogatory or a definition or instruction relevant to the inquiry contained within the interrogatory, set forth the matter deemed vague or ambiguous and set forth the construction chosen or used in answering the interrogatory.

6. If You claim that the attorney-client privilege or any other privilege is applicable to the response to any interrogatory, You shall state the following: (a) the nature of the allegedly privileged information, i.e., written or oral; (b) the date of that communication; (c) the parties to that communication; and (d) the subject matter and circumstances of each communication in sufficient detail to allow a ruling on such claim as to said communication.

7. Unless otherwise specified, the relevant time period to which these Interrogatories relate is June 1, 2023 to the present.

## INTERROGATORIES

1. Provide a computation of each category of damages that You allege in this action.

2. Identify all occasions that You and President Trump have met in person, including the dates, locations, and other persons present, to the best of Your knowledge and recollection.

3. Identify the person who said you were "too focused on Trump" according to the interview you gave and for which an excerpt is available at https://truthsocial.com/@realDonaldTrump/posts/111509003872214992.

4. Identify all persons with whom You have discussed the nature of Your relationship (*e.g.*, whether it was sexual, romantic, platonic, etc.) with President Trump.

5. Describe instances of any physical contact between You and President Trump (*e.g.*, hand-holding, hugging, kissing on the cheek or on the mouth, etc.), including the dates and locations, to the best of Your knowledge and recollection.

6. Identify all ways in which You and President Trump have communicated privately (e.g., phone call, SMS text message, WhatsApp, Signal, Telegram, Twitter direct message, Truth Social direct message, Facebook direct message, etc.).

7. Describe all meetings you have had with Susie Wiles, including the date of each meeting, the subject matter of the meeting, and the identities of other persons present at the meeting.

8. Identify all revenues You have earned for your work as an investigative journalist and the source of such revenues.

9. Identify all business opportunities You contend You lost as a result of, or were otherwise impacted by, the September 13, 2024 Episode.

10. Identify all social relationships You contend You lost as a result of, or were otherwise impacted by, the September 13, 2024 Episode.

11. Identify any persons who You contend were led to mistakenly believe, based on the September 13, 2024 Episode, that You and President Trump had engaged in a sexual relationship.

12. Describe any action that You have taken in order to mitigate any damage alleged in the Complaint.

13. Identify all persons with knowledge of Your alleged damages.

14. Identify all other Persons whom You believe have knowledge of facts material to your claims in this case, and state the subject-matter of each Person's knowledge.

15. Identify each individual whom You intend to call as a witness at trial and describe that person's expected areas of testimony.

Dated: February 13, 2025

/s/ *Rachel E. Fugate*
Rachel E. Fugate (Florida Bar No. 144029)
Yelan Escalona (Florida Bar No. 1031564)
SHULLMAN FUGATE PLLC
100 South Ashley Drive, Suite 600
Tampa, FL 33602
Tel: (561) 429-3619
rfugate@shullmanfugate.com
yescalona@shullmanfugate.com

Katherine M. Bolger*
Alexandra Perloff-Giles*
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 489-8230
katebolger@dwt.com
alexandraperloffgiles@dwt.com

* Admitted *Pro Hac Vice*

*Counsel for Defendants Bill Maher and Home Box Office, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2025 a true and correct copy of the foregoing was served via electronic mail on Larry Klayman, counsel of record to Plaintiff Laura Loomer.

/s/ *Rachel E. Fugate*
Rachel E. Fugate

8

# **VERIFICATION**

By: _____
    Name: _____
    Title: _____

STATE OF FLORIDA    )
                                )
COUNTY OF _____ )

    BEFORE ME, the undersigned authority, personally appeared _____, who, is personally known to me or has produced _____ as identification, and after taking an oath, deposes and says that she answered the foregoing Interrogatories and that the answers are true and correct.

    SWORN TO and subscribed before me this _____ day of _____, 2025.

                                   NOTARY PUBLIC, State of Florida

                                   Sign: _____

                                   Print: _____

                                   My Commission Expires:

(SEAL)