# EXHIBIT 54

# IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF

| | |
|---|---|
| LAURA LOOMER<br><br>                    Plaintiff,<br><br>v.<br><br>BILL MAHER et al<br><br>                    Defendants. | **Case No: 5:24-cv-00625-JSM-PRL** |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF REQUEST FOR INTERROGATORIES

Plaintiff Laura Loomer hereby responds to Defendants' first set of interrogatories.

<u>Response to Interrogatory 1</u>: While damages for defamation per se, which the Court has already found in denying Defendants' motion to dismiss, are presumed, I am currently calculating the financial damages, which are increasing daily. In addition, damages to me include, but are not limited to: loss of reputation, goodwill, standing in the community, humiliation and emotional distress, which the jury will determine based upon evidence presented at trial.

<u>Response to Interrogatory 2</u>: Objection as overly broad, vague, and ambiguous, vexatious, and harassing.

<u>Response to Interrogatory 3</u>: Objection as to relevance.

<u>Response to Interrogatory 4</u>: Objection as overly broad, vague, and ambiguous, vexatious and harassing. Subject to and without waiving these objections, I have had only a professional relationship with President Trump. I have never had a

1

sexual or romantic relationship with President Trump. President Trump respects me for my work as an investigative journalist and praised me publicly on many occasions for my work.

Response to Interrogatory 5: Objection as overly broad, vague, and ambiguous, vexatious and harassing. Subject to and without waiving these objections, the only physical contact has been a professional handshake or professional hug. This has always occurred in public at campaign events or in front of staff.

Response to Interrogatory 6: Objection as overly broad, vague, and ambiguous, vexatious, and harassing..

Response to Interrogatory 7: Objection as overly broad, vague, and ambiguous, vexatious, and harassing. Objection as to relevance.

Response to Interrogatory 8: While damages for defamation per se, which the Court has already found in denying Defendants' motion to dismiss, are presumed, I am currently calculating the financial damages, which are increasing daily. In addition, damages to me include, but are not limited to: loss of reputation, goodwill, standing in the community, humiliation and emotional distress, which the jury will determine based upon evidence presented at trial.

Response to Interrogatory 9: While damages for defamation per se, which the Court has already found in denying Defendants' motion to dismiss, are presumed, I am currently calculating the financial damages, which are increasing daily. In addition, damages to me include, but are not limited to: loss of reputation, goodwill, standing in the community, humiliation and emotional distress, which the jury will determine based upon evidence presented at trial.

Response to Interrogatory 10: Objection as overly broad, vague, and ambiguous, vexatious, and harassing. Subject to and without waiving these objections, social relationships were obviously damaged and impacted by the 9/13/2024 episode and compounded by 9/20/2024 episode.

Response to Interrogatory 11: 10: Objection as overly broad, vague, and ambiguous, vexatious, and harassing. Subject to and without waiving these objections, obviously, viewers of Bill Maher and Real Time who did not know me personally were led to mistakenly believe that President Trump and I engaged in a sexual relationship in addition to committing adultery behind the back of Melania Trump. This is textbook defamation *per se* as found by the Court in its order of denying the Defendants' motion to dismiss.

Response to Interrogatory 12: *See* Fla.Stat.770.01 letter from my counsel demanding mitigating of damages by the Defendants. In addition, I have denied these false allegations whenever they came up.

Response to Interrogatory 13: Myself, and those heard and/or learned of the defamation *per se* and other forms of defamation of the Defendants.

Response to Interrogatory 14: See response to interrogatory 13,

Response to Interrogatory 15: This interrogatory is premature and any such witnesses will be identified at a court-ordered appropriate time and date pursuant to the case management order.

**As a general matter, subject to any all objections, I will be deposed by the Defendants' counsel on June 2, 2025. Accordingly, any non privileged, not harassing and relevant questions will be answered at that time**

3

Dated:        April 28, 2025

*Sworn to Under Penalty of Perjury Based on Information and Belief Available to Me*

/s/ *Laura Loomer*
Laura Loomer

Larry Klayman, Esq.
Florida Bar No.: 246220
KLAYMAN LAW GROUP P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: 561-558-5536
leklayman@gmail.com

As to Objections Only

## CERTIFICATE OF SERVICE

I, Larry Klayman, hereby certify that on this day, April 28, 2025 the foregoing document is being served this day on all counsel of record via email.

/s/ *Larry Klayman*

4