# EXHIBIT 59

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LAURA LOOMER

               Plaintiff,

v.

BILL MAHER et al

               Defendants.

Case No: 5:24-cv-00625-JSM-PRL

**PLAINTIFF'S AMENDED INITIAL DISCLOSURES**

Plaintiff Laura Loomer ("Plaintiff") hereby provides the following amended initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

These disclosures are based on information presently known and reasonably available to Plaintiff and which she reasonably believes it may use in this action. Plaintiff may amend these initial disclosures because of continuing investigation and discovery, and therefore reserves the right to supplement these initial disclosures.

By providing these disclosures, Plaintiff does not represent that she is identifying every document, tangible thing, or witness possibly relevant to this action. In addition, these disclosures are made without Plaintiff in any way waiving her rights to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds. Furthermore, these disclosures are not an admission by Plaintiff regarding any matter.

**I.    Individuals Likely to Have Discoverable Information**

1.    Any and all individuals listed in the Amended Complaint notwithstanding individuals who may be discovered in discovery.

    2.    Laura Loomer

    3.    Bill Maher

    4.    Any and all individuals involved in the production and broadcast of Real Time with Bill Maher on HBO

Plaintiff serves the right to supplement this list.

## II. Documents By Description and Location

Subject to all applicable privileges, the following is a description of the relevant categories of documents, data compilations, and tangible things currently believed to be within Plaintiff's possession, custody, and control that Plaintiff may use to support their claims.

    1.    Any and all non-privileged documents that refer or relate to the allegations of the Amended Complaint and Defendants' defenses, including but not limited to:

        a. Documents showing Plaintiff's prospective employment with the Trump administration.

        b. Documents showing tweets and/or other published statements by individuals who heard and saw the defamatory statement at issue.

        c. Documents concerning damages to Plaintiff.

        d. The Plaintiff reserves the right to supplement.

        e. Plaintiff has produced all relevant non-privileged and non-objectionable documents subject to her objections to the

Magistrate's order of July 17, 2025 which is being litigated before the trial judge.

### III. Computation of Damages

The following is an estimated computation of the damages that Plaintiff has suffered and will continue to suffer:

1) Loss of reputation, goodwill, and standing – in excess of $ **15,000,000** in an amount to be determined by the jury.

2) Loss of salary in Trump administration between 2024 - 2028 – in excess of **$920,000** in an amount to be determined by the jury. This is $180,000 x 4 based on a reported $180,000 salary for the role of White House Press Secretary in 2024.

3) Loss of future earnings stemming from a role in the Trump administration, such as potential book deals, television hosting positions, and other lucrative – in excess of **$20,000,000** in an amount to be determined by a jury. This is based on reports of former White House Press Secretary Jen Psaki's deal with MSNBC and Plaintiff's estimate of her earnings through her book deal with Simon and Schuster

### IV. Insurance Agreement

Plaintiff is unaware of any relevant insurance agreements.

**Dated**: September 10, 2025                     Respectfully Submitted

                                                              /s/ *Larry Klayman*

Larry Klayman, Esq.
7050 W. Palmetto Park Rd
Boca Raton FL 33433
(561) 558-5536
Email: leklayman@gmail.com

*Counsel for Plaintiff*