## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION

LAURA LOOMER,

    *Plaintiff*,

    - against -

BILL MAHER and HOME BOX OFFICE, INC.,

    *Defendants*.

Case No.: 5:24-cv-00625-JSM-PRL

### DEFENDANTS' MOTION TO SEAL UNDER PROTECTIVE ORDER AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Pursuant to Local Rule 1.11(b), Defendants Home Box Office, Inc. ("HBO") and Bill Maher respectfully move the Court for an Order granting them leave to file under seal (1) the Declaration of Dean Johnsen filed in support of Defendants' Motion for Summary Judgment ("Johnsen Declaration") and (2) Exhibit 21 to the Declaration of Katherine M. Bolger, an email between Plaintiff and White House Chief of Staff Susie Wiles ("Loomer/Wiles Email"), which Plaintiff has designated "CONFIDENTIAL" under the Protective Order entered by the Court in this action. *See* ECF No. 99 at ¶ 16 (the "Protective Order").[1]

Dean Johnsen is an executive producer of *Real Time with Bill Maher* ("*Real Time*"), and his declaration contains sensitive business information. Defendants seek to seal the Loomer/Wiles Email because, pursuant to Paragraph 16 of the Protective

---

[1] Defendants have not filed the deposition of Laura Loomer under seal. Plaintiff filed the full deposition on the public docket, *see* ECF Nos. 100 & 101, and the Court ordered that the transcript not be sealed, *see* ECF No. 116 at 3 n.1.

1

Order, "[s]hould a party desire to file discovery material designated as Confidential . . . the party seeking to file the designated discovery material shall file a motion to seal." ECF No. 99 at 8–9.

## ARGUMENT

*First*, this Court should seal the Johnsen Declaration. In determining whether information should be sealed, courts "consider the nature and character of the information and balance the public's right of access against a party's interest in confidentiality." *Whertec, Inc. v. Salmon*, 2021 WL 3773427, at *1 (M.D. Fla. Aug. 25, 2021) (citing *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013)). "A party can justify a document being sealed by showing good cause." *Usry v. Equity Experts.org, LLC*, 2020 WL 9127714, at *1 (S.D. Ga. Apr. 13, 2020) (citing *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). Good cause turns on factors such as "[w]hether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing documents." *Romero*, 480 F.3d at 1246; *see also Nguyen v. Raymond James & Assocs., Inc.*, 2022 WL 61198 at *4 (M.D. Fla. Jan. 6, 2022) ("good cause is established by showing that a disclosure 'will cause a clearly defined and serious injury'") (citation omitted).

Courts in this district have repeatedly held that good cause is shown when a party demonstrates that a document "contain[s] confidential and proprietary business

2

information." *Sesame Workshop v. SeaWorld Parks & Entertainment, Inc.*, 2025 WL 57546, at *1 (M.D. Fla. Jan. 9, 2025) (sealing documents that contained proprietary business information); *see also ESR Performance Corp. v. JVMAX, Inc.*, 2019 WL 13082968, at *3 (M.D. Fla. Aug. 20, 2019) (granting parties' motion to seal summary judgment exhibits that contained "confidential and proprietary business information"); *Bastian v. United Services Auto. Ass'n*, 2014 WL 6908430 at *1–2 (M.D. Fla. Dec. 8, 2014) (granting motion to seal business records that were filed in conjunction with summary judgment); *Doe v. Hotels*, 2025 WL 1114639, at *2 (M.D. Fla. Apr. 15, 2025) (granting motion to seal exhibits filed in conjunction with a party's motion for summary judgment, including "confidential business information").[2]

The Johnsen Declaration contains a significant amount of confidential and proprietary information about how episodes of *Real Time* are created. Specifically, it delves into considerable detail regarding the processes by which writers and editors gather information about news events that serve as fodder for each episode. It also outlines the internal processes for drafting and editing scripts. This information is

---

[2] Defendants request that the Johnsen Declaration and the Loomer/Wiles Email be sealed indefinitely. Courts seal documents indefinitely upon a showing that continued sealing is warranted. *See, e.g.*, *Sesame Workshop v. SeaWorld Parks & Ent., Inc.*, 2025 WL 57546, at *1 (M.D. Fla. Jan. 9, 2025) (sealing indefinitely parties' confidential and proprietary business information). Other courts have ordered that sealed documents be destroyed or retrieved by counsel at the conclusion of the litigation. *See, e.g.*, *Zesty Paws LLC v. Nutramax Lab'ys, Inc.*, 2024 WL 4769684, at *3 (M.D. Fla. Nov. 13, 2024) (granting motion to seal confidential settlement agreement and directing counsel to "retrieve the sealed item at the conclusion of this litigation"); *S.M. v. 4201 Orlando, Inc.*, 2024 WL 1703934, at *2 (M.D. Fla. Apr. 19, 2024) (granting motion to seal document containing plaintiff's identifying information and ordering: "The seal shall remain in place until resolution of this matter, including any appeals, at which time the sealed filing should be destroyed"). The detrimental impact on Defendants' commercial interests should the Johnsen Declaration be made public will not fade once this litigation has ended.

commercially sensitive as it is the very basis of how *Real Time*, a show with significant commercial value, is created. The disclosure of this confidential information on the public docket would be unusual and would reveal the internal processes critical to the show's production.[3] Moreover, the potential for harm to Defendants is not speculative. Plaintiff has demonstrated throughout this case that she has no compunction about using materials from this litigation "for purposes unrelated to the litigation, including publicity and fundraising." ECF No. 116 at 2.

*Second*, the Court entered a Protective Order in this matter that requires the parties to follow specific procedures when seeking to file discovery material designated as confidential. Plaintiff designated the Loomer/Wiles email as confidential pursuant to paragraph 16 of the Protective Order on September 10, 2025.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant Defendants' motion to seal.

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that, pursuant to Local Rule 3.01(g), counsel for Defendants emailed Plaintiff's counsel on November 7, 2025 and November 9, 2025, asking whether Plaintiff consented to Defendants' motion to seal the documents described above. Plaintiff did not respond.

---

[3] Redacting the Johnsen Declaration is not a viable alternative as the vast majority of the information in the declaration is commercially sensitive, not only a very limited portion. Should the Court find that limited sealing is necessary, however, Defendants request that the Court allow Defendants to renew its request to seal the Johnsen Declaration in redacted form.

Respectfully submitted,

*/s/ Rachel E. Fugate*

Rachel E. Fugate (FL Bar No. 144029)
Yelan Escalona (FL Bar No. 1031564)
Shullman Fugate PLLC
100 South Ashley Drive, Suite 600
Tampa, FL 33602
Tel: (561) 429-3619
rfugate@shullmanfugate.com
yescalona@shullmanfugate.com

Katherine M. Bolger (*pro hac vice*)
Alexandra Perloff-Giles (*pro hac vice*)
Davis Wright Tremaine LLP
1251 Avenue of the Americas,
21st Floor
New York, NY 10020
Tel: (212) 489-8230
katebolger@dwt.com
alexandraperloffgiles@dwt.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 10th day of November 2025, the documents attached to this Motion and electronically filed under seal, including a copy of the Notice of Electronic Filing, were served via electronic mail upon:

Larry Klayman
Email: leklayman@gmail.com

*/s/ Rachel E. Fugate*
Rachel E. Fugate (FL Bar No. 144029)
