UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LAURA LOOMER,

    Plaintiff,

v.                                              Case No: 5:24-cv-625-JSM-PRL

BILL MAHER and HOME BOX
OFFICE, INC.,

    Defendants.

_____

**ORDER**

    This matter is before the Court on Defendants motion to file under seal: (1) the Declaration of Dean Johnsen, an executive producer of *Real Time with Bill Maher*, that was filed in support of Defendants' motion for summary judgment ("Johnsen Declaration"); and (2) Exhibit 21 to the Declaration of Katherine M. Bolger, an email between Plaintiff and White House Chief of Staff, Susie Wiles which Plaintiff designated "confidential" under paragraph 16 of the Court's Protective Order ("Loomer/Wiles Email"). (Doc. 153). Plaintiff has filed no response, and her time to do so has passed.

    In determining whether a paper should be sealed, a court's discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). To decide if the presumption applies, a court distinguishes documents that "may properly be considered public or judicial records" from "those that may not; the media and public presumptively have access to the former, but not to the latter." *Id.* The presumption is not absolute; the Court must consider the nature and character of the information and balance the public's right of access against a party's interest in confidentiality. *Id.* The balancing depends on the facts and circumstances, including whether allowing public access would

impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the documents are made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less restrictive alternative to sealing. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Local Rule 1.11(a) adds, "[s]ealing a docketed item, including a settlement agreement, used in the adjudication or other resolution of a claim or defense requires a reason sufficiently compelling to overcome the presumption of public access."

Turning first to the Johnsen Declaration, Defendants argue that it should be sealed because it contains a significant amount of confidential and proprietary information about how episodes of Real Time are created. While the Declaration does appear to contain some confidential and proprietary business information, the Court is not persuaded that it necessitates sealing the entire document. Likewise, the Court has reviewed the Loomer/Wiles email—and in the absence of any response from Plaintiff—finds no basis for it to be filed under seal.

Accordingly, Defendants' motion to file under seal (Doc. 153) is denied. If Defendants seek leave to file a redacted version of the Johnsen Declaration, they shall do so within 7 days from today, failing which it will be unsealed without further notice.

DONE and ORDERED in Ocala, Florida on December 4, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record