UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

---

LAURA LOOMER,

    *Plaintiff*,

    - against -

BILL MAHER and HOME BOX OFFICE, INC.,

    *Defendants*.

Case No.: 5:24-cv-00625-JSM-PRL

---

**CONSENT MOTION TO CONTINUE PRETRIAL AND TRIAL DEADLINES**

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and the Court's Amended Case Management and Scheduling Order, *see* ECF No. 139, Plaintiff Laura Loomer and Defendants Bill Maher and Home Box Office, Inc. jointly move to continue the pretrial deadlines and the trial term. Pursuant to the Court's Order, the parties request that the pre-trial conference be scheduled for November 2, 2026 and that trial occur during the November 2026 trial term.

**I.   THE CURRENT ORDER**

The current Scheduling Order, *see* ECF No. 139, sets the following deadlines:

- December 22, 2025 – Plaintiff's deadline to file opposition to Defendants' motion for summary judgment

- January 15, 2026 – Defendants' deadline to file reply in further support of Defendants' motion for summary judgment

- February 18, 2026 – Deadline to file motions in limine

- March 4, 2026 – Deadline to file joint pre-trial statement

1

- March 11, 2026 – Pre-Trial Conference
- April 2026 – Jury Trial

## II. FACTUAL BACKGROUND

On October 6, 2025, the Court granted the parties' joint request to extend all remaining deadlines in the case by 30 days. *See* ECF No. 139. The request was necessary to accommodate a Court-ordered deposition and to ensure that all discovery and dispositive motion deadlines could be met. Under the modified scheduling order, the parties were to file dispositive motions (and *Daubert* motions, if any) by November 10, 2025. *See id.* Defendants accordingly filed their Motion for Summary Judgment on November 10, 2025. *See* ECF Nos. 149-153.

On November 24, 2025, Plaintiff's counsel requested a 21-day extension to file a response to Defendants' Motion for Summary Judgment. *See* ECF No. 156, Ex. 1. Defendants responded that granting Plaintiff's extension would materially prejudice Defendants, including because of Mr. Klayman's forthcoming suspension from the Florida Bar, which is set to go into effect on December 6, 2025, and the possibility that new counsel would be substituted and request a further extension.[1] *See id.* Nevertheless, Defendants agreed not to oppose Plaintiff's motion if Plaintiff agreed to a number of conditions, including seeking a 30-day extension of the trial date. Plaintiff agreed to these conditions. *See* ECF No. 155.

---

[1] Mr. Klayman has filed motions for a rehearing en banc before the Florida Supreme Court and for a stay of the imposition of this suspension. *See The Florida Bar v. Larry Elliott Klayman*, Case No. SC2023-1219 (Fl. Dec. 3, 2025).

On December 2, 2025, the Court granted in part Plaintiff's request. The Court extended Plaintiff's deadline to file her opposition to Defendants' Motion for Summary Judgment and granted Defendants a corresponding extension of time to file their reply memorandum. The Court, however, denied Plaintiff's request to continue the trial date to the May 2026 term, explaining that the Court is not available for trial between May and October. The Court further explained that, "if the parties wish to move the trial to the November 2026 trial term, they may file the appropriate motion." ECF No. 157.

### III.   ARGUMENT

Federal Rule of Civil Procedure 16 allows for the modification of a scheduling order for good cause. *See* Fed. R. Civ. P. 16(b)(4). Courts may also, for good cause, extend the time by which an act must be done if the request is made before the original time or its extension expires. *See* Fed. R. Civ. P. 6(b)(1)(A); *see also Gillio v. US Bank NA*, 2013 WL 12387342, at *2 (M.D. Fla. July 1, 2013) ("The Court routinely grants extensions when they are sought in good faith; do not prejudice a party; [and] are not likely to create future case management problems."); *Krupa v. Tunidor, Inc.*, 2022 WL 22832842, at *1 (S.D. Fla. Jan. 18, 2022) (granting request for extension of time, including postponement of trial date). If litigants, like the parties here, diligently and timely pursue their rights but for reasons other than their own negligence are unable to meet scheduling order deadlines, courts should exercise their discretion to modify scheduling orders. *See, e.g.*, *Payne v. Ryder Systems,* 173 F.R.D. 537, 539 (M.D. Fla. 1997)*.*

Here, there is good cause to move the trial and corresponding pre-deadlines. The parties have worked diligently to meet all deadlines associated with the case. Nevertheless, the current scheduling order will leave little time between the filing of dispositive motions and trial. Indeed, under the current schedule, Defendants' reply in further support of their motion for summary judgment is due little more than a month before the parties must file their motions in limine. Further, the Court noted in its December 2, 2025 order that "[i]t is this Court's preference to have all dispositive motions ruled upon before the pretrial conference date." ECF No. 157. As the pretrial conference is scheduled for March 11, 2025, the current schedule would leave the court with limited time to rule on Defendants' Motion for Summary Judgment. Finally, as Defendants' Motion for Summary Judgment may obviate the need for trial, a continuance would be in the interest of both economic and judicial efficiency.

This motion is not made for the purpose of delay. The motion is the parties' second joint request for an extension of time in this case, and, because the parties jointly agree to this request, no party will suffer any prejudice.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Defendants certify that they conferred by e-mail with Plaintiff's counsel who, on December 3, 2025, indicated that Plaintiff consents to Defendants' request.

Respectfully submitted,

*/s/ Rachel E. Fugate*
Rachel E. Fugate (FBN 144029)
Yelan Escalona (FBN 1031564)
Shullman Fugate PLLC
100 South Ashley Drive, Suite 600
Tampa, FL 33602
Tel: (561) 429-3619
rfugate@shullmanfugate.com
yescalona@shullmanfugate.com

Katherine M. Bolger (*pro hac vice*)
Alexandra Perloff-Giles (*pro hac vice*)
Davis Wright Tremaine LLP
1251 Ave. of the Americas, Fl. 21
New York, NY 10020
Tel: (212) 489-8230
katebolger@dwt.com
alexandraperloffgiles@dwt.com

5