UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LAURA LOOMER,**

    Plaintiff,

v.                                        Case No: 5:24-cv-625-JSM-PRL

**BILL MAHER and HOME BOX OFFICE, INC.,**

    Defendants.

### ORDER

This matter is before the Court on Plaintiff, Laura Loomer's motion to compel and for sanctions regarding the deposition of HBO's corporate representative, Elias Rosado. (Doc. 144). Defendants filed a response in opposition in which they seek fees for responding to Plaintiff's motion. (Doc. 148). Plaintiff filed a reply. (Doc. 154).

    **I.**    **Background**

Plaintiff's counsel, Larry Klayman, took the deposition of Nina Rosenstein, HBO's corporate representative, on May 7, 2025. Prior to the deposition, HBO designated Ms. Rosenstein to testify as to Topics #1-8 and advised that it would produce another witness as to Topics #9-10. (Doc. 125-1 at 48). On September 18, 2025, the Court reopened discovery (which had closed on September 2, 2025) solely to allow Plaintiff to take the deposition of HBO's corporate representative as to Topic #9 (record retention policies and practices of HBO) and Topic #10 (search of documents pursuant to Plaintiff's request to produce). (Doc. 127).

On October 9, 2025, Mr. Klayman took the deposition of Elias Rosado, HBO's corporate representative, but unilaterally terminated it after only 11 minutes. The instant motion followed. (Doc. 144).

## II. Discussion

A review of the deposition transcript shows that Mr. Rosado's deposition was plagued by some of the same issues as the other depositions previously taken in this case (and which were the subject of the Court's recent Order (Doc. 158)). During the 11-minute deposition, Mr. Klayman asked approximately 16 substantive questions, and Ms. Bolger objected to 12 of them. Some of Ms. Bolger's objections seem uncharitable at best, while Mr. Klayman's response is immediately threatening.

For example, when the deposition began, Mr. Klayman asked an appropriate question seeking Mr. Rosado's educational background, to which Ms. Bolger objected twice. (Rosado Depo. at 4:22-25; 5:11-13). Instead of letting the objection (speaking as it was) stand as preserving the record (the witness was not directed not to answer), Mr. Klayman responded to the first objection by engaging Ms. Bolger directly with a threat of sanctions:

> "Yeah. This is another example of wasting time. It's not a big deal. This is just a standard question, Ms. Bolger. Please stop this kind of thing, okay, or I will have to file another motion for sanctions. I hope it doesn't continue throughout this deposition."

(Rosado Depo. at 5:4-9).

Without offering any leeway early, Ms. Bolger then objected to the form of several questions that were multipart, but mostly an effort by Mr. Klayman to gather background about Mr. Rosado's role with the Defendant. (Rosado Depo. at 7-9). She even objected to the form of the question: "And what is your title with Warner Bros. Discovery." (Rosado Depo. at 9:21-23).

Mr. Klayman, again, instead of letting an objection stand as preserving the record, then threatened to seek sanctions after she objected to the form of the question: "What is 'electronic discovery'? What does that mean?" (Rosado Depo. at 11:7-21).[1] Since Mr. Rosado had said his title included "senior director, eDiscovery and digital forensics," it is unclear what the objection was for, but instead of allowing the objection to just be noted in the record, Mr. Klayman directly addressed Ms. Bolger, claiming the objection was "absurd," intended to "run up the cost of everything," and that if she keeps it up "another motion for sanctions will be filed." *Id.*

With that said, Ms. Bolger's objections regarding questions about potentially privileged information—i.e., "what other litigation has counsel come to you and asked you to look for documents" (Rosado Depo. at 12:1-13:12)—were well-taken. Ms. Bolger objected and asked Mr. Klayman to explain why it was relevant. Mr. Klayman explained that it was relevant "because it deals with his experience." Ms. Bolger suggested that Mr. Rosado tell him the number of litigations he has worked on. She explained that while the cases themselves are public, which cases Mr. Rosado has worked on are not.

This is how it unfolded:

---

[1] Notably, objections, including those to form, are addressed in the Middle District of Florida's discovery handbook as follows:
> OBJECTION TO THE FORM OF THE QUESTION. Rule 32(d)(3)(B), provides that an objection to the form of the question is waived unless asserted during the deposition. Many attorneys object by simply stating "I object to the form of the question." This normally suffices because it is usually apparent that the objection is, for example, "leading" or based upon an insufficient or inaccurate foundation. The interrogating attorney has a right to ask the objecting party to state a sufficiently specific objection so that any problem with the question can be understood and, if possible, cured. If the interrogating attorney chooses not to ask for clarification, the objecting attorney should stand on the objection without further elaboration; the objection is preserved."

MIDDLE DISTRICT DISCOVERY (2021) at § II.B.1.

> Q: And the other litigation, at least in terms of the caption and who's involved is not confidential. So what other litigation has counsel come to you and asked you to look for documents?
>
> MS. BOLGER: I'm going to object and ask you why that's relevant.
>
> MR. KLAYMAN: It's relevant because it deals with his experience. Please stop it.
>
> MS. BOLGER: [To the witness] Why don't you tell him the number of litigations you have done.
>
> MR. KLAYMAN: I'll ask the questions, Ms. Bolger. I'm going to terminate this deposition in five minutes, okay, if you –
>
> MS. BOLGER: Mr. Klayman, he'll tell you the number of depositions he's done. And if you can remember a public - -

(Rosado Depo. at 12:2-19).

At that point, Mr. Klayman essentially chose to terminate the deposition.[2] They had a brief exchange about giving names of cases Mr. Rosado had worked on, to which Ms. Bolger rightly persisted in her objection—noting that while the captions of cases are public, what Mr. Rosado works on is not public. Mr. Klayman did not ask (or even attempt to ask) other questions that would have avoided the attorney-client privilege issue, nor did he move on to other questions relating to Mr. Rosado's qualifications. And *significantly*, Mr. Klayman did not ask a single question about the two topics for which Mr. Rosado was designated—i.e., HBO's record retention policies and the document collection process in this case.

---

[2] "MR. KLAYMAN: I'm not going to go through this. I'm not going to go through this. I'm tired of it. It runs up the cost for my client and it's inappropriate. That is your intent with virtually everything that you do in this case, is to run up costs and to obstruct." (Rosado Depo. at 12:20-25).

Mr. Klayman could easily have asked his questions, let the objections be made, allowed for the record to be preserved, moved on to questions related to the topics for which the deposition was set, and then, if he thought appropriate, he could have moved the Court for relief. He did not.

Given Mr. Klayman's decision to terminate the deposition before even asking a single question about the relevant topics and thus not fully questioning Mr. Rosado, the Court finds no reason to compel any further 30(b)(6) depositions. Moreover, the Court does not find that Ms. Bolger's conduct at the brief deposition was sanctionable, even if initially uncharitable. Accordingly, Plaintiff's motion to compel and for sanctions regarding the deposition of Elias Rosado (Doc. 144) is **denied**. The Court also declines to impose the fees requested by the Defendants. (Doc. 148).

DONE and ORDERED in Ocala, Florida on December 10, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record