# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

---

LAURA LOOMER,

        *Plaintiff*,

   - against -

BILL MAHER and HOME BOX OFFICE, INC.,

        *Defendants*.

Case No.: 5:24-cv-00625-JSM-PRL

---

# REPLY MEMORANDUM IN FURTHER SUPPORT OF
# DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff's opposition ("Opp.") to Defendants' motion for summary judgment ("Mot.") ignores the record and Defendants' cited cases and fails to identify any material question of fact. Instead, it (1) mischaracterizes this Court's motion to dismiss decision as "law of the case," Opp. at 2, and (2) misrepresents Mr. Maher's testimony.

First, the Court's motion to dismiss decision, which related only to that "stage," ECF No. 39 at 7, is not law of the case. "In this Circuit, … [b]ecause the denial of a motion to dismiss is not a final judgment, statements and decisions contained therein do not become the law of the case." *State Farm Mut. Auto. Ins. Co. v. Complete Care Centers, LLC*, 2023 WL 4854724, at *2 (M.D. Fla. Jan. 11, 2023); *see* Mot. at 19 n.6. Nothing makes this more clear than *Dibble v. Avrich* on which Plaintiff relies. On the motion to dismiss, the *Dibble* court, "construing the allegations … in the light most favorable to Plaintiff," could not determine "that Defendant's comments are mere rhetoric." 2014 WL 5305468, at *4 (S.D. Fla. Oct. 15, 2014). But on summary judgment, with the benefit of "the undisputed factual context," it held it was "abundantly clear that th[e] [challenged] comments do not constitute a false statement of fact." 2015 WL 12532615, at *6 (S.D. Fla. July 29, 2015). So too here.

Second, Plaintiff insists, no fewer than seven times, that Mr. Maher testified he had no information she had sex with President Trump. But his full answer was "No, that's why it's a joke." Maher Depo. Tr. 23:7–9. Far from acknowledging that the Remark is a statement of fact he subjectively disbelieved, Mr. Maher's testimony actually underscored that he was joking and *not* making a statement of fact. Plaintiff's primary arguments are simply incorrect, and her claims must be dismissed.

1

### A.  Plaintiff Did Not Prove The Remark Was a Statement of Fact

*The Remark Is Not A Statement of Fact.* Plaintiff ignores the undisputed evidence proving the Remark is a joke, including: (1) Dean Johnsen's explanation of how the events of the week led to the Remark, *see* Johnsen Decl.[1]; (2) the expert reports, explaining that *Real Time* fits the hallmarks of late night comedy, *see* Baumgartner Report at 5–9, and analogizing the joke to the kinds of speech courts have consistently held to be protected, *see* Calvert Report at 16–35[2]; (3) the evidence about Mr. Maher's career in comedy;[3] and (4) Plaintiff's failure to identify anyone who understood the Remark as a factual statement.

Instead, to support her claim that the Remark is a statement of fact, Plaintiff makes several erroneous arguments. First, she cites her own declaration for the claim that "Maher is not a comedian." But that "self-serving, conclusory" assertion, unsupported by any expertise or "personal knowledge beyond mere speculation or belief," has no evidentiary weight. *Smith v. Young*, 2013 WL 1729000, at *12 (N.D. Fla. Mar. 6, 2013); *see* Fed. R. Civ. P. 56(c)(4). Plaintiff also cites a screengrab of the show purportedly showing that the panelists did not laugh. But, as Professor Baumgartner explained, a joke is a joke if it is "*intended* to make people laugh,"

---

[1] All abbreviations herein are the same as in Defendants' Motion.
[2] Plaintiff—who declined to depose or *Daubert* Defendants' experts—argues this Court should disregard both experts because they "just state … that Defendants should not be liable for defamation." Opp. at 12. Not only is Plaintiff's argument "an untimely *Daubert* challenge," *Stevenson v. Cyprus Amaz Minerals Co.*, 2018 WL 8608281, at *3 (M.D. Fla. June 29, 2018), but Calvert's report is replete with "supporting analogous case law," as Plaintiff contends is required, and Baumgartner's report provides ample "specific facts" about late-night comedy television to support its conclusions. Opp. at 12.
[3] *See, e.g.*, Maher Depo. Tr. at 10:8–12:17, 57:7–8; Rosenstein Depo. Tr. at 100:5–6; Johnsen Decl. ¶ 4; Bolger Decl. Exs. 7 & 8 (*Real Time* nominated for "Comedy" awards); Bolger Decl. Ex. 61.

2

"whether it is found to be either funny or 'groan-worthy.'" Baumgartner Report at 14; *see also Polygram Records, Inc. v. Super. Ct.*, 170 Cal. App. 3d 543, 556–57 (1985).

Plaintiff next argues that "there is no blanket 'immunity' for 'comedians' against defamation." Opp. at 11; *see id.* at 14 n.2. But Defendants do not argue that there is. Mot. at 22 n.8. Instead, both parties agree that the "question to be determined is [how] the communication is reasonably understood," Opp. at 12—and, where the context signals that the communication is a joke, it is not "reasonably understood" as a statement of fact. Plaintiff then makes a half-hearted attempt to address only two of Defendants' six cases in which the court determined that jokes were not statement of fact. *See* Mot. at 21.[4] As to those two, she makes no effort to explain why her claim should succeed where the defamation claim in *Lapine v. Seinfeld*—also involving a "well-known comedian" on "a late-night entertainment program," 31 Misc. 3d 736, 754 (N.Y. Sup. Ct. 2011)—"failed as a matter of law," Opp. at 14 n.2, or why *Pierce v. Warner Bros. Entertainment, Inc.*, 237 F. Supp. 3d 1375 (M.D. Ga. 2017), which also involved a television comedian, has "no applicability or bearing on this case," Opp. at 14. Just as no person viewing Jerry Seinfeld or Ellen DeGeneres could reasonably have interpreted the statements in those cases as facts, the context of the Remark (including evidence the Court may now consider of Mr. Maher's renown as a comedian and the indicia of late-night comedy set forth in the Baumgartner report) makes clear that no

---

[4] Plaintiff cites *Almanzar v. Kebe* in arguing that Mr. Maher made an actionable statement of fact, Opp. at 15, but the defendant in *Almanzar*—a "news blogger"—never argued that the statements at issue, including that the plaintiff was a prostitute and had HPV and herpes, were jokes, opinions, or rhetorical hyperbole. 2021 WL 5027798, at *1–3 (N.D. Ga. July 8, 2021).

reasonable viewer believed Mr. Maher was stating actual facts about Plaintiff.

***The Remark Is Protected Opinion or Rhetorical Hyperbole.*** Any reasonable viewer would have understood Mr. Maher's Remark "as conjecture, hypothesis, or speculation," *Levin v. McPhee*, 119 F.3d 189, 197 (2d Cir. 1997), based on known or disclosed facts, *e.g.*, *Hay v. Indep. Newspapers, Inc.*, 450 So. 2d 293, 295 (Fla. 2d DCA 1981).[5] Plaintiff relies on the same two cases as in her motion to dismiss opposition, *Stoploss Specialists, LLC v. Vericlaim, Inc.*, 340 F. Supp. 3d 1334 (N.D. Ga. 2018); *Dougherty v. Harvey*, 317 F. Supp. 3d 1287 (N.D. Ga. 2018), to argue phrases like "may or may not be" do not automatically make a statement one of opinion. Opp. at 17–19. But the context in those cases—an email from an insurance claims adjuster and a speech at an industry conference—were a far cry from a comedian joking about the headlines on late-night TV.[6] And Mr. Maher did more than couch an assertion with "may be"; he made clear that his conjecture was *not* based facts that only he knew but on information known to his audience: He said that he thinks Plaintiff is "maybe" "in an arranged relationship," "*because* [1] she's very close to Trump," [2] "she's 31," and [3] she "looks like his 'type,'" and that "*we*" (i.e., viewers and Mr. Maher) may have "our" answer to the question "Who's Trump F***ing?" based on the widespread reporting and rumors to which Mr. Maher and viewers were equally privy. Opp. at 1.

---

[5] That Defendants argue the punchline of the Remark was an opinion based on disclosed facts, *Hay*, 450 So. 2d at 295, does not mean they "conceded" the punchline itself to be a statement of fact, *contra* Opp. at 13.

[6] Plaintiff also cites *Gottwald v. Bellamy*, 2011 WL 2446856 (M.D. Fla. June 15, 2011), to argue that the Remark is a mixed opinion statement. But *Gottwald*, which held that words are actionable if the facts upon which the opinion are based "are either incorrect or incomplete," Opp. at 22, does not help Plaintiff, who pled the facts upon which the opinion rests are or may be true, *see* ECF No. 42 ¶ 24.

4

The context makes it clear that this case is more like *Hay* than *StopLoss* and *Dougherty*.

Finally, Plaintiff's only response to the argument that Mr. Maher's Remark—with its use of swear words and slang like "dog"—is rhetorical hyperbole is to cite the motion to dismiss decision in *Dibble*. But, as discussed above, *Dibble* ultimately concluded the statement *was* rhetorical hyperbole. This Court should do the same here.

### B. Plaintiff Cannot Prove Actual Malice

Defendants' Motion argued that Plaintiff failed to offer any evidence showing that Defendants subjectively believed the Remark was false, much less clear and convincing evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–56 (1986).[7] Plaintiff does not meaningfully rebut this. In fact, Plaintiff admits that the Remark is not implausible in light of the known facts about President Trump and Ms. Loomer. *See* Opp. at 17. And Ms. Loomer herself admitted her view that Mr. Maher believed the Remark to be true. Loomer Depo. Tr. at 235:22–257:13.[8]

Plaintiff's actual malice argument rests on an attempted manipulation of Mr. Maher's testimony, as discussed *supra*, to argue he had no information to support the Remark. But the Remark is not a revelation that Mr. Maher has learned "Ms. Loomer had sex with Donald Trump"; instead, he speculated that they "might be" "f***ing" and did not purport to have "information" beyond that which was publicly reported.

---

[7] Plaintiff says actual malice is "presumed." Opp. at 31 n.3 & 35. That is not the law. Plaintiff's cited cases, *Wolfson v. Kirk*, 273 So. 2d 774, 777 (Fla. 4th DCA 1973), and *Lawnwood Medical Center Inc. v. Sadow*, 43 So. 3d 710, 727 (Fla. 4th DCA 2010), discuss common law malice, not actual malice.
[8] Plaintiff tries to avoid the consequences of this fatal admission by arguing that it was part of a "completely disjointed exchange." Opp. at 27. Nonsense. Defendants repeatedly asked Plaintiff to name a single human being that believed what Bill Maher said, and Plaintiff consistently offered only "Bill Maher" as her answer. *See* Loomer Depo. Tr. at 235:22–257:13.

5

The *Real Time* audience understands through a variety of context clues "that the content of the show consists of jokes and other comedic material, not the earnest product of investigative journalism." Baumgartner Report at 1–2; *see* Maher Depo. Tr. at 185:14–15 ("Comedians don't do investigations. They make jokes."). And Mr. Maher's testimony that "[he] had no reason to doubt that Loomer 'may' have been having an affair with President Trump," ECF No. 152 ¶ 16, is, again, consistent with Plaintiff's admission that he subjectively believed they might be sleeping together.

Plaintiff's other purported "circumstantial evidence" of actual malice, Opp. at 33, fares no better. That the show underwent legal review, *id.* at 26–27, in no way shows Defendants knowingly made a false statement of fact, *see HBO v. Huckabee*, 995 S.W.2d 152, 160–61 (Tex. App. 1998) (rejecting argument that actual malice could be inferred by defendant's legal review of documentary). Indeed, legal review "undermine[s]" rather than proves "the presence of actual malice." *Grayson v. No Labels, Inc.*, 2022 WL 1701853, at *5–6 (M.D. Fla. May 20, 2022). Next, Plaintiff argues Defendants did not rely on "reputable sources" because "[e]ach and every 'source'" they cite is "either (1) posts made by random individuals on X" or "(2) 'articles' aggregating" such posts. Opp. at 6–7. Not so.[9] Defendants, through the

---

[9] "Reliance on a potentially biased source does not by itself establish actual malice." *Trump Media & Tech. Grp. Corp. v. WP Co. LLC*, 2024 WL 5202865, at *4 (M.D. Fla. Dec. 23, 2024). Plaintiff cites *Berisha v. Lawson*, 973 F.3d 1304, 1313 (11th Cir. 2020), which held that the defendants' reliance on reputable sources was one reason the plaintiff could not show actual malice. It did not hold publishers may use only "reputable sources." And in *Hunt v. Liberty Lobby*, 720 F.2d 631, 645 (11th Cir. 1983), the Eleventh Circuit found actual malice based on, *inter alia*, the defendant's admission that it knew its source "had been involved in litigation with the CIA," which caused it "to question what [the source] wrote about the CIA." *Id.* at 645. Plaintiff has not identified any fact causing Defendants to question the reporting on Plaintiff's closeness with President Trump.

6

Johnsen Declaration that Plaintiff ignored and otherwise, cited a panoply of highly-regarded news sources reporting on Ms. Loomer's closeness with Trump, as well as Plaintiff's *own* posts on X. *See, e.g.*, Bolger Decl. Exs. 29–31, 64, 106 & 107. Plaintiff herself produced the posts by "random individuals on X." Finally, while Plaintiff appears to argue an "inadequate" investigation shows actual malice, Opp. at 30, that is not the law. *See, e.g.*, *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 703 (11th Cir. 2016).

### C. Plaintiff Cannot Prove Damages

Finally, Plaintiff does not dispute that Defendants are media defendants or that Plaintiffs asserting claims against media defendants are required to prove injury, and has therefore waived that argument. *See Grant v. Miami-Dade Cnty.*, 2014 WL 7928394, at *9 (S.D. Fla. Dec. 11, 2014). And she has not proven damages. Not only does Plaintiff concede that she cannot identify any individual who took Mr. Maher's Remark to be a true statement of fact, but none of the five emails she relies upon mentions Mr. Maher or *Real Time*. *See* Opp. Ex. 4. Plaintiff has said she "get[s] threats every day," and has repeatedly been denied a job in the Trump administration, for reasons unrelated to Defendants or the Remark. Bolger Reply Decl. Exs. 112–115. Plaintiff also cannot refute that her damages are purely speculative. She argues that it is "unreasonable and unrealistic … to expect Ms. Loomer to know how much [certain] individuals made prior to their employment in presidential administrations and how much they made after" but ascertaining information one does not know is precisely the point of discovery. Plaintiff's failure to adduce evidence proving the Remark proximately caused her harm independently compels dismissal of her claims.

7


*/s/ Rachel E. Fugate*

| | |
|---|---|
| Rachel E. Fugate (FL Bar No. 144029) | Katherine M. Bolger (*pro hac vice*) |
| Yelan Escalona (FL Bar No. 1031564) | Alexandra Perloff-Giles (*pro hac vice*) |
| Shullman Fugate PLLC | Davis Wright Tremaine LLP |
| 100 South Ashley Drive, Suite 600 | 1251 Avenue of the Americas, 21st Floor |
| Tampa, FL 33602 | New York, NY 10020 |
| Tel: (561) 429-3619 | Tel: (212) 489-8230 |
| rfugate@shullmanfugate.com | katebolger@dwt.com |
| yescalona@shullmanfugate.com | alexandraperloffgiles@dwt.com |