### IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| LAURA LOOMER         Plaintiff,<br><br>v.<br><br>BILL MAHER et al         Defendants. | Case No: 5:24-cv-00625-JSM-PRL |

### LARRY KLAYMAN'S OBJECTIONS TO MAGISTRATE JUDGE PHILIP LAMMENS' ORDER OF JANUARY 15, 2026

Larry Klayman ("Mr. Klayman"), pursuant to Federal Rule of Civil Procedure 72(a), hereby respectfully submits the following objections to the January 15, 2026 recommendation and order of Magistrate Judge Philip R. Lammens ("Magistrate Judge Lammens") referring him to the grievance committee for the Ocala Division and to The Florida Bar. Magistrate Judge Lammens' order would be unduly punitive and respectfully unnecessary and works a substantial harm and prejudice to Mr. Klayman's career and practice as an attorney.

### I.     PROCEDURAL HISTORY

On December 4, 2025, Magistrate Judge Lammens issued an order to show cause directing him and counsel for Defendants, Kate Bolger ("Ms. Bolger"), to "show cause why, for the conduct described, they should not be sanctioned under the Court's authority to maintain standards of civility and professionalism." ECF No. 158 at 11 (the "OSC"). The OSC was based strictly upon the conduct of both Mr. Klayman and Ms. Bolger at the depositions of Bill Maher and Laura Loomer. "On December 4, 2025, the Court entered an Order

1

directing both counsel for Plaintiff, Larry Klayman, and counsel for Defendants, Kate Bolger, to show cause why they should not be sanctioned for their conduct at the depositions of Bill Maher and Laura Loomer." ECF No. 178 at 1.

Both Mr. Klayman and Ms. Bolger submitted responses to the OSC. On January 15, 2026, Magistrate Judge Lammens discharged the OSC as to Ms. Bolger, but chose to refer Mr. Klayman to the grievance committee for the Ocala Division and to The Florida Bar. This was respectfully "clearly erroneous or is contrary to law" pursuant to Federal Rule of Civil Procedure 72(a).

## II.  LEGAL STANDARD

"A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *Scuotto v. Lakeland Tours, Ltd. Liab. Co.*, 2015 U.S. Dist. LEXIS 39574, at *3 (M.D. Fla. Mar. 27, 2015)(internal quotations omitted). ""[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id*. "A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id*.

Although Magistrate Judge Lammens' January 15, 2026 does not expressly state the authority under which he is acting, other cases in the U.S. Court of Appeals for the Eleventh Circuit referring an attorney to The Florida Bar and the Court's internal disciplinary body have used its "inherent powers" to do so." *Dubinin v. Papazian*, No. 25-CV-23877-RAR, 2025 U.S. Dist. LEXIS 229362, at *5

2

(S.D. Fla. Nov. 21, 2025).¹ Importantly, "to exercise its inherent power to impose sanctions, a court must find that the party acted in bad faith." *Id*.

Finally, when addressing sanctions for conduct at depositions, Federal Rule of Civil Procedure 30(d) is invoked. "While 28 U.S.C. § 1927 and the Court's inherent powers act as umbrella provisions for the imposition of sanctions, Rule 30(d) specifically governs misconduct in the context of a deposition and provides sanctions for conduct that "has frustrated the fair examination of the deponent." *Pendlebury v. Starbucks Coffee Co.*, 2006 U.S. Dist. LEXIS 112210, at *6 (S.D. Fla. Dec. 27, 2006). Importantly, "sanctions are appropriate only where the deposition conduct at issue is egregious and repetitive." *Id*.  A finding of bad faith with regard to deposition conduct requires "'comments and exchanges…so outrageous as to prevent the deposition's completion or render it useless." *Id*. at 7. Deposition conduct is not sanctionable unless the alleged misconduct "frustrate[d] the fair examination of the witness or constitute[d] abuse." *Id*.

As set forth herein, Magistrate Judge Lammens' recommendation and order sanctioning Mr. Klayman through referral to The Florida Bar and the Court's attorney grievance committee was "clearly erroneous or is contrary to law" because the extremely high threshold for sanctions based on deposition conduct was not met and there otherwise is not a compelling basis to do so.

---

[1] *Dubinin* also invoked Fed. R. Civ. P. 11 and 28 U.S.C. § 1927—which also requires a finding of bad faith—with regard to an attorney using AI to prepare a brief which was therefore "riddled with inaccuracies." This does not apply to the facts of this instant matter, which only involves conduct at depositions.

### III. LEGAL ARGUMENT

Magistrate Judge Lammens' January 15, 2026 order sanctioned Mr. Klayman for his conduct at Bill Maher and Laura Loomer's depositions was based on (1) a lack of contrition and accountability for his conduct and (2) alleged past instances over his approximately fifty (50) years of practice where he had been sanctioned by Courts. In his January 15, 2026 order, Magistrate Judge Lammens does not identify any specific examples of conduct by Mr. Klayman to justify his unduly punitive and unnecessary sanction. He simply states, in a conclusory fashion, that Mr. Klayman" blatantly ignores the countless instances of unprofessional conduct identified by the Court [in the original OSC, presumably]." However, as shown in Mr. Klayman's Response to Magistrate Judge Lammens' OSC, <u>Exhibit 1</u>, which is attached hereto and incorporated by reference, Mr. Klayman did address with specificity and provide his explanation for everything set forth in Magistrate Judge Lammens' OSC. And he showed contrition as set forth below. As for the alleged prior sanctions, tactically raised by counsel for the Defendants, Mr. Klayman was not provided an opportunity, however irrelevant to this matter, to explain them in context, particularly since they are many, many years old and none were referred to The Florida Bar or a Florida court grievance committee. Thus, the recommendation and order of Magistrate must respectfully be overruled for the following compelling reasons.

*First*, Mr. Klayman did show contrition and did acknowledge his role in the events that led up to the Magistrate Judge Lammens' OSC. As Mr. Klayman wrote in his response to Magistrate Judge Lammens' OSC:

4

> Mr. Klayman understands and shares Magistrate Judge Philip R. Lammens' ("Magistrate Judge Lammens") concerns over how this matter is being litigated. As this case was progressing, Mr. Klayman saw these issues arising, which is why on multiple occasions he on behalf of himself and Plaintiff Laura Loomer ("Ms. Loomer") asked for a hearing before Magistrate Judge Lammens to discuss try to resolve these issues.

Mr. Klayman never intended for or wanted this case to reach the situation that it did. Mr. Klayman explained his contentious history with Ms. Bolger's firm, Davis Wright Tremaine, and why when he saw these issues arising, he on behalf of himself and Plaintiff Laura Loomer ("Ms. Loomer") had on no fewer than three occasions asked for a hearing before Magistrate Judge Lammens to discuss try to resolve these issues. For instance, as just one example, in his August 26, 2025 Motion for Sanctions, he wrote, "Plaintiff respectfully requests an in-person discovery conference before the Court to address ongoing discovery issues which have gotten out of hand and have needlessly complicated and hugely raised the litigation costs of this simple and straightforward case to try to punish force Ms. Loomer into submission." ECF No. 115 at 14. *See also* ECF No. 109, 87.

Mr. Klayman also importantly strongly, forthrightly and sincerely committed to acting in a civil manner going forward, which Magistrate Judge Lammens disregarded in his January 15, 2026 report:

> Mr. Klayman strongly believes in zealous and ethical representation with the goal of not compromising and protecting the rights of his clients. Equally as strong is Mr. Klayman's belief that litigation should never reach the contentious stage that this matter regrettably has. In this regard, Ms. Loomer and her counsel commit to and assure Magistrate Judge Lammens that this matter will be conducted in a courteous and civil manner going forward.

5

> However, the bottom line is that Mr. Klayman and Ms. Loomer both understand and share Magistrate Judge Lammens' concerns with how this case was being litigated and Ms. Loomer and her counsel will commit to and assure Magistrate Judge Lammens that this matter will be conducted in a courteous and civil manner going forward no matter what else happens, and trust that Ms. Bolger and her clients will reciprocate.

Furthermore, Mr. Klayman simply attempted to explain the genesis of the deposition conduct was based upon "frustrations that have built up over time in this case." This was not an attempt by Mr. Klayman to argue otherwise. He was only trying to explain to Magistrate Judge Lammens where he was coming from. With Ms. Bolger, to the contrary such explanations were treated by Magistrate Judge Lammens as "provid[ing] context for her actions." ECF No. 178 at 2. However, with Mr. Klayman, such explanations were misapprehended and treated by Magistrate Judge Lammens as having "fail[ed] to acknowledge that he did anything wrong at the depositions."

*Second*, Magistrate Judge Lammens' January 15, 2026 order relies heavily upon instances where he has been sanctioned by other courts during his approximately fifty (50) years of practice. Notably, all of these alleged past sanctions, which counsel for Defendants presented to Magistrate Judge Lammens in order to prejudice him before the Court, ECF No. 94, occurred many years ago and are not relevant here. These past instances of sanctions have no bearing on the specific issue before Magistrate Judge Lammens—namely the depositions of Laura Loomer and Bill Maher. Magistrate Judge Lammens also references Mr. Klayman's two-year reciprocal suspension by the Florida

6

Supreme Court in *Florida Bar v. Klayman*, No. SC2023-1219[2], 2025 WL 3096930 (Fla. Nov. 6, 2025), which not only did not concern conduct before a Florida court or Florida generally, also did not involve deposition conduct. In any event, the reciprocal suspension by the Florida Supreme Court, which emanated from the highly partisan District of Columbia discipline apparatus , <u>Exhibit 2</u>; *Article showing weaponization of the District of Columbia Bar discipline apparatus.* is currently subject to challenge through pending collateral litigation pending in the District of Columbia, which forms the claimed basis for reciprocal discipline, however flawed, and this litigation which seeks to vacate the original District of Columbia disciplinary order is proceeding. *Klayman v. Sataki et al*, 24-cv-0226 (D.C. Ct. App.). There is also pending collateral litigation in the Fifteenth Judicial Circuit for Palm Beach County for fraud in *Klayman v. Sataki*, 502022CA010491XXXXMB (15th Jud. Cir. Fla.) as well as anticipated litigation in the U.S. District Court for the Northern District of Florida under 42 U.S.C. § 1982 in this regard for a violation of Mr. Klayman's sacrosanct constitutional due process and other rights.

## IV.    CONCLUSION

---

[2] Magistrate Judge Lammens has just issued another order of February 24, 2026 to show cause why Mr. Klayman has not notified the Court of his suspension from the U.S. District Court for the Middle District of Florida pursuant to the February 13, 2026 Order. This will be addressed in full, but Mr. Klayman was and still remains suffering from pneumonia and did not see this order until recently. The Court has been aware of the underlying suspension from the Supreme Court of Florida, as well as the reciprocal discipline proceedings in this Court as shown in the September 22, 2025 order staying this matter, ECF No. 130. In any event, this is why Mr. Frederick Sujat has already stepped in to represent Plaintiff in this matter before the February 13, 2026 order had even been issued. In short, the Court had been informed of the suspension.

7

Based on the foregoing, Magistrate Judge Lammens' recommendation referring Mr. Klayman to The Florida Bar and the Court's attorney grievance committee was respectfully "clearly erroneous or is contrary to law" and it was highly punitive and unnecessary.

There was no showing that Mr. Klayman's conduct at Ms. Loomer and Mr. Maher's deposition constituted "bad faith," and that he his 'comments and exchanges…[were] so outrageous as to prevent the deposition's completion or render it useless." *Pendlebury v. Starbucks Coffee Co.*, 2006 U.S. Dist. LEXIS 112210, at *7 (S.D. Fla. Dec. 27, 2006). To the contrary, both of Ms. Loomer and Mr. Maher's depositions were completed successfully and neither Mr. Klayman nor Ms. Bolger sought to have either witness re-deposed. Their testimony gleaned at deposition has been successfully and properly used throughout this case. Because there was no showing of bad faith by Mr. Klayman, Magistrate Judge Lammens' January 15, 2026 recommendation and order should respectfully be overruled. A highly punitive referral to The Florida Bar and a grievance committee is not necessary under these circumstances and would be unjust.

Furthermore, as set forth herein, Mr. Klayman never intended to give Magistrate Judge Lammens the impression that he was not taking any responsibility or accountability for his actions in this case. He was. Simply trying to provide context and explanations for his actions, which he believed was the point of his response to Magistrate Judge Lammens' OSC, Mr. Klayman also takes this opportunity to reiterate and emphasize that he does regret what

occurred in depositions becoming unnecessarily contentious and stands by his prior commitment to courteous and civil conduct.

WHEREFORE, the Court respectfully should overrule Magistrate Judge Lammens' recommendation and order referring Mr. Klayman to The Florida Bar and the Court's internal grievance committee because there has been no showing of bad faith on Mr. Klayman's part and is unnecessary and highly punitive. To the extent that he reappears in this case in the future should the reciprocal suspension order of the Supreme Court of Florida be vacated as a result of ongoing legal challenges to it or he appears before Magistrate Judge Lammens or this Court in the future on other matters, he reaffirms his commitment to civil and courteous behavior.

Dated: February 25, 2026

Respectfully Submitted,

By: /s/ Larry Klayman
Larry Klayman
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
leklayman@gmail.com

Pro Se

9