IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| LAURA LOOMER<br>    Plaintiff,<br>v.<br>BILL MAHER et al<br>    Defendants. | | Case No: 5:24-cv-00625-JSM-PRL |

## LARRY KLAYMAN'S RESPONSE TO ORDER TO SHOW CAUSE

Larry Klayman ("Mr. Klayman") hereby submits the following response to Magistrate Judge Philip R. Lammens' ("Magistrate Judge Lammens") Order to Show Cause of February 24, 2026, which stated the following:

> On February 13, 2026, United States Magistrate Judge James R. Klindt entered an order suspending Mr. Klayman from the Bar of the United States's District Court for the Middle District of Florida and directing Mr. Klayman to file a notice of his suspension in each of his pending cases within ten days… Mr. Klayman shall show cause why he has not filed the required notice in this case. ECF No 189.

The order referred to by Magistrate Judge Lammens in his Order to Show Cause is the February 13, 2026 order[1] of Magistrate Judge James R. Klindt ("Magistrate Judge Klindt") reciprocally suspending Mr. Klayman from this Court, the U.S. District Court for the Middle District of Florida ("Middle District"), for the same duration as his suspension from The Florida Bar. *In re Klayman*, 3:25-mc-00020-

---

[1] Mr. Klayman will be moving timely for reconsideration of Magistrate Judge Klindt's Order on multiple grounds, including but not limited to not having been afforded the requisite hearing under Middle District of Florida Rule 2.04(a), which states that "the court can — **after a hearing** and for good cause — disbar, suspend, reprimand, or otherwise discipline a member of the Middle District bar…."(emphasis added). There is also litigation pending that seeks to set aside the underlying suspension order of the Supreme Court of Florida.

1

JRK (M.D. Fla.) ECF No. 4. Magistrate Judge Klindt's order also stated: "Within ten (10) days, Mr. Klayman shall ensure the filing of a notice in each of his pending cases in the Middle District of Florida - indicating he has been suspended from this Court's Bar. Mr. Klayman shall cause the notices to be served upon his clients, and he shall indicate such in the certificates of service attached to the notices."  As shown herein, for the following reasons, Magistrate Judge Lammens' Order to Show Cause should respectfully be discharged.

*First*, Magistrate Judge Klindt's Order was issued during a period where Mr. Klayman had contracted a serious case of pneumonia, and Mr. Klayman did not see Magistrate Judge Klindt's Order due to the effects of this illness severely impacting everything that he was doing during that time period. <u>Exhibit 1</u>. Thus, as explained by Mr. Klayman in his February 25, 2026 Objections to Magistrate Judge Philip Lammens' Order of January 15, 2026:

> Magistrate Judge Lammens has just issued another order of February 24, 2026 to show cause why Mr. Klayman has not notified the Court of his suspension from the U.S. District Court for the Middle District of Florida pursuant to the February 13, 2026 Order. This will be addressed in full, but Mr. Klayman was and still remains suffering from pneumonia and did not see this order until recently. The Court has been aware of the underlying suspension from the Supreme Court of Florida, as well as the reciprocal discipline proceedings in this Court as shown in the September 22, 2025 order staying this matter, ECF No. 130. In any event, this is why Mr. Frederick Sujat has already stepped in to represent Plaintiff in this matter before the February 13, 2026 order had even been issued. In short, the Court had been informed of the suspension.

This was an inadvertent oversight by Mr. Klayman and his staff due to everyone having to fill staffing gaps and other exigencies with Mr. Klayman's having contracted a serious case of pneumonia.

2

*Second*, Magistrate Judge Klindt's Order stated that Mr. Klayman shall "ensure the filing of a notice in **each of his pending cases** in the Middle District of Florida, indicating that he has been suspended from this Court's bar." (emphasis in original). By the time that Magistrate Judge Klindt's Order had been issued, Mr. Klayman was no longer representing the Plaintiff, Laura Loomer, in this matter. Mr. Klayman had acted proactively before Magistrate Judge Klindt's Order and had new counsel, Frederick Sujat, Esq., with Ms. Loomer's consent, enter a notice of appearance and take over this case as counsel for Plaintiff on December 15, 2025. From Mr. Klayman's records, the last filing that he made in this matter on behalf of Plaintiff was on December 1, 2025, a Motion for Extension of Time, with Mr. Sujat having taken over as Plaintiff's only counsel in this matter on December 15, 2025. Thus, this was no longer a "pending case" for Mr. Klayman as of February 13, 2026, over two (2) months after his last participation as counsel for Plaintiff in this matter, and thus no notice should have been required.

This appears to be the interpretation taken by every other judge in the Middle District presiding over cases where Mr. Klayman had previously represented clients, as Mr. Klayman had proactively stepped down as counsel and, with clients' consent, had other counsel take over representation before[2]

---

[2] Mr. Sujat did not enter an appearance in *Reed v. Chamblee* until February 19, 2026, but this was only because this matter had been dismissed years ago by the Honorable Timothy J. Corrigan, with only the issue of fees now being before the Court. In any event, Mr. Klayman has not filed anything in this case since December 14, 2025, and was no longer representing the Plaintiff there once the suspension from The Florida Bar took effect in December of 2025.

3

Magistrate Judge Klindt's Order had been issued. None of these other judges have issued orders to show cause, likely because they concurred that these matters are no longer "pending" as to Mr. Klayman personally.

*Third*, with regard to notifying his clients, Plaintiff Loomer has long since been informed and aware that he had been suspended from the practice of law by The Florida Bar, which underlies the reciprocal discipline matter in the Middle District. This is why she retained Mr. Sujat as counsel in this matter in December of 2025. Ms. Loomer, as a well counsel for the Defendants, were also formally notified of the underlying suspension of The Florida Bar pursuant to Rule 3.5.1(h) of the Florida Rules of Discipline.

*Fourth*, this Court was on notice as early as September 24, 2025 of the Middle District's reciprocal discipline proceeding with regard to the suspension from The Florida Bar. This is shown through the September 24, 2025 "Notice of Filing Order of Chief Judge Marcia Morales Howard," which discusses the ongoing reciprocal matter. ECF No. 132. Furthermore, Mr. Klayman has also formally notified this Court of the underlying suspension from The Florida Bar via letter pursuant to Rule 3-5.1(h) of the Florida Rules of Discipline. Thus, there was no attempt to hide the existence of his suspension by Mr. Klayman.

WHEREFORE, there Mr. Klayman should respectfully not be sanctioned for inadvertently not having filed a notice in this case regarding his suspension from the Middle District. Mr. Klayman had not acted as counsel in this case since December 15, 2025 and thus this matter was no longer a "pending" matter. Furthermore, Plaintiff Loomer was informed and has been aware of Mr.

Klayman's underlying suspension from The Florida Bar, which is why Mr. Sujat was retained to serve as her counsel on December 15, 2025. Finally, there was no obfuscation or bad-faith conduct by Mr. Klayman, as this Court was aware of the reciprocal discipline proceedings in the Middle District and Mr. Klayman did not attempt to hide this fact or prevent this Court from learning of it.

ACCORDINGLY, Magistrate Judge Lammens' Order to Show Cause should respectfully be discharged without any further action. Should Magistrate Judge Lammens find that notice is still required despite Mr. Klayman's lack of participation as counsel in this case since December of 2025, and for the other reasons set forth by Mr. Klayman herein, Mr. Klayman will certainly file a notice. It was not Mr. Klayman's intent to not adhere to the order of Magistrate Judge Lammens.

Dated: March 6, 2026

Respectfully Submitted,

By: /s/ Larry Klayman
Larry Klayman
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
leklayman@gmail.com

*Pro Se*